**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie Merritt, Jr., a single man, | NO. |
| Plaintiff, | (formerly Maricopa County Superior Court Case No. CV2016-013436 consolidated with CV2017-010951) |
| vs. | |
| State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney and in his individual capacity; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity, Frank Milstead, in his individual capacity, Ken Hunter, in his individual capacity, Kelly M. Heape, in his individual capacity, Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity; John and Jane Does I-X; XYZ Companies I-X. | **EXHIBITS** |
| Defendants. | |

Exhibit 1     Pleadings and Documents filed in CV2016-013436

Exhibit 2     Verification of Michele M. Iafrate

Exhibit 3     Notice to Superior Court regarding Notice of Removal

**EXHIBIT 1**

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

# CV2016-013436

(Please Type or Print)

Plaintiff's Attorney David J. Don / Jason Lamm

Attorney Bar Number 016462 / 018454

MICHAEL K. JEANES, CLERK
BY B. Reich DEP

B. RETNCFILED

16 SEP 13 PM 4: 20

Is Interpreter Needed? ☐ Yes ☐ No
If yes, what language:

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Leslie Merritt, Jr. | | | |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    State of Arizona, Bill Montgomery, Maricopa County

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:    ☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC

☐ Election Challenge    ☐ Employer Sanction    ☐ Other _____
                                                              (Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☒ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

## 130 CONTRACTS:

- [ ] 131 Account (Open or Stated)
- [ ] 132 Promissory Note
- [ ] 133 Foreclosure
- [ ] 138 Buyer-Plaintiff
- [ ] 139 Fraud
- [ ] 134 Other Contract (i.e. Breach of Contract)
- [ ] 135 Excess Proceeds-Sale
- [ ] Construction Defects (Residential/Commercial)
  - [ ] 136 Six to Nineteen Structures
  - [ ] 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation
- [ ] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)
- [ ] 187 Real Property
- [ ] Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- [ ] 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute- Other
- [ ] 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only
- [ ] 177 Interpleader– Automobile Only
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination
- [ ] 185 Employment Dispute-Other
- [ ] 195(a) Amendment of Marriage License
- [ ] 195(b) Amendment of Birth Certificate
- [ ] 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust/Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types
- [ ] A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

COPY

SEP 1 3 2016

MICHAEL K. JEANES, CLERK
B. RETH
DEPUTY CLERK

# IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2016-013436

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. | |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | |
| Defendants. | |

-1-

The undersigned certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorney's fees and costs, includes injunctive relief and DOES exceed the limits set by Local Rule for compulsory arbitration. This case IS NOT subject to the Rules of Procedure for Arbitration.

RESPECTFULLY SUBMITTED THIS 13th day of September, 2016.

By: _____
David J. Don
*Attorney for Plaintiff Leslie Merritt, Jr.*

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

COPY

SEP **1 3** 2016

MICHAEL K. JEANES, CLERK
B. RETH
DEPUTY CLERK

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV 2016-013436

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Tort- Non-Motor Vehicle)** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | |
| Defendants. | |

Plaintiff alleges:

-1-

## INTRODUCTION

This case arises from the Defendants' false allegations against a young man whom they have wrongfully accused of being the notorious "I-10 Freeway Shooter."

## JURISDICTION AND VENUE

1. This case is brought pursuant to Arizona law.

2. Plaintiff served on each Defendant a valid and timely notice of claim pursuant to ARS § 12-821.01.

3. The Court has jurisdiction.

4. Venue is proper pursuant to ARS § 12-822(B).

5. Plaintiff demands a trial by jury.

## PARTIES

6. Plaintiff Leslie Merritt, Jr. has been, at all relevant times, a resident of Maricopa County, Arizona.

7. Defendant State of Arizona is a body politic with administrative jurisdiction over the Arizona Department of Public Safety (DPS) and the DPS Central Regional Crime Lab (CRCL). The State is responsible for the administration, operation, maintenance, policies, procedures and functions of DPS and the CRCL. The State is the employer, master, and/or principal of each individual DPS and CRCL personnel who participated in the investigation and/or criminal prosecution of Leslie Merritt, Jr.

8. Defendant Bill Montgomery is and was, at all times relevant to this lawsuit,

the elected Maricopa County Attorney. As the Maricopa County Attorney, Montgomery is responsible for the administration, operation, maintenance, policies, procedures and functions of the Maricopa County Attorneys' Office, the implementation of policies and procedures, the training and supervision of staff, and the provision of criminal justice to all residents of Maricopa County, including Leslie Merritt, Jr. Defendant Montgomery is the employer, master, and/or principal of each individual Deputy County Attorney and staff member in the Maricopa County Attorney's Office who participated in the investigation and/or criminal prosecution of Leslie Merritt, Jr.

9. Defendant Maricopa County is a body politic. Maricopa County is also the employer, master, and/or principal of each individual Deputy County Attorney and staff member in the Maricopa County Attorney's Office who participated in the investigation and/or criminal prosecution of Leslie Merritt, Jr.

10. Defendants John Does I-X and Jane Does I-X are fictitious persons whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said person(s) once their identities become known.

11. Defendants ABC Partnerships I-X and XYZ Corporations I-X are fictitious entities whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said entities once their identities become known.

12. All acts and/or omissions of Defendants were done under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Arizona.

## COMMON FACTS

### A. The State of Arizona undertakes to investigate the I-10 Freeway Shooting Case.

13. In the summer of 2015, Defendant State of Arizona, through the Department of Public Safety, undertook responsibility for investigating a series of shootings that occurred along or near the I-10 freeway in Phoenix, Arizona, which became known as the "I-10 Freeway Shooting case."

14. During its investigation, DPS retrieved bullets and/or bullet fragments from four separate shooting incidents: Incident A, B, C, and D.

15. Incident A occurred August 29, 2015 at approximately 1103 hours involving a Cadillac Escalade travelling eastbound on the I-10 near 19th Avenue.

16. Incident B occurred at approximately 1109 hours involving a passenger bus travelling westbound on the I-10 near 43rd Avenue.

17. Incident C occurred at approximately 2215 hours involving a Kia travelling eastbound on the I-10 near the exit for northbound SR51 and eastbound SR 202.

18. Incident D occurred August 30, 2015, between 2145 and 2215 hours involving a BMW travelling westbound on the I-10 near SR 51.

19. Defendants have failed to produce any evidence that Incident D occurred at any other time other than between 2145 hours and 2215 hours on August 30, 2015.

20.    Defendants have produced no evidence that Leslie Merritt, Jr. was at or near the scene of any of the shooting incidents.

21.    On August 31, 2015, DPS Detective Ron Baroldy requested that the DPS crime lab, CRCL, analyze and compare the bullets and bullet fragments recovered from the four shooting incidents.

22.    DPS crime lab personnel told DPS detectives that the evidentiary bullets and fragments from all four incidents all came from a single firearm with certain class characteristics.

23.    DPS crime lab personnel identified the evidentiary bullets and fragments as having been fired from a 9mm handgun that caused cartridges to spiral three times with a leftward twist as they emerged from the barrel. Based on these characteristics, crime lab personnel identified the make and model of the firearm as a Model C9 manufactured by Hi-Point.

24.    DPS crime lab personnel contacted Hi-Point, and learned that the company had produced about 286,800 Model C9 firearms that are capable of creating the characteristics that CRCL personnel purportedly found on the bullets and bullet fragments recovered in the various shooting incidents.

**B. The Pawn Shop Connection**

25.    Meanwhile, DPS personnel were under intense public pressure and media scrutiny to solve the I-10 Freeway Shooting Case.

26.    By September 2015, DPS personnel were working overtime on the investigation. Detectives normally assigned to other details within DPS were

temporarily assigned to work on the I-10 Freeway Shooting Case as well. All the detectives in the General Investigations Unit were assigned to the I-10 Freeway Shooting Case.

27. On September 5, 2015, DPS officer Travis Graff started as a new detective on the General Investigations Squad. He was immediately assigned to the I-10 Freeway Shooting Case.

28. Detective Graff had not at that time received any training in investigating weapons-related offenses, gun identification, or ballistics.

29. While still being trained, Detective Graff was aware or became aware that DPS had access to a computerized PAWN database.

30. The PAWN database, which is designed to assist in the recovery of stolen property, identifies the items in possession of various pawn shops.

31. Detective Graff asked his supervisor, Sgt. Tony Mapp, whether he could use the system to see if any Hi-Point 9 mm firearms were in pawn shops.

32. Sgt. Mapp responded that "if you want to buy a lottery ticket to go ahead," or words to that effect.

33. Accordingly, on September 17, 2015, Detective Graff travelled to various pawn shops to collect Hi-Point 9mm Model C9 firearms that were in pawn. DPS collected eight such firearms, including one from Mo Money Pawn Shop, located at 1152 East Indian School Road, Phoenix, Arizona.

34. The PAWN database contained information about the various eight firearms, including the dates and times at which they were respectively pawned

-6-

1 and received by their owners.

2 35. At the time that Detective Graff collected the Hi-Point C9 firearm from Mo

3
Money Pawn, he knew from the PAWN database that it had been pawned by its

4
owner on August 30, 2016 at approximately 5:31 p.m., **more than four hours**

5
**before the occurrence of Incident D**.

6

7 36. Records from Mo Money Pawn Shop confirmed that the firearm which

8 Detective Graff seized had been pawned there by Leslie Merritt, Jr. on August 30,

9 2016 at about 5:31 p.m.

10 37. On September 17, 2015, Detective Graff took the pawn shop firearms,

11
including Leslie Merritt's, to the DPS crime lab. Criminalist Christopher J.

12
Kalkowski was waiting for him.

13

14 38. At around the same time, DPS personnel were searching Leslie Merritt's

15 Facebook profile and saw that he had shared newspaper articles about the I-10

16 Freeway Shooting case.

17 39. DPS personnel told the crime lab to test Leslie Merritt's gun first.

18
40. Crime lab personnel used flawed methodology to analyze the evidentiary

19
bullets and fragments.

20

21 41. The evidentiary bullets and fragments submitted to the DPS crime lab

22 contained insufficient data for a firearm examiner to make a positive

23 individualized match to any particular firearm.

24
42. Despite their flawed methodology, on September 18, 2015, State criminalists

25
told Detective Graff that the evidence bullets from all four shooting were a "100%

26

-7-

match" to Leslie Merritt's gun.

43.    Criminalists told Detective Graff that the "100% match" was true of all four incidents with respect to Merritt's gun.

44.    The opinion of the State's crime lab personnel that Merritt's gun was the firearm that fired the bullets in all four shootings to a "100% certainty" was the only evidence that linked Merritt to any of the shooting incidents.

## C. DPS Criminalists Misled the Police About the Probability of an Identification

45.    DPS criminalists intentionally misled detectives that they could identify Leslie Merritt's firearm as the source of the evidentiary bullets and fragments for all four incidents with "100% certainty."

46.    Individualized firearm identification is not like the more scientifically rigorous field of forensic DNA analysis. Individualized firearm identification, as a field, lacks sufficient statistical empirical foundations. The methodology is subjective in nature, and based on the examiner's training and experience, and subject to bias.

47.    Accordingly, it is a practical impossibility, and contrary to the protocols of the Association of Firearm and Tool Mark Examiners (AFTE), of which DPS CRCL criminalists had affirmative knowledge, to make a firearm identification with a 100% certainty to the exclusion of other firearms.

48.    DPS criminalists had only identified general class characteristics, but not individual characteristics of the evidence bullets.

49.     The State criminalists intentionally relayed information to DPS personnel in a manner that lacked a scientific basis and violated their industry standards.

### D. DPS Knew or Should Have Known that the Crime Lab Had Botched the Identification

50.     On September 18, 2015, DPS detectives executed a search warrant at the MO Money Pawn Shop and picked up several pawn slips.

51.     DPS detectives recognized that Leslie Merritt's gun was at the pawn shop on August 30, 2015 at 5:31 p.m., before the time of the fourth shooting, Incident D.

52.     DPS recognized that it was physically impossible for Leslie Merritt's firearm to have been used in Incident D when it was in the pawn shop.

53.     DPS detectives lacked any evidence that Leslie Merritt did not pawn his gun at 5:31 p.m. on August 30, 2015.

54.     Since the DPS criminalists identified each of the evidentiary bullets and fragments to Leslie Merritt's gun with 100% certainty for each of the four incidents, DPS recognized that if Incident D could not be linked Leslie Merritt's firearm, then none of the incidents could be linked to the firearm.

55.     In other words, DPS recognized that only one of two scenarios could be true: either (a) the crime lab had botched its identification or (b) Incident D did not occur when Merritt's gun was at the pawn shop.

### E. DPS Changed the Timeline to Fit Its Theory

56.     In response to their dilemma, DPS detectives chose to completely discount the first scenario and, rather, invented a theory that the tire involved in Incident D

must have been shot days earlier, with the bullet lodging in the sidewall of the tire, only to later dislodge and deflate the tire on the night of August 30, 2015, after Leslie Merritt's gun was in the pawn shop.

57. To bolster their theory, DPS detectives conducted a second interview of the driver of the BMW involved in Incident D, and suggested that he was incorrect in his timing of the fourth shooting. The BMW driver disregarded their suggestion, reiterating that he could tell that the tire deflated promptly upon being shot.

58. DPS crime lab again fell below the standard of care by telling DPS detectives that it was possible that Plaintiff's gun could have been used in Incident D.

59. During the pendency of the criminal case against Plaintiff, Defendants failed to test the vehicle or tire to see whether the detective's scenario was possible.

60. During the pendency of the criminal case against Plaintiff, Defendants failed to test the vehicle or tire to see whether the timing of the shooting twice offered by the driver of the BMW in Incident D could be corroborated.

61. DPS' criminalist indicated that it was possible, knowing that the detectives would arrest Leslie Merritt, Jr.

62. In fact, the gouge marks on the BMW tire from Incident D establish that bullet passed immediately through the tire causing it to deflate almost instantaneously.

63. In two separate interviews with DPS detectives, the driver of the vehicle of Incident D was adamant that the shooting occurred between approximately 9:45 and 10:15 p.m. on Sunday, August, 30 2015, and that that the bullet did not lodge

in the sidewall based on all of his observation and knowledge.

64. DPS knew or had reason to know that no objective evidence has ever supported the claim that the bullet was lodged in the tire for days before it finally caused the tire to deflate.

**F. Leslie Merritt, Jr. was Working and Taking Care of His Family**

65. On September 18, 2015, Leslie Merritt was 21 years old. He was working as a landscaper, and parenting two young children.

66. At about 6:15 p.m., Leslie Merritt was driving to Walmart to buy some diapers and wipes for his five month old daughter.

67. After completing his purchase, he proceeded to the parking lot to return to his car. Suddenly, he saw Department of Public Safety SWAT officers rushing toward him, pointing their automatic rifles, and yelling at him to get on the ground.

68. He could not understand why this was happening to him.

69. Defendants forced him to face lay down on the parking lot.

70. He could only think to ask why this is happening.

71. The officers did not respond.

72. Next, DPS drove him to an interrogation room. They placed him in a small room.

73. They interrogated him for over an hour, accusing him of a crime he did not commit.

74. Leslie repeatedly declared his innocence.

-11-

75. During the interrogation, DPS detectives lied to Leslie Merritt and told him that they had video of him.

76. Leslie Merritt asked to see the alleged video. No such video exists.

77. Leslie never asked for a lawyer. He thought that since he was answering all of their questions and has never fired a weapon at anyone, he would be going home.

78. Instead, DPS officers booked Leslie Merritt into 4th Avenue jail. He would not be released for over two hundred days.

79. The State arrested Leslie Merritt, Jr. without probable cause that he committed a crime.

80. The State arrested Leslie Merritt, Jr. without an arrest warrant.

81. Defendants failed to produce any evidence that Mr. Merritt was present at the scene of any of these shootings, let alone was a perpetrator. As Mr. Merritt was factually innocent of the charges there was no such evidence that could be produced.

### G. The State and Prosecutors Suppressed Material Exculpatory Evidence Before the Grand Jury and Delayed Disclosure to Merritt's Counsel.

82. After the warrantless arrest of Leslie Merritt, Defendants chose to bring the case before the Grand Jury.

83. The Maricopa County prosecutor misled the grand jury that Incident D occurred between the dates of August 22, 2015 and August 27, 2015.

84. Defendants knew that Leslie Merritt did not have access to his gun at the

1    time of the fourth shooting incident.

2    85.   Defendants knew that zero evidence supported changing the timeline of

3    Incident D.

4

5    86.   Defendants deliberately misled the grand jury that they had any evidence to

6    support their theory that the bullet lodged in the inner sidewall of the BMW tire.

7    87.   Defendants deliberately failed to disclose to the grand jury the physical

8    evidence of gouge marks on the BMW tire showing conclusively that the bullet

9    passed right through the tire, and that the Defendants' theory of the bullet lodging

10   in the tire was baseless.

11

12   88.   Defendants misled the Grand Jury that the crime lab had "definitively" and

13   had "100 percent ballistically identified" Leslie Merritt's firearm to have fired the

14   bullets from the four shooting incidents.

15   89.   Defendants deliberately misled the grand jury that the driver of the vehicle

16   in Incident D was "assuming or guessing" or "unsure" about when his BMW tire

17   sustained damage.

18

19   90.   Montgomery or Maricopa County or both deliberately suppressed material,

20   exculpatory evidence during the prosecution, including the second interview of the

21   BMW driver in Incident D and license plate reader (LPR) data.

22        **H. Montgomery Knew that Merritt was not the Freeway Shooter**

23   91.   County attorneys working for Montgomery or Maricopa County or both

24   recognized that the DPS Crime Lab had botched the identification.

25

26   92.   As a result, county attorneys retained Forensic Firearm Expert Lucien C.

-13-

Haag, an internationally-renowned expert in the area of firearm identification, who consulted with John E. Murdock, Forensic Consultant.

93. On or about February 3, 2016, Haag collected Merritt's gun and the evidentiary bullets and bullet fragments from the DPS crime lab.

94. Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. He failed to match Leslie Merritt's gun as the source of any of the evidentiary bullets or bullet fragments in any of the shootings.

95. On or about April 14, 2016, Haag issued a report stating results of the comparisons done by DPS were wrong and insufficient to constitute an identification.

96. On or about April 19, 2016, Leslie Merritt, Jr. was released from jail.

97. On April 22, 2016, Maricopa County Attorneys filed a motion to dismiss the criminal case against Leslie Merritt, Jr.

98. On April 25, 2016, the court dismissed the criminal case.

99. On or about April 29, 2016, at the request of DPS, the Bureau of Alcohol, Tobacco, and Firearms completed a lab report based on its independent testing of Merritt's firearm and the evidentiary bullets. They found insufficient marks of value for comparison.

100. All the while, Leslie Merritt has suffered intensely and immensely from the false accusations which all Defendants have levied against him.

101. As a result of Defendants' actions, Leslie Merritt, Jr. is afraid that DPS is continuing to conduct covert surveillance of him. He feels threatened and

vulnerable. He has had difficulty sleeping and experienced loss of appetite. He tends to avoid social situations, and is sometimes recognized in public and confronted by strangers.

102. Even after the dismissal of all charges against Merritt, at least one representative of DPS has publicly stated that DPS still believes that Merritt is the I-10 Freeway Shooter.

103. Defendant Montgomery still makes public comments that Leslie Merritt, Jr. is a suspect, although the evidence supporting his innocence is only getting stronger.

## FIRST CAUSE OF ACTION – False Arrest
### (Against State of Arizona)

104. Plaintiffs re-allege each and every allegation contained above as though more fully set forth herein.

105. This Cause of Action is brought pursuant to Arizona common law.

106. On September 18, 2015, DPS officers arrested Leslie Merritt, Jr. without a warrant.

107. The State is unable to establish that the arrest was founded upon probable cause.

108. The State of Arizona is liable under the doctrine of respondeat superior for the tortious acts of its law enforcement and crime lab personnel committed within the scope of their employment.

109. As a direct and proximate result of Defendants' misconduct, Leslie Merritt

suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION- False Imprisonment
### (Against All Defendants)

110. Plaintiffs re-allege and re-incorporate by reference each and every allegation contained above as though more fully set forth herein.

111. This Cause of Action is brought pursuant to Arizona common law.

112. Defendants' actions as indicated above constitute false imprisonment.

113. Defendants caused Leslie Merritt to be imprisoned against his will.

114. As a direct and proximate result of Defendants' acts, omissions, and constitutional violations alleged above, Leslie Merritt suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION -Malicious Prosecution
### (Against All Defendants)

114. Plaintiffs re-allege by reference every allegation contained above as though more fully set forth herein.

115. This Cause of Action is brought pursuant to Arizona law.

116. Defendants initiated or caused a criminal proceeding to be brought against Leslie Merritt, Jr.

117. The Defendants' criminal prosecution of Leslie Merritt, Jr. terminated in Leslie's favor.

118. The prosecution lacked probable cause.

119. In their investigatory process, Defendants acted with malice, or a primary purpose other than to bring Leslie Merritt to justice.

120. As a direct and proximate result of Defendants' acts, omissions, and constitutional violations alleged above, Leslie Merritt suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION- Negligence and/or Gross Negligence
### (Against All Defendants)

121. Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

122. This Cause of Action is brought pursuant to Arizona common law.

123. Defendants had a legal duty of care to Leslie Merritt, Jr.

124. Defendants and each of them fell below the standard of care in their treatment of Leslie Merritt by, among other things, failing to follow accepted scientific methodology in the crime lab, concealing material fundamental evidence from the grand jury, failing to disclose material fundamental evidence during the course of the prosecution, and violating AZ CONST Art. 2 § 4.

125. As a direct and proximate result of Defendants' acts, omissions, and violations alleged above, Leslie Merritt suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION- Intentional Infliction of Emotional Distress
## (Against All Defendants)

126.   Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

127.   This Cause of Action is brought pursuant to Arizona common law.

128.   As described above, the conduct of each Defendant was extreme and outrageous.

129.   Each Defendant either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from their conduct.

130.   As a result of each Defendants conduct, Leslie Merritt, Jr. was caused to incur severe emotional distress.

131.   In addition, as a direct and proximate result of Defendants' acts, omissions, and violations alleged above, Leslie Merritt suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION- Aiding and Abetting Tortious Conduct
## (Against All Defendants)

132.   Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

133.   Each Defendant has aided and abetted others to commit tortious acts against Leslie Merritt.

134.   This Cause of Action is brought pursuant to Arizona common law.

135.   As expressed above in causes of action One through Five, each Defendant

has committed a tort or torts that has caused injury to Leslie Merritt, Jr.

136. Defendants Montgomery and Maricopa County knew that the State of Arizona breached a duty of reasonable care to Leslie Merritt, Jr.

137. Defendants Montgomery and Maricopa County provided substantial assistance or encouragement to the State of Arizona in the achievement of the breach of reasonable care to Leslie Merritt, Jr.

138. Defendant State of Arizona knew that Defendants Montgomery and Maricopa County breached a duty of reasonable care to Leslie Merritt, Jr.

139. Defendant State of Arizona provided substantial assistance or encouragement to Defendants Montgomery and Maricopa County in the achievement of the breach of reasonable care to Leslie Merritt, Jr.

140. As a direct and proximate result of Defendants' acts, omissions, and constitutional violations alleged above, Leslie Merritt suffered severe physical pain, mental anguish, and emotional distress, medical expenses, and lost wages in an amount to be proven at trial.

***WHEREFORE***, Plaintiff prays for judgment against Defendants as follows:

    A.    For general damages experienced by Leslie Merritt, Jr.;

    B.    For such medical and medical expenses as may be reasonably incurred by Plaintiff in the future and as may be proven at the time of trial;

    C.    For past and future loss of earnings/loss of earning capacity;

    D.    For Plaintiff's court costs incurred herein and legal interest,

pursuant in part to ARS § 12-823; and

E.  For such other and further relief as the Court may deem just

and proper.

Dated this 13th day of September, 2016.

LAW OFFICES OF DAVID J. DON, PLLC

By: _____

David J. Don
*Attorney for Plaintiff Leslie Merritt, Jr.*

-20-



MICHAEL K. JEAMES, CLERK
BY *F. Boll* DEP
F. BOLL, FILED

16 SEP 20 PM 3: 10

1  Jason D. Lamm (018454)
   Law Office of Jason Lamm
2  6245 North 24th Pkwy, Ste. 208
   Phoenix, AZ 85016-2030
3  Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email: jlamm@cyberlawaz.com
5
6  David J. Don (016462)
   LAW OFFICE OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Suite B-100
   Phoenix, Arizona 85012
8  Tel: 480-948-1212
   Fax: 480-696-7756
9  Email: david@azcivilrights.com
10
   *Attorneys for Plaintiff Leslie Merritt, Jr.*
11
12         IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
13              IN AND FOR THE COUNTY OF MARICOPA
14                                          CV2016-013436
15  LESLIE MERRITT, JR., a single man,  ) Case No.:
                                        )
16         Plaintiff,                   )        **SUMMONS**
                                        )
17      vs.                             )
                                        )
18  STATE OF ARIZONA, a body politic;   ) If you would like legal advice from a lawyer,
19  BILL MONTGOMERY, the elected        ) Contact the Lawyer Referral Service at
    Maricopa County Attorney;           )              602-257-4434
20  MARICOPA COUNTY, a body politic;    )                  or
21  JOHN DOES I-X; JANE DOES I-X;       )        www.maricopalawyers.org
    ABC PARTNERSHIPS I-X and XYZ        )            Sponsored by the
22  CORPORATIONS I-X.                   )        Maricopa County Bar Association
                                        )
23         Defendants.                  )
24
25  TO DEFENDANT MARICOPA COUNTY:
26

                                    -1-

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS § § 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. **RCP 10(d); ARS § 12-311; RCP 5.**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The names and address of Plaintiff's attorney is:

David J. Don, Esq.
LAW OFFICES OF DAVID J. DON, P.L.L.C
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: 480.948.1212
Fax: 480.696.7756
E-mail: david@azcivilrights.com

SIGNED AND SEALED this date: **SEP 1 3 2016**



**MICHAEL K JEANES. CLERK**
Clerk

By: _____
Deputy Clerk      **B. RETH**

ORIGINAL

MICHAEL K. JEAMES, CLERK
BY
F. Boll DEP
F. BOLL, FILED

16 SEP 20 PM 3: 10

1   Jason D. Lamm (018454)
    Law Office of Jason Lamm
2   6245 North 24th Pkwy, Ste. 208
    Phoenix, AZ 85016-2030
3   Tel: (602) 222-9237
    Fax: (602) 222-2299
4   Email: jlamm@cyberlawaz.com
5
6   David J. Don (016462)
    LAW OFFICE OF DAVID J. DON, PLLC
7   301 E. Bethany Home Rd., Suite B-100
    Phoenix, Arizona 85012
8   Tel: 480-948-1212
    Fax: 480-696-7756
9   Email: david@azcivilrights.com
10
    *Attorneys for Plaintiff Leslie Merritt, Jr.*
11
12          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
13              IN AND FOR THE COUNTY OF MARICOPA
14
15  LESLIE MERRITT, JR., a single man,  )  Case No.:  CV2016-013436
                                         )
16              Plaintiff,               )        **SUMMONS**
                                         )
17          vs.                          )
                                         )
18  STATE OF ARIZONA, a body politic;   )   If you would like legal advice from a lawyer,
19  BILL MONTGOMERY, the elected         )   Contact the Lawyer Referral Service at
    Maricopa County Attorney;            )            602-257-4434
20  MARICOPA COUNTY, a body politic;    )                 or
                                         )         www.maricopalawyers.org
21  JOHN DOES I-X; JANE DOES I-X;        )           Sponsored by the
    ABC PARTNERSHIPS I-X and XYZ         )     Maricopa County Bar Association
22  CORPORATIONS I-X.                    )
                                         )
23              Defendants.              )
24
25  TO DEFENDANT BILL MONTGOMERY:
26

-1-

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS § § 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. **RCP 10(d); ARS § 12-311; RCP 5.**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The names and address of Plaintiff's attorney is:

David J. Don, Esq.
LAW OFFICES OF DAVID J. DON, P.L.L.C
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: 480.948.1212
Fax: 480.696.7756
E-mail: david@azcivilrights.com

SIGNED AND SEALED this date: _____ **SEP 1 3 2016** _____

**MICHAEL K JEANES, CLERK**

Clerk

By: _____

Deputy Clerk **B. RETH**

-2-

RICKIE MCTHENY (#8315 MARICOPA COUNTY)
1408 W. CAMELBACK ROAD
PHOENIX, AZ 85013
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| LESLIE MERRIT JR., a single man <br> Plaintiff <br> Vs. <br><br> STATE OF ARIZONA, a body politic; BILL MONTGONERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; and XYZ CORPORATIONS I-X, <br> Defendant | Case No: CV2016-013436 <br><br> CERTIFICATE OF SERVICE BY A PRIVATE PERSON <br> Arizona Rules of Court 80(1) |

Documents served:  SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION;

I PERSONALLY SERVED TRUE COPIES OF THE ABOVE DOCUMENTS ON ENTITY LISTED BELOW.

ENTITY SERVED:  MARICOPA COUNTY , CLERK OF THE BOARD OF SUPERVISORS
HOW SERVED:  PERSONALLY ON AMY GOODLOE  accepting service as SPECIAL DEPUTY CLERK
AT:  301 W. JEFFERSON,10TH FLOOR., PHOENIX, AZ
ON:  SEPTEMBER 19, 2016
TIME:  9:40 AM

The undersigned certifies under penalty of perjury that I am fully qualified to serve process in this matter within the State of Arizona, having been appointed and registered  by the Superior Court of Maricopa County, Arizona and that the above is true and accurate.

DECLARANT:  *Rickie Mctheny*
RICKIE MCTHENY
Dba  JBN LEGAL SUPPORT SERVICE, L.L.C.
SEPTEMBER 20, 2016

CHARGES:
DOC FEE:  $ 20.00
ISSUE/PICK UP:  $  6.00(1/2)
MILAGE:  $ 12.00
DOC FEE:  $  5.00
TOTAL:  $ 43.00
DD


DD

MICHAEL K. J-.. ..ES, CLERK
BY F. Boll DEP
F. BOLL, FILED

16 SEP 20 PM 3: 10

RICKIE MCTHENY (#8315 MARICOPA COUNTY)
1408 W. CAMELBACK ROAD
PHOENIX, AZ 85013
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| LESLIE MERRIT JR., a single man<br>Plaintiff<br>Vs.<br><br>STATE OF ARIZONA, a body politic; BILL MONTGONERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; and XYZ CORPORATIONS I-X,<br>Defendant | Case No: CV2016-013436<br><br>CERTIFICATE OF SERVICE BY A PRIVATE PERSON<br>Arizona Rules of Court 80(1) |

Documents served:          SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION;

I PERSONALLY SERVED TRUE COPIES OF THE ABOVE DOCUMENTS ON ENTITY LISTED BELOW.

ENTITY SERVED:          MARICOPA COUNTY ATTORNEY BILL MONTGOMERY
HOW SERVED:          PERSONALLY ON DEPUTY IPPOLITO #228  accepting service
AT:          301 W. JEFFERSON, 8TH FLOOR., PHOENIX, AZ
ON:          SEPTEMBER 19, 2016
TIME:          9:36 AM

The undersigned certifies under penalty of perjury that I am fully qualified to serve process in this ca   /.1
within the State of Arizona, having been appointed and registered  by the Superior Court of Maricopa
County, Arizona and that the above is true and accurate.

DECLARANT:          _Rickea McTheny_

RICKIE MCTHENY
Dba  JBN LEGAL SUPPORT SERVICE, L.L.C.
SEPTEMBER 20, 2016

CHARGES:
DOC FEE:          $ 20.00
ISSUE/PICK UP:          $   6.00(1/2)
MILAGE:          $ 12.00
DOC FEE:          $   5.00
TOTAL:          $ 43.00


DD

Ulises A. Ferragut, Jr. (018773)
THE FERRAGUT LAW FIRM, P.C.
2 North Central Avenue, Suite 1125
Phoenix, Arizona 85004
Tel. (602) 324-5300
Fax. (602) 258-4588
E-Mail: Ulises@FerragutLaw.com

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 N. 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: Jlamm@cyberlawaz.com

David J. Don (016462)
Law Office of David J. Don, Pllc.
301 E. Bethany Home Rd., Ste., B-100
Tel: (480) 948-1212
Fax: (480) 696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CR2016-013436 |
| Plaintiff, | |
| vs. | **NOTICE OF ASSOCIATION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X AND XYZ CORPORATIONS I-X. | |
| Defendant. | |

**COMES NOW**, undersigned counsel, and hereby respectfully notifies court and counsel that attorney Ulises A. Ferragut Jr., will be associating with Attorney's Jason D. Lamm and David J. Don in the above-captioned matter, who represent the Plaintiff, Leslie Merritt Jr.

**DATED** this 27th day of September, 2016

Copy of the foregoing E-filed
Delivered this 27th day of
September, 2016 to:

The Clerk of the Court
Maricopa County Superior Court
201 W. Jefferson St.
Phoenix, AZ 85003


Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 N. 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: Jlamm@cyberlawaz.com

David J. Don (016462)
Law Office of David J. Don,Pllc.
301 E. Bethany Home Rd., Ste., B-100
Tel: (480) 948-1212
Fax: (480) 696-7756
Email: david@azcivilrights.com

- 2 -

RICKIE MCTHENY (#8315 MARICOPA COUNTY)
1408 W. CAMELBACK ROAD
PHOENIX, AZ 85013
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| LESLIE MERRIT JR., a single man | Case No: CV2016-013436 |
| Plaintiff | |
| Vs. | CERTIFICATE OF SERVICE |
| | BY A PRIVATE PERSON |
| STATE OF ARIZONA, a body politic; BILL | Arizona Rules of Court 80(1) |
| MONTGONERY, the elected Maricopa County | |
| Attorney; MARICOPA COUNTY, a body politic; | |
| JOHN DOES I-X; JANE DOES I-X; ABC | |
| PARTNERSHIPS I-X; and XYZ CORPORATIONS I- | |
| X, | |
| Defendant | |

Documents served:         SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION;

I PERSONALLY SERVED TRUE COPIES OF THE ABOVE DOCUMENTS ON ENTITY LISTED BELOW.

ENTITY SERVED:     STATE OF ARIZONA ATTORNEY GENERAL'S OFFICE
HOW SERVED:      PERSONALLY ON LISA FISCHER accepting service as RECEPTION
AT:          1275 W. WASHINGTON, PHOENIX, AZ
ON:          OCTOBER 7, 2016
TIME:         10:17 AM

The undersigned certifies under penalty of perjury that I am fully qualified to serve process in this action within the State of Arizona, having been appointed and registered by the Superior Court of Maricopa County, Arizona and that the above is true and accurate.

DECLARANT:     _Rickie McTheny_
          RICKIE MCTHENY
          Dba JBN LEGAL SUPPORT SERVICE, L.L.C.
          OCTOBER 7, 2016

CHARGES:
DOC FEE:       $ 20.00
ISSUE/PICK UP:    $ 12.00
MILAGE:        $ 12.00
DOC FEE:       $  5.00
TOTAL:        $ 49.00
DD

DD

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X,<br><br>Defendants. | NO. CV2016-013436<br><br>**DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S CERTIFICATE OF AGREEMENT OF COMPULSORY ARBITRATION**<br><br>*(Assigned to the Honorable David Gass)* |

Defendants Maricopa County and William Montgomery, certify that

Defendants know the dollar limits and any other limitations set forth by the Local

Rules of Practice for the applicable Superior Court and agree with Plaintiff's

/ /

/ / /

/ / /

/ /

/ / /

1

certification that this case is *not* subject to compulsory arbitration, as provided by

Rules 72 through 76, Arizona Rules of Civil Procedure.

**DATED** this 26th day of October, 2016.

**IAFRATE & ASSOCIATES**


By: __/s/Michele M. Iafrate_____
    Michele M. Iafrate
    Attorneys for **Defendants Maricopa**
    **County and William Montgomery**


**ORIGINAL** of the foregoing e-filed
this 26th day of October, 2016, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPY** of the foregoing e-mailed via ECF
this 26th day of October, 2016, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing mailed
this 26th day of October, 2016, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:___/s/Jill Lafornara_____

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | *(Assigned to the Honorable David Gass)* |
| Defendants. | |

Defendants Maricopa County and William Montgomery ("Defendants") submit their Answer to Plaintiff's Complaint.  Defendants admit, deny and allege the following:

1.      Defendants admit the allegations contained in paragraphs 1-5 of Plaintiff's Complaint.

2.      As to paragraph 6 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 6; therefore, Defendants deny the same.

1

3. As to paragraph 7 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraph 7, these Defendants deny any such allegations.

4. As to paragraph 8 of Plaintiff's Complaint, Defendants admit that Defendant Montgomery is and was the elected Maricopa County Attorney. Defendants further admit that Defendant Montgomery is responsible for the administration, operation, maintenance, policies, procedures and functions of the Maricopa County Attorneys' Office, the implementation of policies and procedures, the training and supervision of staff, and the provision of criminal justice to all residents of Maricopa County, including Leslie Merritt, Jr. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

5. As to paragraph 9 of Plaintiff's Complaint, Defendants admit Maricopa County is a body politic. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraphs 10-12 of Plaintiff's Complaint.

7. As to paragraphs 13-18 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 13-18, these Defendants deny any such allegations.

8. Defendants deny the allegations contained in paragraphs 19-20 of Plaintiff's Complaint.

9.     As to paragraphs 21-68 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 21-68, these Defendants deny any such allegations.

10.     Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

11.     As to paragraphs 70-80 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 70-80, these Defendants deny any such allegations.

12.     Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

13.     As to paragraph 82 of Plaintiff's Complaint, Defendants affirmatively allege these Defendants did not arrest Plaintiff. Defendants admit the case went before a Grand Jury. Defendants affirmatively allege the Grand Jury returned a true bill. Defendants deny the remaining allegations contained in paragraph 82 of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in paragraphs 83-90 of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint. Defendants affirmatively allege DPS retained Lucien Haag.

16. Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

17. Defendants admit the allegations contained in paragraph 93 of Plaintiff's Complaint.

18. As to paragraph 94 of Plaintiff's Complaint, Defendants admit Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. Defendants deny the remaining allegations contained in paragraph 94. Defendants affirmatively allege the results of Mr. Haag's investigation was "inconclusive".

19. As to paragraph 95 of Plaintiff's Complaint, Defendants deny Mr. Haag issued a report stating the results of the comparisons done by DPS were wrong. Defendants admit Mr. Haag's report stated the results were insufficient to constitute an identification. Defendants affirmatively allege the results of Mr. Haag's investigation was inconclusive.

20. Defendants admit the allegations contained in paragraphs 96-98 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in paragraphs 99 of Plaintiff's Complaint. Defendants affirmatively allege the lab report completed by the Bureau of Alcohol, Tobacco, and Firearms was received after the Court's dismissal.

22. Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

23.     As to paragraph 101 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 101; therefore, Defendants deny the same.

24.     As to paragraph 102 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraph 102, these Defendants deny any such allegations.

25.     Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION – False Arrest
### (Against State of Arizona)

26.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 25 of this Answer.

27.     As to paragraphs 105-109 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraphs 105-109, these Defendants deny any such allegations.

## SECOND CAUSE OF ACTION – False Imprisonment
### (Against All Defendants)

28.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 27 of this Answer.

29.     As to paragraph 111 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 111; therefore,

Defendants deny the same. Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions. See A.R.S. § 1-201.

30.　　Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

31.　　Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint. Defendants affirmatively allege imprisonment was based on probable cause.

32.　　Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION – Malicious Prosecution**
**(Against All Defendants)**

33.　　Defendants admit, deny and allege as previously set forth in paragraphs 1 through 32 of this Answer.

34.　　As to paragraph 115 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 115, therefore, Defendants deny the same. Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions. See A.R.S. § 1-201.

35.　　Defendants admit the allegations contained in paragraph 116 of Plaintiff's Complaint.

36.　　Defendants deny the allegations contained in paragraphs 117-118 of Plaintiff's Complaint.

37.     As to paragraph 119 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraph 119, these Defendants deny any such allegations.

38.     Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION – Negligence and/or Gross Negligence
### (Against All Defendants)

39.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 38 of this Answer.

40.     As to paragraph 122 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 122; therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

41.     Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.  Defendants affirmatively allege a duty to all individuals in Maricopa County.

42.     Defendants deny the allegations contained in paragraphs 124-125 of Plaintiff's complaint.

/ / /

/ / /

/ / /

7

**FIFTH CAUSE OF ACTION – Intentional Infliction of Emotional Distress
(Against All Defendants)**

43.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 42 of this Answer.

44.     As to paragraph 127 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 127, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

45.     Defendants deny the allegations contained in paragraphs 128-131 of Plaintiff's complaint.

**SIXTH CAUSE OF ACTION – Aiding and Abetting Tortious Conduct
(Against All Defendants)**

46.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 45 of this Answer.

47.     Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

48.     As to paragraph 134 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 134, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

49.     Defendants deny the allegations contained in paragraphs 135-140 of Plaintiff's complaint.

50.     Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to supplement these affirmative defenses based on information learned during discovery:

1.     Defendants affirmatively allege that Plaintiff's Complaint, and each and every portion thereof, fails to state a claim upon which relief can be granted.

2.     Defendants affirmatively allege that Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff's own actions or the actions of other parties or non-parties.

3.     Defendants affirmatively allege that Plaintiff assumed the risk.

4.     Defendants affirmatively allege they are entitled to absolute immunity and/or qualified immunity pursuant to A.R.S. §§ 12-280.01 and 12-820.02 and *State v. Superior Court in and for Maricopa County*, 186 Ariz. 294 (Arizona Ct. App 1996).

5.     Defendants affirmatively allege Plaintiff is not entitled to punitive or exemplary damages pursuant to A.R.S. § 12-820.04.

6.     Defendants affirmatively allege Guilt in Fact pursuant to Restatement of Torts § 657.

9

7.     Defendants affirmatively allege that Defendants were acting under legal process with good and sufficient probable cause to be so acting.

8.     Defendants affirmatively allege that Defendants are not liable due to A.R.S. § 12-712.

9.     Defendants affirmatively allege that Defendants are entitled to other immunities pursuant to A.R.S. § 12-820.05.

10.     Defendants allege that additional facts may be revealed by future discovery which supports affirmative defenses presently available to, but not known by the Defendants.  Accordingly, on information and belief, Defendants hereby incorporate by reference the affirmative defenses set forth in Rules 8 and 12, Ariz. R. Civ. P., as if set forth fully herein.

## JURY DEMAND

Defendants make a demand for a Jury Trial.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants respectfully request of this Court the following:

A.     That Plaintiff's Complaint be dismissed with prejudice as to these Defendants and that Plaintiff takes nothing thereby;

B.     That Defendants be awarded their costs and reasonable attorney's fees incurred herein; and

/ / /

/ / /

/ / /

C.    For such other and further relief as this Court deems just and proper

under the circumstances.

    **DATED** this <u>26th</u> day of October, 2016.

**IAFRATE & ASSOCIATES**

        By:  <u>/s/Michele M. Iafrate</u>
            Michele M. Iafrate
            Attorneys for **Defendants Maricopa**
            **County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this <u>26th</u> day of October, 2016, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPY** of the foregoing e-mailed via ECF
this <u>26th</u> day of October, 2016, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing mailed
this <u>26th</u> day of October, 2016, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

11

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:    /s/Jill Lafornara

12

1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
   mho@polsinelli.com
3  Rebecca N. Cain (#025604)
   rcain@polsinelli.com
4
5  **POLSINELLI PC**
   CityScape
6  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
7  Phone: (602) 650-2000 │ Fax: (602) 264-7033
8  *Attorneys for Defendant State of Arizona*
9
10       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
11               **IN AND FOR THE COUNTY OF MARICOPA**
12
13  LESLIE MERRITT, JR., a single man,        Case No. CV2016-013436
14                         Plaintiff,
15  vs.                                        **DEFENDANT STATE OF ARIZONA'S**
                                               **RULE 12(B)(6) MOTION TO DISMISS**
16  STATE OF ARIZONA, a body politic;
    BILL MONTGOMERY, the elected               **(Assigned to the Honorable David Gass)**
17  Maricopa County Attorney;
    MARICOPA COUNTY, a body politic;
18  JOHN DOES I-X; JANE DOES I-X;              **(ORAL ARGUMENT REQUESTED)**
    ABC PARTNERSHIPS I-X and XYZ
19  CORPORATIONS I-X,
20
21                         Defendants.
22

23         Pursuant to Arizona Rule of Civil Procedure 12(b)(6), Defendant State of Arizona
24  moves to dismiss Plaintiff Leslie Merritt, Jr.'s Complaint for failure to state a claim upon
25  which relief can be granted. This Motion is supported by the following Memorandum of
26  Points and Authorities.
27
28

                                              1

54927737.4

**Memorandum of Points and Authorities**

## I.   INTRODUCTION

Just over a year ago, a serial shooter terrorized the Phoenix area, targeting vehicles as they travelled valley freeways. Plaintiff Leslie Merritt, Jr. was identified as a suspect because ballistics testing indicated that the gun used in at least some of the shootings was owned and possessed by Plaintiff at the time and that Plaintiff had, in fact, pawned that same gun around the time the shootings stopped. Plaintiff was arrested, detained, and subsequently indicted on charges related to four such shootings. The indictment was later voluntarily dismissed without prejudice.

Plaintiff now brings claims for false arrest, false imprisonment, malicious prosecution, negligence/gross negligence, intentional infliction of emotional distress, and aiding and abetting tortious conduct against the State of Arizona, Maricopa County, and Maricopa County Attorney Bill Montgomery.[1] However, the facts plead in the Complaint establish that the State's actions were supported by probable cause as a matter of law. As such, Plaintiff's Complaint should be dismissed for failure to state a claim.[2]

## II.   RELEVANT FACTS[3]

In the summer of 2015, Defendant State of Arizona, through the Department of Public Safety ("DPS"), investigated a series of shootings that occurred along or near the Interstate 10 freeway ("I-10") in Phoenix, Arizona (the "I-10 Shootings"). Complaint ¶ 13. During its investigation, DPS retrieved bullets and/or bullet fragments from four separate shooting incidents: Shootings A, B, C, and D (the "Evidentiary Bullets"). *Id.* ¶ 14. Shootings A, B, C and D occurred between August 29 and August 30. *Id.* ¶¶ 15-18.

---

[1] Plaintiff has plead all six claims against the State. The false arrest and false imprisonment claims are made against only the State.

[2] The State does not waive any argument that Plaintiff's A.R.S. § 12-821.01 Notice of Claim is insufficient. *See, e.g., Jones v. Cochise Cty.,* 218 Ariz. 372, 375, 187 P.3d 97, 100 (2008) (Holding that Motion to Dismiss raising issue of insufficiency of Notice of Claim was properly treated as Motion for Summary Judgment.)

[3] While the factual allegations of Plaintiff's Complaint must generally be taken as true for purposes of this Motion, the State expressly reserves all rights to contest the veracity of these facts.

DPS analyzed and compared the Evidentiary Bullets, determining that the Evidentiary Bullets from all four shootings were discharged from a single firearm with certain class characteristics. *Id.* ¶¶ 21-22. Specifically, DPS identified the Evidentiary Bullets as having been fired from a 9mm handgun that caused cartridges to spiral three times with a leftward twist as they emerged from the barrel. *Id.* ¶ 23. Based on these characteristics, DPS identified the make and model of the firearm as a 9mm Model C9 manufactured by Hi-Point. *Id.* ¶ 23.

Using a computerized PAWN database, DPS located and collected eight Hi-Point 9mm Model C9 firearms from various pawn shops. *Id.* ¶ 29-33. DPS located one such firearm at Mo Money Pawn Shop in Phoenix ("Merritt's Gun"). *Id.* ¶ 33. The PAWN database contained information about the eight identified firearms, including the dates and times at which they were respectively pawned. *Id.* ¶ 34. The PAWN database revealed that Plaintiff had pawned the gun on August 30, 2015 at or about 5:31p.m. *Id.* ¶ 35-36.

On September 17, 2016, DPS seized and impounded the eight identified firearms, including Merritt's Gun. *Id.* ¶ 37. After testing, the crime lab determined that the Evidentiary Bullets from all four shootings were a "100% match" to Merritt's Gun. *Id.* ¶ 42.

Simultaneous searches of Plaintiff's Facebook profile revealed that he had shared newspaper articles about the I-10 Shootings. *Id.* ¶ 38.

On September 18, 2015, the State arrested Plaintiff without an arrest warrant and took him into custody. *Id.* ¶ 65, 78-79. The Grand Jury later indicted Plaintiff with four counts of Drive By Shooting, class 2 dangerous felonies; four counts of Aggravated Assault, class 3 dangerous felonies; two counts of Disorderly Conduct, class 6 dangerous felonies; and two counts of Endangerment, class 6 dangerous felonies (the "Criminal Case"). *Id.* ¶ 82; Criminal Case Docket Re: *State of Arizona v. Merritt*, CR2015-144211, attached as Exhibit 1 hereto.[4]

---

[4] "A complaint's exhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion." *Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, 226 P.3d 1046, 1050 (App. 2010). The "conversion rule," converting a motion to dismiss into a motion for summary

On or about April 14, 2016, Lucien Haag, an expert in the area of firearm identification, issued a report stating that DPS' analysis of the Evidentiary Bullets was flawed. *Id.* ¶ 95.

Four days later, on or about April 19, 2016, Plaintiff was released from jail. Complaint ¶ 96. Three days after that, on April 22, 2016, Defendant Maricopa County filed a motion to dismiss the Criminal Case. *Id.* at ¶ 97. The court dismissed the Criminal Case on April 25, 2016. *Id.* at ¶ 98.

## III.    ARGUMENT

### A.    Legal Standard for Dismissal

Rule 12(b)(6) of the Arizona Rules of Civil Procedure provides for dismissal of a complaint for "[f]ailure to state a claim upon which relief can be granted." When presented with a Rule 12(b)(6) motion to dismiss, "the court must look only to the pleading itself and consider its well-pleaded factual allegations, reasonable inferences from the alleged facts, and the complaint's exhibits." *Watts v. Medicis Pharm. Corp.*, 239 Ariz. 19, 365 P.3d 944, 947 (2016). The Court may also consider public records regarding matters referenced in the complaint. *Strategic Dev. & Const.,* 224 Ariz. at 64, 226 P.3d at 1050. "In determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, 284 P.3d 863, 867 (2012). Allegations that are conclusory or speculative must be rejected. *See id.* Further, conclusions of law, standing alone, are insufficient to withstand a Rule 12(b)(6) motion. *Cullen v. Koty-Leavitt Ins. Agency, Inc.,* 216 Ariz. 509, 168 P.3d 917 (2007), *review granted in part, affirmed in part, vacated in part,* 218 Ariz. 417, 189 P.3d 344.

judgment, avoids surprising a plaintiff with records it knew nothing about. The documents attached hereto as exhibits are court records related to the criminal case. *See id.* Both the criminal docket and filings in that case are public records with which the Plaintiff is intimately familiar and are therefore within the exception to the conversion rule.

4

**B.      Plaintiff's Claims Fail as a Matter of Law**

The facts alleged in the Complaint defeat Plaintiff's claims. Plaintiff has plead six claims against the State: (1) false arrest; (2) false imprisonment; (3) malicious prosecution; (4) negligent/gross negligence; (5) intentional infliction of emotional distress; and (6) aiding and abetting tortious conduct. However, the Complaint establishes that the State acted with probable cause, which defeats these claims as a matter of law. And, while Plaintiff has alleged that the State acted without probable cause, the Court is not required to accept legal conclusions as true for purposes of determining this motion. *See id.* As such, Plaintiff has failed to state a claim upon which relief can be granted and his Complaint should be dismissed in its entirety.

1.      Plaintiff Fails to State a Claim for False Arrest.

a.      The facts alleged in the Complaint demonstrate that Plaintiff's arrest was supported by probable cause.

Plaintiff alleges a claim for false arrest based upon his warrantless arrest on September 18, 2015. This claim fails as a matter of law. False arrest, a species of false imprisonment, is the detention of a person without his consent and without lawful authority. *Slade v. City of Phoenix,* 112 Ariz. 298, 299, 541 P.2d 550, 551 (1975). Where detention is pursuant to legal authority, the essential element of unlawful detention is lacking. *Id.* A plaintiff establishes a prima facie case by showing that he was arrested by the defendant without a warrant, and the burden then devolves upon the defendant to establish that the arrest was founded upon probable cause. *Id.* (citing *Whitlock v. Boyer,* 77 Ariz. 334, 271 P.2d 484 (1954)). The existence of probable cause is a question of law to be determined by the court. *Watzek v. Walker,* 14 Ariz. App. 545, 485 P.2d 3 (1971).

Probable cause to make an arrest exists when an arresting officer has reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested committed it. *State v. Nelson,* 129 Ariz. 582, 585, 633 P.2d 391, 395 (1981). Probable cause is something less than the proof needed to convict and more than an unsupported suspicion.

*Hansen v. Garda, Fletcher, Lund & McVean,* 148 Ariz. 205, 207, 713 P.2d 1263, 1265 (1985). It is a practical, nontechnical concept acting as a compromise between society's need for effective law enforcement and an individual citizen's interest in liberty. *Beck v. State of Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 226 (1964). Arresting officers are not required to conduct a trial before making an arrest. *Hansen,* 148 Ariz. at 207, 713 P.2d at 1265. Further, subsequent dismissal of the charges or a finding of innocence *does not* make an arrest made with probable cause unlawful. *Cullison v. City of Peoria,* 120 Ariz. 165, 168, 584 P.2d 1156, 1159 (1978). Thus, the critical inquiry is to the facts as they existed at the time of the arrest, and not afterward. *Reams v. City of Tucson,* 145 Ariz. 340, 343, 701 P.2d 598, 601 (App. 1985).

Finally, the claim of false arrest focuses not on the probable cause to support each charge, but rather on the validity of the arrest. *Lacy v. County of Maricopa,* 631 F.Supp.2d 1183, 1194 (D.Ariz.2008). In other words, if there was probable cause for any charge, then a false arrest claim fails as a matter of law. *Id.*

Here, the Complaint's allegations plainly demonstrate that the State had probable cause to arrest Plaintiff at the time of his arrest. As alleged in the Complaint, during its investigation, DPS collected Evidentiary Bullets from four separate shootings which DPS criminalists matched, first to each other, and then to a firearm that was owned by Plaintiff during the time period at issue in the investigation. Complaint ¶ 14, 21-37. Plaintiff pawned that same firearm within days, if not hours, of the shootings for which he was arrested. *Id.* ¶¶ 35-36. Finally, the Plaintiff's social media postings and interest related to the shootings constituted additional circumstantial evidence supporting probable cause for the arrest and prosecution. *See id.* ¶ 38. These facts provided the "reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable man to believe" that the shootings had been committed and that Plaintiff had committed them. *Nelson,* 129 Ariz. at 585, 633 P.2d at 395.

54927737.4

b. Additional factual allegations go to the issue of Plaintiff's guilt, not the determination of probable cause underlying Plaintiff's arrest.

Plaintiff makes a number of additional factual allegations that go to the ultimate issue of Plaintiff's guilt or innocence, such as alleged flaws in the methodology used to analyze the Evidentiary Bullets linking Merritt's Gun to the shootings and supposed questions surrounding the timeline of events related to the shootings. *See, e.g.,* Complaint at ¶¶ 36, 40, 42-64. However, these facts, even taken as true for purposes of this motion, do not establish a lack of probable cause at the time of Plaintiff's arrest and detention, or even at the instigation of the Criminal Case.

It is well established under Arizona law that probable cause does not require facts sufficient to convict. *See, e.g., Hansen,* 148 Ariz. at 207, 713 P.2d at 1265; *Reams,* 145 Ariz. at 343, 701 P.2d at 601. The bar is much lower than that. Further, there is leeway within the concept of probable cause for subjective error. *State v. Pederson*, 102 Ariz. 60, 66, 424 P.2d 810, 816 (1967). The United States Supreme Court has expressly recognized this fact, stating: "Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability." *Id.* (quoting *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311 (1891).

For example, in *Slade,* 112 Ariz. at 300, 541 P.2d at 552, Jack Leavins, the ex-husband of plaintiff Rita Slade, complained to Phoenix Police Officer Taylor that plaintiff Larry Slade, Rita's current husband, had fired several shots at him with a pellet gun. Leavins gave Officer Taylor the name and address of an alleged eyewitness, and the names of two or three other possible witnesses. *Id.* Officer Taylor made notes of the interview with Leavins which he later used to write a Departmental Report. *Id.* Officer Taylor did not interview any of the alleged witnesses, nor did any other officer. *Id.* No further investigation was made. *Id.* Based on the information in Taylor's report, the County Attorney's office authorized a criminal complaint to be filed against Larry Slade, who was arrested and

confined until he made bond. *Id.* At the preliminary hearing, no witnesses appeared against Mr. Slade and the charge against him was dismissed. *Id.*

The Slades sued the City of Phoenix and Officer Taylor for malicious prosecution, false arrest, and false imprisonment. *Id.* at 229, 551. The court, finding no showing of a lack of probable cause, dismissed the Slades' claims, finding that it was reasonable for the officer to believe – based solely on the ex-husband's account – that the new husband had committed an offense. *Id.* at 301, 553. The court noted that, while additional investigation might have avoided a mistake, which was the ideal, it was not required to meet the minimum standard for probable cause. *Id.*

Here, like in *Slade*, the State was operating on information it possessed at the time of Plaintiff's arrest. Indeed, many of the Complaint's allegations concern events that happened long after Plaintiff's initial arrest and even long after the instigation of the Criminal Case. For example, Plaintiff alleges that Lucien Haag, an expert in the area of firearm identification, conducted his own testing and wrote a report that called into question the State's identification of Merritt's Gun. Complaint ¶¶ 92-95. But that report was issued on April 14, 2016, *nearly 8 months after Plaintiff's arrest. Id.* ¶¶ 65, 79, 95. The State did not have this information at the time it determined that there was sufficient probable cause to arrest Plaintiff. And notably, the report was issued only four days before Plaintiff was released from custody and eight days before the County Attorney moved to dismiss the indictment. Plaintiff's assertions related to subsequent testing or investigation which allegedly cast doubt on his guilt are irrelevant to the determination of whether the State had a reasonable basis to believe Plaintiff was guilty of at least one of the shootings at the time of his arrest. Because the arrest was based on probable cause, Plaintiff's claim for false arrest should be dismissed.

### 2. Plaintiff Fails to State a Claim for False Imprisonment.

Plaintiff alleges a claim for false imprisonment based on the same facts supporting his claim for false arrest. This claim too fails as a matter of law. False imprisonment, like false arrest, is the non-consensual detention of a person "without lawful authority." *Slade*,

112 Ariz. at 300, 541 P.2d at 552. Thus, as with false arrest, the law is well settled that the existence of probable cause is a complete defense to the claim of false imprisonment. *Cullison,* 120 Ariz. 165 at 169, 584 P.2d at 1160.

Further, the tort of false imprisonment ends when the criminal defendant becomes held pursuant to legal process, *i.e.*, when he is arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 389; 127 S. Ct. 1091, 1096 (2007) (citing authority). After that point, "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390, 1096. As such, the sole time period relevant to Plaintiff's unlawful detention claim is from September 18, 2015, the date of arrest, through October 1, 2015, the date of his arraignment. *See* Exhibit 1. During that narrow window, the State clearly had probable cause for Plaintiff's arrest and detention. *See* Section B.1, *supra*. Plaintiff fails to state a claim for false imprisonment.

### 3. Plaintiff Fails to State a Claim for Malicious Prosecution.

Plaintiff makes his claim for malicious prosecution based on the instigation of the Criminal Case. As with false arrest and false imprisonment, this claim fails as a matter of law. To state a claim for malicious prosecution, a plaintiff must set forth: (1) a criminal prosecution, (2) that terminates in favor of the plaintiff, (3) with the defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages. *See Slade,* 112 Ariz. at 300, 541 P.2d at 552. Plaintiff fails to satisfy at least two of these elements.[5]

First, like false arrest and false imprisonment, probable cause to institute a proceeding is a "complete and absolute defense to an action for malicious prosecution." *Id.* at 301, 553 (citing *McClinton v. Rice*, 76 Ariz. 358, 265 P.2d 425 (1953)). "When ... the claim of malicious prosecution is based upon the initiation of a criminal prosecution, the

---

[5] This claim is plead against all Defendants. The State does not waive any argument the State was not the "prosecutor" for purposes of this claim upon the development of an appropriate record.

question of probable cause is whether it was objectively reasonable for the defendant ... to suspect the plaintiff ... had committed a crime." *Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006) (citations omitted). The existence of probable cause for a prosecution is a question of law, not fact. *Joseph v. Markovitz,* 27 Ariz. App. 122, 124-25, 551 P.2d 571, 573-74 (1976).[6] Moreover, whether there is probable cause sufficient to constitute a defense to a malicious prosecution claim is tested from the perspective of the prosecuting party. *See Lantay v. McLean,* 2 Ariz. App. 22, 24, 406 P.2d 224, 226 (1965). The test is whether the facts as presented to the prosecutor would have caused a reasonable person to initiate the prosecution. *Id.*

The State's determination of probable cause is further supported by the fact that the Grand Jury indicted Plaintiff on December 4, 2015. *See* Complaint ¶ 82; Exhibit 1. "The primary function of the Grand Jury is to determine whether probable cause exists to believe that a crime has been committed and the individual being investigated was the one who committed it." *State*, 139 Ariz. at 424, 678 P.2d at 1388. "The indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them.*"* Restatement (Second) of Torts § 664 (1977); *see also Williams v. Hartford Ins. Co.,* 147 Cal.App.3d 893, 195 Cal.Rptr. 448, 452 (1983) ("[U]nder California tort law, a grand jury indictment creates a presumption in favor of the malicious-prosecution defendant that probable cause existed for the underlying prosecution.").

Second, the Criminal Case did not terminate in Plaintiff's favor. There is no *per se* rule whether a voluntary dismissal of the underlying complaint is a favorable termination for purposes of a malicious prosecution claim. *Frey v. Stoneman*, 150 Ariz. 106, 110-111, 722 P.2d 274, 278-279 (1986). However, a termination prior to trial on the merits is favorable only if it "reflects on the merits of the matter." *Id.* Here, Defendant Maricopa County moved to dismiss the case voluntarily and without prejudice. Motion to Dismiss

---

[6] *Markovitz*, like *Frey* and *Lantay*, *infra*, addresses the claim of malicious prosecution in the context of a civil prosecution. The Standard for favorable termination is the same. Restatement (Second) of Torts, § 674, cmt. J (1977).

without Prejudice, attached here at Exhibit 2. The Motion to Dismiss indicates only that dismissal was sought "in the interests of justice" and not in violation of Arizona Rule of Criminal Procedure 8. *Id.* Plaintiff then filed a Motion to Dismiss with Prejudice, arguing that prosecutors wrongfully sought dismissal without prejudice in violation of Rule 8. Motion to Dismiss with Prejudice, attached here at Exhibit 3. In that Motion, Plaintiff argued that the dismissal without prejudice had been obtained *to allow prosecutors more time to build a case*. *Id.* at pp. 2:14-23, 5:11-22. Plaintiff's Motion to Dismiss with Prejudice was denied. Minute Entry Order dated May 10, 2016, attached here at Exhibit 4, p. 2.

Despite these facts, Plaintiff baldly alleges that "The Defendants' criminal prosecution of Leslie Merritt, Jr. terminated in Leslie's favor." Complaint ¶ 117. However, the Court need not accept this conclusory and unsupported allegation where it is clear that the dismissal was not on the merits. *Coleman,* 230 Ariz. at 356, 284 P.3d at 867 (In determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient.).

As Plaintiff fails to plead facts sufficient to support at least two elements of his claim for malicious prosecution, this claim should be dismissed.

4.    Plaintiff Fails to State a Claim for Negligence or Gross Negligence.

Plaintiff's claim for negligence/gross negligence is founded upon his claim of an unlawful arrest, imprisonment, and prosecution. Since the arrest and prosecution were supported by probable cause, the State's conduct did not depart from the standard of care mandated by state law. *See Hansen* 148 Ariz. at 207, 713 P.2d at 1265 (affirming dismissal of claim for negligence/gross negligence where claims were founded upon claim of unlawful arrest and court determined that arrest was made with probable cause).

Further, the Complaint fails to allege facts rising to the level of gross negligence, which Arizona courts have described as "flagrant and evidenc[ing] a lawless and destructive spirit." *Cullison*, 120 Ariz. at 169, 584 P.2d at 1160. Rather, the State conducted the

11

investigation under lawful authority and found probable cause to make the arrest, detention, and to initiate the Criminal Case. *See* Section B.1, *supra.* Plaintiff's claims for negligence/gross negligence should therefore be dismissed.

5. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.

Plaintiff also pleads a claim for Intentional Infliction of Emotional Distress ("IIED") based on his arrest, detention, and prosecution. Because the State's actions were supported by probable cause, Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") fails as a matter of law. Arizona adopted the Restatement § 46 (1965), which sets forth the elements of a claim for IIED:

> *[F]irst,* the conduct by the defendant must be "extreme" and "outrageous"; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct.

*Ford v. Revlon, Inc.,* 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987) (emphasis in original).

A claim for IIED requires proof that "the defendant's acts were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.,* 183 Ariz. 550, 554, 905 P.2d 559, 563 (1995) (citations omitted). "Even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.'" *Nelson v. Phoenix Resort Corp.,* 181 Ariz. 188, 199, 888 P.2d 1375, 1386 (App. 1994). The Arizona Supreme Court has made clear that "conduct necessary to sustain an intentional infliction claim falls at the very extreme edge of the spectrum of possible conduct." *Watts v. Golden Age Nursing Home,* 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). Whether a defendant's conduct may be regarded as extreme and outrageous is initially examined by the court as a matter of law. Restatement § 46 cmt. h.

The State's actions in the Criminal Case do not go beyond all possible bounds of decency. The State conducted the investigation under lawful authority and found evidence that supported a determination of probable cause. *See* Section B.1, *supra*. The IIED claim therefore fails as a matter of law. *See Rondelli v. Pima County,* 120 Ariz. 483, 490, 586 P.2d 1295, 1302 (App.1978) (rejecting intentional infliction of emotional distress claim as a matter of law by an appellant who claimed he was stereotyped as "Mafiosi," detained with his family for an hour without explanation, searched and handcuffed outside his car in full view of [his] neighbors and friends, treated like a dangerous criminal for failing to file a tax return, and falsely arrested); *Keates v. City of Vancouver,* 73 Wash.App. 257, 869 P.2d 88, 92 (Wash.Ct.App.1994) (holding as a matter of law that the police officer's yelling at a husband suspected of his wife's murder did not constitute outrageous conduct); *Rhodes v. Smithers,* 939 F.Supp. 1256, 1281 (S.D.W.Va.1995) (finding for defendant police officers on the intentional infliction claim as a matter of law because their conduct had failed to support a malicious prosecution claim). As such, Plaintiff's IIED claim should be dismissed.

6.   Plaintiff Fails to State a Claim for Aiding and Abetting Tortious Conduct.

Plaintiff's aiding and abetting claim is based upon his underlying claims for false arrest, false imprisonment, malicious prosecution, negligence/gross negligence, and intentional infliction of emotional distress. To prove a claim of aiding and abetting tortious conduct, a plaintiff must prove: (1) the primary tortfeasor committed a tort that caused injury to the plaintiff; (2) the defendant knew that the primary tortfeasor's conduct constituted a breach of duty; and (3) the defendant substantially assisted or encouraged the primary tortfeasor in the achievement of the breach. *Federico v. Maric,* 224 Ariz. 34, 36, 226 P.3d 403, 405 (App. 2010) (internal citation and footnote omitted). As Plaintiff has failed to state a claim upon which relief can be granted with regard to any underlying tort, it follows he has failed to state a claim for aiding and abetting.

13

Additionally, "aiding and abetting liability is based on proof of a scienter ... the defendants must know that the conduct they are aiding and abetting is a tort." *Id.* Here, as the Complaint establishes that the State's actions were supported by probable cause, any allegation that the State substantially assisted the tortious conduct of another defendant with knowledge that that defendant's conduct was tortious is not a reasonable inference and the Court must not accept such an allegation as true. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 189 P.3d 344, 347 (2008) (affirming dismissal of complaint based on speculative allegations that were not reasonable inferences drawn from well-pled facts). Accordingly, this claim must also be dismissed.

### C. Amendment Cannot Cure the Complaint's Deficiencies

A plaintiff can "plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Here, Plaintiff has done just that. Amendment will not cure the Complaint's deficiencies. Therefore, leave to amend should not be granted. *Walls v. Arizona Dep't of Pub. Safety*, 170 Ariz. 591, 597, 826 P.2d 1217, 1223 (1991) (holding that denial of leave to amend was proper where amendment would be futile).

## IV. CONCLUSION

The Complaint affirmatively demonstrates that the State's actions giving rise to Plaintiff's claims were supported by probable cause as a matter of law. Accordingly, Plaintiff cannot state a claim upon which relief can be granted and his Complaint should be dismissed in its entirety and without leave to amend.

RESPECTFULLY SUBMITTED this 27th day of October, 2016.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*
     Edward F. Novak
     Melissa Ho
     Rebecca N. Cain
     One E. Washington Street, Suite 1200
     Phoenix, AZ 85004
     *Attorneys for Defendant State of Arizona*

14

1  **E-FILED** this 27th day of October, 2016,
2  with the Clerk of the Superior Court.

3  **COPY** mailed this 27th day of October,
4  2016, to:

5  Jason D. Lamm
   Law Office of Jason Lamm
6  6245 North 24th Pkwy., Ste. 208
7  Phoenix, AZ 85016-2030
   (602) 222-9237
8  jlamm@cyberlawaz.com

9  David J. Don
10 Law Offices of David J. Don, PLLC
   301 E. Bethany Home Rd., Suite B-100
11 Phoenix, AZ 85012
   (480) 948-1212
12 david@azcivilrights.com
13
14 *Attorneys for Plaintiff Leslie Merritt, Jr.*

15 By: */s/ Dawn M. Coppens*_____
16
17
18
19
20
21
22
23
24
25
26
27
28

54927737.4

# Exhibit 1

Skip To Main Content

[ Search ]

 **WARNING:** Bogus Phone Calls, Emails May Lead to Fraud.    **Read More...**

Criminal Court Case Information - Case History

## Case Information

| Case Type: | Criminal | Location: | Downtown |
|---|---|---|---|

## Party Information

| Party Name - Number | Relationship | Sex | Attorney | Judge | Case # |
|---|---|---|---|---|---|
| State Of Arizona - (1) | Plaintiff | N/A | Leiter, Edward | | |
| Leslie Allen MerrittJr. - (2) | Defendant | M | Lamm, Jason | Master Calendar | CR2015-144211-001 |

## Disposition Information

| Party Name | ARSCode | Description | Crime Date | Disposition Code | Disposition | Date |
|---|---|---|---|---|---|---|
| Leslie Allen Merritt Jr. | 13-2904A6 (F6) | DISORD CONDUCT-WEAPON/INSTR | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-3107A (F6) | DSCHRG FIREARM IN CITY LIMIT | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-2904A6 (F6) | DISORD CONDUCT-WEAPON/INSTR | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-2904A6 (F6) | DISORD CONDUCT-WEAPON/INSTR | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-3107A (F6) | DSCHRG FIREARM IN CITY LIMIT | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/27/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1201A (F6) | ENDANGERMENT | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-3107A (F6) | DSCHRG FIREARM IN CITY LIMIT | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismissed Due To Grand Jury Indictment | Dismissed Due To Grand Jury Indictment | 9/25/2015 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1209A (F2) | DRIVE BY SHOOTING | 8/22/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen Merritt Jr. | 13-1204A2 (F3) | AGG ASLT-DEADLY WPN/DANG INST | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution Motion | 4/25/2016 |
| Leslie Allen | 13-3107A | DSCHRG FIREARM IN CITY | 8/29/2015 | Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |

| Merritt Jr. | (F6) | LIMIT | | Motion | |
| Leslie Allen | 13-3107A | DSCHRG FIREARM IN CITY | 8/29/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | LIMIT | | Motion | |
| Leslie Allen | 13-3107A | DSCHRG FIREARM IN CITY | 8/29/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | LIMIT | | Motion | |
| Leslie Allen | 13-1201A | ENDANGERMENT | 8/29/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | | | Motion | |
| Leslie Allen | 13-1201A | ENDANGERMENT | 8/22/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | | | Motion | |
| Leslie Allen | 13-2904A6 | DISORD CONDUCT- | 8/29/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | WEAPON/INSTR | | Motion | |
| Leslie Allen | 13-2904A6 | DISORD CONDUCT- | 8/29/2015 Dismd Pros Mot | Dismissed By Prosecution | 4/25/2016 |
| Merritt Jr. | (F6) | WEAPON/INSTR | | Motion | |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
| --- | --- | --- | --- |
| 6/28/2016 | 022 - ME: Order Signed - Party (001) | 6/28/2016 | |
| 6/27/2016 | ORD - Order - Party (001) | 6/28/2016 | |

NOTE: THAT ARIZONA DEPARTMENT OF PUBLIC SAFETY SHALL RELEASE MR. MERRITTS 1998 SATURN

| 6/20/2016 | 019 - ME: Ruling - Party (001) | 6/20/2016 | |
| 6/10/2016 | RMR - Response to Defendant's Motion - Party (001) | 6/10/2016 | |

NOTE: STATE'S RESPONSE TO THE MOTION TO COMPEL POST-DISMISSAL

| 6/10/2016 | RMR - Response to Defendant's Motion - Party (001) | 6/10/2016 | |

NOTE: STATE'S RESPONSE TO THE MOTION TO COMPEL POST-DISMISSAL

| 6/1/2016 | MOT - Motion - Party (001) | 6/1/2016 | |

NOTE: DEFENDANT'S MOTION TO COMPEL

| 5/26/2016 | REL - Reply - Party (001) | 5/26/2016 | |

NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO RELEASE PROPERTY

| 5/17/2016 | RES - Response - Party (001) | 5/17/2016 | |

NOTE: STATES 10-27-16 RESPONSE TO DEFENDANTS MOTION TO MODIFY RELEASE CONDITIONS; STATES REQUEST TO SEAL THIS MOTION_REDACTED

| 5/12/2016 | 019 - ME: Ruling - Party (001) | 5/12/2016 | |
| 5/12/2016 | MOT - Motion - Party (001) | 5/12/2016 | |

NOTE: DEFENDANT'S MOTION TO SUPPLEMENT HIS MOTION FOR MODIFICATION OF RELEASE CONDITIONS AND SUPPLEMENT THERETO

| 5/12/2016 | MOT - Motion - Party (001) | 5/12/2016 | |

NOTE: MOTION TO MODIFY RELEASE CONDITIONS

| 5/12/2016 | REL - Reply - Party (001) | 5/12/2016 | |

NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF RELEASE CONDITIONS

| 5/10/2016 | RMR - Response to Defendant's Motion - Party (001) | 5/10/2016 | |

NOTE: STATE'S RESPONSE TO DEFENDANT'S MOTION TO RELEASE PROPERTY

| 5/9/2016 | RES - Response - Party (001) | 5/10/2016 | |

NOTE: STATE'S RESPONSE TO INTERVENORS' MOTION TO UNSEAL

| 5/9/2016 | RMR - Response to Defendant's Motion - Party (001) | 5/10/2016 | |

NOTE: STATE'S RESPONSE TO DEFENDANT'S MOTION TO RELEASE PROPERTY

| 5/7/2016 | REL - Reply - Party (001) | 5/9/2016 | |

NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO MOTION TO UNSEAL PLEADINGS

| 5/6/2016 | 094 - ME: Oral Argument Set - Party (001) | 5/6/2016 | |
| 5/6/2016 | OBJ - Objection/Opposition. - Party (001) | 5/9/2016 | |

NOTE: OBJECTION TO SUBPOENA DUCES TECUM TO MARICOPA COUNTY OFFICE OF ENTERPRISE TECHNOLOGY

| 5/4/2016 | MTD - Motion To Dismiss - Party (001) | 5/4/2016 | |

NOTE: DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

| 5/4/2016 | RMM - Response to Motion to Modify Sentencing - Party (001) | 5/5/2016 | |

NOTE: STATE'S RESPONSE TO DEFENDANT'S MOTION TO UNSEAL

| 4/29/2016 | MOT - Motion - Party (001) | 4/29/2016 | |

NOTE: Intervenors Motion to Unseal Pleadings

| 4/29/2016 | MOT - Motion - Party (001) | 4/29/2016 | |

NOTE: DEFENDANT'S AMENDED MOTION TO RELEASE PROPERTY

| 4/29/2016 | DRE - Disposition Report - Party (001) | 5/2/2016 | |
| 4/28/2016 | MOT - Motion - Party (001) | 4/29/2016 | |

NOTE: DEFENDANT'S MOTION TO RELEASE PROPERTY

| 4/27/2016 | 029 - ME: Status Conference - Party (001) | 4/27/2016 | |
| 4/26/2016 | 042 - ME: Case Dismissed - Full - Party (001) | 4/26/2016 | |
| 4/25/2016 | MOT - Motion - Party (001) | 4/26/2016 | |

NOTE: DEFENDANT'S MOTION TO UNSEAL PLEADINGS

| 4/25/2016 | 023 - ME: Order Entered By Court - Party (001) | 4/25/2016 | |
| 4/22/2016 | MTD - Motion To Dismiss - Party (001) | 4/25/2016 | |

NOTE: STATE'S MOTION TO DISMISS WITHOUT PREJUDICE

| 4/20/2016 | 019 - ME: Ruling - Party (001) | 4/20/2016 | |
| 4/19/2016 | SDD - Notice: Sealed Document - Party (001) | 4/25/2016 | |

NOTE: DEFENDANTS MOTION TO SUPPLEMENT HIS MOTION FOR MODIFICATION OF RELEASE CONDITIONS AND SUPPLEMENT THERETO DATED 04/18/16

4/19/2016      SDD - Notice: Sealed Document - Party (001)                                    4/25/2016
NOTE: RELEASE ORDER DATED 04/19/2016
4/11/2016      MOT - Motion - Party (001)                                                     4/11/2016
NOTE: DEFENDANT'S MOTION TO APPOINT COUNSEL FOR WITNESS EDDINA SAUCEDA
4/5/2016       SND - Supplemental Notice Of Disclosure - Party (001)                          4/5/2016
NOTE: STATE'S SUPPLEMENTAL NOTICE OF DISCLOSURE
3/30/2016      REL - Reply - Party (001)                                                      3/31/2016
NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DEPOSITION OF DPS DIRECTOR FRANK
MILSTEAD
3/29/2016      085 - ME: Conference - Party (001)                                             3/29/2016
3/29/2016      REL - Reply - Party (001)                                                      3/29/2016
NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO MOTION TO PRECLUDE TESTIMONY AND REQUEST FOR DAUBERT
HEARING RE: STATE'S WITNESS TRACY FOSTER
3/28/2016      RMR - Response to Defendant's Motion - Party (001)                             3/28/2016
NOTE: STATE'S RESPONSE TO DEFENDANT'S MOTION TO DEPOSE COLONEL MILSTEAD
3/24/2016      RMR - Response to Defendant's Motion - Party (001)                             3/25/2016
NOTE: STATE'S RESPONSE AND MOTION TO STRIKE DEFENDANT'S MOTION TO PRECLUDE TESTIMONY AND REQUEST FOR
DAUBERT HEARING REGARDING STATE'S WITNESS TRACY FOSTER
3/21/2016      REP - Report - Party (001)                                                     3/22/2016
NOTE: DEFENDANT'S PROPOSED CASE MANAGEMENT PLAN
3/21/2016      MOT - Motion - Party (001)                                                     3/22/2016
NOTE: DEFENDANT'S MOTION FOR DEPOSITION OF DPS DIRECTOR FRANK MILSTEAD
3/16/2016      MFD - Motion For Discovery - Party (001)                                       3/16/2016
NOTE: DEFENDANT'S MOTION TO COMPEL DISCOVERY
3/15/2016      MOT - Motion - Party (001)                                                     3/16/2016
NOTE: DEFENDANT'S MOTION TO PRECLUDE TESTIMONY AND REQUEST FOR DAUBERT HEARING RE: STATE'S WITNESS TRACY
FOSTER
3/10/2016      019 - ME: Ruling - Party (001)                                                 3/10/2016
3/9/2016       RES - Response - Party (001)                                                   3/9/2016
NOTE: DEFENDANTS RESPONSE TO STATES MOTION FOR CLARIFICATION RE: RULE 15 PLEADINGS
3/2/2016       023 - ME: Order Entered By Court - Party (001)                                 3/2/2016
2/26/2016      SDD - Notice: Sealed Document - Party (001)                                    2/26/2016
NOTE: DEFENDANTS SEALED MOTION FOR COURT DISCOVERY
2/25/2016      025 - ME: Case Status Minute Entry - Party (001)                               2/25/2016
2/24/2016      SDD - Notice: Sealed Document - Party (001)                                    3/2/2016
NOTE: ORDER SIGNED BY THE COURT ON 02/24/16
2/23/2016      089 - ME: Trial Setting - Party (001)                                          2/23/2016
2/22/2016      019 - ME: Ruling - Party (001)                                                 2/22/2016
2/19/2016      EXW - Exhibits Work Sheet - Party (001)                                        2/24/2016
2/5/2016       MOT - Motion - Party (001)                                                     2/8/2016
NOTE: STATE'S MOTION IN OPPOSITION TO APPLICATION TO INTERVENE.
2/3/2016       MOT - Motion - Party (001)                                                     2/3/2016
NOTE: DEFENDANT'S MOTION FOR DEPOSITION OF GOVERNOR DOUG DUCEY
2/3/2016       MOT - Motion - Party (001)                                                     2/3/2016
NOTE: STATE'S MOTION TO STRIKE DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER
RELEASING EVIDENCE TO DEFENSE EXPERT
2/2/2016       NOF - Notice Of Filing - Party (001)                                           2/2/2016
NOTE: DEFENDANT'S NOTICE OF LODGING OF EXHIBIT
2/2/2016       REL - Reply - Party (001)                                                      2/2/2016
NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER RELEASING EVIDENCE TO DEFENSE
EXPERT
2/2/2016       MOT - Motion - Party (001)                                                     2/2/2016
NOTE: STATE'S MOTION TO STRIKE DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION TO REMAND
2/2/2016       REL - Reply - Party (001)                                                      2/2/2016
NOTE: STATE'S REPLY TO DEFENDANT'S RESPONSE TO STATE'S MOTION REQUESTING AN ORDER TO SEAL PLEADINGS
2/1/2016       APL - Application - Party (001)                                                2/2/2016
NOTE: APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE STATE'S MOTION TO SEAL
PLEADINGS
1/29/2016      REL - Reply - Party (001)                                                      1/29/2016
NOTE: DEFENDANT'S REPLY TO STATE'S RESPONSE TO DEFENDANT'S MOTION TO REMAND
1/28/2016      RES - Response - Party (001)                                                   1/28/2016
NOTE: DEFENDANT'S RESPONSE TO STATE'S MOTION REQUESTING AN ORDER TO SEAL PLEADINGS
1/27/2016      MOT - Motion - Party (001)                                                     1/27/2016
NOTE: STATE'S MOTION REQUESTING AN ORDER TO SEAL PLEADINGS
1/27/2016      RMR - Response to Defendant's Motion - Party (001)                             1/27/2016
NOTE: STATE'S RESPONSE TO DEFENDANT'S MOTION OF ORDER RELEASING EVIDENCE TO DEFENSE EXPERT
1/20/2016      MOT - Motion - Party (001)                                                     1/20/2016
NOTE: DEFENDANT'S MOTION FOR ORDER RELEASING EVIDENCE TO DEFENSE EXPERT
1/8/2016       MET - Motion for Extension Of Time - Party (001)                               1/8/2016
NOTE: STATE'S MOTION FOR AN EXTENSION OF PAGE LIMIT FOR RESPONSE TO DEFENDANT'S MOTION TO REMAND
1/8/2016       MET - Motion for Extension Of Time - Party (001)                               1/8/2016
NOTE: STATE'S MOTION FOR AN EXTENSION OF PAGE LIMIT FOR RESPONSE TO DEFENDANT'S MOTION TO REMAND
1/8/2016       RMR - Response to Defendant's Motion - Party (001)                             1/8/2016

NOTE: STATES RESPONSE TO DEFENDANTS MOTION TO REMAND

| 1/5/2016 | SND - Supplemental Notice Of Disclosure - Party (001) | 1/5/2016 |
|---|---|---|

NOTE: STATE'S SUPPLEMENTAL NOTICE OF DISCLOSURE

| 1/4/2016 | REL - Reply - Party (001) | 1/4/2016 |

NOTE: DEFENDANT'S CONSOLIDATED REPLY TO STATE'S RESPONSE TO 2nd, 3rd, 4th, and 5th SUPPLEMENTAL MOTIONS FOR DISCOVERY

| 12/30/2015 | 023 - ME: Order Entered By Court - Party (001) | 12/30/2015 |
| 12/22/2015 | RES - Response - Party (001) | 12/23/2015 |

NOTE: STATE'S RESPONSE TO DEFENDANT'S SECOND, THIRD AND FOURTH SUPPLEMENTAL MOTIONS FOR DISCOVERY

| 12/22/2015 | RDM - Response to Defendant's Motion for Discovery - Party (001) | 12/23/2015 |

NOTE: STATE'S RESPONSE TO DEFENDANT'S SECOND, THIRD AND FOURTH SUPPLEMENTAL MOTIONS FOR DISCOVERY

| 12/21/2015 | 085 - ME: Conference - Party (001) | 12/21/2015 |
| 12/18/2015 | 025 - ME: Case Status Minute Entry - Party (001) | 12/18/2015 |
| 12/16/2015 | SDD - Notice: Sealed Document - Party (001) | 12/18/2015 |

NOTE: MINUTE ENTRY DATED 12/16/15

| 12/4/2015 | MOT - Motion - Party (001) | 12/4/2015 |

NOTE: MOTION TO REMAND TO THE GRAND JURY FOR A NEW PROBABLE CAUSE DETERMINATION ORAL ARGUMENT REQUESTED

| 12/4/2015 | MOT - Motion - Party (001) | 12/4/2015 |

NOTE: DEFENDANT'S MOTION TO EXCEED PAGE LIMITS

| 12/3/2015 | 022 - ME: Order Signed - Party (001) | 12/3/2015 |
| 12/2/2015 | SDD - Notice: Sealed Document - Party (001) | 12/3/2015 |

NOTE: ORDER SIGNED BY THE COURT ON 12/2/15

| 11/30/2015 | LET - Letter - Party (001) | 12/1/2015 |
| 11/20/2015 | 005 - ME: Hearing - Party (001) | 11/20/2015 |
| 11/20/2015 | MOT - Motion - Party (001) | 11/23/2015 |

NOTE: MOTION FOR PROBABLE CAUSE DETERMINATION AS TO STATE'S ALLEGATION OF AGGRAVATING FACTORS

| 11/16/2015 | EXW - Exhibits Work Sheet - Party (001) | 11/18/2015 |
| 11/16/2015 | SDD - Notice: Sealed Document - Party (001) | 11/20/2015 |

NOTE: MODIFIED RELEASE ORDER

| 11/13/2015 | REQ - Request - Party (001) | 11/16/2015 |

NOTE: STATE'S WRITTEN REQUEST TO DEFENSE FOR TAKING PRINT AND PHOTOGRAPHIC EVIDENCE AND REQUEST FOR LEAVE OF COURT TO TAKE PRINT EVIDENCE AT THE NEXT COURT SETTING

| 11/13/2015 | ALG - Allegation - Party (001) | 11/16/2015 |

NOTE: STATE'S ALLEGATION OF AGGRAVATING CIRCUMSTANCES

| 11/13/2015 | DAR - Notice of Disclosure and Request for Disclosure - Party (001) | 11/16/2015 |

NOTE: STATE'S NOTICE OF DISCLOSURE AND REQUEST FOR DISCLOSURE

| 11/12/2015 | MFD - Motion For Discovery - Party (001) | 11/12/2015 |

NOTE: DEFENDANT'S FOURTH SUPPLEMENTAL MOTION FOR DISCOVERY

| 11/12/2015 | MOT - Motion - Party (001) | 11/12/2015 |

NOTE: DEFENDANT'S MOTION TO EXCEED PAGE LIMITS

| 11/11/2015 | MOT - Motion - Party (001) | 11/12/2015 |

NOTE: DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

| 11/10/2015 | SDD - Notice: Sealed Document - Party (001) | 11/12/2015 |

NOTE: STATE'S ADDENDUM TO DEFENDANT'S MOITON TO MODIFY RELEASE CONDITIONS; STATE'S REQUEST TO SEAL THIS MOTION

| 11/5/2015 | SDD - Notice: Sealed Document - Party (001) | 11/6/2015 |

NOTE: MINUTE ENTRY DATED 11/5/15

| 11/5/2015 | SDD - Notice: Sealed Document - Party (001) | 11/6/2015 |

NOTE: DEFENDANT'S EX PARTE MOTION SUBMITTED 10/26/15

| 11/4/2015 | 019 - ME: Ruling - Party (001) | 11/4/2015 |
| 10/30/2015 | 023 - ME: Order Entered By Court - Party (001) | 10/30/2015 |
| 10/30/2015 | RTR - Return Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 11/4/2015 |
| 10/28/2015 | RRF - Release Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 10/30/2015 |
| 10/28/2015 | MTR - Motion for Temporary Removal Of Court File/Transcripts/Exhibit - Party (001) | 10/30/2015 |
| 10/28/2015 | OFT - Order for Temporary Removal of Court File/Transcripts/Exhibits - Party (001) | 10/30/2015 |
| 10/27/2015 | 016 - ME: Ext/Time/Filing Granted - Party (001) | 10/27/2015 |
| 10/26/2015 | 095 - ME: Oral Argument Reset - Party (001) | 10/26/2015 |
| 10/26/2015 | MFD - Motion For Discovery - Party (001) | 10/26/2015 |

NOTE: DEFENDANT'S THIRD SUPPLEMENTAL MOTION FOR DISCOVERY

| 10/23/2015 | RTR - Return Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 10/27/2015 |
| 10/22/2015 | SDD - Notice: Sealed Document - Party (001) | 10/23/2015 |

NOTE: MINUTE ENTRY DATED 10/22/15

| 10/22/2015 | SDD - Notice: Sealed Document - Party (001) | 10/23/2015 |

NOTE: DEFENDANT'S EX PARTE MOTION FOR RECONSIDERATION

| 10/22/2015 | 016 - ME: Ext/Time/Filing Granted - Party (001) | 10/22/2015 |
| 10/22/2015 | MET - Motion for Extension of Time - Party (001) | 10/22/2015 |

NOTE: STATE'S MOTION TO EXTEND TIME TO FILE RESPONSE TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS

| 10/19/2015 | STA - Statement - Party (001) | 10/20/2015 |

NOTE: DEFENDANT'S FIRST SUPPLEMENTAL DISCLOSURE STATEMENT

| 10/16/2015 | RRF - Release Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 10/22/2015 |
| 10/16/2015 | OFT - Order for Temporary Removal of Court File/Transcripts/Exhibits - Party (001) | 10/22/2015 |
| 10/16/2015 | MTR - Motion for Temporary Removal of Court File/Transcripts/Exhibit - Party (001) | 10/22/2015 |
| 10/16/2015 | MET - Motion for Extension of Time - Party (001) | 10/16/2015 |

NOTE: DEFENDANT'S MOTION TO EXTEND TIME TO CHALLENGE GRAND JURY PROCEEDINGS

| Date | Event | Date | Party |
|------|-------|------|-------|
| 10/14/2015 | GJT – Grand Jury Transcript - Party (001) | 10/14/2015 | |
| 10/14/2015 | SDD - Notice: Sealed Document - Party (001) | 10/16/2015 | |
| | NOTE: DEFENDANT'S EX PARTE MOTION | | |
| 10/14/2015 | SDD - Notice: Sealed Document - Party (001) | 10/16/2015 | |
| | NOTE: MINUTE ENTRY DATED 10/14/15 | | |
| 10/13/2015 | MOT - Motion - Party (001) | 10/14/2015 | |
| | NOTE: MOTION TO MODIFY RELEASE CONDITIONS | | |
| 10/12/2015 | 066 - ME: Case Reassigned - Party (001) | 10/12/2015 | |
| 10/8/2015 | 152 - ME: Not Guilty Plea Arraign - Party (001) | 10/8/2015 | |
| 10/6/2015 | NCJ - Notice Of Change Of Judge - Party (001) | 10/7/2015 | |
| | NOTE: NOTICE OF CHANGE OF JUDGE | | |
| 10/6/2015 | MFD - Motion For Discovery - Party (001) | 10/7/2015 | |
| | NOTE: DEFENDANT'S SECOND SUPPLEMENTAL MOTION FOR DISCOVERY | | |
| 10/5/2015 | MOT - Motion - Party (001) | 10/5/2015 | |
| | NOTE: DEFENDANT'S MOTION FOR DISCOVERY | | |
| 10/5/2015 | NOT - Notice - Party (001) | 10/5/2015 | |
| | NOTE: DEFENDANT'S NOTICE OF DEFENSES | | |
| 10/5/2015 | MOT - Motion - Party (001) | 10/6/2015 | |
| | NOTE: DEFENDANT'S FIRST SUPPLEMENTAL MOTION FOR DISCOVERY | | |
| 10/1/2015 | STP - Stipulation - Party (001) | 10/1/2015 | |
| | NOTE: STIPULATION FOR COMPLEX CASE DESIGNATION | | |
| 9/30/2015 | 002 - ME: Hearing Vacated - Party (001) | 9/30/2015 | |
| 9/30/2015 | NOT - Notice - Party (001) | 9/30/2015 | |
| | NOTE: NOTICE OF WITHDRAWAL OF PENDING MOTIONS | | |
| 9/30/2015 | NOT - Notice - Party (001) | 9/30/2015 | |
| | NOTE: WITHDRAWAL OF PREVIOUS COUNSEL'S OBJECTION TO MEDIA COVERAGE | | |
| 9/29/2015 | OBJ - Objection/Opposition. - Party (001) | 9/29/2015 | |
| | NOTE: OBJECTION TO MEDIA COVERAGE | | |
| 9/29/2015 | NAR - Notice Of Appearance - Party (001) | 9/29/2015 | |
| | NOTE: NOTICE OF APPEARANCE | | |
| 9/29/2015 | NAR - Notice Of Appearance - Party (001) | 9/29/2015 | |
| | NOTE: Notice of Appearance | | |
| 9/24/2015 | NAR - Notice Of Appearance - Party (001) | 9/25/2015 | |
| | NOTE: NOTICE OF APPEARANCE ON BEHALF OF VICTIM CLAUDIA MEJIA | | |
| 9/24/2015 | NSI - Notice of Supervening Indictment - Party (001) | 9/25/2015 | Plaintiff (1) |
| 9/24/2015 | 606 - ME: GJ Not/Supervening Indictment - Party (001) | 9/25/2015 | |
| 9/24/2015 | IND - Indictment - Party (001) | 9/25/2015 | Plaintiff (1) |
| 9/24/2015 | CID - Court Information Sheet - Party (001) | 9/25/2015 | Plaintiff (1) |
| 9/24/2015 | NOT - Notice - Party (001) | 9/25/2015 | Plaintiff (1) |
| | NOTE: RULE 2.3 VICTIM IDENTIFIER INFORMATION FORM | | |
| 9/23/2015 | IAD - Initial Appearance Document - Party (001) | 9/23/2015 | |
| | NOTE: IA Packet | | |
| 9/23/2015 | ROC– Release Order/Order Regarding Counsel - Party (001) | 9/23/2015 | |
| | NOTE: IA Release Order | | |
| 9/22/2015 | NOT - Notice - Party (001) | 9/23/2015 | |
| | NOTE: RULE 2.3 VICTIM IDENTIFIER INFORMATION FORM | | |
| 9/22/2015 | CID - Court Information Sheet - Party (001) | 9/23/2015 | |
| 9/22/2015 | DCO - Direct Complaint - Party (001) | 9/22/2015 | |

## Case Calendar

| Date | Time | Event |
|------|------|-------|
| 9/25/2015 | 8:30 | Status Conference |
| 9/29/2015 | 8:45 | Preliminary Hearing |
| 10/1/2015 | 8:30 | Original Arraignment Hearing |
| 10/20/2015 | 8:30 | Oral Argument |
| 10/26/2015 | 13:30 | Oral Argument |
| 11/9/2015 | 8:15 | Initial Pretrial Conference |
| 11/13/2015 | 8:15 | Initial Pretrial Conference |
| 11/16/2015 | 13:30 | Evidentiary Hearing |
| 11/17/2015 | 8:30 | Complex / Capital Case |
| 11/18/2015 | 8:15 | Initial Pretrial Conference |
| 12/16/2015 | 8:30 | Complex / Capital Case |
| 12/16/2015 | 8:30 | Complex / Capital Case |
| 2/9/2016 | 8:30 | Oral Argument |
| 2/19/2016 | 13:30 | Oral Argument |
| 3/4/2016 | 8:30 | Oral Argument |
| 3/24/2016 | 8:30 | Complex / Capital Case |
| 4/12/2016 | 8:30 | Oral Argument |
| 4/19/2016 | 9:45 | Status Conference |
| 4/26/2016 | 9:30 | Oral Argument |
| 4/29/2016 | 13:30 | Evidentiary Hearing |
| 5/10/2016 | 9:45 | Oral Argument |

| 5/18/2016 | 8:30 | Complex / Capital Case |
| 6/9/2016 | 8:00 | Trial |
| 6/17/2016 | 13:30 | Oral Argument |

# Exhibit 2

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

Vanessa M. Losicco
Deputy County Attorney
BAR ID#: 024455
MCAO Firm #: 00032000
301 West Jefferson, Suite 800
Phoenix, AZ 85003
Telephone: (602) 506-8484
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THE STATE OF ARIZONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LESLIE MERRITT JR, ) | CR2015-144211-001 |
| ) | |
| Defendant. ) | STATE'S MOTION TO DISMISS WITHOUT PREJUDICE |
| ) | |
| ) | (Assigned to the Honorable Warren Granville) |
| ) | |

The State of Arizona, pursuant to Rule 16.6, Arizona Rules of Criminal Procedure, moves to

dismiss CR2015-144211-001 without prejudice as to LESLIE MERRITT, JR. for the reason that it is in

the interests of justice.

This Motion is not for the purpose of avoiding Rule 8, Arizona Rules of Criminal Procedure.

Submitted April _22_, 2016.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: /s/ _____

/s/ Vanessa M. Losicco
Deputy County Attorney

Copy mailed\delivered
April 22 , 2016,
to:

The Honorable Warren Granville
Judge of the Superior Court

Jasom Lamm and Ulises Ferragut
Attorneys for Defendant

BY: /s/ _____
/s/ Vanessa M. Losicco
Deputy County Attorney

# Exhibit 3

**ULISES A. FERRAGUT JR., # 018773**
**The Ferragut Law Firm**
**2 N. Central Avenue, Suite 1125**
**Phoenix, Arizona 85004**
**Telephone: (602) 324-5300**
**Facsimile: (602) 258-4588**
**Email: ulises@ferragutlaw.com**

**JASON D. LAMM # 018454**
**Law Office of Jason Lamm**
**6245 North 24th Pkwy, Ste. 208**
**Phoenix, AZ 85016-2030**
**Telephone: (602) 222-9237**
**Facsimile: (602) 222-2299**
**Email: jlamm@cyberlawaz.com**

**Attorneys for Leslie Merritt Jr.**

## IN THE SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **STATE OF ARIZONA,** | ) CR2015-144211-001 |
| Plaintiff, | ) **DEFENDANT'S MOTION** |
| | ) **TO DISMISS WITH PREJUDICE** |
| vs. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| **LESLIE ALLEN MERRITT, JR.,** | ) |
| | ) **(Assigned the Honorable Warren** |
| Defendant. | ) **Granville)** |

**COMES NOW** the Defendant, Leslie Merritt Jr, by and through undersigned counsel, and, pursuant to the Court's previous Minute Entry Order, respectfully moves the Court to dismiss this matter *with prejudice* based upon the State's violation of Rule 8, Arizona Rules of Criminal Procedure and pursuant to *State v. Torres*, 116 Ariz. 377, 596 P.2d 807 (1977).

1

## Factual Background

On April 22, 2016 the State filed its Motion to Dismiss Without Prejudice. Therein it avowed to this Court that ***"This Motion is not for the purpose of avoiding Rule 8, Arizona Rules of Criminal Procedure."*** The Court subsequently dismissed the case without prejudice on April 24, 2016 via Minute Entry Order. The Court also ordered that the Defense could seek a dismissal with prejudice by filing a separate motion no later than May 6, 2016. That timely-filed Motion is now being made.

In dismissing this matter without prejudice, the Court vacated the pending trial date of June 9, 2016. The Court will recall from the record that the Defendant has <u>never</u> waived any speedy trial time and that the defense was fully prepared to start trial on June 9, 2016, that would have undoubtedly resulted in Mr. Merritt's acquittal on all charges.

Since the Court dismissed the matter without prejudice based on the State's motion and the avowals contained therein, it has come to the defense's attention that the State did, in fact, file its Motion to Dismiss Without Prejudice to avoid the June 9, 2016 trial date with the specific intent of gaining a strategic advantage by buying more time to conduct additional testing and in order to develop further evidence and probable cause – all in direct violation of Rule 8 and contrary to the avowals set forth in the Motion. The defense submits that the State's Motion to Dismiss was not made in good faith, that it was a misrepresentation to this Court, and that it was specifically filed to avoid the constraints of Rule 8.

**Statements Made by State Agents Demonstrate that the
Motion to Dismiss was Filed to Avoid Rule 8 Time Limits**

On April 26, 2016, Jerry Cobb, an authorized spokesperson for the
Maricopa County Attorney's Office issued a public statement: ***"dismissing the
charges without prejudice will provide us with the time needed in order to
prepare the case for a possible refiling of charges."***

A separate statement was issued by the Arizona Department of Public
Safety (ADPS) on the same date stating:

> "Arizona Department of Public Safety (ADPS) in
> conjunction with the Maricopa County Attorney's Office
> (MCAO) moved to dismiss charges without prejudice to
> complete forensic examinations. ***Additional forensic
> testing and analysis could not be completed in time
> for the current trial date*** without compromising justice.
> This is an active investigation. ADPS will continue to
> work closely with the county attorney's office to ensure
> a full and accurate examination of all evidence in this
> case."

(emphasis added by bold print)

See **Exhibit "A"**, excerpt from Arizona Republic dated April 26, 2016, attached
hereto and incorporated herein by reference.

Furthermore, on April 29, 2016, following a ceremony to dedicate a
monument to fallen Officer Chris Marano, ADPS Director Col. Frank Milstead
abruptly launched into an impromptu news conference and stated:

> I don't think anything has gone wrong in the case to
> have the charges dismissed. ***It was a request by the
> County and the Department of Public Safety to allot
> for more time for the investigation to continue
> through. There was a court date coming up that was
> early*** and we are still using our outside resources to
> work on the case to ensure proper, you know,
> prosecution.

I believe that we have enough evidence ***to develop probable cause*** to believe that he is the correct suspect.

(Emphasis added)

See **Exhibit "B"**, statement by ADPS Director Milstead, dated April 29, 2016, transcript attached hereto and incorporated herein by reference.[1]

### Law and Argument

Rule 16.6(a), Arizona Rules of Criminal Procedure states that *"the court, on motion of the prosecutor showing good cause therefor, may order that a prosecution be dismissed at any time upon finding that the purpose of the dismissal is not to avoid the provisions of Rule 8."* The dismissal *"shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice."*

"An innocent defendant . . . wants a trial as soon as possible in order that his innocence may be determined and he can go free." *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 339-40, 529 P.2d, 686, 690-91 (1974). When the State violates his right to a speedy trial and thwarts the opportunity for his innocence to be shown, the court may dismiss the indictment with prejudice as a sanction for the violation. *Id.* at 340, 691. If the defendant can show the State dismissed his case to gain an advantage or to harass him, and can show prejudice as a result, a dismissal with prejudice is warranted. *State v. Torres*, 116 Ariz. 377, 569 P.2d 807 (1977).

---

[1] Due to the limitations of the Court's e-filing system, a DVD containing the video of Colonel Milstead's interview will be provided to the Court for inclusion as part of the record in this case.

4

Prosecutors have conceded in open court that the sole evidence to support the charges against Leslie Merritt Jr. was a ballistic analysis conducted by ADPS that, as we now know, erroneously concluded that the bullets and fragments retrieved from the four vehicle shootings came from his handgun. That report has now been debunked by Lucien Haag, a nationally renowned ballistic expert, whom the State hired, ostensibly, to double check the work of the ADPS crime lab. All other evidence collected during the investigation by ADPS, and the additional testing conducted by the defense, proved to be unequivocally exculpatory and demonstrated that the Leslie Merritt Jr. is not the I-10 freeway shooter.

It is clear from both the statements of MCAO and ADPS that the State filed the Motion to Dismiss Without Prejudice for the strategic purpose of avoiding Rule 8 time limits by gaining the tactical advantage of avoiding the June 9, 2016 trial date for which the State simply was not prepared to go forward.[2] Despite having seven months from the arrest of the Defendant to continue any forensic testing which it saw fit, the only efforts that the State made in this regard proved exculpatory and negated the one and only piece of evidence which the State allegedly linked the Defendant to the crimes with which it charged him. Indeed, in the words used by Colonel Milstead himself, the State never had probable cause to arrest the Defendant and that the State needs more time to build a case – all to the detriment and prejudice of the Defendant.

---

[2] Insofar as an investigating law enforcement agency is deemed to be an agent of the prosecution, any comments made by Colonel Milstead constitute adoptive admissions of, and are directly imputable to MCAO. See *Carpenter v. Superior Court*, 176 Ariz. 486, 490, 862 P.2d 246, 250 (1993)

In this case, Leslie Merritt, Jr. was arrested and charged with a total of 16 felony counts including several counts of Aggravated Assault, class 3 Dangerous felonies, Drive-by Shooting, class 2 Dangerous felonies, and other related charges. *"Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."* United States v. Marion, 404 U.S. 307, 310 (1971).

In this case, Leslie Merritt Jr. was arrested and taken away from his young children and family, was publicly labeled a domestic terrorist, and placed in solitary confinement for over seven months. He lost his employment, and his good name and reputation have been utterly destroyed as a result of a grossly reckless and flawed investigation.

Given the paucity of evidence against the Defendant that has existed since the inception of this case, it seems evident that the State filed the indictment to appease the fears of the community, and that it dismissed it shy of trial under the false guise of "the interests of justice" in a desperate attempt to salvage a botched investigation to, yet again, save face with the community. In doing so, the State consciously disregarded, and deliberately violated, Leslie Merritt Jr.'s right to a speedy trial.

The State cannot seek to dismiss this case without prejudice in order to gain the tactical advantage of buying additional time to conduct further investigation and testing that, frankly, should have been done prior to the arrest of Defendant and, certainly, prior to the June 9, 2016 trial date. Allowing the State's request for a dismissal without prejudice to stand, which was made solely to avoid the June 2016 trial date, constitutes a violation of Rule 8 as well

as Leslie Merritt Jr.'s federal and state constitutional rights to due process and is an insult to justice and fundamental fairness. To not dismiss this case with prejudice would only serve to add to the torment, harassment, and extensive damage that have already been done to Leslie Merritt Jr., his family, and the victims.

**WHEREFORE**, the Defendant respectfully moves the Court to dismiss this matter *with prejudice*.

Respectfully submitted this 4th day of May, 2016.


*/s/ Ulises Ferragut*
Ulises A. Ferragut Jr.
Jason D. Lamm
Attorneys for Defendant

Original e-filed this 4th day
May 2016 and copy provided to:

The Hon. Warren Granville
Maricopa County Superior Court
175 W. Madison St.
Phoenix, AZ 85003

Ed Leiter & Vanessa Losicco
Maricopa County Attorney's Office
301 W. Jefferson St.
Phoenix, AZ 85003

By:    /s/ Ulises A. Ferragut Jr.
        Ulises A. Ferragut Jr.
        Jason D. Lamm
        Attorneys for Leslie Merritt

8

# "EXHIBIT A"

# Case dismissed vs. freeway shootings suspect

MEGAN CASSIDY THE REPUBLIC | AZCENTRAL.COM

A Maricopa County judge has dismissed the case against Leslie Allen Merritt Jr., the 21-year-old landscaper who faced charges for months stemming from the string of freeway shootings that shook the Valley last summer.

No other suspects have been named to date. The case was dismissed without prejudice, leaving open a window for prosecutors to refile charges in the future.

Monday's ruling was a formality of sorts, capping off a ripple of bombshells delivered last week.

First it was revealed in court that a state-funded expert had called into question ballistics evidence that had served as the lynchpin of the state's case against Merritt.

Maricopa County Superior Court Judge Warren Granville subsequently lowered Merritt's bond to zero from $150,000, allowing Merritt to walk out of jail hours later.

Then, just before the close of business Friday, prosecutors moved to drop the case without prejudice, setting the stage for Granville's decision Monday.

See SHOOTINGS, Page 5A



Leslie Allen Merritt Jr.

"I feel bad for Mr. Merritt for having to go through this."

**ROBERT MCDONALD JR.**
ONE OF THE VICTIMS NAMED IN THE MERRITT CASE

## Shootings

Continued from Page 1A

Officials with the Maricopa County Attorney's Office declined to comment on the decision Monday, but on Friday said they received additional information that caused the office to file the motion to the court. Spokesman Jerry Cobb said an active investigation into the freeway shootings was continuing.

"Dismissing the charges without prejudice will provide us with the time needed in order to prepare the case for a possible refiling of charges," he said Friday.

Defense attorney Jason Lamm rebuffed this notion in a brief interview Monday afternoon.

"There has never been any evidence that he committed any of the shootings, there is no evidence that he committed any of the shootings, and there never will be any evidence that he committed any of the shootings, because he did not commit any of the shootings," he said.

Granville gave Merritt's defense attorneys a May 6 deadline if they planned to file a motion to dismiss the case with prejudice, meaning Merritt could not be tried again.

"If such a motion is filed, this Court will afford the State an opportunity to respond and then set further hearings as warranted," Granville said in his order.

The Arizona Department of Public Safety investigated the shootings last summer. On Monday, agency officials declined The Republic's request for an interview but issued the following statement:

"Arizona Department of Public Safety (ADPS) in conjunction with the Maricopa County Attorney's Office (MCAO) moved to dismiss charges without prejudice to complete forensic examinations. Additional forensic testing and analysis could not be completed in time for the current trial date without compromising justice. This is an active investigation. ADPS will continue to work closely with the county attorney's office to ensure a full and accurate examination of all evidence in this case."

The case against Merritt, who had spent seven months in jail before being released Tuesday, has unraveled in recent weeks as doubts were raised about the ballistics evidence and the shooting timeline.

Robert McDonald Jr., one of four victims named in the Merritt case, said he started to question the state's case against Merritt months ago.

"I feel bad for Mr. Merritt for having to go through this," said McDonald, who was driving an empty tour bus to Las Vegas on Aug. 29 when it was struck. "When they arrested (him), I was convinced like everybody else was that he was the guy. Then stuff started coming out that made myself and my family think there's some doubt here."

**"EXHIBIT B"**

**TRANSCRIPTION OF PRESS CONFERENCE**

*STATE V. LESLIE MERRITT JR.*

**CR 2015-144211-001**

Person Being Interviewed:  Director, AZDPS - Frank Milstead (FM),

Channel 5 Television News Commentator:  Donna Rossi (DR)

3rd Party Interviewer: Unknown Male (UM)

Date of Interview:    April 29, 2016 @ 1:27 p.m.

Place of Interview:  Department of Public Safety  Headquarters

FM:     Good morning, thank you all for being here. Today is really about the loss of Chris Morano. I know that there is a lot of interest still out there in the media about the freeway shooter case. At this point, it's an active investigation, we continue to work it. It is not appropriate at this time for the investigative side to talk about what does or doesn't exist in this case but we will continue to work steady and move forward on the investigation. If something at some point becomes available where there is some change in the status of the case that's appropriate for us to comment on, we'll do that; but for this time we are just going to let the court and the court system work its way through. When this case was dismissed without prejudice, that is not out of the norm for law enforcement. In law enforcement words it's just a request for further information. Until we know exactly where we stand we'll let that system work its way through. But I appreciate you guys being here and having interest in what goes on.

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **DR:** Director what went wrong in the case to have the charges dismissed. |
| 4 | |
| 5 | **FM:** I don't think anything has gone wrong in the case to have charges |
| 6 | dismissed. It was a request by the County and the Department of Public |
| 7 | Safety to allot for more time for the investigation to continue through. |
| 8 | There was a court date coming up that was early and we are still using |
| 9 | our outside resources to work on the case to ensure proper, you know, |
| 10 | prosecution. |
| 11 | |
| 12 | **DR:** Do you have faith now in the DPS crime lab given the fact that outside |
| 13 | expert disagreed with the findings and what lead to the dismissal? |
| 14 | |
| 15 | **FM:** I don't believe that there's a disagreement in that case. More specifically, |
| 16 | what I guess I would tell you is, I have no reason to today, standing here |
| 17 | in front of you to believe that the crime lab had done anything that was |
| 18 | improper or incorrect. We're a nationally accredited laboratory, we follow |
| 19 | national standards. I think that's the beauty of the criminal justice system. |
| 20 | Everybody gets to have their opinions and those get to be presented |
| 21 | before a jury and a jury gets to decide what should happen in the case. |
| 22 | So right now, I don't look at anything that DPS has done and wonder that |
| 23 | we've done something that is incorrect. I don't see that at this point. |
| 24 | There's always places that we can do things better and we'll learn from |
| 25 | that and not one case determines the future of an organization. We work |
| 26 | hundred of thousands of cases every year, and this is just one of those |
| 27 | many cases. |
| 28 | |

Transcribed by Vanessa Trevino
The Ferragut Law Firm P.C.

|     |      |                                                                                  |
| --- | ---- | -------------------------------------------------------------------------------- |
| 1   | DR:  | Was this a rush to judgment as the defense claims?                               |
| 2   |      |                                                                                  |
| 3   | FM:  | No.                                                                              |
| 4   |      |                                                                                  |
| 5   | DR:  | Do you believe that Les Merritt is still the freeway shooter?                    |
| 6   |      |                                                                                  |
| 7   | FM:  | I believe that we have enough evidence to develop probable cause to             |
| 8   |      | believe that he is the correct suspect. We - our job was to develop             |
| 9   |      | probable cause. The County's job is now to build a case beyond                  |
| 10  |      | reasonable doubt and we'll allow them to do that if that is where the case      |
| 11  |      | leads.                                                                          |
| 12  |      |                                                                                  |
| 13  | UM:  | Do you think the I-10 is still safe?                                            |
| 14  |      |                                                                                  |
| 15  | FM:  | I thank you for your questions, no I think I-10 is safe and I think we've       |
| 16  |      | shown that over the last seven months that people were commuting               |
| 17  |      | safely to and from work.                                                        |
| 18  |      |                                                                                  |
| 19  | DR:  | Director your public relations people put out a statement saying that the       |
| 20  |      | case was solved.                                                                |
| 21  |      |                                                                                  |
| 22  |      |                                                                                  |
| 23  |      |                                                                                  |
| 24  |      |                                                                                  |
| 25  |      |                                                                                  |
| 26  |      |                                                                                  |
| 27  |      |                                                                                  |
| 28  |      |                                                                                  |

Transcribed by Vanessa Trevino
The Ferragut Law Firm P.C.

# Exhibit 4

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2015-144211-001 DT                                    05/10/2016

                                                CLERK OF THE COURT
HONORABLE WARREN J. GRANVILLE                          B. Navarro
                                                        Deputy


STATE OF ARIZONA                        EDWARD DOUGLAS LEITER
                                        VANESSA MARIE LOSICCO

v.

LESLIE ALLEN MERRITT JR. (001)          JASON D LAMM
                                        ULISES FERRAGUT JR.
                                        CRAIG CARSON HOFFMAN

                                        D & C MATERIALS-CSC



                            **MINUTE ENTRY**


**LET THE RECORD REFLECT** that a bench conference is held between Court and
counsel, off the record, prior to calling this matter.

10:04 a.m.  This is the time set for oral argument on Defendant's Motion to Unseal
Pleadings.

Courtroom 6A SCT

State's Attorney:                  Edward Leiter and Vanessa Losicco
Defendant's Attorney:              Jason D. Lamm and Ulises Ferragut
Intervenors' (Media) Attorney:     Craig Hoffman
Defendant:                         Presence Waived

Court Reporter, Jeanne Kappedal, is present.

A record of the proceedings is also made digitally.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

The Court is in receipt of the following pleadings:
- Defendant's Motion to Dismiss With Prejudice
- Defendant's Motion to Unseal Records (lift gag order)
- Intervenors' Motion to Unseal Pleadings
- Subpoena (more specifically, Objection to Subpoena Duces Tecum to Maricopa County Office of Enterprise Technology filed by counsel for Maricopa County
- Defendant's Motion to Release Property

The Court will hear oral argument on Defendant's Motion to Dismiss With Prejudice and the Motions to Unseal Records and Pleadings. The Court has been advised that there is a stipulation that will be placed on the record with respect to the return of some of the property. A hearing on other the pending motions will be set for a later date and time.

Oral argument is presented on Defendant's Motion to Dismiss With Prejudice.

For the reasons set forth on the record,

**IT IS ORDERED** denying Defendant's Motion to Dismiss With Prejudice. This ruling is without prejudice for the Defendant to raise a double jeopardy claim should the charges be re-filed.

Oral argument is presented on Defendant's Motion to Unseal Records and the Intervenors' Motion to Unseal Pleadings.

This Court issued a gag order to preclude out-of-court comments about the case by *counsel* and to prevent the public dissemination of any records, reports, interviews, and identifying information related to the case. This gag order was issued under the auspices of Rule 15.4(d), the Victim's Bill of Rights, and the Sixth Amendment. The gag order overrode Arizona's strong public policy that presumes public access to government's activities because there was a pending criminal case with a looming trial that would require the attention of untainted jurors. That circumstance no longer exists.

The State asks this Court to maintain the gag order because the investigation into numerous freeway shootings is still on-going. While this Court accepts that proffer as true, it is too generalized to overcome the strong public policy that presumes public access to the government's activities.

This Court does find the fact of an on-going investigation does raise a particularized need to **not** discourage folks who may have information about any of these incidents to provide that

information to the authorities. Such discouragement would derive from allowing public access to the full names, telephone numbers, and locator information of folks who have been contacted related to this investigation.

**IT IS THEREFORE ORDERED** vacating this Court's gag order with respect to out-of-court comments about the case by counsel except as precluded by the Rules of Professional Conduct.

**IT IS FURTHER ORDERED** vacating this Court's gag order with respect to the public dissemination of any records, reports, and interviews related to the case.

**IT IS FURTHER ORDERED** maintaining this Court's gag order with respect to identifying information of individuals, telephone numbers, and addresses. Before disclosure of any record, report, or interview, redactions should be made that only initials are used to identify individuals, no more than four numbers of a telephone number are disclosed, and no full street address be provided except for the sites of the incidents being investigated.

Because neither the Clerk nor this Court has the resources to make the redactions required by this Order, the pleadings and attachments filed under seal related to this case shall remain filed under seal. The disclosures authorized by this Order may be obtained from the publicly funded parties in this case.

**IT IS FURTHER ORDERED** that the Grand Jury transcript and any exhibit admitted in the Grand Jury proceeding shall not be disclosed except as authorized by A.R.S. 13-2812.

The State requests that the Defense provide the State with those redactions prior to any filing to afford the State an opportunity to comply with Victim rights.

**IT IS ORDERED** denying the State's motion for a prescreen of the redactions.

Discussion is held regarding Defendant's Motion to Release Property.

Upon stipulation,

**IT IS ORDERED** granting the motion to release personal property as to the Defendant's wallet and contents therein, including any currency.

The Court will set oral argument regarding the release of the vehicle and the weapon.

CR2015-144211-001 DT                                    05/10/2016

The Court has received an Objection regarding the Subpoena issued. The Defense advises the Court that it needs time to consider this Objection.

**IT IS ORDERED** setting **oral argument on Defendant's Motion to Release Property as to the vehicle and the weapon for <u>June 17, 2016 at 1:30 p.m. (time allotted: 30 minutes)</u>** in this Division.

Counsel for the Intervenors requests a deadline of 14 days for the redacted documents to be completed. The State objects for the reasons set forth on the record.

Further discussion is held regarding the redaction of sealed documents.

**IT IS ORDERED** that the disclosure authorized by this Court shall be accomplished **within two weeks from today's date**.

10:42 a.m. Matter concludes.

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 | Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>        Defendants. | Case No. CV2016-013436<br><br>**NOTICE OF FIRST EXTENSION OF<br>TIME FOR RESPONSE AND REPLY RE:<br>STATE OF ARIZONA'S RULE 12(B)(6)<br>MOTION TO DISMISS**<br><br>**(Assigned to the Honorable David Gass)** |

        Pursuant to Arizona Rule of Civil Procedure 7.1(g), Plaintiff Leslie Merritt, Jr. and Defendant State of Arizona hereby give notice that they have agreed to extend the following deadlines:

- Plaintiff's deadline to respond to the State's Motion to Dismiss is extended through and including December 2, 2016, and

1

55147356.1

- The State's deadline to reply in support of its Motion to Dismiss is extended through and including December 21, 2016.

RESPECTFULLY SUBMITTED this 31st day of October, 2016.

POLSINELLI PC

By: /s/ Rebecca N. Cain
    Edward F. Novak
    Melissa Ho
    Rebecca N. Cain
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004

    *Attorneys for Defendant State of Arizona*

LAW OFFICE OF JASON LAMM

By: /s/ Jason D. Lamm  (with permission)
    Jason D. Lamm
    6245 North 24th Parkway, Suite 208
    Phoenix, AZ 85016-2030

THE FERRAGUT LAW FIRM, P.C.

    Ulises A. Ferragut, Jr.
    2 North Central Avenue, Suite 1125
    Phoenix, AZ 85004
    (602) 324-5300

LAW OFFICE OF DAVID J. DON, PLLC

    David J. Don
    301 E. Bethany Home Road, Suite B-100
    Phoenix, AZ 85012
    (480) 948-1212

    *Attorneys for Plaintiff Leslie Merritt, Jr.*

55147356.1

**E-FILED** this 31st day of October, 2016, with the Clerk of the Superior Court.

**COPY** mailed this 31st day of October, 2016, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Parkway, Suite 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012-1263
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*

By: */s/ Dawn M. Coppens*

55147356.1

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
C. Diaz, Deputy
11/1/2016 3:03:53 PM
Filing ID 7847506

**Person Filing:**      **Rebecca N. Cain**
**Address:**      **One East Washington Street, Suite 1200**
**City, State, Zip:**      **Phoenix, Arizona 85004**
**State Bar:**      **025604**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |  |
|---|---|---|
| LESLIE MERRITT, JR., a single man,<br>Plaintiff, | ) ) ) | **CREDIT MEMO** |
| vs | ) ) ) | **CASE NO. CV2016-013436** |
| STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br>Defendants. | ) | |

RECEIVED FROM:    **Rebecca N. Cain**        DATE RECEIVED:    **10/27/2016**

PAYMENT FOR:      State of Arizona

**PAYMENT IS FOR THE FOLLOWING:**

☐ 600                           ☐ TRANSMITTAL FEE FOR CHANGE OF VENUE

☐ JUDGMENT DEBTOR EXAM         ☐ INTERVENOR

☒ ANSWER/APPEARANCE              ☐ MEDIATION

☐ OPEN NEGOTIATION                ☐ PARENTING CONFERENCE FEE

☐ OTHER:

AMOUNT PAID:      $237        CO-CHARGE

RECEIPT#25551696        CLERK NAME: CJG

**HOW PAID**

☐ CASH:

Docket Code
CME/CAN

☐ BUSINESS CHECK        CHECK#        BANK NAME:

☐ MONEY ORDER

☐ MASTER CARD    ☐ VISA    ☐ AMERICAN EXPRESS

1
2
**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

3
4
Michele M. Iafrate, #015115
miafrate@iafratelaw.com

5
Attorneys for **Defendants Maricopa County and William Montgomery**

6
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

7
8
| LESLIE MERRITT, JR., a single man, | ) | NO. CV2016-013436 |

9
10
11
12
13
14
15

LESLIE MERRITT, JR., a single man,          )   NO. CV2016-013436
                                            )
                 Plaintiff,                 )
                                            )   **DEFENDANTS MARICOPA**
v.                                          )   **COUNTY AND WILLIAM**
                                            )   **MONTGOMERY'S FIRST**
STATE OF ARIZONA, a body politic;           )   **AMENDED ANSWER TO**
BILL MONTGOMERY, the elected                )   **PLAINTIFF'S COMPLAINT**
Maricopa County Attorney; MARICOPA          )
COUNTY, a body politic; JOHN DOES           )
I-X; JANE DOES I-X; ABC                     )   *(Assigned to the Honorable*
PARTNERSHIPS I-X and XYZ                    )   *David Gass)*
CORPORATIONS I-X,                           )
                                            )
                 Defendants.                )

16
17
18
        Defendants Maricopa County and William Montgomery ("Defendants") submit
their First Amended Answer to Plaintiff's Complaint.  Defendants admit, deny and
allege the following:

19
20
21
        1.      Defendants admit the allegations contained in paragraphs 1-5 of
Plaintiff's Complaint.

22
23
24
        2.      As to paragraph 6 of Plaintiff's Complaint, Defendants lack sufficient
information to form a belief as to the truth or falsity of paragraph 6; therefore,
Defendants deny the same.

1

3. As to paragraph 7 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraph 7, these Defendants deny any such allegations.

4. As to paragraph 8 of Plaintiff's Complaint, Defendants admit that Defendant Montgomery is and was the elected Maricopa County Attorney. Defendants further admit that Defendant Montgomery is responsible for the administration, operation, maintenance, policies, procedures and functions of the Maricopa County Attorneys' Office, the implementation of policies and procedures, the training and supervision of staff, and the provision of criminal justice to all residents of Maricopa County, including Leslie Merritt, Jr. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

5. As to paragraph 9 of Plaintiff's Complaint, Defendants admit Maricopa County is a body politic. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraphs 10-12 of Plaintiff's Complaint.

7. As to paragraphs 13-18 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 13-18, these Defendants deny any such allegations.

8. Defendants deny the allegations contained in paragraphs 19-20 of Plaintiff's Complaint.

9. As to paragraphs 21-68 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 21-68, these Defendants deny any such allegations.

10. Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

11. As to paragraphs 70-80 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 70-80, these Defendants deny any such allegations.

12. Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

13. As to paragraph 82 of Plaintiff's Complaint, Defendants affirmatively allege these Defendants did not arrest Plaintiff. Defendants admit the case went before a Grand Jury. Defendants affirmatively allege the Grand Jury returned a true bill. Defendants deny the remaining allegations contained in paragraph 82 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraphs 83-90 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint that the DPS Crime "botched the investigation" and further deny that Defendants "recognized" that the DPS Crime Lab had "botched" anything.

Defendants affirmatively allege Maricopa County Attorney's Office retained Lucien Haag.

16.     Defendants admit the MCAO retained Expert Lucien Haag.  Defendants deny they retained Mr. Haag "as a result" of allegations in paragraph 91. Defendants deny the remaining allegations contained in paragraph 92 of Plaintiff's Complaint.

17.     Defendants admit the allegations contained in paragraph 93 of Plaintiff's Complaint.

18.     As to paragraph 94 of Plaintiff's Complaint, Defendants admit Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. Defendants deny the remaining allegations contained in paragraph 94.  Defendants affirmatively allege the results of Mr. Haag's investigation was "inconclusive".

19.     As to paragraph 95 of Plaintiff's Complaint, Defendants deny Mr. Haag issued a report stating the results of the comparisons done by DPS were wrong. Defendants admit Mr. Haag's report stated the results were insufficient to constitute an identification.  Defendants affirmatively allege the results of Mr. Haag's investigation was inconclusive.

20.     Defendants admit the allegations contained in paragraphs 96-98 of Plaintiff's Complaint.

21.     Defendants admit the allegations contained in paragraphs 99 of Plaintiff's Complaint.  Defendants affirmatively allege the lab report completed by the Bureau of Alcohol, Tobacco, and Firearms was received after the Court's dismissal.

22.     Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

23.     As to paragraph 101 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 101; therefore, Defendants deny the same.

24.     As to paragraph 102 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraph 102, these Defendants deny any such allegations.

25.     Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION – False Arrest**
**(Against State of Arizona)**

26.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 25 of this Answer.

27.     As to paragraphs 105-109 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraphs 105-109, these Defendants deny any such allegations.

**SECOND CAUSE OF ACTION – False Imprisonment**
**(Against All Defendants)**

28.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 27 of this Answer.

29.     As to paragraph 111 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 111; therefore, Defendants deny the same. Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions. See A.R.S. § 1-201.

30.     Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint. Defendants affirmatively allege imprisonment was based on probable cause.

32.     Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION – Malicious Prosecution
### (Against All Defendants)

33.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 32 of this Answer.

34.     As to paragraph 115 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 115, therefore, Defendants deny the same. Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions. See A.R.S. § 1-201.

35.     Defendants admit the allegations contained in paragraph 116 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraphs 117-118 of Plaintiff's Complaint.

37.     As to paragraph 119 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraph 119, these Defendants deny any such allegations.

38.     Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION – Negligence and/or Gross Negligence
### (Against All Defendants)

39.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 38 of this Answer.

40.     As to paragraph 122 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 122; therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

41.     Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.  Defendants affirmatively allege a duty to all individuals in Maricopa County.

42.     Defendants deny the allegations contained in paragraphs 124-125 of Plaintiff's complaint.

/ / /

**FIFTH CAUSE OF ACTION – Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

43.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 42 of this Answer.

44.     As to paragraph 127 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 127, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

45.     Defendants deny the allegations contained in paragraphs 128-131 of Plaintiff's complaint.

**SIXTH CAUSE OF ACTION – Aiding and Abetting Tortious Conduct**
**(Against All Defendants)**

46.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 45 of this Answer.

47.     Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

48.     As to paragraph 134 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 134, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

49.     Defendants deny the allegations contained in paragraphs 135-140 of Plaintiff's complaint.

50.     Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to supplement these affirmative defenses based on information learned during discovery:

1.     Defendants affirmatively allege that Plaintiff's Complaint, and each and every portion thereof, fails to state a claim upon which relief can be granted.

2.     Defendants affirmatively allege that Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff's own actions or the actions of other parties or non-parties.

3.     Defendants affirmatively allege that Plaintiff assumed the risk.

4.     Defendants affirmatively allege they are entitled to absolute immunity and/or qualified immunity pursuant to A.R.S. §§ 12-280.01 and 12-820.02 and *State v. Superior Court in and for Maricopa County*, 186 Ariz. 294 (Arizona Ct. App 1996).

5.     Defendants affirmatively allege Plaintiff is not entitled to punitive or exemplary damages pursuant to A.R.S. § 12-820.04.

6.     Defendants affirmatively allege Guilt in Fact pursuant to Restatement of Torts § 657.

7. Defendants affirmatively allege that Defendants were acting under legal process with good and sufficient probable cause to be so acting.

8. Defendants affirmatively allege that Defendants are not liable due to A.R.S. § 12-712.

9. Defendants affirmatively allege that Defendants are entitled to other immunities pursuant to A.R.S. § 12-820.05.

10. Defendants allege that additional facts may be revealed by future discovery which supports affirmative defenses presently available to, but not known by the Defendants. Accordingly, on information and belief, Defendants hereby incorporate by reference the affirmative defenses set forth in Rules 8 and 12, Ariz. R. Civ. P., as if set forth fully herein.

## JURY DEMAND

Defendants make a demand for a Jury Trial.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants respectfully request of this Court the following:

A. That Plaintiff's Complaint be dismissed with prejudice as to these Defendants and that Plaintiff takes nothing thereby;

B. That Defendants be awarded their costs and reasonable attorney's fees incurred herein; and

/ / /

/ / /

/ / /

C.    For such other and further relief as this Court deems just and proper under the circumstances.

**DATED** this 1st day of November, 2016.

**IAFRATE & ASSOCIATES**


By:   /s/Michele M. Iafrate
Michele M. Iafrate
Attorneys for **Defendants Maricopa County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this 1st day of November, 2016, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPY** of the foregoing e-mailed via ECF
this 1st day of November, 2016, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing mailed
this 1st day of November, 2016, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:___/s/Jill Lafornara_____

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **NOTICE OF ERRATA** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | *(Assigned to the Honorable David Gass)* |
| Defendants. | |

Defendants Maricopa County and William Montgomery ("Defendants") notify the Court that Defendants clarified their Answer to paragraphs 15 and 16 with more specificity. Therefore, pursuant to Rule 15(a)(1)(A), Arizona Rules of Civil Procedure, Defendants will amend their Answer to Plaintiff's Complaint.

/ /

/ / /

/ / /

1

Defendants attach to this notice an Amended Answer as Exhibit 1 indicating in what respect the Amended Answer differs from the original Answer Defendants filed on October 26, 2016. Defendants also simultaneously file their First Amended Answer to Plaintiff's Complaint without the indicators.

**DATED** this 1st day of November, 2016.

**IAFRATE & ASSOCIATES**

By: __/s/Michele M. Iafrate_____
Michele M. Iafrate
Attorneys for **Defendants Maricopa County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this 1st day of November, 2016, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona 85003

**COPIES** of the foregoing e-mailed via AZ Turbo
this 1st day of November, 2016, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona 85003

**COPIES** of the foregoing mailed
this 1st day of November, 2016, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By: ___/s/Jill Lafornara_____

3

**EXHIBIT 1**

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | *(Assigned to the Honorable David Gass)* |
| Defendants. | |

Defendants Maricopa County and William Montgomery ("Defendants") submit their First Amended Answer to Plaintiff's Complaint. Defendants admit, deny and allege the following:

1. Defendants admit the allegations contained in paragraphs 1-5 of Plaintiff's Complaint.

2. As to paragraph 6 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 6; therefore, Defendants deny the same.

1

3. As to paragraph 7 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraph 7, these Defendants deny any such allegations.

4. As to paragraph 8 of Plaintiff's Complaint, Defendants admit that Defendant Montgomery is and was the elected Maricopa County Attorney. Defendants further admit that Defendant Montgomery is responsible for the administration, operation, maintenance, policies, procedures and functions of the Maricopa County Attorneys' Office, the implementation of policies and procedures, the training and supervision of staff, and the provision of criminal justice to all residents of Maricopa County, including Leslie Merritt, Jr. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

5. As to paragraph 9 of Plaintiff's Complaint, Defendants admit Maricopa County is a body politic. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraphs 10-12 of Plaintiff's Complaint.

7. As to paragraphs 13-18 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 13-18, these Defendants deny any such allegations.

8. Defendants deny the allegations contained in paragraphs 19-20 of Plaintiff's Complaint.

9. As to paragraphs 21-68 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 21-68, these Defendants deny any such allegations.

10. Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

11. As to paragraphs 70-80 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraphs 70-80, these Defendants deny any such allegations.

12. Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

13. As to paragraph 82 of Plaintiff's Complaint, Defendants affirmatively allege these Defendants did not arrest Plaintiff. Defendants admit the case went before a Grand Jury. Defendants affirmatively allege the Grand Jury returned a true bill. Defendants deny the remaining allegations contained in paragraph 82 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraphs 83-90 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint that the DPS Crime "botched the investigation" and further deny that Defendants recognized "that the DPS Crime Lab had "botched" anything.

Defendants affirmatively allege Maricopa County Attorney's Office DPS retained Lucien Haag.

16.    Defendants admit the MCAO retained Expert Lucient Haag. Defendants deny they retained Mr. Haag "as a result" of the allegations in paragraph 91.  Defendants deny the remaining allegations contained in paragraph 92 of Plaintiff's Complaint.

17.    Defendants admit the allegations contained in paragraph 93 of Plaintiff's Complaint.

18.    As to paragraph 94 of Plaintiff's Complaint, Defendants admit Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. Defendants deny the remaining allegations contained in paragraph 94.  Defendants affirmatively allege the results of Mr. Haag's investigation was "inconclusive".

19.    As to paragraph 95 of Plaintiff's Complaint, Defendants deny Mr. Haag issued a report stating the results of the comparisons done by DPS were wrong. Defendants admit Mr. Haag's report stated the results were insufficient to constitute an identification.  Defendants affirmatively allege the results of Mr. Haag's investigation was inconclusive.

20.    Defendants admit the allegations contained in paragraphs 96-98 of Plaintiff's Complaint.

21.    Defendants admit the allegations contained in paragraphs 99 of Plaintiff's Complaint.  Defendants affirmatively allege the lab report completed by the Bureau of Alcohol, Tobacco, and Firearms was received after the Court's dismissal.

22.     Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

23.     As to paragraph 101 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 101; therefore, Defendants deny the same.

24.     As to paragraph 102 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraph 102, these Defendants deny any such allegations.

25.     Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION – False Arrest**
**(Against State of Arizona)**

26.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 25 of this Answer.

27.     As to paragraphs 105-109 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants.  Should any allegations against these Defendants be found in paragraphs 105-109, these Defendants deny any such allegations.

**SECOND CAUSE OF ACTION – False Imprisonment**
**(Against All Defendants)**

28.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 27 of this Answer.

29.     As to paragraph 111 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 111; therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

30.     Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.  Defendants affirmatively allege imprisonment was based on probable cause.

32.     Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION – Malicious Prosecution
### (Against All Defendants)

33.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 32 of this Answer.

34.     As to paragraph 115 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 115, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

35.     Defendants admit the allegations contained in paragraph 116 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraphs 117-118 of Plaintiff's Complaint.

37. As to paragraph 119 of Plaintiff's Complaint, Plaintiff makes no allegations against these Defendants. Should any allegations against these Defendants be found in paragraph 119, these Defendants deny any such allegations.

38. Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION – Negligence and/or Gross Negligence
### (Against All Defendants)

39. Defendants admit, deny and allege as previously set forth in paragraphs 1 through 38 of this Answer.

40. As to paragraph 122 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 122; therefore, Defendants deny the same. Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions. See A.R.S. § 1-201.

41. Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint. Defendants affirmatively allege a duty to all individuals in Maricopa County.

42. Defendants deny the allegations contained in paragraphs 124-125 of Plaintiff's complaint.

/ / /

**FIFTH CAUSE OF ACTION – Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

43.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 42 of this Answer.

44.     As to paragraph 127 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 127, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

45.     Defendants deny the allegations contained in paragraphs 128-131 of Plaintiff's complaint.

**SIXTH CAUSE OF ACTION – Aiding and Abetting Tortious Conduct**
**(Against All Defendants)**

46.     Defendants admit, deny and allege as previously set forth in paragraphs 1 through 45 of this Answer.

47.     Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

48.     As to paragraph 134 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of paragraph 134, therefore, Defendants deny the same.  Defendants affirmatively allege all common law has been subsumed by Arizona Revised Statutes and constitutions.  See A.R.S. § 1-201.

49.     Defendants deny the allegations contained in paragraphs 135-140 of Plaintiff's complaint.

50.     Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to supplement these affirmative defenses based on information learned during discovery:

1.     Defendants affirmatively allege that Plaintiff's Complaint, and each and every portion thereof, fails to state a claim upon which relief can be granted.

2.     Defendants affirmatively allege that Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff's own actions or the actions of other parties or non-parties.

3.     Defendants affirmatively allege that Plaintiff assumed the risk.

4.     Defendants affirmatively allege they are entitled to absolute immunity and/or qualified immunity pursuant to A.R.S. §§ 12-280.01 and 12-820.02 and *State v. Superior Court in and for Maricopa County*, 186 Ariz. 294 (Arizona Ct. App 1996).

5.     Defendants affirmatively allege Plaintiff is not entitled to punitive or exemplary damages pursuant to A.R.S. § 12-820.04.

6.     Defendants affirmatively allege Guilt in Fact pursuant to Restatement of Torts § 657.

7.     Defendants affirmatively allege that Defendants were acting under legal process with good and sufficient probable cause to be so acting.

8.     Defendants affirmatively allege that Defendants are not liable due to A.R.S. § 12-712.

9.     Defendants affirmatively allege that Defendants are entitled to other immunities pursuant to A.R.S. § 12-820.05.

10.     Defendants allege that additional facts may be revealed by future discovery which supports affirmative defenses presently available to, but not known by the Defendants.  Accordingly, on information and belief, Defendants hereby incorporate by reference the affirmative defenses set forth in Rules 8 and 12, Ariz. R. Civ. P., as if set forth fully herein.

## JURY DEMAND

Defendants make a demand for a Jury Trial.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants respectfully request of this Court the following:

A.     That Plaintiff's Complaint be dismissed with prejudice as to these Defendants and that Plaintiff takes nothing thereby;

B.     That Defendants be awarded their costs and reasonable attorney's fees incurred herein; and

/ / /

/ / /

/ / /

C.     For such other and further relief as this Court deems just and proper

under the circumstances.

**DATED** this 1st day of November, 2016.

**IAFRATE & ASSOCIATES**


By:     /s/Michele M. Iafrate
        Michele M. Iafrate
        Attorneys for **Defendants Maricopa**
        **County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this 1st day of November, 2016, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPY** of the foregoing e-mailed via ECF
this 1st day of November, 2016, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing mailed
this 1st day of November, 2016, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

Edward F. Novak
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:___/s/Jill Lafornara_____

1  Jason D. Lamm (018454)
   Law Office of Jason Lamm
2  6245 North 24th Pkwy, Ste. 208
3  Phoenix, AZ  85016-2030
   Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email:  jlamm@cyberlawaz.com
5
6  David J. Don (016462)
   LAW OFFICE OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Suite B-100
   Phoenix, Arizona 85012
8  Tel:  480-948-1212
   Fax: 480-696-7756
9  Email: david@azcivilrights.com

10 *Attorneys for Plaintiff Leslie Merritt, Jr.*

11

12          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

13              IN AND FOR THE COUNTY OF MARICOPA

14

15 LESLIE MERRITT, JR., a single man,  )  Case No.:  CV2016-013436
                                      )
16          Plaintiff,                )
                                      )  **PLAINTIFF'S RESPONSE IN**
17   vs.                             )  **OPPOSITION TO DEFENDANT**
                                      )  **STATE OF ARIZONA'S MOTION**
18 STATE OF ARIZONA, a body politic;  )  **TO DISMISS**
19 BILL MONTGOMERY, the elected       )
   Maricopa County Attorney;          )
20 MARICOPA COUNTY, a body politic;   )  (Assigned to Hon David Gass)
21 JOHN DOES I-X; JANE DOES I-X;      )
   ABC PARTNERSHIPS I-X and XYZ       )  **(Oral Argument Requested)**
22 CORPORATIONS I-X.                  )
                                      )
23          Defendants.               )
   _____)

24          Leslie Merritt, Jr. filed a valid Complaint against the State of Arizona with

25 facts that to support his claims in accordance with Ariz.R.Civ.P 8(a).  This Court

26

should thus deny the State's motion to dismiss in its entirety.

## Memorandum of Points and Authorities

## I.   Background

Defendant State of Arizona recognizes that "[j]ust over a year ago, a serial shooter terrorized the Phoenix area. (Motion, at p.2). The State began investigating shootings that became known as the "I-10 Freeway Shooting case." **(*Complaint.* at ¶ 13)**. Defendant operates the Arizona Department of Public Safety (DPS) and the DPS Central Regional Crime Lab (CRCL), and employs the people who work in those entitities **(Id. at ¶ 7)**. The State's personnel were under intense public pressure and media scrutiny to solve the I-10 Freeway Shooting Case. **(Id. at ¶ 25).** Under this pressure, the State failed to apply the rules of prudent police work to this case.

During its investigation, DPS retrieved bullets and/or bullet fragments from four separate shooting incidents: Incident A, B, C, and D. **(*Id.* at ¶ 14)**. Incidents A, B, and C occurred on August 29, 2015. **(*Id.* at ¶ 15-17)**. Incident D occurred August 30, 2015, between 2145 and 2215 hours, involving a BMW travelling westbound on the I-10 near SR 51. **(*Id.* at ¶ 18 and 19)**.

Defendant believed the evidentiary bullets were produced by a Hi-Point C9 firearm, a common firearm. **(*Id.* at ¶ 23)**. Defendant had no information linking the Hi-Point C9 used in the freeway shootings to a pawn shop. A rookie detective decided to check pawn shops for a Hi-Point C9. **(Id at ¶ 25-36).** Indeed, when

told of the plan to collect Hi-Point C9s from pawn shops, DPS Sgt. Mapp told a subordinate officer that "if you want to buy a lottery ticket to go ahead," or words to that effect. **(¶ 32).**

Plaintiff Leslie Merritt, Jr. happened to have pawned his Hi-Point C9 firearm on August 30, 2016 at approximately 5:31 p.m., more than four hours before the occurrence of Incident D. Nothing links Leslie Merritt, Jr. to any crime other than he was an owner of one of almost 286,000,000 owners of the type of firearm allegedly used in the freeway shootings. **(¶ 24).** Clearly, if Merritt's firearm was in the pawn shop, it could not have been used in Incident D, or for that matter, any of the other Incidents insofar as Defendant has taken the position that the same gun fired the bullets in Incidents A,B,C, and D – to a "100% certainty." [1]

Defendants have produced no evidence that Merritt was at or near the scene of any of the shooting incidents. **(*Id.* at ¶ 20)**. Yet, they made a warrantless arrest of Merritt for the shootings.

Defendant argues that these allegations and the others contained within the Complaint, taken as true, are factually insufficient to meet the pleading requirements of Arizona Rule of Civil Procedure 8(a)(2). As this Response will establish, Defendant's theory is flawed.

## II.    Standard of review for the motion.

---

[1] Indeed, the facts of this case create a logical syllogism which is fatal to Defendant's position. The State claims with 100% certainty that because <u>all</u> of the bullets came from the same gun, in essence A=B=C=D. But, given that Merritt's gun was in the pawnshop of the time of Incident D, D must be false. Therefore, if D is false, so too must A, B, and C be false.

Arizona courts do not look with favor upon motions to dismiss for failure to state a claim for relief. *Maldonado v. Southern Pac. Transp. Co.,* 129 Ariz. 165, 166, 629 P.2d 1001, 2002 (App. 1981). In deciding such a motion, this Court must accept all factual allegations in the complaint as true and construe the allegations in the complaint in the light most favorable to the plaintiff. *Mack v. McDonnell Douglas Helicopter Co*, 179 Ariz. 627, 628 (App. 1994).

The Arizona Rules of Civil Procedure embrace a notice-pleading standard. All that is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz.R.Civ.P 8(a)(2). The purpose of notice-pleading is to give the opponent fair notice of the nature and basis of the claim, and indicate generally the type of litigation involved. *Cullen v. Auto-Owners Ins. Co*, 218, Ariz, 417, 419, 189 P.3d 344, 346 (2008). The test is whether enough is stated to entitle the pleader to relief on some theory of law susceptible of proof under the allegations made. *Verdeuzco v. American Valet*, 2401 Ariz. 221, 223, 377 P.3d 1016, 1019 (App. 2016). Indeed, a complaint need not anticipate, and attempt to negate or avoid, affirmative defenses. *Keck v. Kelley*, 16 Ariz. App. 163, 166, 492 P.2d 412, 415 (App 1972).

## III.    Discussion

Leslie Merritt, Jr. has filed valid causes of action against the State of Arizona for false arrest, false imprisonment, malicious prosecution, negligence/gross negligence, intentional infliction of emotional distress, and aiding and abetting

tortious conduct. Defendant seeks dismissal of Merritt's Complaint in its entirety. Plaintiff will address in turn each cause of action.

1. **Merritt has properly pled a valid claim for False Arrest.**

A plaintiff establishes a prima facie case of false arrest by showing that he was arrested by the defendant without a warrant. *Slade v. City of Phoenix*, 112 Ariz. 298, 299, 541 P.2d 550, 551 (1975). Once a plaintiff establishes the prima facie elements for a false arrest, defendant bears the burden of proving that the arrest was founded upon probable cause. *Id.*

Here, Merritt has alleged---and the State concedes ---that the State's SWAT officers arrested Merritt without a warrant. (Response at 3:19-20, Complaint at ¶ 67, 80, 106). Taken together with his allegations of jurisdiction and right to relief, Merritt has thus satisfied the pleading requirements of Ariz. R. Civ. P. 8(a)(2) for his prima facie case for false arrest This Court need look no further to determine that the motion to dismiss the false arrest claim should be denied.

The State nonetheless urges that dismissal is warranted here because it claims to have established probable cause to justify Merritt's arrest. Defendant's argument is wrong for several reasons.

First, the presence or absence of probable cause is not an element that plaintiffs must plead in a claim for false arrest. A complaint need not anticipate, and attempt to negate or avoid, affirmative defenses. *Keck*, 16 Ariz. App. at 166. Whether the State can establish an affirmative defense of probable cause (which it cannot) is irrelevant to whether Merritt has satisfied his Rule 8 pleading requirements for his false arrest claim. By arguing about probable cause in a motion to dismiss, the State is improperly attempting to impose on Merritt an erroneous burden of pleading.

Second, even under the State's erroneous pleading standard, the State's argument fails because it lacks probable cause. Plaintiff will address the absence of probable cause in the section below on malicious prosecution.

Accordingly, Defendant's citation to *Slade v. City of Phoenix* is distinguishable. (Motion at page 7). In *Slade,* unlike *Merritt,* the plaintiff was arrested under a duly-issued arrest warrant. Because the parties conceded the existence of a valid arrest warrant, Slade was unable to satisfy his prima facie case for false arrest, and the court properly dismissed the claim. Contrary to the State's argument (Motion 8:4-7), the *Slade* court's dismissal of the false arrest and false imprisonment claims did not involve a finding of lack of probable cause. In short, since Merritt has properly alleged his prima facie case for false arrest, the Court should deny this aspect of Defendant's motion.

**2.     Merritt has properly pled a valid claim for False Imprisonment.**

A plaintiff establishes a prima facie case for false imprisonment by showing that defendant has conducted an arrest without a warrant. The burden then rests on defendant to plead and prove a proper justification. *Whitlock v. Boyer*, 77 Ariz. 334, 339, 271 P2d 484, 487 (1954). As with the claim for false arrest, Merritt has properly alleged the elements of false imprisonment in his pleading in satisfaction of Ariz.R.Civ.P. 8. Nothing more is required. Defendant's argument about the existence of a justification is not an element required to be pled by plaintiff. Nor is the State's citation to *Slade v. City of Phoenix* availing for the identical reasons stated above. Thus, Defendant's motion to dismiss the claim of false imprisonment should be denied.

### 3. Merritt has properly pled a valid claim for Malicious Prosecution

The State correctly identifies the elements of a plaintiff's malicious prosecution claim (Motion at page 9), but incorrectly argues that Merritt's fails to satisfy the pleading standard for two necessary elements, namely: the absence of probable cause and the termination of a criminal prosecution in his favor.  Merritt will address each of the alleged flaws in turn.[2]

#### a. Merritt has properly pled the absence of probable cause.

Arizona courts define probable cause as "a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused is guilty of the offense.... The test generally applied is: upon the appearances presented to the defendant, would a reasonably prudent man have instituted or continued the proceeding?" *Gonzales v. City of Phoenix*, 203 Ariz. 152, 155, 52 P.3d 184, 187 (Ariz. 2002).  Whether probable cause exists depends on all of the facts and circumstances collectively known by all of the officers involved in the case.  *State v. Keener*, 206 Ariz. 29, 75 P.3d 119 (App. 2003).  Courts usually decide "as matter of law whether the facts are sufficient to establish probable cause." *Id.* "However, where there is a conflict as to the facts involved, the factual basis may be determined by the trier of fact." *Hockett v. City of Tucson*, 139 Ariz. 317, 320, 678 P.2d 502, 505 (App. 1983).

---

[2] Merritt will not address how he satisfied the other elements of malicious prosecution claim since these do not form a basis for the State's motion.

Here, Merritt has specifically pled the absence of probable cause. (Complaint at ¶ 118 and ¶ 79). He has further supported that assertion with specific factual allegations throughout his twenty-page complaint, including showing that the State has failed to produce any the following categories of information:

- Anything linking Leslie Merritt, Jr. to any crime other than his happening to own one of about 286,800 of the type of firearm purportedly used in the freeway shootings. (¶ 24)
- Anything linking any Hi-Point C9 used in the freeway shootings to a pawn shop. (¶ 25-36).
- Anything linking Merritt's firearm to a firearm used in any shooting since the crime lab botched the investigation. ¶ 40-¶ 43.
- Anything linking Leslie Merritt, Jr. to the scene of any shooting. ¶ 81.
- Anything supporting the changing of timeline of Incident D. (¶ 64).

In addition, Merritt has supported the assertion with specific factual allegations that negate any prudent person from reasonably believing that Leslie Merritt, Jr. was the freeway shooter including that:

- The State criminalists intentionally relayed information to DPS personnel in a manner that lacked a scientific basis and violated their industry standards. ¶ 49
- DPS knew that the crime lab had botched the identification. (¶ 54-55)
- Defendants knew from the PAWN database that it had been pawned by its owner on August 30, 2016 at approximately 5:31 p.m., **more than four hours before the occurrence of Incident D**. (¶ 35)
- DPS fabricated evidence about the timeline to the Grand Jury

- Defendants knew that Leslie Merritt did not have access to his gun at the time of the fourth shooting incident. (¶ 84)

On these well-pled factual allegations, which the Court must accept as true in deciding the motion to dismiss, no reasonable person could consider that the State ever developed probable cause to arrest or prosecute Leslie Merritt, Jr. [3]

For its part, the State argues that this Court should ignore consideration of the "alleged flaws in the methodology used to analyze the Evidentiary Bullets linking Merritt's Gun to the shootings and supposed questions surrounding the timeline of events related to the shootings" because these factual allegations "do not establish a lack of probable cause" to arrest or prosecute. (Motion at 7:3-9). The State's rationale for believing that the law permits cherry-picking factual allegations in the Complaint is unclear. The State's fabrication of evidence at its crime lab and the creation of a bogus timeline all occurred before Leslie Merritt's arrest and formed the basis of the criminal prosecution.

As in the false arrest and false imprisonment claims, Defendant's citation to *Slade v. City of Phoenix* regarding the malicious prosecution claims is no avail. In *Slade*, the officer developed probable cause from a witness identification made from the victim of the crime. The Court held that the officer could rely on the eyewitness account for probable cause. Here, the State had no eyewitness account that Merritt had committed any crime. Instead, the State itself literally created "the evidence" in the form of a fabricated firearm identification and a bogus timeline of events in an effort to create probable cause. Indeed, the State never had any evidence that Merritt was at the scene of any of the shootings.

---

[3] If necessary, Plaintiff requests an opportunity to amend his Complaint to include other facts that negate probable cause to arrest or prosecute, including facts concerning cell phone records, absence of gunshot residue, alibi witnesses, bullet trajectories, and license plate reader information.

The State argues that the Grand Jury indictment creates a presumption of probable cause. (Motion at p.10). Defendant cites no authority that a Grand Jury indictment insulates the State from damages for the malicious prosecution. Indeed, Defendant's argument about the Grand Jury is particularly unavailing here, where the State deliberately misled and fabricated evidence to the Grand Jury. (¶ 82-90).

### b. Merritt has properly pled the favorable termination of the criminal case.

Merritt alleges that the court dismissed his criminal case pursuant to the Maricopa County Attorney's motion to dismiss, and that the prosecution terminated in his favor. (Complaint at ¶ 97-98, 117). Contrary to Defendant's argument, the termination was in Merritt's favor.

Arizona has long followed the rule set for in the Restatement of Torts, Section 659, dealing with the final termination of criminal proceedings in connection with malicious prosecution suits. *Overson v. Lynch*, 83 Ariz. 158, 162, 317 P.2d 948, 950-951 (1957). As in *Merritt*, the defendant in *Overson* argued that plaintiff's malicious prosecution claim should fail because the underlying criminal proceeding had not terminated in his favor when the dismissed complaint could be re-filed within the statute of limitations for burglary. *Overson,* 83 Ariz. at 162, 317 P.2d at 950. The court rejected the defendant's argument, finding that the dismissal and abandonment of further prosecution was sufficient to find a favorable termination for purposes of malicious prosecution. *See id.,* 83 Ariz, at 162-63, 317 P.2d at 951.

The *Overson* court noted that to properly state a claim for malicious prosecution it is not necessary that the criminal "proceedings should have gone so far as to preclude further prosecution on the ground of double jeopardy." *Id.* The Court went on to note:

> 'One against whom criminal proceedings have been instituted may be discharged by a magistrate at a preliminary hearing because the evidence produced against him is not such as to warrant his being held for further proceedings to determine his guilt or innocence. In such a case, the discharge is a final termination of the proceedings in favor of the accused, unless it appears that further proceedings growing out of the same misconduct on his part have been instituted. * * *'

*Id.*

The same rule for favorable termination applies in *Merritt*. Construing the allegations in the complaint as true and in the light most favorable to the plaintiff, the Court may infer that Merritt's criminal case was dismissed based on the lack of substantive evidence after the State's ballistic evidence was revealed to have been false by Mr. Haag. (Complaint at ¶ 94). Further support for viewing the dismissal of the criminal prosecution as based on lack of substantive evidence as opposed to a procedural issue is revealed by exculpatory ballistic testing evidence performed by Bureau of Alcohol, Tobacco, and Firearms (Complaint at ¶ 99).[4]

In short, Merritt has properly alleged all the elements of the malicious prosecution claim, the Defendant's motion should be denied on this point.

---

[4] If necessary, Plaintiff seeks leave to amend the complaint to include further support for favorable termination based on yet additional exculpatory ballistic evidence commissioned by the State by John Murdock, which, likewise, fails to support the State's crime lab.

**4.    Plaintiff has Properly Pled His Claim for Negligence and/or Gross Negligence.**

Arizona recognizes negligence and/or gross negligent claims based on misconduct of law enforcement personnel and government employees.  Arizona also recognizes the tort of grossly negligent investigation.  *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978); *Landeros v. City of Tucson*, 171 Ariz. 474, 831 P.2d 850 (App. 1992).  Plaintiff's claim for negligence and/or gross negligence is likewise properly pled and based on the breach of a legal duty that was a cause of injury to Merritt. (Complaint at ¶ 123-125).  As factual support, Plaintiff reincorporates his previous arguments regarding the State's investigation.  Most notably, as set forth above, the State (1) made incredible illogical leaps in the investigation, (2) fabricated evidence in the crime lab below industry standards, and (3) created a bogus timeline to account for Merritt's firearm being in the pawn shop at the time of Incident D.  Those allegations, take as true, satisfy findings of negligence and/or gross negligence, and the State's motion on this point should be denied.

**5.    Plaintiff has Properly Pled His Claim for Intentional Infliction of Emotional Distress**

Plaintiff alleges all the elements of the tort of intentional infliction of emotion distress.  (Complaint at ¶ 126-131).  As factual support for the claim, Plaintiff reincorporates its previous factual support showing the absence of probable cause.  The allegations of fabricated evidence and the bogus timeline in the context of social frenzy to close the freeway shooting case is the types of conduct that is beyond the pale of decency to support the claim for IIED.  For its part, Defendant argues that

the IIED claim is precluded as a matter of law because of the existence of probable cause. (Motion at 12:7-9). Defendant cites no authority to support its position that probable cause is a defense to a claim for IIED. Moreover, the argument is unavailing to Defendants, because the State never developed probable cause to arrest or prosecute Leslie Merritt, Jr. Thus, the Court should deny this aspect of the motion to dismiss.

### 6. Plaintiff has Properly Pled His Claim for Aiding and Abetting Tortious Conduct

Each Defendant has aided and abetted others to commit tortious acts against Leslie Merritt. (¶ 133). This Cause of Action is brought pursuant to Arizona common law. (¶ 134). As expressed above in causes of action One through Five, each Defendant has committed a tort or torts that has caused injury to Leslie Merritt, Jr.

## IV. <u>MOTION TO AMEND</u>

If the Court finds that Merritt's Complaint is somehow insufficient, Plaintiff moves for the opportunity to amend the Complaint to cure any such deficiency identified by the Court.

## V. <u>CONCLUSION</u>

Leslie Merritt, Jr. has satisfied the notice pleading requirements of Ariz. R.Civ. P. 8 (a)92), by providing fair notice of his claims. Defendant propounds incorrect pleading requirements and chooses to ignore its liability for the misconduct of its crime lab and officers. Thus, Mr. Merritt respectfully asks the Court to deny Defendant's motion to dismiss.

DATED this 2nd day of December 2, 2016

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:    /s/David J. Don
         David J. Don
         *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 2nd day of December, 2016.
to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:    /s/David J. Don

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No. CV2016-013436 |
| Plaintiff, | |
| vs. | **DEFENDANT STATE OF ARIZONA'S REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | **(Assigned to the Honorable David Gass)** |
| Defendants. | |

Plaintiff's Opposition to the State's Motion to Dismiss misses the mark in two critical ways. First, Plaintiff misconstrues the State's argument, contending that the State has improperly attempted to impose on Plaintiff an erroneous burden of pleading. Rather, the State argues that, regardless of the applicable notice pleading standard, Plaintiff has affirmatively alleged facts sufficient to establish that Plaintiff's arrest and prosecution were founded in probable cause. Second, Plaintiff attempts to hold the State to a higher standard

1

of probable cause than what is required under the law. The State must not satisfy such a high burden. As such, the Court should dismiss Plaintiff's Complaint in its entirety.

## I.     Plaintiff Affirmatively Pled Facts that Defeat His Claims

Plaintiff contends that the State has "improperly attempt[ed] to impose on Plaintiff an erroneous burden of pleading" by arguing in its Motion that the Complaint establishes that probable cause supported the arrest and prosecution. However, Plaintiff's argument misconstrues the State's position and the applicable case law with respect to Plaintiff's claims.

### A.     False Arrest

The State does not contest the principle that a plaintiff establishes a prima facie case for false arrest by showing that he was arrested by the defendant without a warrant, and the burden is then put upon the defendant to establish that the arrest was founded upon probable cause. The State, in fact, cited cases standing for this proposition in its Motion. Motion at 5:18-21. Further, the State does not contend that a complaint must anticipate affirmative defenses. *See* Opposition at 5:19-21. But where, as here, *the well-pled facts alleged in the Complaint* establish that the arrest was founded upon probable cause, Plaintiff cannot state a claim that requires a lack of probable cause.

The facts alleged in Plaintiff's Complaint establish that, at the time Plaintiff was arrested, the arrest was founded in probable cause. As argued in the Motion, the critical inquiry is to the facts *as they existed at the time of the arrest*, and not afterward. Motion p. 5:24-6:10 (citing authority). Probable cause to make an arrest exists when an arresting officer has reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable man to believe that the person to be arrested committed an offense. *Id.* Probable cause is a lower standard than proof needed to convict and, critically, arresting officers are not required to conduct a trial before making an arrest. *Id.* Logically, then, dismissal of the charges or a finding of innocence *does not* make an arrest made with probable cause unlawful. *Id.*

/ / /

2

Plaintiff's Opposition does not, and cannot, cite to well-pled facts sufficient to defeat the State's argument that the arrest was founded in probable cause. Plaintiff argues that the State failed to produce anything linking Plaintiff or his weapon to the shootings. Opposition at 2:22-24. But this argument is belied by the allegations in Plaintiff's Complaint, which establish that the State criminologists had opined that Plaintiff's gun was the firearm that fired the bullets in all four shootings to a "100% certainty." Complaint ¶ 44.

Here, the well-pled facts set forth in Plaintiff's Complaint allege that:

- DPS analyzed the bullets and bullet fragments recovered from shootings A, B, C, and D (the "Evidentiary Bullets") (Complaint ¶ 14);

- DPS determined that the Evidentiary Bullets came from a single firearm with certain class characteristics (*Id.* ¶ 22);

- DPS identified the Evidentiary bullets as having been fired from a 9mm handgun that caused cartridges to spiral three times with a leftward twist as they emerged from the barrel (*Id.* ¶ 23);

- Based on these characteristics, DPS identified the make and model of the gun as a Model C9 manufactured by Hi-Point (*Id.*);

- DPS contacted Hi-Point and learned that the company had produced 286,800 Model C9 firearms capable of creating the characteristics observed on the Evidentiary Bullets (*Id.* ¶ 24);

- DPS had access to a computerized PAWN database (*Id.* ¶ 29);

- The PAWN database identifies the items in possession of various pawn shops (*Id.*);

- DPS identified and seized eight Hi-Point 9mm Model C9 guns that were in pawn shops, including one from Mo Money Pawn Shop (*Id.* ¶ 33);

- The PAWN database included information about the guns including who owned them and when they were pawned (*Id.* ¶);

- The PAWN database indicated that the Hi Point C9 firearm collected from Mo Money Pawn had been pawned by its owner within hours of the time Incident D was believed to have occurred (*Id.* ¶ 35);

- Mo Money's records showed that Plaintiff had pawned the gun at that time (*Id.* ¶ 36);

- DPS tested Plaintiff's gun and determined that the Evidentiary Bullets were conclusively matched to Plaintiff's gun (*Id.* ¶ 41-44);

- DPS also found that Plaintiff had shared newspaper articles related to the case on social media (*Id.* ¶38);

- DPS believed that the tire involved in Incident D must have been shot before Plaintiff pawned the gun, with the bullet lodging in the sidewall of the tire and DPS repeatedly questioned the victim regarding his timeline (*Id.* ¶ 56-57);

- DPS' investigation indicated to DPS that it was possible that the timeline reported by the victim in Incident D was inaccurate (*Id.* ¶ 61);

- Based on these facts, DPS arrested Plaintiff without an arrest warrant (*Id.* ¶ 80);

- DPS and the county then brought the case before the Grand Jury (*Id.* ¶82);

- DPS reported to the Grand Jury the results of the ballistics testing, which matched the Evidentiary Bullets to Plaintiff's gun (*Id.* ¶ 88);

- On or about February 3, 2016, forensic consultant Lucien Haag collected Plaintiff's gun and the Evidentiary Bullets (*Id.* ¶¶ 92-93);

- Haag failed to match Plaintiff's gun as the source of the Evidentiary Bullets (*Id.* ¶ 94);

- On or about April 14, 2016, Haag issued a report stating that the results of the comparisons done by DPS were wrong and insufficient to constitute an identification (the "Haag Report") (*Id.* ¶ 95);

- On April 19, 2016, Plaintiff was released from jail (*Id.* ¶ 96);

- On April 22, 2016, the County filed a motion to dismiss the criminal case (*Id.* ¶ 97);

- On April 25, 2016, the Court dismissed the criminal case (*Id.* ¶ 98);

- On April 29, 2916, the Bureau of Alcohol issued a report finding that Plaintiff's gun and the Evidentiary Bullets contained insufficient marks of value for comparison (*Id.* ¶ 99).

The only reasonable inference to be drawn from these factual allegations is that the State believed, at least until the Haag Report dated April 14, 2016, that it had conclusively matched the Evidentiary Bullets to a gun Plaintiff owned and then pawned in very close proximity to the subject shootings. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419-20, 189 P.3d 344, 346-47 (2008). This provided the "reasonably trustworthy information of facts or circumstances sufficient to lead a reasonable man to believe" that the shootings had been committed and that Plaintiff had committed them. *Nelson,* 129 Ariz. at 585, 633 P.2d at 395.

Finally, Plaintiff dedicates a significant portion of his Opposition taking issue with the State's citation to *Slade v. City of Phoenix, 112 Ariz. 298, 299, 541 P.2d 550, 551 (1975)*. Opposition at 6:4-12, 6:22-24, 9:15-23. These arguments are red-herrings. The *Slade* court analyzed claims for false arrest, false detention, and malicious prosecution. While Plaintiff correctly notes that the *Slade* arrest was made with a warrant and thus it was not necessary to analyze probable cause with respect to the first two claims, the court's examination of probable cause in the context of malicious prosecution is both extensive and instructive here.[1]

As such, Plaintiff's claim for false arrest should be dismissed.

**B.    False Imprisonment**

Plaintiff again argues that the State has argued an improper burden of pleading in seeking the dismissal of Plaintiff's claim for false imprisonment and that the State lacked probable cause for Plaintiff's arrest and detention. For the reasons discussed above, Plaintiff's arguments do not spare this claim from dismissal.

**C.    Malicious Prosecution**

1.    The Prosecution was Founded in Probable Cause

As discussed in the Motion, under well-established Arizona law, probable cause *does not require* facts sufficient to convict. Motion at 7:10-12 (citing *e.g., Hansen,* 148 Ariz. at 207, 713 P.2d at 1265; *Reams,* 145 Ariz. at 343, 701 P.2d at 601.). The bar is much lower than that. And there is leeway within the concept of probable cause for subjective error. *Id.* at 7:12-14 (citing *State v. Pederson*, 102 Ariz. 60, 66, 424 P.2d 810, 816 (1967)). Plaintiff points to a number of allegations in his Complaint which set forth evidence the State allegedly failed to produce during the criminal case. Even assuming the State did not produce such evidence, this argument puts upon the State a higher burden than that required under the probable cause standard. *See* Section 1.A, *supra*.

/ / /

---

[1] In fact, *Slade* has been cited some 59 times by courts in the State of Arizona.

5

Here, the State's testing supported its reasonable belief that Plaintiff had committed the shootings. Although that testing was not supported by private examiners, that information, learned after additional testing, does not negate probable cause at the time of the arrest. Plaintiff acknowledges that the charges were dismissed after the additional testing results were reported. Complaint ¶¶ 93-95, 97, 98.

Plaintiff further argues that the following allegations negate any prudent person from reasonably believing that Plaintiff had committed the shootings:

- "The State criminalists intentionally relayed information to DPS personnel in a manner that lacked a scientific basis and violated their industry standards";

- "DPS knew that the crime lab had botched the identification";

- "Defendants knew from the PAWN database that it had been pawned by its owner on August 30, 2016 at approximately 5:30 p.m., more than four hours before the occurrence of Incident D" (emphasis omitted);

- "DPS fabricated evidence about the timeline to the Grand Jury"; and

- "Defendants knew that [Plaintiff] did not have access to his gun at the time of the fourth shooting incident."

Opposition at 8:15-9:2. But again, such conclusory, speculative "facts" are not of the kind the court is required to treat as true for purposes of this Motion. Plaintiff provides no <u>factual</u> support for these speculative musings other than: (1) the State's ballistics testing was allegedly not supported when subsequent testing was completed and reported by a third party many months after the fact; and (2) an alleged conflict in the timing of Plaintiff's sale of the gun and the final shooting, which Plaintiff implicitly acknowledges that the State believed occurred earlier than reported.

Perhaps Plaintiff's allegations would have met the old Federal standard established in *Conley v Gibson*, which allowed claims to proceed unless "it appear[e]d beyond doubt that the plaintiff can prove no set of facts in support of his claim." 355 U.S. 41, 78 (1957). But Arizona does not and never did follow that standard, as the Arizona Supreme Court specifically pointed out in *Cullen,* 218 Ariz. at 419-20, 189 P.3d at 346-47 (2008) (affirming dismissal of complaint based on speculative allegations). *Cullen* distinguished the overly

permissive *Conley* standard from Arizona's "reasonable inferences that can be drawn from well-pled facts" standard. *Id.*

Here, the only reasonable inferences to be drawn from the well-pled facts in Plaintiff's Complaint are: first, that the defendants believed DPS had matched the Evidentiary Bullets to Plaintiff's gun and second, that the defendants believed there was a logical explanation for any questions surrounding the timeline of events up until the point when the Haag Report failed to support the State's ballistic testing results. As Plaintiff has pled specific facts that support a finding of probable cause and failed to demonstrate that his speculative allegations can be reasonably inferred from these well-pled facts, the Court should find that the prosecution was founded in probable cause.

Finally, Plaintiff takes issue with the notion that the Grand Jury indictment supports the State's belief that the prosecution was founded in probable cause. Motion at 10:1-4. But this argument, albeit brief, misconstrues the argument made by the State and ignores the case law cited in its Motion. The State does not argue that the Grand Jury indictment insulates it from damages for malicious prosecution, but rather, that the Grand Jury indictment provides further support for the argument that the prosecution was not malicious because it was based on probable cause. *See* Motion at 10:10-19 (citing authority).[2]

### 2. The Prosecution Did Not Terminate in Plaintiff's Favor

The State's Motion acknowledges that Arizona employs no *per se* rule as to whether a voluntary dismissal of the underlying complaint is a favorable termination for purposes of a malicious prosecution claim. Motion at 10:20-22 (citing authority). Plaintiff's Opposition cites to a 1957 opinion of the Arizona Supreme Court for the proposition that the discharge of criminal proceedings is a final termination in favor of the accused, unless it appears that further proceedings have been instituted. Opposition at 11:1-10 (citing *Overson v. Lynch*, 83 Ariz. 158, 162, 317 P.2d 938, 950-951 (1957). *Overson* is easily distinguishable, however,

_____

[2] And again, the argument Plaintiff makes regarding the State's presentation to the Grand Jury is not supported by any well-pled facts, only speculation not reasonably inferred from those facts that are well-pled.

because in *Overson*, the criminal complaint was dismissed by the justice court and further prosecution was subsequently abandoned. 83 Ariz. 162, 317 P.2d 948. Here, the criminal proceeding was voluntarily dismissed on the prosecution's motion. Motion at 10:24-25.

In *Frey v. Stoneman*, 150 Ariz. 106, 110-111, 722 P.2d 274, 278-279 (1986), the Arizona Supreme Court addressed whether voluntary dismissal is a favorable termination, noting that it was a matter of first impression in Arizona though other forms of termination had been considered. As discussed in the State's Motion, the *Frey* court determined that there is no *per se* rule whether a voluntary dismissal of the underlying complaint is a favorable termination for purposes of a malicious prosecution claim. *Frey v. Stoneman*, 150 Ariz. 106, 110-111, 722 P.2d 274, 278-279 (1986). However, a termination prior to trial on the merits is favorable only if it "reflects on the merits of the matter." *Id.* Here, Defendant Maricopa County moved to dismiss the case voluntarily and without prejudice. Motion at 10:24-25. Plaintiff filed a Motion to Dismiss with Prejudice, which argued that prosecutors wrongfully sought dismissal without prejudice *to allow prosecutors more time to build a case* against Plaintiff, was denied. Motion at 11:5-9. As such, despite Plaintiff's conclusory allegation to the contrary, the criminal prosecution did not terminate in Plaintiff's favor.

As the Complaint demonstrates that Plaintiff cannot satisfy at least two elements of his claim for malicious prosecution, this claim should be dismissed.

### D. Negligence/Gross Negligence

Where there is probable cause for an arrest and prosecution, such acts do not form the basis for a claim for negligence or gross negligence. Motion 11:26-12:3. It is not material that the person arrested may turn out to be innocent and the arresting officer is not required to conduct a trial before determining whether or not the make the arrest. *Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156, 1158 (1978). In order to state a claim for negligence/gross negligence, Plaintiff must plead facts that establish that the conduct of law enforcement was outside the duty and standard of care required of them in that they had reason to believe that the information on which they based their arrest was not trustworthy. *Id*. Plaintiff argues that Arizona recognizes the tort of grossly negligent investigation and

negligence and/or gross negligence claims based on misconduct of law enforcement personnel. Opposition at 12:4-9. Plaintiff does not argue, nor do the cases he cites suggest, that a different standard applies to these types of claims (nor do the cases suggest a separate cause of action apart from negligence/gross negligence exists). As the Complaint establishes that Plaintiff's arrest and prosecution were founded in probable cause, the State's actions were not outside the standard of care and this claim should be dismissed.

### E. Intentional Infliction of Emotional Distress

Plaintiff implicitly acknowledges that a showing of probable cause would defeat his claim for intentional infliction of emotional distress ("IIED"). Opposition at 12:21-23. As set forth above and in the State's Motion, the Complaint establishes that Plaintiff's arrest and prosecution were based on probable cause. Accordingly, Plaintiff's claim for IIED should be dismissed.

### F. Aiding and Abetting Tortious Conduct

The tort of aiding and abetting cannot stand where there is no underlying tort. As Plaintiff has pled facts that defeat his remaining claims, this claim too must be dismissed.

## II. CONCLUSION

Plaintiff's own factual allegations reveal that the State's actions were founded in probable cause. For this reason, and for the reasons set forth herein and in the State's Motion, Plaintiff's Complaint should be dismissed.

RESPECTFULLY SUBMITTED this 21st day of December, 2016.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

**E-FILED** this 21st day of December, 2016, with the Clerk of the Superior Court.

9

55459546.4

**COPY** mailed this 21st day of December, 2016, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County and William Montgomery*

By: */s/ Dawn M. Coppens*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436                                           01/04/2017


                                                    CLERK OF THE COURT
HONORABLE DAVID B. GASS                                 L. Stogsdill
                                                          Deputy


LESLIE MERRITT JR.                          DAVID J DON

v.

STATE OF ARIZONA, et al.                    REBECCA N CAIN



                                            MICHELE M IAFRATE
                                            JASON D LAMM
                                            ULISES FERRAGUT JR.



RULING

The Court has read and considered the following:

- The Complaint filed September 13, 2016 (Docket # 1);
- Defendant State of Arizona's Rule 12(B)(6) Motion to Dismiss filed October 27, 2016 (Docket #12);
- Plaintiff's Response in Opposition to Defendant State of Arizona's Motion to Dismiss filed December 2, 2016 (Docket #17); and
- Defendant State of Arizona's Reply in Support of Rule 12(B)(6) Motion to Dismiss filed December 21, 2016 (Docket #18).

Analysis

Arizona is a notice pleading state. *See Coleman v. City of Mesa*, 284 P.3d 863, 867 (Ariz. 2012). A petition or complaint will survive dismissal if it states a claim on which relief can be granted. *See id.* All well-pled allegations are presumed true and all reasonable inferences are drawn from those alleged facts, "but mere conclusory statements are insufficient." *See id.*

CV 2016-013436                                                01/04/2017

Dismissal is appropriate "only if as a matter of law Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof." *See id.* **S**uch a finding is appropriate here.

A motion to dismiss must be resolved based on the pleadings. *See id.* If the parties raise matters outside the pleading, the motion to dismiss becomes a motion for summary judgment. *See id.* However, exhibits to a complaint or related public records are not outside the pleading, so such documents do not convert "a Rule 12(b)(6) motion into a summary judgment motion." *See id.* A motion to dismiss may be granted "only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *See id.*

Such a finding is not appropriate here. The Complaint presents sufficient "well-pled" facts to satisfy Plaintiff's burden as set forth in *Coleman*, 230 Ariz. at 356, 284 P.3d at 867. Defendants also argue matters outside the pleadings, including inferences that can be drawn from the facts alleged in the Complaint.

**IT IS THEREFORE ORDERED** denying Defendant State of Arizona's Rule 12(B)(6) Motion to Dismiss (Docket #12). Defendants shall file an answer to the complaint in accordance with the Arizona Rules of Civil Procedure.

**IT IS FURTHER ORDERED** denying Plaintiff's request for attorney fees and costs associated with responding to Defendant State of Arizona's Rule 12(B)(6) Motion to Dismiss (Docket #12). Any award of attorney fees and costs regarding this motion will abide the final resolution of this matter.

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>                   Defendants. | Case No. CV2016-013436<br><br>**DEFENDANT STATE OF ARIZONA'S<br>MOTION TO EXPEDITE RULING ON<br>MOTION TO STAY DEPOSITIONS<br>PENDING RULING ON MOTION TO<br>DISMISS AND MOTION TO QUASH<br>NOTICES OF DEPOSITION**<br><br>**(Assigned to the Honorable David Gass)** |

Defendant State of Arizona respectfully requests that the Court expedite consideration of the State's Motion to Stay Depositions Pending Ruling on Motion to Dismiss and Motion to Quash Notices of Deposition (the "Motion") filed concurrently herewith. Expedited relief is appropriate as Plaintiff has noticed the depositions of two key party witnesses for January 26 and 27, 2016 and has indicated his intent to notice the depositions of 2-3 additional witnesses in the coming weeks. The State's Motion requests

1

the Court stay depositions and quash the outstanding notices pending determination of the State's Motion to Dismiss, fully briefed as of December 21, 2016, and pending a Rule 16 Scheduling Conference. An expedited ruling will permit the parties and witnesses to economize time and resources. There are no outstanding Court-ordered pre-trial deadlines that will be impacted by the requested stay. The State therefore respectfully requests that the Court grant expedited relief on the Motion.

RESPECTFULLY SUBMITTED this 5th day of January, 2017.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

**E-FILED** this 5th day of January, 2017, with the Clerk of the Superior Court.

**COPY** mailed this 5th day of January, 2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

2

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*
Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*


By: */s/Dawn M. Coppens*_____

55674724.1

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No. CV2016-013436 |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER RE DEFENDANT STATE OF ARIZONA'S MOTION TO EXPEDITE RULING ON MOTION TO STAY DEPOSITIONS PENDING RULING ON MOTION TO DISMISS AND MOTION TO QUASH NOTICES OF DEPOSITION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | |
| Defendants. | **(Assigned to the Honorable David Gass)** |

Pursuant to Defendant State of Arizona's Motion to Expedite Ruling on Motion to Stay Depositions Pending Ruling on Motion to Dismiss and Motion to Quash Notices of Deposition, and for good cause appearing,

IT IS ORDERED that the Motion to Expedite Ruling on Motion to Stay Depositions Pending Ruling on Motion to Dismiss and Motion to Quash Notices of Deposition is granted.

1

IT IS FURTHER ORDERED that Plaintiff shall file a response no later than _____, 2017 and that Defendants shall file a reply by _____, 2017.

DATED this _____ day of _____, 2017.

_____
Honorable David Gass

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>                    Defendants. | Case No. CV2016-013436<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION TO STAY DEPOSITIONS PENDING RULING ON MOTION TO DISMISS**<br><br>**-AND-**<br><br>**MOTION TO QUASH NOTICES OF DEPOSITION**<br><br>**(EXPEDITED DISPOSITION REQUESTED)**<br><br>**(Assigned to the Honorable David Gass)** |

        Defendant State of Arizona respectfully requests that the Court stay depositions in

this matter pending resolution of the State's Motion to Dismiss ("MTD"), filed October 27,

1

2016 and pending a Rule 16 Scheduling Conference. Additionally, the State asks the Court to Quash the two Notices of Deposition Plaintiff served on two key party witnesses. The State's request is made pursuant to Rules 1 and 16 of the Arizona Rules of Civil Procedure and the Court's inherent powers. Staying depositions in this proceeding until resolution of the MTD will serve the interests of judicial economy and avoid undue hardship and prejudice to the State.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION**

Plaintiff filed his Complaint for, among other things, false arrest and malicious prosecution, on September 13, 2016. Co-Defendants Maricopa County and William Montgomery filed their Answer on October 26, 2016. On October 27, 2016, the State timely moved to dismiss all claims, pursuant to Arizona Rule of Civil Procedure 12(b)(6) (the "MTD"). Shortly thereafter, Plaintiff requested and the State agreed to extend the deadline for Plaintiff's response to the MTD through December 2, 2016. <u>Exhibit 1</u>, p. 2.

In mid-November, Plaintiff requested to take the depositions of Deputy County Attorneys Vanessa Losicco Cuevas and Ed Leiter (the "County Attorneys"). <u>Exhibit 2</u>, p. 6. During those discussions, the State made clear its objection to the depositions proceeding at such an early stage in the case.[1] *Id.* at p. 1. On December 9, 2016, Plaintiff served Notices of Deposition, setting the County Attorneys' depositions for January 26 and 27. <u>Exhibit 3</u>.

Subsequent to service of the Notices of Deposition, the parties continued to correspond regarding the depositions. *See, e.g.*, <u>Exhibit 4</u>. Further, on December 20, 2016, Plaintiff requested counsel's availability for 2-3 "civilian witness" depositions. <u>Exhibit 5</u>. Plaintiff did not identify the proposed witnesses, nor had Plaintiff served any disclosure statement at this time. The State objected to Plaintiff's request for non-party depositions of unidentified witnesses citing the fact that the State's MTD had yet to be resolved, disclosure statements were yet to be exchanged, and the State could not evaluate the request pursuant to Rule 30(a) without the identities of the witnesses. <u>Exhibit 4</u>, p. 1.

---

[1] Co-Defendants also objected to the depositions for a variety of reasons.

Plaintiff served his Rule 26.1 Initial Disclosure Statement on December 22, 2016.[2]

On December 29, 2016, the parties met and conferred to discuss case management pursuant to Rule 16(b). At that time, the parties conferred regarding the currently-noticed County Attorney depositions and the additionally requested non-party depositions. The parties agreed at that time to request a scheduling conference with the Court.[3] The parties further agreed that Defendants would serve their Initial Disclosures by January 31, 2017. The parties, however, did not agree that depositions should be postponed pending resolution of the MTD and pending a scheduling conference with the Court.

## II.     LEGAL ARGUMENT

### A.     This Court has the Power to Order a Stay as the Circumstances Warrant.

This Court has independent, broad discretion to manage its docket, and therefore it holds the power to stay proceedings. *See F. C. Y. Const. & Equip. Co. v. Superior Court, In & For Yavapai Cnty.*, 24 Ariz. App. 596, 597 (1975) (discussing court's discretion to grant a stay absent an authorizing statute and upon a "proper showing of necessity."); *Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 130 (Ct. App. 1996) (finding that staying a state court action while its corresponding federal action pends avoids increased costs to the parties, the burden on judicial resources, piecemeal litigation, and conflicting judgments). Here, the State does not request a broad stay of proceedings, or even discovery, but rather, a more narrow stay of depositions pending the resolution of the State's MTD and/or until the Court has the opportunity to address the issue with the parties during a scheduling conference pursuant to Rule 16.

---

[2] Plaintiff's Initial Disclosure listed some 97 witnesses.

[3] The Parties will timely file their Joint Report, with request for a scheduling conference, on January 10, 2017.

**B.** **Staying the Depositions Will Conserve Witness Time and the Parties' Resources.**

A stay will serve the interests of judicial economy, conserving the resources of both the parties, witnesses, and, potentially, the Court. The County Attorneys whose depositions have been noticed are believed to have been two of the primary responsible parties in the prosecution of Plaintiff on behalf of the Maricopa County Attorneys' Office. As such, these witnesses are expected to be key witnesses in the trial of this matter and the issues about which these witnesses have knowledge and are expected to testify are inextricably intertwined with issues relevant to the State's defense of this action.

The additional non-party depositions Plaintiff has requested are premature prior to Plaintiff's identification of the witnesses, sufficient disclosure and discovery to allow Defendants to evaluate the requests pursuant to Rule 30(a), without the agreement of all parties, and prior to the anticipated scheduling conference at which the parties anticipate addressing such matters with the Court.

If any of these depositions proceed prior to sufficient disclosure, document exchange, and written discovery and prior to the resolution of the State's MTD, the State will be prejudiced in two key ways. First, the State will not have ample opportunity to prepare for these depositions, including the review of documents yet to be produced. As such, the witnesses will almost certainly be required to appear unnecessarily for a second round of depositions. Second, the State will be forced to incur the costs of preparation and participation in the depositions while there remains a possibility that Plaintiff's claims against the State could be dismissed.

Finally, Plaintiff has represented that he will oppose any request for a stay of depositions, but Plaintiff will suffer no prejudice delaying these depositions for a short time to allow for the parties and the Court to better plan and manage this litigation.

**C.** **The Outstanding Notices of Deposition Should be Quashed**

For the same reason that all depositions should be stayed, the Court should quash the outstanding Notices of Deposition for the County Attorneys. Further, Rule 30(a)(1) provides that a party may depose any *party*, any disclosed expert witness, and any records

4

custodian. Rule 30(a)(1) further provides that "[u]nless *all parties* agree or the court orders otherwise for good cause, a party may not depose any other person." Ariz. R.Civ. P. 30(a)(1). Here, the County Attorneys are not parties, expert witnesses, or records custodians. Therefore, Plaintiff cannot depose the County Attorneys without agreement of all parties or an order of the Court. The State does not agree to these depositions. As such, Plaintiff cannot depose the County Attorneys absent an order of this Court.

## III.    CONCLUSION

Because the State will be prejudiced if the depositions of the County Attorneys and additional non-party witnesses proceed at this early juncture, the State respectfully requests that: (1) all depositions be stayed pending resolution of the State's MTD and a scheduling conference before the Court, and (2) that the outstanding Notices of Deposition related to Assistant County Attorneys Losicco Cuevas and Leiter be quashed.

RESPECTFULLY SUBMITTED this 5th day of January, 2017.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

**E-FILED** this 5th day of January, 2017,
with the Clerk of the Superior Court.

**COPY** mailed this 5th day of January,
2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*
Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*


By: */s/ Dawn M. Coppens*

55624208.1

# Exhibit 1

| | |
|---|---|
| **From:** | Jason Lamm <jlamm@cyberlawaz.com> |
| **Sent:** | Monday, October 31, 2016 12:08 PM |
| **To:** | Rebecca Cain |
| **Cc:** | Edward F. Novak; Melissa Ho; 'david@azcivilrights.com'; Kathryn Miller |
| **Subject:** | RE: Merritt v. DPS |

That looks great, Rebecca. Thanks for drafting it. You are more than welcome to sign on my behalf and file.

As I mentioned in the email below, I don't expect to need until December 2nd. Even if we file earlier than the deadline, we would not seek to shorten the time for your reply and would leave the deadline of December 21st, as is contemplated in the stipulation. I trust this works for you.

Regards,
Jason

## Jason D. Lamm

Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
www.thephoenixcriminalattorney.com

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by email response and delete this communication. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that, to the extent this communication (or any attachment) concerns any tax matter, it was not written to be (and may not be) relied upon to (1) avoid tax-related penalties under the Internal Revenue Code, or (2) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment). Thank you.



*Please consider the environment before printing this email.*

---

**From:** Rebecca Cain [mailto:rcain@polsinelli.com]
**Sent:** Monday, October 31, 2016 12:01 PM
**To:** Jason Lamm
**Cc:** Edward F. Novak; Melissa Ho
**Subject:** RE: Merritt v. DPS

Jason,

Per your emails with Ed over the weekend, I have prepared the attached draft Notice of Extension regarding the response and reply deadlines related to the State's Motion to Dismiss. I've allowed through December 2 for the response and through December 21 for the reply.

Let me know if I can sign on your behalf and file.

Best,
Rebecca

**Rebecca Cain (Lumley)**
*Attorney*

rcain@polsinelli.com
**602.650.2072**
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568
polsinelli.com



Polsinelli PC, Polsinelli LLP in California

---

**From:** Jason Lamm [mailto:jlamm@cyberlawaz.com]
**Sent:** Sunday, October 30, 2016 7:13 AM
**To:** Edward F. Novak
**Cc:** Melissa Ho; Kathryn Miller; David J Don; Ulises Ferragut
**Subject:** Merritt v. DPS

Ed / Melissa,

We are in receipt of your MTD dated October 27th. We estimate the response due to be due by November 11th. With the understanding of the reciprocal laissez faire position that we will take should you need extensions in which to respond to our future filings, and because (1) David is on his way out of the country, (2) I am getting ready for a hairy trial, and (3) there is no way that Judge Gass will set the motion for a hearing until after the first of the year, are you amenable to extending the deadline to Friday December 2nd?

Realistically, the response will be filed long before this date. But given that Thanksgiving intervenes, I thought it better to leave somewhat of a cushion. Please let us know your position.

Also, I told Melissa that our 26.1 was in the works and that I wanted to get it to you as soon as possible. As an update, we are still working on it, however given the number of documents and witnesses, it is taking some time. Our goal is to provide you with a detailed disclosure, as opposed to something generic and *pro forma*, so that you can meaningfully evaluate our case.

I hope this finds you both doing well. Enjoy the rest of your weekend.

Regards,
Jason

Jason D. Lamm, Esq.

Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
http://www.thephoenixcriminalattorney.com

This email is privileged and confidential. Why - because federal and state law say so. If you know you shouldn't be reading this email but are anyway, it would be a really good idea to delete it and pretend you never saw it. You avoid a lot of bad things that could happen to you if you don't.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

# Exhibit 2

| | |
|---|---|
| **From:** | Edward F. Novak |
| **Sent:** | Thursday, December 01, 2016 3:05 PM |
| **To:** | Jason Lamm; Jill Lafornara |
| **Cc:** | Michele Iafrate; Kathryn Miller; david@azcivilrights.com; Ulises Ferragut; Vanessa Trevino (vanessa@ferragutlaw.com); Melissa Ho; Rebecca Cain |
| **Subject:** | RE: Merritt v. State of Arizona, et al. |

Jason,

To be clear, while we are available both days, we may object to depositions this early. If we have objections we will make them early next week at the latest.

Ed

**From:** Edward F. Novak
**Sent:** Thursday, December 01, 2016 2:59 PM
**To:** 'Jason Lamm'; Jill Lafornara
**Cc:** Michele Iafrate; Kathryn Miller; david@azcivilrights.com; Ulises Ferragut; Vanessa Trevino (vanessa@ferragutlaw.com); Melissa Ho; Rebecca Cain
**Subject:** RE: Merritt v. State of Arizona, et al.

Jason,

We can be available on either day.

Ed

**From:** Jason Lamm [mailto:jlamm@cyberlawaz.com]
**Sent:** Thursday, December 01, 2016 2:20 PM
**To:** Jill Lafornara
**Cc:** Michele Iafrate; Edward F. Novak; Kathryn Miller; david@azcivilrights.com; Ulises Ferragut; Vanessa Trevino (vanessa@ferragutlaw.com); Melissa Ho; Rebecca Cain
**Subject:** RE: Merritt v. State of Arizona, et al.

Ed, Melissa, Rebecca? Have not heard from you on this issue. Please advise.

**From:** Jill Lafornara [mailto:JLafornara@iafratelaw.com]
**Sent:** Thursday, December 01, 2016 2:19 PM
**To:** Jason Lamm
**Cc:** Michele Iafrate; enovak@polsinelli.com; Kathryn Miller; david@azcivilrights.com; Ulises Ferragut; Vanessa Trevino (vanessa@ferragutlaw.com)
**Subject:** RE: Merritt v. State of Arizona, et al.

I discussed with Michele and please leave one on each day. Is DPS's co-counsel available on these dates as well?

Thank you.

Jill Lafornara, Legal Assistant to

Michele M. Iafrate
IAFRATE & ASSOCIATES
649 N. 2nd Avenue
Phoenix, Arizona 85003
(602) 234-9775
Fax: (602) 254-9733

********CONFIDENTIALITY NOTICE********

This communication may contain information that is legally privileged. Do not read this communication if you are not the intended recipient.

This communication, and any documents, files, or E-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone at (602) 234-9775 and destroy the original and its attachments without reading or saving them in any matter. THANK YOU.

**From:** Jason Lamm [mailto:jlamm@cyberlawaz.com]
**Sent:** Thursday, December 01, 2016 2:04 PM
**To:** Jill Lafornara <JLafornara@iafratelaw.com>
**Subject:** FW: Merritt v. State of Arizona, et al.

Any update on this?

---

**From:** Jason Lamm
**Sent:** Tuesday, November 29, 2016 4:58 PM
**To:** 'Jill Lafornara'
**Subject:** RE: Merritt v. State of Arizona, et al.

Hi Jill,

I totally get it given her trial schedule. The reality is that criminal trials don't often go as scheduled.

For now, why don't we do the 26th and 27th with the understanding that **if** Vanessa's trial gets bumped we can move her to Thursday as well. We should know several weeks ahead of the depo. Make sense? Let me know if this is feasible and then I'll reply to all to confirm.

Thanks for working with us.

--Jason

p.s. Tell Vanessa I said to make a decent plea offer and her trial will go away. ☺ (We're long time friends and colleagues)

---

**From:** Jill Lafornara [mailto:JLafornara@iafratelaw.com]
**Sent:** Tuesday, November 29, 2016 3:09 PM

**To:** Jason Lamm
**Subject:** RE: Merritt v. State of Arizona, et al.

Ms. Cuevas' has a trial scheduled for the month of January starting on the 9th and can only have her deposition on a Friday in January. She has obligations to attend to on January 13th and 20th of January, so it left January 27th.

Jill

**From:** Jason Lamm [mailto:jlamm@cyberlawaz.com]
**Sent:** Tuesday, November 29, 2016 3:02 PM
**To:** Jill Lafornara <JLafornara@iafratelaw.com>
**Cc:** Michele Iafrate <MIafrate@iafratelaw.com>; enovak@polsinelli.com; Kathryn Miller <kmiller@cyberlawaz.com>; david@azcivilrights.com; Ulises Ferragut <ulises@ferragutlaw.com>; Vanessa Trevino (vanessa@ferragutlaw.com) <vanessa@ferragutlaw.com>
**Subject:** RE: Merritt v. State of Arizona, et al.

In conferring with co-counsel, is it possible to do both on 1/26 so we can get them out of the way?

**From:** Jill Lafornara [mailto:JLafornara@iafratelaw.com]
**Sent:** Tuesday, November 29, 2016 2:26 PM
**To:** Jason Lamm
**Cc:** Michele Iafrate; enovak@polsinelli.com; Kathryn Miller; david@azcivilrights.com; Ulises Ferragut; Vanessa Trevino (vanessa@ferragutlaw.com)
**Subject:** RE: Merritt v. State of Arizona, et al.

Dear Mr. Lamm:

I communicated with Mr. Leiter regarding taking his deposition on January 27, 2017 at 1:30 p.m. Unfortunately, Mr. Leiter is not available on January 27th, but is available on January 26th. If we could have Mr. Leiter's deposition on January 26th and Ms. Cuevas' deposition on January 27th, it would be much appreciated.

Thank you.

Jill Lafornara, Legal Assistant to
Michele M. Iafrate
IAFRATE & ASSOCIATES
649 N. 2nd Avenue
Phoenix, Arizona 85003
(602) 234-9775
Fax: (602) 254-9733

********CONFIDENTIALITY NOTICE********

This communication may contain information that is legally privileged. Do not read this communication if you are not the intended recipient.

This communication, and any documents, files, or E-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this communication is STRICTLY PROHIBITED. If you have received this

communication in error, please immediately notify us by telephone at (602) 234-9775 and destroy the original and its attachments without reading or saving them in any matter.  THANK YOU.

---

**From:** Jason Lamm [mailto:jlamm@cyberlawaz.com]
**Sent:** Tuesday, November 29, 2016 12:41 PM
**To:** Jill Lafornara <JLafornara@iafratelaw.com>
**Cc:** Michele Iafrate <MIafrate@iafratelaw.com>; enovak@polsinelli.com; Kathryn Miller <kmiller@cyberlawaz.com>; david@azcivilrights.com; Ulises Ferragut <ulises@ferragutlaw.com>; Vanessa Trevino (vanessa@ferragutlaw.com) <vanessa@ferragutlaw.com>
**Subject:** RE: Merritt v. State of Arizona, et al.

Jill,

We are available on 1/27/17 for Vanessa Cueva's (Losicco's) deposition.  If possible, we'd like to take Ed's the same date; perhaps at 1:30 p.m.

We will send out the Notices in due course and specify the location at that time.  It really comes down to how much space we need.

Thanks very much,
-Jason


# Jason D. Lamm

Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
www.thephoenixcriminalattorney.com

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify me immediately by email response and delete this communication.  IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that, to the extent this communication (or any attachment) concerns any tax matter, it was not written to be (and may not be) relied upon to (1) avoid tax-related penalties under the Internal Revenue Code, or (2) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment). Thank you.



*Please consider the environment before printing this email.*

---

**From:** Jill Lafornara [mailto:JLafornara@iafratelaw.com]
**Sent:** Tuesday, November 29, 2016 11:14 AM
**To:** Jason Lamm

**Cc:** Michele Iafrate; enovak@polsinelli.com; Kathryn Miller; david@azcivilrights.com
**Subject:** RE: Merritt v. State of Arizona, et al.

Dear Mr. Lamm:

I am responding to your request to take the depositions of Mr. Leiter and Ms. Cuevas. January 16, 2017 is a federal holiday, Martin Luther King/Civil Rights day. January 17, 2017, Ms. Iafrate is not available.

Ms. Cuevas and Ms. Iafrate are available on January 27, 2017 at 9:00 a.m. to have Ms. Cuevas' deposition taken. I am waiting for a response back from Mr. Leiter, but will let you know his availability as soon as I receive it.

Would you please let me know if the depositions will be held at your office or at one of the other attorneys' offices that are representing Plaintiff.

Thank you in advance for your attention to this matter.

Jill Lafornara, Legal Assistant to
Michele M. Iafrate
IAFRATE & ASSOCIATES
649 N. 2nd Avenue
Phoenix, Arizona 85003
(602) 234-9775
Fax: (602) 254-9733

********CONFIDENTIALITY NOTICE********

This communication may contain information that is legally privileged. Do not read this communication if you are not the intended recipient.

This communication, and any documents, files, or E-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone at (602) 234-9775 and destroy the original and its attachments without reading or saving them in any matter. THANK YOU.

**From:** Jason Lamm <jlamm@cyberlawaz.com>
**Date:** November 29, 2016 at 6:31:44 AM MST
**To:** Michele Iafrate <MIafrate@iafratelaw.com>, "enovak@polsinelli.com" <enovak@polsinelli.com>
**Cc:** Kathryn Miller <kmiller@cyberlawaz.com>, "david@azcivilrights.com" <david@azcivilrights.com>
**Subject: Re: Merritt v. State of Arizona, et al.**

Good Morning:

We have not heard back from anyone concerning the scheduling of the depositions of DCA's Leiter and Losicco. Please advise us as to your availability on the proposed dates.

If by the end of business this Friday, December 2, 2016, we do not have a response, we will notice the depositions on the proposed dates.

Thank you for your prompt attention to this matter.

Jason D. Lamm, Esq.

Law Office of Jason Lamm

Biltmore Corporate Park

6245 N. 24th Parkway, Suite 208

Phoenix, Arizona 85016

(602) 222-9237

(602) 222-2299 Facsimile

jlamm@cyberlawaz.com

http://www.thephoenixcriminalattorney.com

This email is privileged and confidential. Why - because federal and state law say so. If you know you shouldn't be reading this email but are anyway, it would be a really good idea to delete it and pretend you never saw it. You avoid a lot of bad things that could happen to you if you don't.

**From:** Jason Lamm
**Sent:** Friday, November 18, 2016 1:11:38 PM
**To:** Michele Iafrate; enovak@polsinelli.com
**Cc:** Kathryn Miller; david@azcivilrights.com; Jason Lamm
**Subject:** Merritt v. State of Arizona, et al.

Counsel,

We would like to depose DCA Ed Leiter and DCA Vanessa Losicco. Please let us know if either January 16th or 17th will work. We should be able to do both depositions in one day.

My apologies if this is a duplicate email from yesterday.  I am working out an IT issue.

Thanks,

# Jason D. Lamm

Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
www.thephoenixcriminalattorney.com

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify me immediately by email response and delete this communication.  IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that, to the extent this communication (or any attachment) concerns any tax matter, it was not written to be (and may not be) relied upon to (1) avoid tax-related penalties under the Internal Revenue Code, or (2) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment). Thank you.



*Please consider the environment before printing this email.*

# Exhibit 3

| | |
|---|---|
| **From:** | David J. Don <david@azcivilrights.com> |
| **Sent:** | Friday, December 09, 2016 4:45 PM |
| **To:** | Edward F. Novak; Melissa Ho; Rebecca Cain; Michele Iafrate; Kathryn Miller; Jason Lamm |
| **Subject:** | Merritt v State, et. al.- Notices of Deposition - Leiter and Cuevas |
| **Attachments:** | Notice of Depositions Leiter and Cuevas.pdf |

All counsel,

You should please find attached Notices of Deposition for DCA Leiter and Cuevas. Originals to follow by mail.

Thanks,
David

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Ste. B-100
Phoenix, AZ 85012
Tel: 480.948.1212
Fax: 480.696.7756
Email: david@azcivilrights.com
Web: www.azcivilrights.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to info@azcivilrights.com.

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CV2016-013436 |
| Plaintiff, | |
| vs. | **NOTICE OF DEPOSITION OF EDWARD LEITER, ESQ.** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | (Assigned to Hon David Gass) |
| Defendants. | |

**YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30, Arizona Rules of Civil Procedure, the videotaped deposition, upon oral examination, will be taken of the person on the date and time set forth below.

-1-

| | |
|---|---|
| PERSON TO BE EXAMINED: | **Edward Leiter, Esq.** |
| DATE AND TIME OF DEPOSITION: | **January 26, 2017 at 9 a.m.** |

PLACE OF DEPOSITION:

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212

METHOD OF RECORDING:          By stenography

DOCUMENTS TO BE PRODUCED AT TIME OF DEPOSITION:

**See Exhibit A attached.**

The undersigned certifies that copies of this notice have been served on the below date as follows:

Served by: [x] e-mailing and mailing [ ] delivering a copy to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:

# EXHIBIT A

YOU ARE COMMANDED to produce these documents, books, papers, electronically stored information, or tangible things:

1.    Any documents in your possession relating to Leslie Merritt, Jr.

1  Jason D. Lamm (018454)
   Law Office of Jason Lamm
2  6245 North 24th Pkwy, Ste. 208
3  Phoenix, AZ 85016-2030
   Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email: jlamm@cyberlawaz.com
5
6  David J. Don (016462)
   LAW OFFICE OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Suite B-100
   Phoenix, Arizona 85012
8  Tel: 480-948-1212
   Fax: 480-696-7756
9  Email: david@azcivilrights.com

10 *Attorneys for Plaintiff Leslie Merritt, Jr.*

11

12       IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

13            IN AND FOR THE COUNTY OF MARICOPA

14

15 LESLIE MERRITT, JR., a single man,   )  Case No.:  CV2016-013436
                                        )
16           Plaintiff,                 )
                                        )     **NOTICE OF DEPOSITION**
17      vs.                             )   **OF VANESSA MARIE LOSICCO**
                                        )        **CUEVAS, ESQ.**
18 STATE OF ARIZONA, a body politic;    )
19 BILL MONTGOMERY, the elected         )     (Assigned to Hon David Gass)
   Maricopa County Attorney;            )
20 MARICOPA COUNTY, a body politic;     )
21 JOHN DOES I-X; JANE DOES I-X;        )
   ABC PARTNERSHIPS I-X and XYZ         )
22 CORPORATIONS I-X.                    )
                                        )
23           Defendants.                )
   _____  )

24 **YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30, Arizona Rules of Civil
25 Procedure, the videotaped deposition, upon oral examination, will be taken of the person on the
   date and time set forth below.
26

                                    -1-

| | |
|---|---|
| PERSON TO BE EXAMINED: | **VANESSA MARIE LOSICCO CUEVAS, ESQ.** |

DATE AND TIME OF DEPOSITION:     **January 27, 2017 at 9 am.**

PLACE OF DEPOSITION:

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212

METHOD OF RECORDING:     By stenography

DOCUMENTS TO BE PRODUCED AT TIME OF DEPOSITION:

**See Exhibit A attached.**

The undersigned certifies that copies of this notice have been served on the below date as follows:

Served by: [x] e-mailing and mailing [ ] delivering a copy to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:

# EXHIBIT A

YOU ARE COMMANDED to produce these documents, books, papers, electronically stored information, or tangible things:

    1.     Any documents in your possession relating to Leslie Merritt, Jr.

# Exhibit 4

# Rebecca Cain

**From:** Rebecca Cain
**Sent:** Thursday, December 22, 2016 11:40 AM
**To:** 'David J. Don'; Jill Lafornara
**Cc:** Michele Iafrate; Cari Shehorn; Jason Lamm; Ulises Ferragut; Edward F. Novak; Melissa Ho; Kathryn Miller
**Subject:** RE: Montgomery, et al. adv. Merritt-Correspondence re Rule 16(b)(2)

All,

We are available for a meet and confer either this afternoon or after 10a.m. December 28 or 29.

As you are aware, the State's Motion to Dismiss is still pending. As such, we believe the Rule 16 Scheduling order, and the dates proposed therein, is premature. We will provide our positions as to the specific issues outlined in the draft scheduling order and report, but our position will be that this discussion is premature as we cannot predict when the State's Motion will be resolved or what the outcome will be.

As we have previously communicated, we also believe depositions are premature at this early juncture in the case, particularly where the State's Motion is still pending, no disclosure statements have been exchanged, no Rule 16 order has issued, etc. Notably, Plaintiff has requested counsel's availability for depositions of witnesses that have yet to be disclosed or even identified. This severely prejudices the State's ability to prepare for any such depositions in a meaningful fashion, and runs the risk that these witnesses be required to sit for more than one deposition in this matter. The State is generally prejudiced by any attempt to take depositions during the pendency of its Motion. Further, as noted by the County, the proposed non-party depositions are procedurally improper at this juncture pursuant to Rule 30(a). If Plaintiff will not agree to withdraw the outstanding notices and intends to continue to attempt to schedule depositions, we intend to move for a stay of discovery/to quash the depositions on the basis they are premature and procedurally improper.

Please let us know when you would like to meet and confer.

Best,
Rebecca

**Rebecca Cain (Lumley)**
*Attorney*

rcain@polsinelli.com
**602.650.2072**
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568
polsinelli.com



Polsinelli PC, Polsinelli LLP in California

**From:** David J. Don [mailto:david@azcivilrights.com]
**Sent:** Tuesday, December 20, 2016 5:33 PM
**To:** Jill Lafornara
**Cc:** david@azcivilrights.com; Michele Iafrate; Cari Shehorn; Jason Lamm; Ulises Ferragut; Edward F. Novak; Melissa Ho;

1

Rebecca Cain; Kathryn Miller
**Subject:** Re: Montgomery, et al. adv. Merritt-Correspondence re Rule 16(b)(2)

All counsel,

You should please find attached a draft of Plaintiff's proposed Joint Report and Proposed Rule 16 Order. These documents can guide our discussions as we prepare to finalize them for filing by January 10, 2017.

Please indicate your availability for a phone conference to satisfy our meet and confer requirements.

Thanks,
David

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Ste. B-100
Phoenix, AZ 85012
Tel: 480.948.1212
Fax: 480.696.7756
Email: david@azcivilrights.com
Web: www.azcivilrights.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to info@azcivilrights.com.

On Tue, Dec 20, 2016 at 12:24 PM, Jill Lafornara <JLafornara@iafratelaw.com> wrote:

Dear Mr. Don:


Please find attached correspondence from Michele Iafrate regarding Rule 16(b)(2) meet and confer. The original is being sent via U.S. mail.


Thank you.


Jill Lafornara, Legal Assistant to

Michele M. Iafrate

IAFRATE & ASSOCIATES

649 N. 2nd Avenue

Phoenix, Arizona 85003

(602) 234-9775

Fax: (602) 254-9733

********CONFIDENTIALITY NOTICE********

This communication may contain information that is legally privileged. Do not read this communication if you are not the intended recipient.

This communication, and any documents, files, or E-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone at (602) 234-9775 and destroy the original and its attachments without reading or saving them in any matter. THANK YOU.

# Exhibit 5

# Rebecca Cain

| | |
|---|---|
| **From:** | Jason Lamm <jlamm@cyberlawaz.com> |
| **Sent:** | Tuesday, December 20, 2016 8:43 AM |
| **To:** | MIafrate@iafratelaw.com; Edward F. Novak |
| **Cc:** | Rebecca Cain; Melissa Ho; David J. Don; Kathryn Miller |
| **Subject:** | Merritt v. Arizona, et al / Depo Dates |

Good Morning,

David and I are soliciting 2 or 3 slots on which all counsel would be available for civilian witness depositions. All are fact witnesses, so I don't anticipate needing more than 2 hours. Perhaps we could schedule as many as 3 in one day.

We look forward to hearing from you. Our best wishes to you for a happy and healthy holiday season and new year.

--Jason

Jason D. Lamm, Esq.
Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
http://www.thephoenixcriminalattorney.com

This email is privileged and confidential. Why - because federal and state law say so. If you know you shouldn't be reading this email but are anyway, it would be a really good idea to delete it and pretend you never saw it. You avoid a lot of bad things that could happen to you if you don't.

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No. CV2016-013436 |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER RE DEFENDANT STATE OF ARIZONA'S MOTION TO STAY DEPOSITIONS PENDING RULING ON MOTION TO DISMISS AND MOTION TO QUASH NOTICES OF DEPOSITION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | |
| | **(Assigned to the Honorable David Gass)** |
| Defendants. | |

Pursuant to Defendant State of Arizona's Motion to Stay Depositions Pending Ruling on Motion to Dismiss and Motion to Quash Notices of Deposition, and for good cause appearing,

IT IS ORDERED that the Motion to Stay Depositions Pending Ruling on Motion to Dismiss is granted.

IT IS FURTHER ORDERED that the Motion to Quash Notices of Deposition is

1

granted.

DATED this _____ day of _____, 2017.

_____
Honorable David Gass

55675521.1

1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
   mho@polsinelli.com
3  Rebecca N. Cain (#025604)
   rcain@polsinelli.com
4
   **POLSINELLI PC**
5  CityScape
   One East Washington Street, Suite 1200
6  Phoenix, AZ 85004
   Phone: (602) 650-2000 │ Fax: (602) 264-7033
7
8  *Attorneys for Defendant State of Arizona*
9
10      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11           **IN AND FOR THE COUNTY OF MARICOPA**

12
13  LESLIE MERRITT, JR., a single man,        Case No. CV2016-013436

14                      Plaintiff,

15  vs.                                        **DEFENDANT STATE OF ARIZONA'S
                                               NOTICE OF CLARIFICATION
16  STATE OF ARIZONA, a body politic;          REGARDING MOTION TO STAY
    BILL MONTGOMERY, the elected               DEPOSITIONS PENDING RULING ON
17  Maricopa County Attorney;                  MOTION TO DISMISS AND MOTION TO
    MARICOPA COUNTY, a body politic;           QUASH NOTICES OF DEPOSITION
18  JOHN DOES I-X; JANE DOES I-X;
    ABC PARTNERSHIPS I-X and XYZ
19  CORPORATIONS I-X,                          **(Assigned to the Honorable David Gass)**
20
21                      Defendants.

22
23          Given the Court's Ruling denying the State's Motion to Dismiss, filed January 6,

24  2017, Defendant State of Arizona files this clarification regarding its Motion to Stay

25  Depositions Pending Resolution of Motion to Dismiss and Motion to Quash Deposition

26  Notices (the "Motion"). As set forth in the Motion, the State requested that the Court stay

27  depositions in this matter and quash certain outstanding Notices of Deposition pending

28  resolution of the State's Motion to Dismiss <u>and</u> pending a Rule 16 Scheduling Conference.

                                          1

For the reasons set forth in the Motion, the State maintains that depositions should be stayed pending a Scheduling Conference before this Court.[1]

RESPECTFULLY SUBMITTED this 6th day of January, 2017.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

**E-FILED** this 6th day of January, 2017, with the Clerk of the Superior Court.

**COPY** mailed this 6th day of January, 2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com
*Attorneys for Plaintiff Leslie Merritt, Jr.*

---

[1] In light of the denial of the Motion to Dismiss, the stay will further allow the State the opportunity to file its answer prior to commencing depositions.

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County*
*and William Montgomery*


By: */s/Dawn M. Coppens*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436                                                01/09/2017

                                              CLERK OF THE COURT
HONORABLE DAVID B. GASS                             L. Stogsdill
                                                      Deputy

LESLIE MERRITT JR.                          DAVID J DON

v.

STATE OF ARIZONA, et al.                    REBECCA N CAIN


                                            MICHELE M IAFRATE
                                            EDWARD F NOVAK
                                            ULISES FERRAGUT JR.
                                            JASON D LAMM


                            MINUTE ENTRY


        The court has received the State of Arizona's Motion to Stay Depositions Pending Ruling
on Motion to Dismiss and Motion to Quash Notices of Deposition (Expedited Disposition
Requested) filed January 5, 2017.

        **IT IS ORDERED** granting the request for expedited disposition.

        **IT IS FURTHER ORDERED** that responses to the motion shall be filed by **January
13, 2017** and the State's reply shall be filed by **January 18, 2017.**

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CV2016-013436 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT STATE OF ARIZONA'S MOTION TO STAY AND MOTION TO QUASH NOTICES OF DEPOSITIONS** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | (Assigned to Hon David Gass) |
| Defendants. | **(Expedited Oral Argument Requested)** |

Arizona law provides for depositions occurring within thirty days of

commencing an action, if not sooner. Here, nearly four months after filing his action, Leslie Merritt, Jr. has served notices for two depositions scheduled to occur on January 26 and 27, 2017. Since Merritt's notices are valid and timely and the State's objections are moot and unfounded, the Court should deny the State's Motion to Stay and Quash Notices of Depositions, and permit discovery to proceed as scheduled.

**Memorandum of Points and Authorities**

**I.        Background**

Plaintiff's Complaint was filed on September 13, 2016. Beginning November 18, 2016, Merritt's counsel began obtaining from defendants' counsel dates of availability for counsel and witnesses for depositions. Once mutually agreeable dates were obtained, written notices were issued in accordance with Ariz.R.CivP. 30. The deponents at issue are Deputy County Attorneys, Edward Leiter, Esq., presently scheduled for January 26, 2017, and Vanessa Marie Losicco Cuevas, Esq., presently scheduled for January 27, 2017.

The State concedes that the two deputy county attorneys at issue in its motion are "two key party witnesses." (Motion at p.2:2). And further recognizes that these deponents are among "the primary responsible parties in the prosecution of Plaintiff on behalf of the Maricopa County Attorneys' Office." (*Id.* at p.4:4-5)

Now, the State is seeking a stay of the depositions pending the resolution of the State's motion to dismiss and/or until a scheduling conference. (Motion at

1  p.3:18-21).  The Court has since denied the Motion to Dismiss, and no basis or

2  authority exists to preclude the noticed depositions.  Accordingly, undersigned

3  counsel requested that the State of Arizona withdraw its motions since its primary

4  objections aew moot.  The State refused.1

5

6  **II.        Standard of review for the motion.**

7         A court's ruling on a discovery motion is reviewed for an abuse of

8  discretion. *Brown v. Superior Court,* 137 Ariz. 327, 331–32, 670 P.2d 725, 729–30

9  (1983). *See also State ex rel. Babbitt v. Arnold,* 26 Ariz.App. 333, 334, 548 P.2d

10 426, 427 (1976) (holding "[t]he trial court is vested with wide discretion

11 concerning discovery").

12 **III.       Discussion**

13

14        Defendant proposes three arguments to support its motion: (1) the Court

15 has the power to order a stay of discovery; (2) that prejudice would occur without a

16 stay; and (3) that the State objects to the deposition of non-party witnesses. None

17 of these arguments support State's request to stay discovery.  Plaintiff will address

18 each in turn.

19

20        **1.      The Court's Authority to Order a Stay is Not a Rationale to
                Order a Stay.**

21        Arizona Rules of Civil Procedure permit oral depositions to occur as soon as

22 thirty days after the filing of the Complaint, if not sooner.  Ariz.R.Civ.P30(a)(2).

23 Contrary to the State's urging, no rule or other authoritative provision requires the

24

---

25 1 The State's motion also mentions objections to as yet unidentified deponents.  Plaintiff's counsel
   have merely requested dates of availability for scheduling future depositions. The State's
26 objection to providing dates of availability for these depositions is premature.

additional delay of depositions until the serving of a disclosure statement or the conduct of a scheduling conference.

Here, Merritt consulted with Defendants' counsel to obtain dates of availability for both counsel and witnesses, and defense counsel provided them. As noted *supra,* written notices have been provided for the taking of the two depositions at issue. This Court need not conduct any further inquiry, and the State's motions should be denied.

Notwithstanding the rules permitting the depositions of "key party witnesses," the State argues that the depositions should be delayed because the Court has discretion to order a stay of discovery.  However, a court's having authority to order a stay is no substitute for the State's lack of good cause to justify one.

Similarly, the State's argument to toll or cancel depositions until a Rule 16 Scheduling Conference occurs further runs afoul of Ariz.R.Civ.P30(a)(2), which specifically authorizes depositions within thirty days of the Complaint.  Said rule does not predicate the taking of depositions upon a Scheduling Conference. Therefore, the Court should reject the State's motions and attempted dilatory tactics.

## 2. The State's request for delay fails to conserve witness time or the parties' resources.

Two primary reasons belie the State's claim of prejudice by having to cooperate with the normal discovery process.  First, Plaintiff has already provided the State with substantial and meaningful disclosure and the opportunity to review it.  Indeed, *Defendants* themselves authored and generated virtually all of the

liability-oriented materials disclosed by Plaintiff. Merritt simply disclosed the very same materials that Defendants generated and disclosed during the pendency of the now-defunct criminal case against him.

Second, the State's argument that witnesses may have to return for additional depositions absent a stay is both vague and speculative. Indeed, similar concerns could be raised in *any* litigation and should not justify unnecessary delays. Thus, Defendant's motion to stay and quash the depositions on grounds of conservation of resources should therefore be denied.

### 3. The State's failure to consent to the depositions is no reason for delay.

The State argues that because it objects, the two noticed depositions of attorneys Leiter and Cuevas should not proceed. (Motion at p.4-5.) The State's argument should be rejected for two reasons.

First, Ariz.R.Civ.P 30(a)(1) provides for the depositions of parties. Here, the State concedes that the depositions of the deputy county attorneys are for "two key party witnesses." (Motion at p.2:2). Further, the State's position the deponents are "two key party witnesses" is consistent with the only plausible reading of Ariz.R.Civ.P 30(a)(1) where, as here, the named defendants are corporate or governmental parties. In such cases, the provision of "party" should be read in conjunction with Ariz.R.Civ.P. 30(b)(6).

The purpose of the rule limiting depositions is to encourage informal and less expensive witness interviews. However, where the acts of the employees of

corporate adversaries give rise to the litigation, opposing counsel are precluded from direct contact with the employees. *Lang v. Superior Court, In and For County of Maricopa*, 170 Ariz. 602, 826 P.2d 1228 (App. 1992). As a result of this preclusion, the liability producing employees should be considered "parties" for purposes of Ariz.R.Civ.P. 30(a). *See* Danile J. McAuliffe, et. al., Arizona Practice Series, Civil Proc. Rule 30, Sect. 16.23 Oral Depositions. For this reason, the deputy county attorneys at issue should be considered parties for the purposes of Ariz.R.Civ.P. 30(a), and the State's argument should be rejected.

Even if these deputy county attorneys were considered non-parties under the rule, they are central witnesses whose depositions should go forward. Notwithstanding any objection from the State, good cause exists for permitting the depositions to proceed. Merritt's counsel are precluded under *Lang* from contacting these witnesses. The only plausible means of discovery is a deposition. A party's objection to the deposition of a "key person" cannot be viewed as being made in good faith, and is legally insufficient to deny the taking of the deposition.

## IV. Conclusion

Arizona rules of civil procedure do not contemplate unwarranted delays in litigation. The primary argument of the State to delay the depositions is moot given that the Court has denied its Motion to Dismiss and Plaintiff has already produced his disclosure statement. Finally, the key witnesses are considered parties under Rule 30(a)(1) because they cannot otherwise be contacted under *Lang,* and even if not parties, they are central witnesses to the events of the case. For these reasons, Leslie Merritt, Jr. respectfully requests that the Court deny

Defendant's motion to stay and motion to quash notices of depositions, and permit the duly noticed depositions to proceed.

DATED this 9th day of January, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:    /s/David J. Don
          David J. Don
          *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 9th day of January, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:    /s/David J. Don

LAW OFFICES OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona 85012
Tel: 480.948.1212
Fax: 480.696.7756
Email: david@azcivilrights.com

David J. Don, Esq. (#016462)
*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE MARICOPA COUNTY

| | |
|---|---|
| LESLIE MERRITT, JR., an individual,<br>     Plaintiff,<br><br>    vs.<br><br>STATE OF ARIZONA, et. al.<br>    Defendants. | ) Case No.: CV2016-013436<br>)<br>)<br>)<br>) **JOINT REPORT**<br>)<br>) (Assigned to Hon. David Gass)<br>)<br>)<br>)<br>)<br>) |

The parties signing below certify that they have conferred about the matters set forth in Rule 16(d), and that this case is not subject to the mandatory arbitration provisions of Rule 72. With regard to matters upon which the parties could not agree, they have set forth their positions separately in item 14 below. The parties are submitting a Proposed Scheduling Order with this Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

## 1. BRIEF DESCRIPTION OF THE CASE

This case arises out of the arrest, incarceration, and prosecution of Plaintiff Leslie Merritt Jr. in connection with a series of shootings along Phoenix-area highways during the summer of 2015. Plaintiff filed his Complaint for false arrest, false imprisonment, malicious prosecution, negligent/gross negligence, intentional infliction of emotional distress, and

aiding and abetting tortious conduct related to these events on September 13, 2016, naming the State of Arizona, Maricopa County, and Maricopa County Attorney Bill Montgomery as defendants. Plaintiff alleges that Defendants are liable for damages caused by their actions. Defendants Montgomery, Maricopa County, and the State of Arizona deny any liability or damages.

**2.      CURRENT CASE STATUS**

All parties have been served.  Defendant State of Arizona has filed a Motion to Dismiss. The Motion was denied on January 6, 2017. The State's answer is due January 24, 2016.  Defendants Montgomery and Maricopa County filed an Answer.

**3.      AMENDMENTS**

The parties do not presently anticipate any amendments to the pleadings.

**4.      SPECIAL CASE MANAGEMENT**

The parties do not presently anticipate any special case management procedures are required.

**5.      SETTLEMENT**

The parties will engage in settlement discussions with a private mediator.  The parties will be ready for a mediation by January 8, 2018.

**6.      READINESS**

This case will be ready for trial by March 19, 2018.

**7.      JURY**

A trial by jury is demanded.

**8.      LENGTH OF TRIAL**

Plaintiff estimates that the length of trial is ten days.

Defendant State of Arizona estimates that the length of trial is fifteen days.

**9. SUMMARY JURY**

The parties do not agree to a summary jury trial.

**10. PREFERENCE**

This case is not entitled to a preference for trial

**11. SPECIAL REQUIREMENTS**

The parties do not anticipate any special requirements for trial.

**12. SCHEDULING CONFERENCE**

The parties do request an Arizona Rule of Civil Procedure 16(d) scheduling conference.

**13. OTHER MATTERS**

None contemplated by the parties.

**14. ITEMS UPON WHICH THE PARTIES DO NOT AGREE**

The parties were unable in good faith to agree upon the following items, and the position of each party as to each item is as follows:

* The scope of Defendants' claim to discovery privileges, written discovery and protective order or stipulation regarding depositions of prosecutors including work product, deliberate process, and attorney/client privilege. The parties also do not agree as to the early scheduling of certain non-party depositions.


DATED this of 10th day of January, 2017.


LAW OFFICES OF DAVID J. DON, P.L.L.C.
LAW OFFICES OF JASON LAMM

By:   /s/David J. Don
        David J. Don
        *Attorneys for Plaintiff Leslie Merritt, Jr.*

Polsinelli PC

By:   /s/David J. Don with permission
      Edward F. Novak
      Melissa Ho
      Rebecca N. Cain
      *Attorney for Defendant State of Arizona*


Iafrate & Associate

By:   /s/David J. Don with permission
      Michele Iafrate
      *Attorneys for Defendants Maricopa County and*
      *William Montgomery*

The original of the foregoing was
e-filed 10th day of January, 2017 to:

/s/David J. Don

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney; MARICOPA<br>COUNTY, a body politic; JOHN DOES<br>I-X; JANE DOES I-X; ABC<br>PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>　　　　　Defendants. | NO. CV2016-013436<br><br>**DEFENDANTS MARICOPA<br>COUNTY AND WILLIAM<br>MONTGOMERY'S MOTION FOR<br>A PROTECTIVE ORDER,<br>REQUEST TO STAY, AND<br>JOINDER IN STATE'S MOTION<br>TO STAY DEPOSITIONS AND<br>QUASH NOTICES OF<br>DEPOSITION**<br><br>**(EXPEDITED RULING<br>REQUESTED RE: REQUEST TO<br>STAY)**<br><br>*(Assigned to the Honorable<br>David Gass)* |

Pursuant to Rule 26(c), Arizona Rules of Civil Procedure and Local Rule 7.2, Defendants Maricopa County and William Montgomery move this Court for a Protective Order that limits the scope of Plaintiff's deposition questioning and discovery of Maricopa County Deputy County Attorneys, Vanessa Losicco Cuevas and Edward Leiter. Additionally, Defendants request that the Court stay the proposed January 26 and 27, 2017 depositions pending the Court's ruling on the Motion for Protective Order. Defendants support their motion with the following memorandum of points and authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  LAW AND ARGUMENT

### A.  Rule 30 Does Not Allow Plaintiff to Depose Non-parties Ms. Losicco Cuevas and Mr. Leiter.

On December 9, 2016, Plaintiff noticed the depositions of Ms. Losicco Cuevas and Mr. Leiter pursuant to Arizona Rule of Civil Procedure 30.  (See Notices of Deposition attached as Exhibit A, B).  Rule 30(a)(1) provides that a party may depose any **party**, any disclosed expert witness, and any records custodian.  Here, Ms. Losicco Cuevas and Mr. Leiter are not parties, expert witnesses, or records custodians.  Therefore, Plaintiff cannot, by right, depose Ms. Losicco Cuevas and Mr. Leiter.  Rule 30(a)(1) further provides that "[u]nless all parties agree or the court orders otherwise for good cause, a party may not depose any other person.  Ariz. R.Civ. P. 30(a)(1); *see also In re Conservatorship of Westover*, 2009 WL 15300814 ¶20 (holding that none of the exceptions in Rule 30 applied, therefore the noticed deponent could not be deposed).  Defendants Maricopa County and Bill Montgomery do not agree to these depositions.  Rule 30 does not allow Plaintiff to depose non-parties to litigation; therefore, Plaintiff cannot depose Ms. Losicco Cuevas and Mr. Leiter.

### B.  Protective Order to Prohibit Plaintiff from Delving into Privileged Communications or Documents is Appropriate.

Ms. Losicco Cuevas and Mr. Leiter were assigned to prosecute Plaintiff.  Defendants Maricopa County and William Montgomery ask that the Court disallow Plaintiff from questioning non-party witnesses Ms. Losicco Cuevas and Mr. Leiter

about their written preparation for trial, mental impressions, professional judgment, communications with supervisors, prosecution policies, or any discussions between them, undersigned defense counsel and the State of Arizona in their common legal interest, or any other privileged matter. *See Salvation Army v. Bryson*, 229 Ariz. 204, 208, 273 P.3d 656, 660 (App. 2012) (privilege of work product); *Arizona Independent Redistricting Comn. v. Fields*, 206 Ariz. 130, 141, 75 P.3d 1088, 1099 (2003); *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981)(attorney-client privilege) and *Grimm v. The Arizona Bd. of Pardons and Paroles*, 115 Ariz. 260, 269, 564 P.2d 1227, 1236 (1977)(applying the deliberative process privilege).

### C. The Deliberative Process Privilege Protects Communications and Documents, Including Prosecution Policies Between the County Attorney, a Public Official and His Subordinates, Deputy County Attorneys.

Parties may obtain discovery regarding any matter, *not privileged* that is relevant to the subject matter involved in the pending action. Ariz. R. Civ. P. 26(b)(1)(A) (emphasis added). Here, where Plaintiff seeks to depose Deputy County Attorneys about a case they prosecuted (and which continues to be an open investigation), the likelihood is great that absent a protective order, Plaintiff will encroach on privileged information. For example, should Plaintiff ask Ms. Losicco Cuevas or Mr. Leiter to explain his/her decision-making process regarding whether or not to prosecute, such questions violate the deliberative process privilege and will chill the forthright and candid discussion of ideas that the privilege is designed to foster and protect. *See Assembly of the State of Cal. V. United States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992). The privilege's purpose is not only to

promote open discussion among government decision-makers, but also to reduce "fears that 'each remark is a potential item of discovery and front page news.'" *Arizona Independent Redistricting Comn. v. Fields*, 206 Ariz. 130, 141, 75 P.3d 1088, 1099 (2003) *quoting Dep't of the Interior v. Klamath Water Users Protective Assoc.,* 532 U.S. 1, 8–9 (2001).  The privilege protects from disclosure "materials that are pre-decisional and reflective of a government official's deliberative process." Examples are opinions, recommendations, advice about agency policies, or intra-agency correspondence.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-54 (1975).  *See also United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (overruling district court's order requiring the government to disclose its pre-decisional death penalty evaluation form and prosecution memorandum).  This reasoning is consistent with that of the Arizona Supreme Court's reasoning in *Grimm v. The Arizona Bd. of Pardons and Paroles*, 115 Ariz. 260, 269, 564 P.2d 1227, 1236 (1977).  The court upheld the granting of a protective order, not for the same reasons that the trial court did, but because the information sought focused on the deliberative process.  In doing so, the court agreed with the reasoning and holding in *United States v. Morgan*, 313 U.S. 409 (1941).  *Grimm v. The Arizona Bd. of Pardons and Paroles*, 115 Ariz at 269.  There, the court protected from disclosure an administrative decision maker's mental processes and the manner and extent of his study of the administrative record and his consultation with subordinates.  *United States v. Morgan*, 313 U.S. at 422.  The *Grimm* plaintiffs wanted to depose parole board members.  The court ruled that "any inquiry into the mental processes of a

4

parole decision is improper.  Insofar as the requested depositions were to inquire into the deliberations, discussions and communications during Board proceedings, a restrictive protective order would be proper." *Grimm* at 269.  Here, the same protection of the deliberative process is warranted.  It is paramount that prosecutors be able to candidly confer with other prosecutors, supervisors, and the public official who heads their office about policies, legal strategies, case strengths or weaknesses.  As such, any questions regarding these consultations should be included in a protective order.  (See Exhibit C).

Similarly, any documents that are pre-decisional and part of the deliberative process should be protected.  *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (overruling district court's order requiring the government to disclose its pre-decisional death penalty evaluation form and prosecution memorandum). Defendant Montgomery has directed prosecutors and the office's Custodian of Records not to produce certain Maricopa County Attorney's Office policies absent a court's entry of an appropriate order shielding the policies from public disclosure. Disclosure of such policies would invite criminal defendants to dispute the application of the policies to their unique situations to delay final dispositions of their case to the detriment and burden of the State, crime victims, and the criminal justice system.  For these reasons, Defendants Maricopa County and William Montgomery are entitled to a protective order limiting Plaintiff's deposition and discovery of Vanessa Losicco Cuevas and Edward Leiter.

/ / /

**D.** **The Work-Product Privilege Protects Ms. Losicco Cuevas and Mr. Leiter's Mental Processes, Conclusions, and Communications Made in Preparation for Trial.**

To the extent that Plaintiff intends to question Ms. Losicco Cuevas and Mr. Leiter about witness interviews, their mental processes, conclusions, legal theories, or communications in preparation for trial, the work product privilege protects against such questions. *Dean v. Superior Court in and for Maricopa County*, 84 Ariz. 104, 111-13 (1958) ((adopting rationale of *Hickman v. Taylor*, 329 U.S. 495, 511-13 (1947) in holding that work product of an attorney to provide an account of what witnesses told him absent a showing of good cause)). Furthermore, any reports prepared by legal or investigative staff, including experts that Ms. Losicco Cuevas or Mr. Leiter retained in preparation of prosecution are protected from disclosure as work product. *See State ex rel. Corbin v. Ybarra*, 161 Ariz. 188, 192-93, 777 P.2d 686, 690-91 (1989). Therefore, the Court should preclude Plaintiff from asking about such preparatory materials.

**E.** **The Attorney-Client and Common Interest Privileges Protect Communications Between Undersigned Counsel, Ms. Losicco Cuevas, Mr. Leiter and the State.**

Should Plaintiff ask questions of Ms. Losicco Cuevas and Mr. Leiter about communications with undersigned counsel, those communications are privileged and protected. A.R.S. § 12-2234 (protecting "any communication" made by the client to the attorney or the attorney's advice given to the client).

Further, to the extent that Plaintiff intends to ask Ms. Losicco Cuevas and Mr. Leiter questions regarding discussions with any Defendant in this case, and their

counsel, the common-interest doctrine protects such communications. The common-interest doctrine allows persons with common interests to share privileged attorney-client and work product communications to coordinate their respective positions without destroying the privilege. *See Lund v. Donahoe*, 227 Ariz. 572, 580, 261 P.3d 456, 464 (App. 2011). The common interest doctrine is not a privilege but an exception to the rule that "communications between a person and a lawyer representing another person are not privileged." *Indep. Redist. Comm'n v. Fields*, 206 Ariz. 130, 143, 75 P.3d 1088, 1101 (App.2003). The exception applies to "legal, factual, or strategic" communications that "further the legal interests of each client." *Id. See also* A.R.S. § 12-2234 (protecting "any communication" made by the client to the attorney or the attorney's advice given to the client). Here, Defendants Maricopa County, William Montgomery, and the State share a common interest, and therefore, any attorney-client, work product, or otherwise privileged information shared between them and their counsel is protected. Defendants, therefore, ask for a protective order expressly protecting documents and communications shared within their common interest. (Ex. C).

**F.** **Defendants Maricopa County and William Montgomery Join in Defendant State of Arizona's Motion to Stay Depositions and Quash Notices of Deposition Pending a Rule 16 Scheduling Conference.**

Defendants Maricopa County and William Montgomery join in and adopt by reference Defendant State of Arizona's January 6, 2016 Motion to Stay Depositions and Motion to Quash Notices of Deposition, for all of the reasons asserted therein.

## II. CONCLUSION

Based on the law and argument asserted above, Defendants Maricopa County and William Montgomery respectfully request that this Court disallow Plaintiff from deposing Ms. Losicco and Mr. Leiter. Alternatively, Defendants Maricopa County and William Montgomery request that the Court issue a Protective Order limiting Plaintiff from questioning Vanessa Losicco Cuevas and Edward Leiter about their written preparation for trial, mental impressions, professional judgment, communications with supervisors, or any discussions or documents that comprise the deliberative process, or any discussions between Defendants Maricopa County, William Montgomery, Ms. Losicco Cuevas, Mr. Leiter, undersigned defense counsel and the State of Arizona and counsel in their common legal interest, or any other privileged matter. Finally, Defendants ask that the Court stay the January 26 and 27 depositions and/or quash the Notices of Deposition pending its ruling on the instant motion.

**DATED** this 10th day of January, 2017.

**IAFRATE & ASSOCIATES**


By: __/s/Michele M. Iafrate_____
      Michele M. Iafrate
      Attorneys for **Defendants Maricopa County and William Montgomery**

8

**ORIGINAL** of the foregoing e-filed
this <u>10th</u> day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003
**COPY** of the foregoing e-mailed via AZ Turbo
this <u>10th</u> day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed and/or mailed
this <u>10th</u> day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**

By:___/s/Jill Lafornara_____

9

**EXHIBIT A**

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CV2016-013436 |
| Plaintiff, | |
| vs. | **NOTICE OF DEPOSITION OF VANESSA MARIE LOSICCO CUEVAS, ESQ.** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | (Assigned to Hon David Gass) |
| Defendants. | |

**YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30, Arizona Rules of Civil Procedure, the videotaped deposition, upon oral examination, will be taken of the person on the date and time set forth below.

| | |
|---|---|
| PERSON TO BE EXAMINED: | **VANESSA MARIE LOSICCO CUEVAS, ESQ.** |
| DATE AND TIME OF DEPOSITION: | **January 27, 2017 at 9 am.** |
| PLACE OF DEPOSITION: | **LAW OFFICE OF DAVID J. DON, PLLC** |
| | **301 E. Bethany Home Rd., Suite B-100** |
| | **Phoenix, Arizona 85012** |
| | **Tel: 480-948-1212** |
| METHOD OF RECORDING: | By stenography |

DOCUMENTS TO BE PRODUCED AT TIME OF DEPOSITION:

**See Exhibit A attached.**

The undersigned certifies that copies of this notice have been served on the below date as follows:

Served by: [x] e-mailing and mailing [ ] delivering a copy to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona 85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By: _____

1

**EXHIBIT A**

2
YOU ARE COMMANDED to produce these documents, books, papers, electronically stored
information, or tangible things:

3

4
      1.     Any documents in your possession relating to Leslie Merritt, Jr.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**EXHIBIT B**

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CV2016-013436 |
| Plaintiff, | |
| vs. | **NOTICE OF DEPOSITION OF EDWARD LEITER, ESQ.** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | (Assigned to Hon David Gass) |
| Defendants. | |

**YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30, Arizona Rules of Civil Procedure, the videotaped deposition, upon oral examination, will be taken of the person on the date and time set forth below.

-1-

| | |
|---|---|
| 1 | PERSON TO BE EXAMINED: | **Edward Leiter, Esq.** |
| 2 | DATE AND TIME OF DEPOSITION: | **January 26, 2017 at 9 a.m.** |
| 3 | PLACE OF DEPOSITION: |

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212

METHOD OF RECORDING:        By stenography

DOCUMENTS TO BE PRODUCED AT TIME OF DEPOSITION:

**See Exhibit A attached.**

The undersigned certifies that copies of this notice have been served on the below date as follows:

Served by: [x] e-mailing and mailing [ ] delivering a copy to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By: _____

-2-

## EXHIBIT A

YOU ARE COMMANDED to produce these documents, books, papers, electronically stored information, or tangible things:

1.    Any documents in your possession relating to Leslie Merritt, Jr.

**EXHIBIT C**

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | *(Assigned to the Honorable David Gass)* |
| Defendants. | |

To facilitate the prompt resolution of disputes over confidentiality and adequately protect non-party witnesses Vanessa Losicco Cuevas and Edward Leiter during a deposition, it is, pursuant to the Court's authority under Arizona Rule of Civil Procedure, 26(c),

**ORDERED:**

1.      Plaintiff is limited to deposing non-party witnesses Vanessa Losicco Cuevas and Edward Leiter and shall not question about their written preparation for trial, mental impressions, professional judgment, communications with supervisors,

prosecution policies, or any discussions between them, defense counsel for

Defendants William Montgomery, Maricopa County, and the State of Arizona in their

common legal interest, or any other privileged matter.

2. Plaintiff is limited to deposing non-party witnesses Vanessa Losicco

Cuevas and Edward Leiter and shall not question Vanessa Losicco Cuevas and

Edward Leiter about their discussions with other prosecutors, supervisors, and the

public official who heads their office about policies, legal strategies, case strengths

or weaknesses. As such, any questions regarding these consultations are

privileged.

3. Plaintiff is limited to deposing non-party witnesses Vanessa Losicco

Cuevas and Edward Leiter and shall not question them about or have them produce

any documents that are pre-decisional and part of the deliberative process such as

certain Maricopa County Attorney's Office policies Defendant Montgomery has

directed prosecutors and the office's Custodian of Records not to produce absent a

court's entry of an appropriate order shielding the policies from public disclosure.

4. Plaintiff is limited to deposing non-party witnesses Vanessa Losicco

Cuevas and Edward Leiter and shall not question Vanessa Losicco Cuevas and

Edward Leiter about witness interviews, their mental processes, conclusions, legal

theories, or communications in preparation for trial. Furthermore, Plaintiff is limited

to deposing non-party witnesses Vanessa Losicco Cuevas and Edward Leiter and

shall not question them about any reports prepared by legal or investigative staff,

including experts that Vanessa Losicco Cuevas and/or Edward Leiter retained in preparation of prosecution.

**DATED** this _____ day of _____, 2017.

_____
Honorable David Gass
Judge of the Superior Court

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ  85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email:  jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, ) | Case No.:  CV2016-013436 |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S MOTION TO** |
| vs. ) | **QUASH SUBPOENA** |
| ) | |
| STATE OF ARIZONA, a body politic; ) | (Assigned to Hon David Gass) |
| BILL MONTGOMERY, the elected ) | |
| Maricopa County Attorney; ) | **(Oral Argument Requested)** |
| MARICOPA COUNTY, a body politic; ) | |
| JOHN DOES I-X; JANE DOES I-X; ) | |
| ABC PARTNERSHIPS I-X and XYZ ) | |
| CORPORATIONS I-X. ) | |
| ) | |
| Defendants. ) | |

Plaintiff Leslie Merritt, Jr., by and through counsel undersigned, hereby

moves this Court to quash the subpoena *ducus tecum* that Defendant Maricopa

County/Bill Montgomery has had issued for service upon the Maricopa County Sheriff's Office.   The subpoena is designed to discover privileged information between Merritt and members of his criminal defense team.  Accordingly, Merritt urges this Court to quash the subpoena.

### Memorandum of Points and Authorities

On January 3, 2017, Defendant's counsel had issued a subpoena *duces tecum* to Maricopa County Sheriff's Office.   (See Exhibit 1, attached).   The subpoena demands that MCSO produce the following:

> *Any and all inmate phone recordings and video visitation from February 9, 2016 to April 19, 2016 for Leslie Merritt, Jr., T213901*

Defendants' blanket request is designed to discover privileged information between Merritt and members of his criminal defense team. The subpoena makes no distinction between items that are subject to attorney-client privilege or work-product privilege and those that are not.

Defendants had Leslie Merritt, Jr. incarcerated in the Maricopa County Jails from approximate September 14, 2015 until his release on April 19, 2016.  Curiously, Defendants' subpoena targets only a subset of inmate phone recordings and video visitations in possession of MCSO.  However, privileged phone calls and visitations occurred throughout the incarceration, and should not be discoverable.

### Conclusion

Any conversations between Merritt and his attorneys or their agents is subject to protection under attorney-client privilege and/or work-product privilege.  Since

the subpoena clearly seeks privileged information, Plaintiff Leslie Merritt, Jr. seeks this Court's Order to Quash the Subpoena *Duces Tecum* dated January 3, 2017 to Maricopa County Sheriff's Office.

DATED this 10th day of January, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:    /s/David J. Don
       David J. Don
       *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 10th day of January, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By mail to:

Maricopa County Sheriff's Office
Attention: Lisa Evans
5215 S. 39th Street
Phoenix, Arizona  85040

By:    /s/David J. Don

# Exhibit
# 1

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney; MARICOPA<br>COUNTY, a body politic; JOHN DOES<br>I-X; JANE DOES I-X; ABC<br>PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. CV2016-013436<br><br>**SUBPOENA**<br><br>*(Assigned to the Honorable David Gass)* |

**TO:   Name: Maricopa County Sheriff's Office**
**Attention: Lisa Evans**
**Address: 5215 S. 39th Street**
**City, State, Zip Code: Phoenix, Arizona 85040**

1.  ☐  **For Attendance of Witnesses at Hearing or Trial:**

**YOU ARE ORDERED TO APPEAR** in the Superior Court of Arizona in Maricopa County, at the time, date and time specified below to testify at a ☐ Hearing ☐ Trial in the case named above, before:

Judicial Officer:_____
(at) Address:    _____
_____
Floor:_____ Room #_____
Date:_____ Time:_____

1

**YOUR RIGHTS AND DUTIES CONCERNING THIS SUBPOENA FOLLOW.**

2. [ ] **For Taking of Depositions:**

**YOU ARE ORDERED TO APPEAR** at the place, date and time specified below to testify at the taking of a deposition in the case named above:

      **Place of Deposition:**_____

      **(at) Address:**      _____

                                _____

      **Floor:**_____ **Room #**_____

      **Date:**_____ **Time:**_____

      **Method of Recording:**_____

**SUBPOENA DUCES TECUM**

3. [ X ] **For Production of Documentary Evidence or Inspection of Premises:**

**YOU ARE ORDERED** to produce and permit inspection, copying, testing, or sampling of the following designated documents, electronically stored information or tangible things, or to permit inspection of premises at the place, date, and time specified below:

    *Any and all inmate phone recordings and video visitation from February 9, 2016 to April 19, 2016 for Leslie Merritt, Jr., T213901.*

[ ] **TO BRING WITH YOU to** the court proceeding or deposition listed above, **OR**

**Place of Production or Inspection:** Iafrate & Associate_____

**(at) Address:**            649 N. 2nd Avenue_____

                      Phoenix, Arizona 85003_____

            **Floor:**_____ **Room #**_____

            **Date:** January 17, 2017 **Time:** 5:00 p.m._____

**YOUR APPEARANCE IS NOT REQUIRED** *if* the items ordered to be produced are delivered to the requesting party within the time allowed **AND** you are not otherwise ordered to appear.

Issued this date:_____ Clerk of Superior Court

**COPY**

JAN - 3 2017

MICHAEL K. JEANES, CLERK
D. VANDEBERG
DEPUTY CLERK

By:_____
              Deputy Clerk

2

# Your Duties in Responding To This Subpoena*

*See Arizona Rules of Civil Procedure (A.R.C.P.), Rules 45(b), (c), and (e), and Arizona Rules of Family Law Procedure (A.R.F.L.P.) Rule 52, and the "Your Right to Object to this Subpoena" section below.

ATTENDANCE AT A TRIAL: If this subpoena commands you to appear at a trial, you must appear at the place, date and time designated in the subpoena unless you file a timely motion with the court and the court quashes or modifies the subpoena. Unless a court orders otherwise, you are required to travel to any part of the state to attend and give testimony at a trial.

ATTENDANCE AT A HEARING OR DEPOSITION: If this subpoena commands you to appear at a hearing or deposition, you must appear at the place, date and time designated in this subpoena unless either:
    (1) you file a timely motion with the court and the court quashes or modifies the subpoena; or
    (2) you are not a party or a party's officer and this subpoena commands you to travel to a place other than: (a) the county in which you reside or you transact business in person; or
        (b) the county in which you were served with the subpoena or within forty (40) miles from the place of service; or
        (c) such other convenient place fixed by a court order.

PRODUCTION OF DOCUMENTARY EVIDENCE, TANGIBLE OBJECT, OR INSPECTION OF PREMISES: If this subpoena commands you to produce and permit inspection, copying, testing or sampling of designated documents, electronically stored information, or tangible things, you must make the items available at the place, date and time designated in this subpoena, and in the case of electronically stored information, in the form or forms requested, unless you provide a good faith written objection to the party or attorney who served the subpoena. Similarly, if this subpoena commands you to make certain premises available for inspection, you must make the designated premises available for inspection on the date and time designated in this subpoena unless you provide a good faith written objection to the party or attorney who served the subpoena.

You should note that a command to produce certain designated materials, or to permit the inspection of premises, may be combined with a command to appear at a trial, hearing or deposition. You do not, however, need to appear in person at the place of production or inspection unless the subpoena also states that you must appear for and give testimony at a hearing, trial or deposition.

If the subpoena commands you to produce documents, you have the duty to produce the designated documents as they are kept by you in the usual course of business, or you may organize the documents and label them to correspond with the categories set forth in the subpoena.

## YOUR RIGHT TO OBJECT TO THIS SUBPOENA

**Generally,** if you have concerns or questions about this subpoena, you should first contact the party or attorney who served the subpoena. The party or attorney serving the subpoena has a duty to take reasonable steps to avoid imposing an undue burden or expense on you. The superior court enforces this duty and may impose sanctions upon the party or attorney serving the subpoena if this duty is breached.

**PROCEDURE FOR OBJECTING TO A SUBPOENA FOR ATTENDANCE AT A HEARING, TRIAL OR DEPOSITION:**
- You must file a motion to quash or modify the subpoena with the court to obtain a court order excusing you from complying with this subpoena.*
- The motion must be filed in superior court of the county in which the case is pending or in the superior court of the county which the subpoena was issued.*
- The motion must be filed **before the time specified for compliance or within 14 days after the subpoena is served**, whichever is earlier.*
- You must send a copy of any motion to quash or modify the subpoena to the party or attorney who served the subpoena.

The court _**must**_ quash or modify a subpoena if . . .

(1)   if the subpoena does not provide a reasonable time for compliance;

(2)   the subpoena commands your attendance at a trial **and** if the subpoena commands you to travel to a place **other than:**
(a) the county in which you reside or transact business in person;
(b) the county in which you were served with a subpoena, or within forty (40) miles from the place of service; or
(c) such other convenient place fixed by a court order, or

(3)   **the subpoena requires disclosure of privileged or other protected matter**, if no exception or waiver applies; or

(4)   **the subpoena subjects you to undue burden.**

4

The Court **MAY** quash or modify a subpoena if. . .

    (1)    **the subpoena requires you to disclose a trade secret or other confidential research, development or commercial information;**

    (2)    **you are an unretained expert and** the subpoena requires you to disclose your opinion or information resulting form your study that you have not been requested by any party to give on matters that are specific to the dispute;

    (3)    **you are not a party or a party's officer and the subpoena would require you to incur substantial travel expense; or**

    (4)    **the court determines that justice requires the subpoena to be quashed or modified.**

**In these last four circumstances, a court may, instead of quashing or modifying a subpoena, order your appearance or order the production of material under specified conditions if:**

(1) the serving party or attorney shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; **and**
(2) if your travel expenses or the expenses resulting form the production are at issue, the court ensures that you will be reasonably compensated.

**PROCEDURE FOR OBJECTING TO SUBPOENA FOR PRODUCTION OF DOCUMENTARY EVIDENCE, RECORD, TANGIBLE OBJECT OR INSPECTION OF PREMISES:**

**If you wish to object to a subpoena commanding you to produce documents, electronically stored information or tangible items, or to permit the inspection of premises, you may send a good faith written objection to the party or attorney serving the subpoena that objects to:**

(1) producing, inspecting, copying, testing or sampling any or all of the materials designated in the subpoena;
(2) inspecting the premises; or producing electronically stored information in the form or forms requested.

**You must send your written objection to the party or attorney who served the subpoena before the time specified for compliance or within 14 days after the subpoena is served, whichever is earlier.**

5

If you object because you claim the information requested is privileged, protected, or subject to protection as trial preparation material, you must express the objection clearly, and support each objection with a description of the nature of the document, communication or item not produced so that the demanding party can contest the claim.

If you object to the subpoena in writing, you do not need to comply with the subpoena until a court orders you to do so. It will be up to the party or attorney serving the subpoena to first personally consult with you and engage in good faith efforts to resolve your objection and, if the objection cannot be resolved, to seek an order from the court to compel you to provide the documents or inspection requested, after providing notice to you.

If you are not a party to the litigation, or a party's officer, the court will issue an order to protect you from any significant expense resulting from the inspection and copying commanded. *See* Rule 45(c)(6)(B) of the Arizona Rules of Civil Procedure.

Instead of sending a written objection to the party or attorney who served the subpoena, you also have the option of raising your objections in a motion to quash or modify the subpoena. *See* Rule 45(e)(2) of the Arizona Rules of Civil Procedure. The procedure and grounds for doing so are described in the section above entitled "Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition."

If the subpoena *also* commands your attendance at a hearing, trial or deposition, sending a written objection to the party or attorney who served the subpoena does not suspend or modify your obligation to attend and give testimony at the date, time and place specified in the subpoena. *See* Rule 45(c)(5)(A)(iii) of the Arizona Rules of Civil Procedure. If you wish to object to the portion of this subpoena requiring your attendance at a hearing, trial or deposition, you must file a motion to quash or modify the subpoena as described in the section above entitled "Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition." *See* Rule 45(b)(5) and 45(c)(5)(iii) of the Arizona Rules of Civil Procedure.

## ADA Notification

**Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

## Interpreter Notification

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436 01/17/2017

CLERK OF THE COURT
HONORABLE DAVID B. GASS L. Stogsdill
Deputy

LESLIE MERRITT JR. DAVID J DON

v.

STATE OF ARIZONA, et al. REBECCA N CAIN

MICHELE M IAFRATE
JASON D LAMM

MINUTE ENTRY

The court has received and reviewed the pending motions.

**IT IS ORDERED** Defendants' responses to all pending motions shall be filed by
**January 20, 2017** and Plaintiff's replies to all pending motions shall be filed by **January 25, 2017.**

**IT IS FURTHER ORDERED** setting this matter for an **in person** Status Conference on
**January 27, 2017 at 2:30 p.m.** (time allotted: 60 minutes.) The in person Status Conference is
set before:

Honorable David Gass
East Court Building, Courtroom 514
101 West Jefferson Street
Phoenix, AZ 85003
(602) 372-3592

Docket Code 028 Form V000A Page 1

CV 2016-013436                                         01/17/2017

The parties/attorneys are advised that the failure to appear for the hearing may result in sanctions, including dismissal of the action per Rule 16(F), Arizona Rules of Civil Procedure.

NOTE:  This Court utilizes FTR for an electronic record of the proceedings. However, any party may request the presence of a court reporter by contacting this division three (3) court business days before the scheduled hearing.

NOTE:  All court proceedings are recorded digitally and not by a court reporter.  Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding.  The fee is $140 for a half-day and $280 for a full day.

PLEASE NOTE: If/when a party files a pleading within 48 hours of a scheduled event, the party should also e-mail same to the Court's Judicial Assistant at ldupuis@superiorcourt.maricopa.gov. and to fiskd@superiorcourt.maricopa.gov.

NOTE: COUNSEL SHALL UPLOAD AND E-FILE ALL PROPOSED ORDERS IN WORD FORMAT ONLY TO ALLOW FOR POSSIBLE MODIFICATIONS BY THE COURT.

IMPORTANT NOTICE REGARDING ONLINE PROFILE

Judge Gass maintains an online profile that answers many questions about courtroom and division procedures.  Litigants and their attorneys should familiarize themselves with the online profile.  You can find the online profile at the following link:

https://www.superiorcourt.maricopa.gov/JudicialBiographies/judges/profile.asp?jdgID=260&jdgUSID=9111.

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>                              Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>                              Defendants. | Case No. CV2016-013436<br><br>**NOTICE OF WITHDRAWAL OF STATE OF ARIZONA'S MOTION TO STAY DEPOSITIONS AND MOTION TO QUASH NOTICES OF DEPOSITION PENDING JANUARY 27 STATUS CONFERENCE**<br><br>**(Assigned to the Honorable David Gass)** |

    On January 17, 2017, the Court issued its Minute Entry Order setting a Status Conference for January 27, 2017. In light of that Order, the parties have agreed that Plaintiff will withdraw the notices of deposition that are the subject of the State's Motion to Stay Depositions and Motion to Quash Notices of Deposition pending the Scheduling Conference. As such, the State's Motion is now moot and is hereby withdrawn. The State anticipates discussing the orderly scheduling of depositions during the upcoming

1

Scheduling Conference.

RESPECTFULLY SUBMITTED this 18th day of January, 2017.

POLSINELLI PC

By: /s/ Rebecca N. Cain
        Edward F. Novak
        Melissa Ho
        Rebecca N. Cain
        One E. Washington Street, Suite 1200
        Phoenix, AZ 85004
        *Attorneys for Defendant State of Arizona*

**E-FILED** this 18th day of January, 2017,
with the Clerk of the Superior Court.

**COPY** mailed this 18th day of January,
2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com
*Attorneys for Plaintiff Leslie Merritt, Jr.*

55770240.2

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*

By: */s/Dawn M. Coppens*

1

**IAFRATE & ASSOCIATES**
649 North Second Avenue

2
Phoenix, Arizona 85003
(602) 234-9775

3

Michele M. Iafrate, #015115

4
miafrate@iafratelaw.com

5
Attorneys for **Defendants Maricopa County and William Montgomery**

6
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7
**IN AND FOR THE COUNTY OF MARICOPA**

8
| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | ) NO. CV2016-013436 |

9
| Plaintiff, | ) |

10
| v. | ) **DEFENDANTS MARICOPA** |
| | ) **COUNTY AND WILLIAM** |

11
| | ) **MONTGOMERY'S MOTION TO** |
| STATE OF ARIZONA, a body politic; | ) **STRIKE** |

12
| BILL MONTGOMERY, the elected | ) |
| Maricopa County Attorney; MARICOPA | ) |

13
| COUNTY, a body politic; JOHN DOES | ) *(Assigned to the Honorable* |
| I-X; JANE DOES I-X; ABC | ) *David Gass)* |

14
| PARTNERSHIPS I-X and XYZ | ) |
| CORPORATIONS I-X, | ) |

15
| | ) |

16
| Defendants. | ) |

17
Defendants Maricopa County and William Montgomery ("MC Defendants")

18
respectfully move the Court to Strike Plaintiff's Motion to Quash filed January 10,

19
2017, pursuant to Arizona Rules of Civil Procedure, Rule 12(f).  MC Defendants

20
move to strike Plaintiff's Motion to Quash for the following reasons: 1) Rule 45

21
allows only persons to whom a subpoena is directed to object or move to quash a

22
subpoena Ariz.R.Civ.P. 45(c)(5); and 2) Plaintiff is misinformed regarding both the

23
information the MC Defendants seek and the telephone calls that the Maricopa

24

County Sheriff's Office records.  MC Defendants support their Motion to Strike with the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Arizona Rules of Civil Procedure, Rule 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Here, Plaintiff Merritt's Motion to Quash is not allowed pursuant to the Arizona Rules of Civil Procedure and therefore is immaterial and impertinent.

### I.     Plaintiff Merritt May not Move to Quash

Plaintiff Merritt moved to quash a subpoena not served or addressed to him. MC Defendants served a subpoena on Maricopa County Sheriff's Office custodian of records employee Lisa Evans for recorded phone communications and video communications.  (See January 3, 2017 Subpoena attached as Exhibit A).  Pursuant to Rules of Civil Procedure, Rule 45(c)(5), the person who may object to the production of documents, is the person who is commanded to produce the documents.  Here, the custodian at the Maricopa County Sheriff's Office was the person who was commanded to produce the documents pursuant to the subpoena. Therefore, Maricopa County Sheriff's Office, not Plaintiff, has the ability to object, which they did not.

### II.    Privileged Information was not Subpoenaed

Even if Plaintiff Merritt was the proper part to object to the subpoena, which he is not, Plaintiff is misinformed regarding the documents requested.  MC Defendants requested those jail audio and video conversations that were recorded.

2

Maricopa County Sheriff's Office does not record attorney-client conversations; therefore, no privileged attorney-client information could be produced. Further, if there were such recorded conversations, it would be the responsibility of the Maricopa County Sheriff's Office to object and/or provide a privilege log. See Ariz.R.Civ.P. 45. No such objection and/or privilege log is required because no such recordings exist to be produced.

### III.    Conclusion

For the foregoing reasons, Plaintiff Merritt's Motion to Quash should be stricken and/or denied.

**DATED** this 20th day of January, 2017.

**IAFRATE & ASSOCIATES**


By: ___s/Michele M. Iafrate_____
    Michele M. Iafrate
    Attorneys for **Defendants Maricopa
    County and William Montgomery**


**ORIGINAL** of the foregoing e-filed
this 20th day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed via AZ Turbo
this 20th day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed and/or mailed
this 20th day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:___s/Tracy Cryan

**EXHIBIT A**

1  **IAFRATE & ASSOCIATES**
   649 North Second Avenue
2  Phoenix, Arizona 85003
   (602) 234-9775
3
   Michele M. Iafrate, #015115
4  miafrate@iafratelaw.com

5  Attorneys for **Defendants Maricopa County and William Montgomery**

   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
6
   **IN AND FOR THE COUNTY OF MARICOPA**
7

8  | LESLIE MERRITT, JR., a single man, | ) NO. CV2016-013436 |
   | | ) |
9  | Plaintiff, | ) |
   | | ) **SUBPOENA** |
10 | v. | ) |
   | | ) |
11 | STATE OF ARIZONA, a body politic; | ) *(Assigned to the Honorable* |
   | BILL MONTGOMERY, the elected | ) *David Gass)* |
12 | Maricopa County Attorney; MARICOPA | ) |
   | COUNTY, a body politic; JOHN DOES | ) |
13 | I-X; JANE DOES I-X; ABC | ) |
   | PARTNERSHIPS I-X and XYZ | ) |
14 | CORPORATIONS I-X, | ) |
   | | ) |
15 | Defendants. | ) |

16 TO:  **Name: Maricopa County Sheriff's Office**
        **Attention: Lisa Evans**
17      **Address: 5215 S. 39th Street**
     **City, State, Zip Code: Phoenix, Arizona 85040**
18
19 1. [  ]  **For Attendance of Witnesses at Hearing or Trial:**

20 **YOU ARE ORDERED TO APPEAR** in the Superior Court of Arizona in Maricopa
   County, at the time, date and time specified below to testify at a [  ] Hearing
21 [  ] Trial in the case named above, before:

22        **Judicial Officer:**_____
          **(at) Address:**    _____
23                             _____
                  **Floor:**_____ **Room #**_____
24                **Date:**_____ **Time:**_____

                                    1

**YOUR RIGHTS AND DUTIES CONCERNING THIS SUBPOENA FOLLOW.**

2. ☐ **For Taking of Depositions:**

**YOU ARE ORDERED TO APPEAR** at the place, date and time specified below to testify at the taking of a deposition in the case named above:

    **Place of Deposition:**_____
    **(at) Address:**            _____
                               _____
                        **Floor:**_____**Room #**_____
                        **Date:**_____**Time:**_____
    **Method of Recording:**_____

**SUBPOENA DUCES TECUM**

3. ☒ **For Production of Documentary Evidence or Inspection of Premises:**

**YOU ARE ORDERED** to produce and permit inspection, copying, testing, or sampling of the following designated documents, electronically stored information or tangible things, or to permit inspection of premises at the place, date, and time specified below:

*Any and all inmate phone recordings and video visitation from February 9, 2016 to April 19, 2016 for Leslie Merritt, Jr., T213901.*

☐ **TO BRING WITH YOU to** the court proceeding or deposition listed above, **OR**

**Place of Production or Inspection:** <u>Iafrate & Associate</u>
**(at) Address:**                         <u>649 N. 2nd Avenue</u>
                                          <u>Phoenix, Arizona 85003</u>
                        **Floor:**_____**Room #**_____
                        **Date:** <u>January 17, 2017</u> **Time:** <u>5:00 p.m.</u>

**YOUR APPEARANCE IS NOT REQUIRED** *if* the items ordered to be produced are delivered to the requesting party within the time allowed **AND** you are not otherwise ordered to appear.

**Issued this date:**_____    **Clerk of Superior Court**

COPY

JAN - 3 2017

**By:**_____
MICHAEL K. JEANES, CLERK
**Deputy Clerk** J. VANDEBERG
DEPUTY CLERK

2

*See Arizona Rules of Civil Procedure (A.R.C.P.), Rules 45(b), (c), and (e), and Arizona Rules of Family Law Procedure (A.R.F.L.P.) Rule 52, and the "Your Right to Object to this Subpoena" section below.

**ATTENDANCE AT A TRIAL:** If this subpoena commands you to appear at a trial, you must appear at the place, date and time designated in the subpoena unless you file a timely motion with the court and the court quashes or modifies the subpoena. Unless a court orders otherwise, you are required to travel to any part of the state to attend and give testimony at a trial.

**ATTENDANCE AT A HEARING OR DEPOSITION:** If this subpoena commands you to appear at a hearing or deposition, you must appear at the place, date and time designated in this subpoena unless either:

    (1) you file a timely motion with the court and the court quashes or modifies the subpoena; or

    (2) you are not a party or a party's officer and this subpoena commands you to travel to a place other than: (a) the county in which you reside or you transact business in person; or

        (b) the county in which you were served with the subpoena or within forty (40) miles from the place of service; or

        (c) such other convenient place fixed by a court order.

**PRODUCTION OF DOCUMENTARY EVIDENCE, TANGIBLE OBJECT, OR INSPECTION OF PREMISES:** If this subpoena commands you to produce and permit inspection, copying, testing or sampling of designated documents, electronically stored information, or tangible things, you must make the items available at the place, date and time designated in this subpoena, and in the case of electronically stored information, in the form or forms requested, unless you provide a good faith written objection to the party or attorney who served the subpoena. Similarly, if this subpoena commands you to make certain premises available for inspection, you must make the designated premises available for inspection on the date and time designated in this subpoena unless you provide a good faith written objection to the party or attorney who served the subpoena.

You should note that a command to produce certain designated materials, or to permit the inspection of premises, may be combined with a command to appear at a trial, hearing or deposition. You do not, however, need to appear in person at the place of production or inspection unless the subpoena also states that you must appear for and give testimony at a hearing, trial or deposition.

**If the subpoena commands you to produce documents, you have the duty to produce the designated documents as they are kept by you in the usual course of business, or you may organize the documents and label them to correspond with the categories set forth in the subpoena.**

## YOUR RIGHT TO OBJECT TO THIS SUBPOENA

**Generally,** if you have concerns or questions about this subpoena, you should first contact the party or attorney who served the subpoena. The party or attorney serving the subpoena has a duty to take reasonable steps to avoid imposing an undue burden or expense on you. The superior court enforces this duty and may impose sanctions upon the party or attorney serving the subpoena if this duty is breached.

**PROCEDURE FOR OBJECTING TO A SUBPOENA FOR ATTENDANCE AT A HEARING, TRIAL OR DEPOSITION:**

- You must file a motion to quash or modify the subpoena with the court to obtain a court order excusing you from complying with this subpoena.*
- The motion must be filed in superior court of the county in which the case is pending or in the superior court of the county which the subpoena was issued.*
- The motion must be filed **before the time specified for compliance or within 14 days after the subpoena is served**, whichever is earlier.*
- You must send a copy of any motion to quash or modify the subpoena to the party or attorney who served the subpoena.

**The court _must_ quash or modify a subpoena if . . .**

(1) if the subpoena does not provide a reasonable time for compliance;

(2) the subpoena commands your attendance at a trial **and** if the subpoena commands you to travel to a place **other than:**
(a) the county in which you reside or transact business in person;
(b) the county in which you were served with a subpoena, or within forty (40) miles from the place of service; or
(c) such other convenient place fixed by a court order, or

(3) **the subpoena requires disclosure of privileged or other protected matter**, if no exception or waiver applies; or

(4) **the subpoena subjects you to undue burden.**

4

The Court **MAY** quash or modify a subpoena **if**. . .

    (1)    **the subpoena requires you to disclose a trade secret or other confidential research, development or commercial information;**

    (2)    **you are an unretained expert and** the subpoena requires you to disclose your opinion or information resulting form your study that you have not been requested by any party to give on matters that are specific to the dispute;

    (3)    **you are not a party or a party's officer and the subpoena would require you to incur substantial travel expense; or**

    (4)    **the court determines that justice requires the subpoena to be quashed or modified.**

**In these last four circumstances, a court may, instead of quashing or modifying a subpoena, order your appearance or order the production of material under specified conditions if:**

    (1) the serving party or attorney shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; **and**
    (2) if your travel expenses or the expenses resulting form the production are at issue, the court ensures that you will be reasonably compensated.

**PROCEDURE FOR OBJECTING TO SUBPOENA FOR PRODUCTION OF DOCUMENTARY EVIDENCE, RECORD, TANGIBLE OBJECT OR INSPECTION OF PREMISES:**

**If you wish to object to a subpoena commanding you to produce documents, electronically stored information or tangible items, or to permit the inspection of premises, you may send a good faith written objection to the party or attorney serving the subpoena that objects to:**

    (1) producing, inspecting, copying, testing or sampling any or all of the materials designated in the subpoena;
    (2) inspecting the premises; or producing electronically stored information in the form or forms requested.

**You must send your written objection to the party or attorney who served the subpoena before the time specified for compliance or within 14 days after the subpoena is served, whichever is earlier.**

5

If you object because you claim the information requested is privileged, protected, or subject to protection as trial preparation material, you must express the objection clearly, and support each objection with a description of the nature of the document, communication or item not produced so that the demanding party can contest the claim.

If you object to the subpoena in writing, you do not need to comply with the subpoena until a court orders you to do so. It will be up to the party or attorney serving the subpoena to first personally consult with you and engage in good faith efforts to resolve your objection and, if the objection cannot be resolved, to seek an order from the court to compel you to provide the documents or inspection requested, after providing notice to you.

If you are not a party to the litigation, or a party's officer, the court will issue an order to protect you from any significant expense resulting from the inspection and copying commanded. See Rule 45(c)(6)(B) of the Arizona Rules of Civil Procedure.

Instead of sending a written objection to the party or attorney who served the subpoena, you also have the option of raising your objections in a motion to quash or modify the subpoena. See Rule 45(e)(2) of the Arizona Rules of Civil Procedure. The procedure and grounds for doing so are described in the section above entitled "Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition."

If the subpoena *also* commands your attendance at a hearing, trial or deposition, sending a written objection to the party or attorney who served the subpoena does not suspend or modify your obligation to attend and give testimony at the date, time and place specified in the subpoena. See Rule 45(c)(5)(A)(iii) of the Arizona Rules of Civil Procedure. If you wish to object to the portion of this subpoena requiring your attendance at a hearing, trial or deposition, you must file a motion to quash or modify the subpoena as described in the section above entitled "Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition." See Rule 45(b)(5) and 45(c)(5)(iii) of the Arizona Rules of Civil Procedure.

## ADA Notification

**Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

## Interpreter Notification

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.: CV2016-013436 |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MARICOPA COUNTY AND WILLIAM MONTGOMERY'S MOTION FOR A PROTECTIVE ORDER, REQUST TO STAY, AND JOINDER IN STATE'S MOTION TO STAY DEPOSITIONS AND QUASH NOTICES OF DEPSOITIONS** |
| vs. | |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | |
| Defendants. | (Assigned to Hon David Gass) |
| | **(Expedited Oral Argument Requested)** |

A discovery privilege cannot work to effectively eliminate malicious prosecution as a cause of action all together. Arizona law permits plaintiffs to pursue claims for malicious prosecution where, as here, public officials have made wrongful accusations. Here, Defendants seek to limit the scope of permissible discovery so narrowly as to transform plaintiff's rights into meaninglessness. For these reasons, this Court should reject the Defendant's Motion for a Protective Order. Plaintiff incorporates by reference his Response to Defendant State of Arizona's Motion to Stay. 1

## Memorandum of Points and Authorities
### I.      Background

Defendant's Motion seeks to limit questioning of deputy county attorneys about "their written preparation for trial, mental impressions, professional judgment, communications with supervisors, prosecution policies, or any discussions between them, undersigned defense counsel and the State of Arizona in their common legal interest, or any other privileged matter." (Motion at p3:1:4). Since Defendants have failed to identify with any specificity the documents they seek to withhold or the specific harm they predict through disclosure, and further simultaneously seek to use a discovery privilege to effectively eliminate plaintiff's right to bring a claim for malicious prosecution, the motion for a protective order should be denied.

---

1 The County incorrectly cites Local Rule 7.2, a local federal rule, as its source of authority.

Defendants identify four primary arguments to limit discovery: (1) The deliberative process privilege; (2) Work-Product doctrine (3) Attorney-Client Privilege and (4) Common-Interest Doctrine. Plaintiff will address each in turn.

## II.        Standard of review for the motion.

In discovery matters, including rulings on assertion of the privilege, the trial judge has broad discretion that is reviewed only for abuse. *See Brown v. Superior Court*, 137 Ariz. 327, 331, 670 P.2d 725, 729 (1983). "The discretion, however, is a legal discretion. It includes the right to decide controverted factual issues, *to draw inferences where conflicting inferences are possible* and to weigh competing interests. It does not include the privilege of incorrect application of law or of a decision predicated upon irrational bases." *Id.* at 332, 670 P.2d at 730 (emphasis added).

## III.   Discussion

### A. Arizona Courts Have Never Recognized the Deliberative Process Privilege.

The deliberative process privilege is a federal common law privilege to a public records request made under the Freedom of Information Act. See *Arizona Independent Redistricting Comn. v. Fields*, 206 Ariz. 130, 141, 75 P.3d 1088, 1099 (2003). The privilege protects from disclosure items reflecting intra-governmental information showing policymaking decisions. *Id.* The federal privilege has no application to the present case.

First, Arizona courts have never recognized the privilege, even according to the case cited by Defendants. See *Arizona Independent Redistricting Comn. v. Fields*, 206 Ariz. 130, 141, 75 P.3d 1088, 1099 (2003)("noting Arizona courts have not passed on viability of deliberative process privilege"). Second, even if Arizona recognized the deliberative process privilege, it would have no application to these facts because it governs legislative decision making; it does not address the subject matter of our case, which is the wrongful prosecution in a single case.

Defendant also suggest that the criminal prosecution against Mr. Merritt is "an ongoing investigation." (Motion at 3:16-17) and that discussion of the failed prosecution "will chill the forthright and candid discussion of ideas." Defendant's claim that the criminal prosecution against Mr. Merritt is ongoing is untrue. To provide protection from discovery, Defendant is required to produce some evidence of an ongoing criminal investigation, which they are unable to do.

Similarly, Defendant's citation to *Grimm v. The Arizona Bd of Pardons and Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977) is distinguishable. The plaintiff in *Grimm* sought to pursue a claim of gross negligence against members of the Board of Parole. Unlike the present case, which includes an element of malice, the *Grimm* case did not place the defendants' mental state at issue.

Further, Defendants suggest that a protective order might be warranted, prohibiting public disclosure of Maricopa County Attorney's Office Policies and Procedures. Plaintiff would agree to a protective order limiting public disclosure of Maricopa County Attorney's Office Policies and Procedures. Aside from this

limitation, the court should reject defendants' argument for a deliberative process privilege.

### B. The Work-Product Privilege Has No Application in a Malicious Prosecution Case

Arizona's work-product rule 26(b)(3) provides in pertinent part:

*Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial...".

The essence of the work-product privilege is that the party seeking the privilege must have a legitimate anticipation of litigation or a trial. In the context of a malicious prosecution claim, therefore, the work-product privilege has little if any application. Since the underlying criminal prosecution is defunct, there is generally no expectation of trial. In the present case, Defendants have failed in the underlying criminal case to produce any evidence to support its claim of an ongoing investigation. Therefore, the work-product privilege should not apply.

Moreover, even when the privilege might apply, the privilege is not absolute and remains subject to waiver. Materials are still subject to disclosure, notwithstanding a claim of work-product privilege, upon a showing of a "substantial need" and "undue hardship" exception to the work-product doctrine. *Lumber Country, Inc. V. Superior Court of State in and For Mariocpa County*, 155 Ariz. 98, 745 P.2d 156 (App. 1987). In the present case, Defendant has failed to identify any particular material that it believes is subject to work-product privilege. The Court should thus reject this aspect of the motion.

Furthermore, Defendants have likely waived the privilege. Even where the privilege might apply, litigants cannot with one hand "wield the sword" by asserting as a defense that, as the law requires it made a reasonable investigation into the facts of Mr. Meritt's criminal liability, and with the other hand "raise the shield" that using a privilege to keep plaintiff from finding out what it actually did, learned, and did with results of that investigation. *See State Farm Mutual Automobile Insurance Company v. Lee*, 199 Ariz. 52, 58, 13 P.3d 1169, 1175(2011)(our courts have found reliance on a privilege unfair when used as both a sword and a shield"). Here, Defendants intend to assert as a defense a lack of malice and the existence of probable cause. It cannot simultaneously use the privilege to prevent discovery on these same issues. Therefore, the claim of work-product should be rejected.

The cases cited by Defendant do not apply. In *Dean v Superior Court in and For Mariocpa County*, 84 Ariz. 104, 111-13(1958), the claim involved a privately retained attorney in an automobile case. It did not involve a prosecutor in a malicious prosecution case where state of mind is at issue. Likewise inapplicable is *State ex rel. Corbin v. Ybarra*, 161 Ariz. 188 (1989), where the Court addressed work-product privilege involving documents of a retained expert, not information involving disclosed experts, such as those disclosed in the present case, including firearms examiners Haag, Murdock, and the ATF.

Most courts from other jurisdiction that have addressed the issue recognize that work-product privilege has no application in subsequent civil litigation because the criminal case is dead. See *Klein v. Jefferson Parish School Bd.*, 2003 WL

1873909, *2-3 (E.D.La. Apr. 10, 2003) (no work-product privilege applied in subsequent civil litigation where plaintiff sought district attorney's written notes from plaintiff's prior criminal investigation); *Ostrowski v. Holem*, 2002 WL 31956039, at *3 (N.D.Ill. Jan. 21, 2002) (work product privilege did not apply; civil plaintiff could obtain production of prosecutorial files from her prior criminal prosecution); *Carter v. City of Philadelphia*, 2000 WL 632988, at *1-2 (E.D.Pa. May 5, 2000) (work product privilege did not apply where, during course of subsequent civil litigation, plaintiff sought documents generated in connection with the underlying but already-concluded criminal case); *Hernandez v. Longini*, 1997 WL 754041, at *2 (N.D.Ill. Nov. 13, 1997) (plaintiff asserting a §1983 claim could obtain production of the prosecutor's criminal files from her prior prosecution; work product privilege did not apply); *Doubleday v. Ruh*, 149 F.R.D. 601, 606 (E.D.Cal.1993) (no work-product privilege where the fruits of public prosecutor's completed investigation became relevant to a subsequent civil litigation to which prosecutor was not a party); *Schultz v. Talley*, 152 F.R.D. 181, 185 (W.D. Mo.1993) (district attorney cannot assert work-product privilege because not a party to the present suit).

In short, Defendant has not made a sufficient showing to show that the work product doctrine applies in this case. The motion for protective order on this point should be denied.

### C. Defendants Fail to Make a Sufficient Showing that Attorney-Client Privilege Exists.

For government lawyers, the attorney-client privilege applies only when the communication is either (1) for the purpose of providing legal advice to the entity; or, (2) for the purpose of obtaining information to provide legal advice to the entity. A.R.S. ¶ 12–2234. Here, Defendant has failed to show how either of those applications apply to scenarios facing the deputy county attorneys in the present case.

In Arizona, prosecutors are public servants; there is no client to protect: "The prosecutor does not represent the victim of a crime, the police, or any individual. Instead, the prosecutor represents society as a whole." *State ex rel. Romley v. Superior Court in and For County of Maricopa*, 181 Ariz. 378, 382, 891 Pl2d 246, 250 (App. 1995)(internal citations omitted). Hence, the attorney-client privilege does not apply.

Moreover, even if the privilege applies it can be impliedly waived in cases similar to the present case. *Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 375, 351 P.3d 376, 382 (App. 2015)(" Implied waiver can occur where a party advances a claim or affirmative defense premised upon otherwise privileged information, such as the reasonableness of its evaluation of the law, which directly relates to the heart of the litigation."). The *Burch* court further cited cases showing implied waiver of attorney-client privilege in cases involving a party's assertion of "good faith based upon its interpretation of the law" and "good faith immunity defense to civil rights

violations.")  Here, Defendants are asserting a lack of malice and the existence of probable cause.  These defenses go to the heart of the litigation, and their assertions constitutes a waiver of any attorney-client privilege.

### D. The Common Interest Privilege Does Not Apply

The common interest privilege applies "where an occasion arises in which one is entitled to learn from his associates what is being done in a matter in which he has an interest in common with them." *Green Acres Trust v. London*, 141 Ariz. 609, 617, 688 P.2d 617, 625 (1984).(citations omitted).  The court went on to describe how this privilege might apply to associates in a commercial enterprise.  *Id*. Moreover, the "doctrine does not create a privilege, but is an exception to the rule that communications between a person and a lawyer representing another person are not privileged." *Arizona Independent Redistricting Comn. v. Fields*, 206 Ariz. 130, 141, 75 P.3d 1088, 1099 (2003).

Here, Defendants fail to provide any authority showing the application of the common interest privilege applies in the case of a malicious prosecution type claim against law enforcement.  Moreover, Defendants seek to impermissibly piggy-back and expand on a statutory privilege of ARS § 12-2234 beyond the plain language of the statute.  For these reasons, the Court should reject Defendants' motion for a protective order.


### E. The Deputy County Attorneys are Considered Parties and Necessary Witnesses.

The County argues that because it objects, the two noticed depositions of attorneys Leiter and Cuevas should not proceed. (Motion at p.4-5.) The State's argument should be rejected for two reasons.

First, Ariz.R.Civ.P 30(a)(1) provides for the depositions of parties. Here, the State concedes that the depositions of the deputy county attorneys are for "two key party witnesses." (Motion at p.2:2). Further, the State's position the deponents are "two key party witnesses" is consistent with the only plausible reading of Ariz.R.Civ.P 30(a)(1) where, as here, the named defendants are corporate or governmental parties. In such cases, the provision of "party" should be read in conjunction with Ariz.R.Civ.P. 30(b)(6).

The purpose of the rule limiting depositions is to encourage informal and less expensive witness interviews. However, where the acts of the employees of corporate adversaries give rise to the litigation, opposing counsel are precluded from direct contact with the employees. *Lang v. Superior Court, In and For County of Maricopa*, 170 Ariz. 602, 826 P.2d 1228 (App. 1992). As a result of this preclusion, the liability producing employees should be considered "parties" for purposes of Ariz.R.Civ.P. 30(a). *See* Danile J. McAuliffe, et. al., Arizona Practice Series, Civil Proc. Rule 30, Sect. 16.23 Oral Depositions. For this reason, the deputy county attorneys at issue should be considered parties for the purposes of Ariz.R.Civ.P. 30(a), and the State's argument should be rejected.

Even if these deputy county attorneys were considered non-parties under the rule, they are central witnesses whose depositions should go forward.

Notwithstanding any objection from the State, good cause exists for permitting the depositions to proceed. Merritt's counsel are precluded under *Lang* from contacting these witnesses. The only plausible means of discovery is a deposition. A party's objection to the deposition of a "key person" cannot be viewed as being made in good faith, and is legally insufficient to deny the taking of the deposition.

**Conclusion**

For these reasons, Leslie Merritt, Jr. respectfully requests that the Court deny Defendants' Motion for a Protective Order.

DATED this 20th day of January, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:   /s/David J. Don
           David J. Don
           *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 20th day of January, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:    /s/David J. Don

1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
   mho@polsinelli.com
3  Rebecca N. Cain (#025604)
   rcain@polsinelli.com
4
5  **POLSINELLI PC**
   CityScape
6  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
7  Phone: (602) 650-2000 │ Fax: (602) 264-7033
8  *Attorneys for Defendant State of Arizona*
9
10        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
11             **IN AND FOR THE COUNTY OF MARICOPA**
12

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No. CV2016-013436 |
| Plaintiff, | |
| vs. | **DEFENDANT STATE OF ARIZONA'S JOINDER IN DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S MOTION FOR A PROTECTIVE ORDER, REQUEST TO STAY, AND JOINDER IN STATE'S MOTION TO STAY DEPOSITIONS AND QUASH NOTICES OF DEPOSITION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | |
| Defendants. | **(Assigned to the Honorable David Gass)** |

        To the extent the arguments set forth in Defendants Maricopa County and William
Montgomery's Motion for a Protective Order, Request to Stay, and Joinder in State's
Motion to Stay Depositions and Quash Notices of Deposition (the "Motion") relate to
interactions between those defendants and the State of Arizona or their counsel, the State
hereby joins in the Motion and requests that the Court disallow Plaintiff from questioning

1

witnesses Vanessa Losicco Cuevas and Edward Leiter about discussions between them and the State of Arizona or counsel in their common legal interest or about any other privileged matter. This request is made for the reasons set forth in the Motion.

RESPECTFULLY SUBMITTED this 20th day of January, 2017.

POLSINELLI PC

By: /s/ Rebecca N. Cain

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

**E-FILED** this 20th day of January, 2017,
with the Clerk of the Superior Court.

**COPY** mailed this 20th day of January,
2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

2

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*

By: */s/ Dawn M. Coppens*

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ  85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email:  jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | Case No.:  CV2016-013436 |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MARICOPA COUNTY AND WILLIAM MONTGOMERY'S MOTION TO STRIKE** |
| vs. | |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. | (Assigned to Hon David Gass) |
| | **(Expedited Oral Argument Requested)** |
| Defendants. | |

Plaintiff Leslie Merritt, Jr., through counsel, responds in opposition to

Defendant Maricopa County and Montgomery's Motion to Strike filed January 20, 2017. Defendants seek to strike Plaintiff's Motion to Quash Subpoena filed January 10, 2017. The Motion to Strike should be denied because Merritt is authorized to object to a subpoena ducus tecum that seeks to discover privileged attorney-client communications.

## I.      Merritt Is Entitled to Move to Quash the Subpoena

The Arizona Supreme Court has rejected Defendants' argument that a party lacks standing to object to a subpoena directed to a non-party, instead holding that that "where a party can make a claim to some personal right to privilege in respect to the subject matter of a subpoena ducus tecum directed to a non-party witness the party has a right to contest the subpoena." *Lipschultz v. Superior Court, In and For Maricopa County*, 128 Ariz. 16, 19-20, 623 P.2d 805, 808-809 (1981)(citing *MacDonald v. Hyder*, 12 Ariz. App. 411, 417,471 P.2d 296, 302 (App. 1970)). Further, Ariz.R.Civ.P., 45(e)(2)(A)(iii) indicates that "on timely motion, the court in the county where the case is pending or from which a subpoena was issued must quash or modify a subpoena if it requires disclosure of privileged or other protected matter."

Here, Merritt timely filed his Motion to Quash the Defendants' subpoena to the Maricopa County Sheriff's Office. Merritt's authority for objecting was the rule of *Lipschultz v. Superior Court, In and For Maricopa County*. His objection is based on an assertion of his personal right to the attorney-client privilege governing

his communications with his attorneys and their assistants. It was those communications that are covered by the broad language of Defendants' subpoena. Accordingly, the court should find that Merritt has standing to move to quash the subpoena, and issue an order under Ariz.R.Civ.P 45 to quash or modify the subpoena.

## II. The Subpoena Seeks Attorney-Client Privileged Information.

Defendants' subpoena fails to distinguish between privileged and non-privileged conversations involving Merritt. It is a blanket attempt to discover all communications involving Merritt during certain periods of confinement in the Maricopa County Jails. Contrary to Defendants' suggestion, the attorney-client privilege is not a privilege that is held by the recipients of the subpoena ducus tecum, the Maricopa County Sheriff's Office. Accordingly, Merritt would be neither justified nor required to rely on the skill of the Maricopa County Sheriff's Office to correctly identify which conversations are subject to privilege and which may be discoverable. Defendants' subpoena is simply too broadly worded, and includes within it attorney-client privileged information.

## III. Conclusion

For these reasons, Leslie Merritt, Jr. respectfully requests that the Court deny Defendants' Motion to Strike, and issue an order to quash or modify the subpoena ducus tecum.

DATED this 23rd day of January, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:    /s/David J. Don
          David J. Don
          *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 23rd day of January, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:    /s/David J. Don

Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Rebecca N. Cain (#025604)
rcain@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendant State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic;<br>BILL MONTGOMERY, the elected<br>Maricopa County Attorney;<br>MARICOPA COUNTY, a body politic;<br>JOHN DOES I-X; JANE DOES I-X;<br>ABC PARTNERSHIPS I-X and XYZ<br>CORPORATIONS I-X,<br><br>                Defendants. | Case No. CV2016-013436<br><br>**STATE OF ARIZONA'S ANSWER**<br><br>**(Assigned to the Honorable David Gass)** |

For its Answer to Plaintiff's Complaint, Defendant State of Arizona ("the State") hereby admits, denies, and alleges as follows:

      1.     The State admits the allegations set forth in Paragraph 1 of the Complaint.

      2.     As to Paragraph 2 of the Complaint, the State admits that Plaintiff served a timely notice of claim pursuant to A.R.S. § 12-821.01 but denies the remaining allegations set forth in Paragraph 2.

1

3.     The State admits the allegations set forth in Paragraph 3 of the Complaint.

4.     The State admits that venue in this Court is proper.

5.     Paragraph 5 of the Complaint requires no response.

6.     The State admits the allegations set forth in Paragraph 6 of the Complaint upon information and belief.

7.     The State's responsibility and authority over the Arizona Department of Public Safety and the DPS Regional Crime Lab are set forth in statutes and regulations. To the extent the allegations in Paragraph 7 are inconsistent with those statutes and regulations, the State denies them.

8.     As to Paragraph 8 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 8, the State denies any such allegation.

9.     As to Paragraph 9 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 9, the State denies any such allegation.

10.    Paragraph 10 of the Complaint requires no response. To the extent any response is required, the State denies the allegations set forth in Paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint requires no response. To the extent any response is required, the State denies the allegations set forth in Paragraph 11 of the Complaint.

12.    The Arizona Department of Public Safety operates pursuant to statute and regulation. To the extent Paragraph 12 is inconsistent with those statutes and regulations, the State denies the allegations.

13.    As to Paragraph 13 of the Complaint, the State admits that, in the summer of 2015, the State of Arizona, through the Department of Public Safety, investigated a series of shootings that occurred along or near the I-10 freeway in Phoenix, Arizona. The State denies the remainder of the allegations set forth in Paragraph 13.

2

14.     As to Paragraph 14 of the Complaint, the State admits that DPS retrieved bullets and/or bullet fragments from four separate shooting incidents. The State denies the remainder of the allegations set forth in Paragraph 14.

15.     As to Paragraph 15 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

16.     As to Paragraph 16 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

17.     As to Paragraph 17 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

18.     As to Paragraph 18 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

19.     The State denies the allegations set forth in Paragraph 19 of the Complaint.

20.     The State denies the allegations set forth in Paragraph 20 of the Complaint.

21.     The State admits the allegations set forth in Paragraph 21 of the Complaint.

22.     The State admits the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     The State admits the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     The State admits the allegations set forth in Paragraph 24 of the Complaint.

25.     The State admits that the case described in Plaintiff's Complaint received significant public and media attention but denies the remaining allegations of Paragraph 25.

26.     As to Paragraph 26 of the Complaint, the State admits that DPS personnel were working diligently on the investigation. The State denies the remaining allegations as they are stated in Paragraph 26.

3

27.     The State denies the allegations set forth in Paragraph 27 as they are stated in the Complaint.

28.     The State denies the allegations set forth in Paragraph 28 of the Complaint.

29.     As to Paragraph 29 of the Complaint, the State admits that Detective Graff received knowledge of computerized information related to pawned merchandise.   The State denies the remaining allegations of Paragraph 29.

30.     The State admits the allegations of Paragraph 30.

31.     As to Paragraph 31 of the Complaint, the State admits that Detective Graff sought permission to use the database for investigative purposes.   The State denies the remaining allegations of Paragraph 31.

32.     As to Paragraph 32 of the Complaint, Paragraph 32 is vague and ambiguous. The State admits that Sgt. Mapp authorized the use of the database for investigative purposes.  The State denies the remaining allegations as set forth in Paragraph 32.

33.     The State is without sufficient information to confirm or deny the allegations of Paragraph 33.

34.     As to Paragraph 34 of the Complaint, The State admits that the database contained information on various handguns, but denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.     The State denies the allegations set forth in Paragraph 35 of the Complaint.

36.     As to Paragraph 36 of the Complaint, the State affirmatively alleges that the subject records speak for themselves. The State denies all remaining allegations as set forth in Paragraph 36.

37.     The State is without sufficient information to confirm or deny the allegations of Paragraph 37 of the Complaint.

38.     As to Paragraph 38 of the Complaint, the State admits it reviewed Plaintiff's Facebook page and that Plaintiff had shared articles related to the shootings that were the subject of its investigation. The State denies the remaining allegations as set forth in Paragraph 38.

55779667.2

39. The State denies the allegations set forth in Paragraph 39 of the Complaint.

40. The State denies the allegations set forth in Paragraph 40 of the Complaint.

41. The State denies the allegations set forth in Paragraph 41 of the Complaint.

42. The State denies the allegations set forth in Paragraph 42 of the Complaint.

43. As to Paragraph 43 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

44. The State denies the allegations set forth in Paragraph 44 of the Complaint.

45. The State denies the allegations set forth in Paragraph 45 of the Complaint.

46. The State denies the allegations set forth in Paragraph 46 of the Complaint.

47. The State denies the allegations set forth in Paragraph 47 of the Complaint.

48. The State denies the allegations set forth in Paragraph 48 of the Complaint.

49. The State denies the allegations set forth in Paragraph 49 of the Complaint.

50. The State admits the allegations set forth in Paragraph 50 of the Complaint.

51. The State denies the allegations set forth in Paragraph 51 of the Complaint.

52. The State denies the allegations set forth in Paragraph 52 of the Complaint.

53. The State denies the allegations set forth in Paragraph 53 of the Complaint.

54. The State denies the allegations set forth in Paragraph 54 of the Complaint.

55. The State denies the allegations set forth in Paragraph 55 of the Complaint.

56. The State denies the allegations set forth in Paragraph 56 of the Complaint.

57. As to the allegations set forth in Paragraph 57 of the Complaint, the State admits it conducted a second interview of the driver of the BMW involved in one of the shooting incidents. The State denies the remainder of the allegations set forth in Paragraph 57.

58. The State denies the allegations set forth in Paragraph 58 of the Complaint.

59. The State denies the allegations set forth in Paragraph 59 of the Complaint.

60. The State denies the allegations set forth in Paragraph 60 of the Complaint.

61. As to Paragraph 61 of the Complaint, the State contends that the allegation is

vague and not susceptible to an accurate answer and therefore denies the same.

62.     The State denies the allegations set forth in Paragraph 62 of the Complaint.

63.     The State denies the allegations set forth in Paragraph 63 of the Complaint.

64.     The State denies the allegations set forth in Paragraph 64 of the Complaint.

65.     As to Paragraph 65 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 65, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

66.     As to Paragraph 66 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 66, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

67.     As to Paragraph 67 of the Complaint, the State admits that Department of Public Safety officers interviewed Plaintiff on September 18, 2015. The State denies the remaining allegations of Paragraph 67.

68.     As to Paragraph 68 of the Complaint, the State is without sufficient information to admit or deny the allegations set forth in Paragraph 68 of the Complaint and therefore denies same.

69.     At to Paragraph 69 of the Complaint, the State admits that Plaintiff was directed to lie down in a parking lot. The State denies the remaining allegations as set forth in Paragraph 69.

70.     As to Paragraph 70 of the Complaint, the State is without sufficient information to admit or deny the allegations set forth in Paragraph 70 of the Complaint and therefore denies same.

71.     The State denies the allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72.     The State admits that it transported Plaintiff, but denies the remaining allegations of Paragraph 72 of the Complaint.

6

73.     The State admits it interviewed Plaintiff for over an hour but denies the remaining allegations of Paragraph 73 of the Complaint.

74.     The State admits the allegations set forth in Paragraph 74 of the Complaint.

75.     The State denies the allegations set forth in Paragraph 75 of the Complaint.

76.     As to Paragraph 76 of the Complaint, the State is without sufficient information to confirm or deny the allegations set forth therein and therefore denies the same.

77.     As to Paragraph 77 of the Complaint, the State admits that Plaintiff did not request a lawyer. The State denies the remaining allegations set forth in Paragraph 77 of the Complaint.

78.     As to Paragraph 78 of the Complaint, the State admits that Plaintiff was taken into custody at a Maricopa County Jail known as the 4th Avenue Jail, where he remained for over two hundred days. The State denies the remaining allegations set forth in Paragraph 78.

79.     The State denies the allegations set forth in Paragraph 79 of the Complaint.

80.     The State admits the allegations set forth in Paragraph 80 of the Complaint.

81.     The State denies the allegations set forth in Paragraph 81 of Plaintiff's Complaint.

82.     As to Paragraph 82 of the Complaint, the State admits that Plaintiff was arrested without a warrant. The State admits that the Maricopa County Attorney's Office presented the case to the Grand Jury. The State affirmatively alleges the Grand Jury returned a true bill. Defendants deny the remaining allegations set forth in Paragraph 82 of the Complaint.

83.     As to Paragraph 83 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 83, the State denies any such allegation.

84.     The State denies the allegations set forth in Paragraph 84 of the Complaint.

85.     The State denies the allegations set forth in Paragraph 85 of the Complaint.

7

86.     To the extent Paragraph 86 contains any allegations directed at the State, the State denies those allegations.

87.     To the extent Paragraph 87 contains any allegations directed at the State, the State denies those allegations.

88.     To the extent Paragraph 88 contains any allegations directed at the State, the State denies those allegations.

89.     To the extent Paragraph 89 contains any allegations directed at the State, the State denies those allegations.

90.     As to Paragraph 90 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 90, the State denies any such allegation.

91.     As to Paragraph 91 of the Complaint, the State denies that the DPS crime lab had "botched" the identification. The remaining allegations of Paragraph 91 are not directed at the State and the State therefore denies the same.

92.     The State admits that Maricopa County retained Lucien C. Haag. The State denies the remaining allegations set forth in Paragraph 92 of the Complaint.

93.     The State admits the allegations set forth in Paragraph 93 of the Complaint.

94.     As to Paragraph 94 of the Complaint, the State admits that Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. The State denies the remaining allegations set forth in Paragraph 94. The State affirmatively alleges the results of Mr. Haag's investigation were "inconclusive".

95.     The State admits that Haag issued a report on or about April 14, 2016. The State denies the remaining allegations set forth in Paragraph 95.

96.     The State admits the allegations set forth in Paragraph 96 of the Complaint.

97.     The State admits the allegations set forth in Paragraph 97 of the Complaint and further affirmatively alleges that the motion to dismiss was filed without prejudice.

98.     The State admits the allegations set forth in Paragraph 98 of the Complaint and further affirmatively alleges that the dismissal was entered without prejudice.

8

99.     As to Paragraph 99 of the Complaint, the State admits that DPS requested the Bureau of Alcohol, Tobacco, and Firearms ("ATF") to test Merritt's firearm and the evidentiary bullets. The State affirmatively alleges that ATF found limited or insufficient marks of value for comparison. The State further affirmatively alleges that the lab report completed by the Bureau of Alcohol, Tobacco, and Firearms was dated after the dismissal described at Paragraph 98 of the Complaint. The State denies all remaining allegations of Paragraph 99 of the Complaint.

100.    The State denies the allegations set forth in Paragraph 100 of the Complaint.

101.    The State denies the allegations set forth in Paragraph 101 of the Complaint.

102.    The State denies the allegations set forth in Paragraph 102 of the Complaint.

103.    As to Paragraph 103 of the Complaint, Plaintiff makes no allegation against the State. To the extent any allegation against the State is found in Paragraph 103, the State denies any such allegation.

104.    The State admits, denies, and alleges as set forth above.

105.    Paragraph 105 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 105.

106.    The State admits the allegations set forth in Paragraph 106 of the Complaint. The State affirmatively alleges that the arrest was founded in probable cause.

107.    The State denies the allegations set forth in Paragraph 107 of the Complaint.

108.    The State denies the allegations set forth in Paragraph 108 of the Complaint.

109.    The State denies the allegations set forth in Paragraph 109 of the Complaint.

110.    The State admits, denies, and alleges as set forth above.

111.    Paragraph 111 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 111.

112.    The State denies the allegations set forth in Paragraph 112 of the Complaint.

113.    As to Paragraph 113 of the Complaint, the State admits that Plaintiff was imprisoned. The State denies the remaining allegations set forth in Paragraph 113 of the Complaint. The State affirmatively alleges that the imprisonment was founded in probable

9

cause.

114.     The State denies the allegations set forth in Paragraph 114 of the Complaint.

114.     The State admits, denies, and alleges as set forth above.

115.     Paragraph 115 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 115.

116.     The State admits the allegations set forth in Paragraph 116 of the Complaint but affirmatively alleges that the prosecution was founded in probable cause.

117.     The State denies the allegations set forth in Paragraph 117 of the Complaint.

118.     The State denies the allegations set forth in Paragraph 118 of the Complaint.

119.     The State denies the allegations set forth in Paragraph 119 of the Complaint.

120.     The State denies the allegations set forth in Paragraph 120 of the Complaint.

121.     The State admits, denies, and alleges as set forth above.

122.     Paragraph 122 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 122.

123.     The State denies the allegations set forth in Paragraph 123 but affirmatively alleges a duty to all individuals in the State of Arizona.

124.     The State denies the allegations set forth in Paragraph 124 of the Complaint.

125.     The State denies the allegations set forth in Paragraph 125 of the Complaint.

126.     The State admits, denies, and alleges as set forth above.

127.     Paragraph 127 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 127.

128.     The State denies the allegations set forth in Paragraph 128 of the Complaint.

129.     The State denies the allegations set forth in Paragraph 129 of the Complaint.

130.     The State denies the allegations set forth in Paragraph 130 of the Complaint.

131.     The State denies the allegations set forth in Paragraph 131 of the Complaint.

132.     The State admits, denies, and alleges as set forth above.

133.     The State denies the allegations set forth in Paragraph 133 of the Complaint.

10

134.    Paragraph 134 of Plaintiff's Complaint requires no response. To the extent a response is required, the State denies the allegations set forth at Paragraph 134.

135.    The State denies the allegations set forth in Paragraph 135 of the Complaint.

136.    The State denies the allegations set forth in Paragraph 136 of the Complaint.

137.    The State denies the allegations set forth in Paragraph 137 of the Complaint.

138.    The State denies the allegations set forth in Paragraph 138 of the Complaint.

139.    The State denies the allegations set forth in Paragraph 139 of the Complaint.

140.    The State denies the allegations set forth in Paragraph 140 of the Complaint.

## AFFIRMATIVE DEFENSES

The State sets forth the following affirmative defenses and reserves the right to supplement these affirmative defenses based on information learned during discovery:

1.    The State asserts that Plaintiff's Complaint fails to state a claim for which relief can be granted against it.

2.    The State asserts that Plaintiff's Notice of Claim is deficient, which bars all claims against the State.

3.    The State asserts that Plaintiff's damages, if any, were wholly or partially caused by Plaintiff's own actions or the actions of other parties or non-parties.

4.    The State asserts that Plaintiff assumed the risk.

5.    The State asserts that it is entitled to absolute immunity and/or qualified immunity pursuant to A.R.S. §§ 12-820.01 and 12-820.02.

6.    That State asserts that the State is entitled to other immunities pursuant to A.R.S. § 12-820.05.

7.    The State asserts that Plaintiff's claims are barred by A.R.S. §12-712. *See also* Restatement of Torts § 657.

8.    The State asserts that reasonable suspicion and probable cause existed for the arrest, detention, and prosecution of Plaintiff.

9.    The State asserts that Plaintiff is not entitled to punitive or exemplary damages pursuant to A.R.S. § 12-820.04.

11

10.     Discovery has not begun in earnest in this case and therefore the State alleges that additional facts may be revealed by future discovery which supports affirmative defenses presently available to, but not known, by the State. Accordingly, on information and belief, the State hereby asserts each and every affirmative defense set forth in Rules 8(c) and 12, Arizona Rules of Civil Procedure, including, but in no way limited to, accord and satisfaction, statute of limitations, estoppel, collateral estoppel, res judicata, fraud, failure of consideration, laches, payment, release, lack of privity, statute of frauds, and waiver, in order that they not be deemed waived.

## JURY DEMAND

The State makes a demand for a Jury Trial.

**WHEREFORE,** having fully answered Plaintiff's Complaint, the State requests entry of judgment as follows:

A.     Plaintiff's Complaint be dismissed with prejudice as to the State and that Plaintiff takes nothing thereby;

B.     That the State be awarded its costs and reasonable attorneys' fees incurred herein pursuant to applicable Arizona law including but not limited to A.R.S. § § 12-349 and Rules 11 and 37, Arizona Rules of Civil Procedure; and

C.     For such other relief as this Court deems appropriate under the circumstances.

**RESPECTFULLY SUBMITTED** this 23rd day of January, 2017.

POLSINELLI PC

By: /s/ *Rebecca N. Cain*

Edward F. Novak
Melissa Ho
Rebecca N. Cain
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

55779667.2

**E-FILED** this 23rd day of January, 2017,
with the Clerk of the Superior Court.

**COPY** mailed this 23rd day of January,
2017, to:

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Pkwy., Ste. 208
Phoenix, AZ 85016-2030
(602) 222-9237
jlamm@cyberlawaz.com

David J. Don
Law Offices of David J. Don, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
(480) 948-1212
david@azcivilrights.com

Ulises A. Ferragut, Jr.
The Ferragut Law Firm, P.C.
2 North Central Avenue, Suite 1125
Phoenix, AZ 85004
(602) 324-5300
Ulises@FerragutLaw.com
*Attorneys for Plaintiff Leslie Merritt, Jr.*

Michele M. Iafrate
Iafrate & Associates
649 North Second Avenue
Phoenix, AZ 85003
(602) 234-9775
miafrate@iafratelaw.com

*Attorneys for Defendants, Maricopa County
and William Montgomery*


By: */s/ Dawn M. Coppens*

13

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436                                    01/25/2017


                                        CLERK OF THE COURT
HONORABLE DAVID B. GASS                     L. Stogsdill
                                              Deputy



LESLIE MERRITT JR.                    DAVID J DON

v.

STATE OF ARIZONA, et al.              REBECCA N CAIN



                                      MICHELE M IAFRATE
                                      JASON D LAMM
                                      ULISES FERRAGUT JR.



                        MOTION WITHDRAWN


        Pursuant to a Notice of Withdrawal of the State of Arizona's Motion to Stay Depositions
and Motion to Quash Notices of Depositions, filed on January 18, 2017,

        **IT IS ORDERED** that said Motion, filed on January 18, 2017, is considered withdrawn
and no further action will be taken by the court.

1  LAW OFFICES OF DAVID J. DON, PLLC
2  301 E. Bethany Home Rd., Ste. B-100
   Phoenix, Arizona 85012
3  Tel: 480.948.1212
   Fax: 480.696.7756
4  Email: david@azcivilrights.com

5  David J. Don, Esq. (#016462)
6  *Attorneys for Plaintiff Leslie Merritt, Jr.*

7          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

8              IN AND FOR THE MARICOPA COUNTY

9  LESLIE MERRITT, JR., an individual,    ) Case No.: CV2016-013436
              Plaintiff,                  )
10                                        )
                                          )
11        vs.                             ) **PLAINTIFF'S ADDENDUM TO**
                                          ) **JOINT REPORT OF 01/10/17**
12  STATE OF ARIZONA, et. al.             )
              Defendants.                 ) (Assigned to Hon. David Gass)
13                                        )
                                          )
14  _____)

15          Plaintiff, Leslie Merritt, Jr., through counsel, submits the following separate

16  addendum to the parties' Joint Report in preparation for the Rule 16 Scheduling Conference

17  set for Friday, January 27, 2017, at 2:30 p.m. Plaintiff seeks to add the following item, at

18  paragraph 14, entitled "Items Upon Which the Parties Do Not Agree":

19          * Defendants Maricopa County and Montgomery have failed to timely respond or

20  object to plaintiff's discovery requests. On November 18, 2016, Plaintiff propounded to

21  these defendants his First Request for Production of Documents. The Response was due

22  January 2, 2017. Defendants failed to respond or object and provide a privilege log. On

23  January 10, 2017, Plaintiff emailed defense counsel Michele Iafrate to resolve the discovery

dispute. On January 13, 2017, Ms. Iafrate emailed back that she believes a protective order is necessary before responding.

DATED this of 25th day of January, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.
LAW OFFICES OF JASON LAMM

By:   /s/David J. Don
      David J. Don
      *Attorneys for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 23rd day of January, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

Hon. David Gass
Ms. Lena Dupuis
Email:  ldupuis@superiorcourt.maricopa.gov

By:    /s/David J. Don

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER, REQUEST TO STAY, AND JOINDER IN STATE'S MOTION TO STAY DEPOSITIONS AND QUASH NOTICES OF DEPOSITION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | |
| Defendants. | |
| | *(Assigned to the Honorable David Gass)* |

Plaintiff's Response opposing Maricopa County and William Montgomery's Motion ("County Defendants") for a Protective Order, Request to Stay, and Joinder in the State's Motion to Stay Depositions and Quash Notices of Deposition fails because: 1) Plaintiff fails to cite persuasive authority that would allow him to circumvent the rules and depose Mr. Leiter and Ms. Losicco Cuevas who are *not* parties to the lawsuit; 2) Plaintiff merely states that "good cause exists for permitting the deposition to proceed" yet, Plaintiff fails to identify any good cause; and 3)

1

Plaintiff still fails to disclose the purpose and substance of testimony he seeks from Ms. Losicco Cuevas and Mr. Leiter, thus evidencing the need for a protective order to protect the privileges that County Defendants identified in their motion (work product, deliberative process, common defense, and attorney-client).

## I. LAW AND ARGUMENT

### A. The Plain Meaning Rule Supports the County Defendants' Argument.

The language in Rule 30(a) is clear and unambiguous.  Only parties, experts, and custodians of records may be deposed as a matter of right once an action commences.  Ariz. R. Civ. P. 30(a).  Arizona courts interpret court rules according to the principles of statutory construction.  *Bolding v. Hantman*, 214 Ariz. 96, 148 P.3d 1169, 1173 (App.2006).  "If the language is clear and unambiguous, we give effect to that language and do not employ other methods of . . . construction."  *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App.2005).  In his Response, Plaintiff asserts that the words "party" and "witness" are interchangeable.  (Response at 10:5-12).  The rule does not include the terms "key witnesses" or "central witnesses" as those whom a party may depose.  Ariz. R. Civ. P. 30(a).  Alternatively, Plaintiff urges the Court to allow the depositions of non-parties Losicco Cuevas and Leiter, arguing that the rule's purpose is to encourage less expensive and informal witness interviews.  (Response at 10:13-14).  Yet, Plaintiff's actions belie his argument.  Plaintiff has not sought to conduct informal witness interviews or agreed to a protective order to facilitate such interviews.  (See State's Motion to Stay at 2:15-

19).  Instead, Plaintiff formally noticed Ms. Losicco Cuevas and Mr. Leiter's depositions.

Furthermore, although Plaintiff states that good cause exists for him to depose the two prosecutors, Plaintiff does not explain what the good cause is nor does he cite to any persuasive authority for his assertion.  Therefore, where Plaintiff has invoked Rule 30 procedures, the Court should order Plaintiff to abide by them and confine his depositions to parties only.

## B.    A Protective Order is Necessary Should the Court Allow the Depositions.

In Plaintiff's Response, he argues that the Court should not grant a protective order because "Defendants have failed to identify with any specificity the documents they seek to withhold or the specific harm they predict through disclosure. . ." Plaintiff is correct that in Defendants' motion they did not specifically identify any documents they seek to withhold.  This is because Plaintiff has not been forthcoming as to what documents they may seek or what areas they would question Ms. Losicco Cuevas and Mr. Leiter regarding.  Plaintiff ended the discussion about possible discovery by issuing notices of deposition.  Additionally, if Plaintiff identified subject areas of questions and documents needed, the County Defendants could more specifically identify testimony and documents that are privilege-protected.  Moreover, the County Defendants identified the harm they predict if Plaintiff is allowed to depose Ms. Losicco Cuevas and Mr. Leiter without a protective order in place—a chilling of discourse amongst prosecutors and their

3

supervisors about case strategies, etc., given that Plaintiff is the subject of an ongoing criminal investigation.  (Motion for Protective Order at 3:16-17).

## II. CONCLUSION

Based on the arguments in the County Defendants' Motion and those above, the County Defendants respectfully request that the Court disallow Plaintiff from deposing non-parties, Ms. Losicco Cuevas and Mr. Leiter.  Should the Court allow the depositions to go forward, the County Defendants ask that the Court issue a Protective Order limiting Plaintiff's questions regarding Ms. Losicco Cuevas and Edward Leiter's their written preparation for trial, mental impressions, professional judgment, communications with supervisors, or any discussions or documents that comprise the deliberative process, or any discussions between Defendants Maricopa County, William Montgomery, Ms. Losicco Cuevas, Mr. Leiter, undersigned defense counsel and the State of Arizona and counsel in their common legal interest, or any other privileged matter

**DATED** this 25th day of January, 2017.

**IAFRATE & ASSOCIATES**


By:    /s/Michele M. Iafrate
      Michele M. Iafrate
      Attorneys for **Defendants Maricopa County and William Montgomery**

4

**ORIGINAL** of the foregoing e-filed
this <u>25th</u> day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed via AZ Turbo
this <u>25th</u> day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed and/or mailed
this <u>25th</u> day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:    /s/Jill Lafornara

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Renee J. Waters, #031691
miafrate@iafratelaw.com
rwaters@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **NOTICE OF ASSOCIATION** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | *(Assigned to the Honorable David Gass)* |
| Defendants. | |

Pursuant to Rule 5.3(a)(1)(A), Arizona Rules of Civil Procedure, Michele M. Iafrate gives notice that Renee J. Waters (Bar No. 031691) be associated with Michele M. Iafrate as counsel of record for Defendants Maricopa County and William Montgomery in the above-entitled cause. Ms. Iafrate respectfully requests the Court and all counsel include Ms. Waters' information on their respective mailing

/ / /

/ / /

1

lists and mailing certificates.  The current address and e-mail address for Ms.

Waters is:

Iafrate & Associates
649 N. 2nd Avenue
Phoenix, Arizona  85003
rwaters@iafratelaw.com

**DATED** this 26th day of January, 2017.

**IAFRATE & ASSOCIATES**

By:   s/Michele M. Iafrate
Michele M. Iafrate
Renee J. Waters
Attorneys for **Defendants Maricopa County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this 26th day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed via AZ Turbo
this 26th day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

2

**COPIES** of the foregoing e-mailed and/or mailed
this 26th day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona 85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona 85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona 85004
Attorney for **State of Arizona**


By:___s/Tracy Cryan

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436                                          01/27/2017


                                              CLERK OF THE COURT
HONORABLE DAVID B. GASS                        P. Culp/L. Stogsdill
                                                      Deputy


LESLIE MERRITT JR.                            DAVID J DON
                                              ULISES FERRAGUT JR.
                                              JASON D LAMM

v.

STATE OF ARIZONA, et al.                      REBECCA N CAIN


                                              MICHELE M IAFRATE
                                              RENEE J WATERS


                        MINUTE ENTRY


        Courtroom 514 - ECB

        2:32 a.m.  This is the time set for a Status/Scheduling Conference.  Plaintiff Leslie
Merritt Jr. is represented by counsel, David J. Don, Jason D. Lamm and Ulises Ferragut.
Defendant State of Arizona and State of Arizona Attorney Generals Office are represented by
counsel, Rebecca N. Cain and Melissa Ho.  Defendant Bill Montgomery and Maricopa County
are represented by counsel, Michele M. Iafrate.

        A record of the proceedings is made digitally in lieu of a court reporter.

        **LET THE RECORD REFLECT** Defendant Arizona Attorney Generals Office is
represented by Rebecca N. Cain.

        Case status is discussed regarding pleadings filed by both parties and a review of dates
and modifications to dates provided in the Joint Scheduling Report.

CV 2016-013436                                          01/27/2017

Exhibit 1 marked for identification and received in evidence by the court for purposes of record only.

For the reasons stated on the record,

**IT IS ORDERED** Defendants Bill Montgomery and Maricopa County's Motion to Strike is denied.

**IT IS FURTHER ORDERED** that Defendants Bill Montgomery and Maricopa County's reply to Plaintiff's Motion to Quash shall be filed by **February 2, 2017**.  Plaintiff Leslie Merritt's response to the reply shall be filed by **February 9, 2017.**

**IT IS FURTHER ORDERED** granting Defendants Bill Montgomery and Maricopa County's Protective Order request. The proposed Protective Order shall be filed with the court by **February 2, 2017**.

**IT IS FURTHER ORDERED** that Bill Montgomery and Maricopa County's counsel shall exchange Initial Disclosure 2 weeks after the Protective Order is issued by the court.

3:32 p.m. Matter concludes.

## <u>IMPORTANT NOTICE REGARDING ONLINE PROFILE</u>

Judge Gass maintains an online profile that answers many questions about courtroom and division procedures.  Litigants and their attorneys should familiarize themselves with the online profile.  You can find the online profile at the following link:

https://www.superiorcourt.maricopa.gov/JudicialBiographies/judges/profile.asp?jdgID=2 60&jdgUSID=9111.

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Renee J. Waters, #031691
miafrate@iafratelaw.com
rwaters@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | |
| v. | **NOTICE OF SUPPLEMENTING DEFENDANT MARICOPA COUNTY AND WILLIAM MONTGOMERY'S REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER, REQUEST TO STAY** |
| STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X, | |
| Defendants. | *(Assigned to the Honorable David Gass)* |

Defendants Maricopa County and William Montgomery ("Maricopa County Defendants") supplement their Reply Supporting their Motion for Protective Order and Request to Stay.  The Maricopa County Defendants supplement their Motion with a compact disc containing the *For the Record* digital recording of a January 13, 2017 proceeding in *State of Arizona v. Leslie Allen Merritt Jr.*, CR2015-144211-001 in which discussion took place regarding the ongoing investigation of Mr. Merritt, despite Plaintiff's denial of such to this Court.  (Pl's Response to the Motion for

1

Protective Order at 4:9-15).  Maricopa County Defendants are hand delivering the

referenced compact disc to the Honorable David Gass's chambers.

        **DATED** this <u>27th</u> day of January, 2017.

**IAFRATE & ASSOCIATES**

By:   <u>/s/Michele M. Iafrate</u>
        Michele M. Iafrate
        Renee J. Waters
        Attorney for **Defendants Maricopa**
        **County and William Montgomery**

**ORIGINAL** of the foregoing e-filed
this <u>27th</u> day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPY** of the foregoing hand-delivered
this <u>27th</u> day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed
this <u>27th</u> day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona 85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona 85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona 85004
Attorney for **State of Arizona**


By:___/s/Jill Lafornara_____

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-013436                                            01/30/2017

                                                 CLERK OF THE COURT
HONORABLE DAVID B. GASS                            P. Culp/L. Stogsdill
                                                         Deputy

LESLIE MERRITT JR.                       DAVID J DON

v.

STATE OF ARIZONA, et al.                 REBECCA N CAIN


                                         MICHELE M IAFRATE
                                         RENEE J WATERS


                              MINUTE ENTRY


        A clerical error having been made,

        **IT IS ORDERED** correcting the minute entry dated January 27, 2017, page 2, 3rd order, to reflect:

         **IT IS FURTHER ORDERED** granting Defendants Bill Montgomery and Maricopa County's Protective Order request. The proposed Protective Order shall be **provided to the Plaintiff by February 2, 2017.**

        The minute entry dated January 27, 2017, is available for viewing at: http://www.courtminutes.maricopa.gov.

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Renee J. Waters, #031691
miafrate@iafratelaw.com
rwaters@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, | NO. CV2016-013436 |
| Plaintiff, | **DEFENDANTS MARICOPA COUNTY AND WILLIAM MONTGOMERY'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH** |
| v. | |
| STATE OF ARIZONA, et al., | |
| Defendants. | *(Assigned to the Honorable David Gass)* |

Pursuant to Rule 45(c), Defendants Maricopa County and William Montgomery ("MC Defendants") respond to Plaintiff's Motion to Quash filed January 10, 2017. MC Defendants agree to modify the subpoena duces tecum to the Maricopa County Sheriff's Office for Plaintiff Leslie Merritt, Jr.'s inmate telephone and video visitation recordings. Although no language in the subpoena sought privileged communications, MC Defendants will re-issue the subpoena specifying that they seek only non-privileged, non-legal telephone calls and visitation video.

**DATED** this 31st day of January, 2017.

**IAFRATE & ASSOCIATES**

By: /s/Michele M. Iafrate
Michele M. Iafrate
Renee J. Waters
Attorneys for **Defendants Maricopa County and William Montgomery**

1

**ORIGINAL** of the foregoing e-filed
this 31st day of January, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed via AZ Turbo
this 31st day of January, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona  85003

**COPIES** of the foregoing e-mailed and/or mailed
this 31st day of January, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona  85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona  85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona  85004
Attorney for **State of Arizona**


By:___/s/Jill Lafornara_____

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
P. Culp, Deputy
2/2/2017 8:00:00 AM
Filing ID 8064634

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE MARICOPA COUNTY

LESLIE MERRITT, JR., an individual,  ) Case No.: CV2016-013436
            Plaintiff,                )
                                      )
    vs.                               ) **SCHEDULING ORDER**
                                      )
STATE OF ARIZONA, et. al.             )
            Defendants.               ) (Assigned to Hon. David Gass)
                                      )
                                      )
                                      )
                                      )

Upon consideration of the parties' Joint Report, the Court orders as follows:

**1.  INITIAL DISCLOSURE**

Plaintiff served his initial disclosure on December 22, 2016.  The State of Arizona and Maricopa County/Montgomery will exchange their disclosure statements no later than January 25, 2017.

**2.      EXPERT WITNESS DISCLOSURE**

The parties will exchange the subject matter of expert opinions by July 1, 2017. Plaintiff shall disclose the identity and opinions of experts by September 15, 2017. Defendants shall disclose the identity and opinions of experts by October 20, 2017. The parties shall disclose any rebuttal expert opinions by November 17, 2017.

**3.      LAY (NON-EXPERT) WITNESS DISCLOSURE**

The parties shall disclose all lay witnesses by November 1, 2017.

## 4. FINAL SUPPLEMENTAL DISCLOSURE

Each party shall provide final supplemental disclosure by December 1, 2017. This order does not replace the parties' obligation to seasonably disclose Arizona Rule of Civil Procedure 26.1 information on an on-going basis and as it becomes available.

**No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except upon order of the court for good cause shown or upon a written or an on-the-record agreement of the parties.**

## 5. DISCOVERY DEADLINES

The parties will propound all discovery undertaken pursuant to Arizona Rules of Civil Procedure 33 through 36 by November 7, 2017. The parties will complete the depositions of parties and lay witnesses by December 1, 2017. The parties will complete all other discovery by December 22, 2017. ("Complete discovery" includes conclusion of all depositions and submission of full and final responses to written discovery.)

## 6. SETTLEMENT CONFERENCE

**Private mediation:** The parties shall participate in mediation using a private mediator agreed to by the parties. The parties shall complete the mediation by January 8, 2018.

**All attorneys and their clients, or the person who has full and complete authority to settle this case shall personally appear and participate in good faith in this mediation, even if no settlement is expected. However, if a non-attorney representative requests a telephonic appearance and the mediator grants the request prior to the mediation date, a non-attorney representative may appear telephonically.**

## 7. DISPOSITIVE MOTIONS

The parties shall file all dispositive motions by January 8, 2018.

## 8. TRIAL SETTING CONFERENCE

On **Monday, January 22, 2018 at 9:00 a.m.**, the Court will conduct a fifteen minute telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

**Plaintiff** will initiate the conference call by arranging for the presence of all other counsel and self-represented parties, and by calling this division at **(602) 372-3592** at the scheduled time.

## 9. FIRM DATES

No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this Court approving the stipulation. Dates set forth in this order that govern court filings or hearings are firm dates, and may be modified only with this Court's consent and for good cause. This Court ordinarily will not consider a lack of preparation as good cause.

## 10. FURTHER ORDERS

The court further orders as follows: <u>None.</u>

Electronically dated and signed

# eSignature Page 1 of 1

**Granted with Modifications**



/S/ David Gass Date: 2/1/2017

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2016-013436

E-FILING ID #: 8064634

SIGNATURE DATE: 2/1/2017

FILED DATE: 2/2/2017 8:00:00 AM

DAVID J DON

JASON D LAMM

MICHELE M IAFRATE

REBECCA N CAIN

RENEE J WATERS

ULISES FERRAGUT JR.

**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Renee J. Waters, #031691
miafrate@iafratelaw.com
rwaters@iafratelaw.com

Attorneys for **Defendants Maricopa County and William Montgomery**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, ) | NO. CV2016-013436 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF SUBMITTAL OF STIPULATED PROTECTIVE ORDER** |
| ) | |
| STATE OF ARIZONA, a body politic; ) | |
| BILL MONTGOMERY, the elected ) | |
| Maricopa County Attorney; MARICOPA ) | *(Assigned to the Honorable David Gass)* |
| COUNTY, a body politic; JOHN DOES ) | |
| I-X; JANE DOES I-X; ABC ) | |
| PARTNERSHIPS I-X and XYZ ) | |
| CORPORATIONS I-X, ) | |
| ) | |
| Defendants. ) | |

Pursuant to the Court's January 27, 2017 Minute Entry, Defendants Maricopa County and William Montgomery submit a Stipulated Protective Order agreed to by all parties for the Court's authorization.

**DATED** this 6th day of February, 2017.

IAFRATE & ASSOCIATES


By: ___/s/Michele M. Iafrate_____
Michele M. Iafrate
Renee J. Waters
Attorney for **Defendants Maricopa County and William Montgomery**

1

**ORIGINAL** of the foregoing e-filed
this <u>6th</u> day of February, 2017, with:

Clerk of the Court
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson Street
Phoenix, Arizona 85003

**COPY** of the foregoing e-mailed via AZTurbo
this <u>6th</u> day of February, 2017, to:

Honorable David Gass
**MARICOPA COUNTY SUPERIOR COURT**
201 W. Jefferson, ECB-514
Phoenix, Arizona 85003

**COPIES** of the foregoing e-mailed
this <u>6th</u> day of February, 2017, to:

Jason D. Lamm
**Law Office of Jason Lamm**
6245 North 24th Pkwy, Ste. 208
Phoenix, Arizona 85016
Attorney for **Plaintiff**

Ulises A. Ferragut, Jr.
**The Ferragut Law Firm, PC**
2 North Central Ave., Ste. 1125
Phoenix, Arizona 85004
Attorney for **Plaintiff**

David J. Don
**Law Office of David J. Don, PLLC**
301 E. Bethany Home Rd., Ste. B-100
Phoenix, Arizona 85012
Attorney for **Plaintiff**

Edward F. Novak
Melissa Ho
Rebecca Cain
**Polsinelli PC**
One E. Washington, Ste. 1200
Phoenix, Arizona 85004
Attorney for **State of Arizona**

By:   /s/Jill Lafornara

2

FILED

FEB 08 2017 1:38 PM

Michael K. Jeanes, Clerk

By: _M. Brickman_

Deputy Clerk

# SUPERIOR COURT OF MARICOPA COUNTY

## *EXHIBIT WORKSHEET*

| | |
|---|---|
| Hearing Officer: **Hon. David Gass** | Case Number: **CV2016-013436** |
| | Co-Defendant: **No** |
| Hearing Type: **Hearing** | Hearing Date: **1/27/2017** |

LESLIE MERRITT, JR.    Counsel:  JASON D LAMM

vs

STATE OF ARIZONA    Counsel:  REBECCA CAIN

| Ex # | ID | Off'd | In Evidence | Exhibit Description | Released |
|---|---|---|---|---|---|
| 1 | COURT | COURT | 1/27/2017 | CD (FOR PURPOSES OF THE RECORD ONLY) | |

Received By: _____ M. Brickman _____ Date: FEB 08 2017

Processed By: _____ M. Brickman _____ Date: FEB 08 2017

Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ  85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email:  jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie Merritt, Jr.*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LESLIE MERRITT, JR., a single man, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF ARIZONA, a body politic; BILL MONTGOMERY, the elected Maricopa County Attorney; MARICOPA COUNTY, a body politic; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X and XYZ CORPORATIONS I-X. <br><br> Defendants. | Case No.:  CV2016-013436 <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA** <br><br> (Assigned to Hon David Gass) |

Defendant Maricopa County and William Montgomery's subpoena duces tecum to the Maricopa County Sheriff's Office should be modified.   In their

Response, Defendants agree to amend their original subpoena. However, Defendants' proposed amendment does not go far enough. Defendants now specify that they seek recordings of only non-privileged telephone calls and visitation videos involving Merritt's incarceration. But Defendants fail to address the problem of who is entitled to identify the privileged communications. Merritt should not be required to rely on the ability of the Maricopa County Sheriff's Office to correctly identify which recordings are subject to privilege and which may be discoverable.

Merritt thus requests that the Court modifies Defendants' subpoena duces tecum to require Defendants and the Maricopa County Sheriff's Office, before reviewing or producing any recordings, to generate a list of alleged non-privileged recordings identifying the telephone numbers and participants involved. Plaintiff's counsel will then have an opportunity to detect and object to any privileged items. A proposed form of order is attached.

## Conclusion

Attorney-client privilege governs many of Merritt's communications during his incarceration. Since he should not be required to rely on the Maricopa County Sheriff's Office to accurately identify the privileged material, the Defendant's subpoena should be modified as requested.

DATED this 9th day of February, 2017.

LAW OFFICES OF DAVID J. DON, P.L.L.C.


By:    /s/David J. Don
       David J. Don
       *Attorney for Plaintiff Leslie Merritt, Jr.*

The original of the foregoing was
E-filed and Emailed this 9th day of February, 2017, to:

Michele Iafrate, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona  85003
miafrate@iafratelaw.com
*Attorneys for Defendants Maricopa County and William Montgomery*

Edward F. Novak, Esq.
Melissa Ho, Esq.
Rebecca N. Cain, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ  85004
Email: enovak@polsinelli.com; mho@polsinelli.com, rcain@polsinelli.com
*Attorneys for Defendant State of Arizona*

By:    /s/David J. Don

1  Jason D. Lamm (018454)
   Law Office of Jason Lamm
2  6245 North 24th Pkwy, Ste. 208
   Phoenix, AZ  85016-2030
3  Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email:  jlamm@cyberlawaz.com
5

6  David J. Don, Esq. (#016462)
   LAW OFFICES OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Ste. B-100
   Phoenix, Arizona  85012
8  Tel:  480.948.1212
   Fax: 480.696.7756
9  Email:  david@azcivilrights.com
10 *Attorneys for Plaintiff Leslie Merritt, Jr.*

11      **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

12         **IN AND FOR THE MARICOPA COUNTY**

13 **LESLIE MERRITT, JR.**, an individual, ) Case No.:  CV2016-013436
                    Plaintiff,       )
14                                   )  **PLAINTIFF'S MEMORANDUM RE:**
          vs.                        )  **PENDING DISCOVERY DISPUTE**
15                                   )
16 **STATE OF ARIZONA**, et. al.     )  (Assigned to Hon. David Gass)
                    Defendants.      )
17                                   )
                                     )
18 _____ )

19         Plaintiff, through undersigned counsel, moves this Court for an order

20 requiring the State to cooperate in the discovery process.  At issue is the State's

21 unwillingness to schedule the depositions of three (3) fact witnesses.[1]

22

23                        **INTRODUCTION**

24 _____

25 [1] In the informal email to the Court's judicial assistant concerning this issue, it was stated that the
   Defendant**s** object to the scheduling of the depositions that will be discussed herein.  For
   purposes of clarification, it is *the State* (only) that objects, and not Maricopa County.
26 Undersigned counsel apologizes for any confusion that may have been created in this regard.

                                    1

Near the conclusion of a scheduling conference held on January 27, 2017, counsel for the State of Arizona asked the Court for permission to delay the scheduling of depositions, other than those of the two deputy county attorneys for which Maricopa County had sought a protective order. The Court denied the State's request for delay on the record.

Now, the State is seeking an end-around of the Court's Order to get a second bite of the apple in its efforts to delay discovery by refusing to schedule the depositions of three (3) fact witnesses in this case.

## **PROCEDURAL HISTORY**

On February 3, 2017, undersigned counsel sent an email to defense counsel (Exhibit 1) requesting the depositions of Department of Public Safety Sgt. Anthony Mapp, Alfred Hackbarth, Lucien Haag, and John Murdock.[2]

Alfred Hackbarth was the driver of one of the vehicles which was shot in the I-10 Freeway Shootings. Mr. Hackbarth gave two short audio-recorded statements to police, both of which were turned over by DPS to MCAO, and in turn, to Plaintiff's criminal defense team. Plaintiff has re-disclosed them as part of his Initial Disclosure in this case. Both the State and Plaintiff have identified Hackbarth as a witness in their Initial Rule 26.1 Disclosure Statements of January 26, 2017 and December 22, 2016, respectively.

Lucien Haag is a firearms examiner who examined Plaintiff's gun during the criminal prosecution. Plaintiff has obtained the entirety of his file and provided it to Defendants as part of his Initial Disclosure Statement.

---

[2] The State has agreed to set the deposition of Sgt. Mapp, although it has failed as of yet to provide any dates of availability

John Murdock is another firearms examiner who also examined Plaintiff's gun during the criminal investigation. Plaintiff has similarly disclosed his report in conjunction with Plaintiff's Initial Disclosure Statement.

In response to Plaintiff's email request for deposition dates, the State countered that it needed more time before the depositions could be scheduled (Exhibit 2). Plaintiff then replied with a letter dated February 8, 2017 (Exhibit 3). Finally, DPS responded in an email of February 8, 2017 (Exhibit 4). Plaintiff respectfully submits that the contents of Exhibits 3 and 4 speak for themselves, and that there is no need to elaborate further upon them.

## THE UNSUCCESSFUL 'MEET AND CONFER'

On Thursday, February 9, 2017, all counsel participated in a conference call to attempt in good faith to resolve the issue. The parties agree to the necessity of taking these three depositions. As noted, *supra*, Maricopa County does not oppose the scheduling of the depositions at issue. The dispute is that the State is seeking to delay progression of discovery.

The State's argument for delay is similar for all three witnesses. As an illustrative example, the State claims that even Mr. Hackbarth's testimony is "technical in nature" and that it would have to conduct an investigation and confer with experts before his deposition could be taken.

Concerning Haag and Murdock, as is noted in Exhibit 3, Plaintiff was amenable to scheduling their depositions in approximately 60 days to afford the State the additional time that it sought to prepare for the depositions. During the parties' meet and confer, Plaintiff's counsel amended its proposal and offered to set Haag and Murdock's depositions in 90 days so long as the State would be willing to commit to a date certain. The State refused to set a date for the

depositions even 90 days out and would not commit to a time frame in which it would agree to their being scheduled.

## **ARGUMENT**

It appears that the State is engaging in bad faith conduct by ignoring the Court's Order during the Rule 16 Scheduling Conference that depositions, other than those of the two deputy county attorneys, will not be delayed. The fact that the State will not even commit to conducting depositions of these three fact witnesses and provide a date three months from now (May of 2017) is troubling and evident of what Plaintiff perceives to be intentional dilatory tactics.

Alfred Hackbarth is a straightforward percipient witness. His testimony involves his observations and use of his vehicle and his statements given to the State's officers. There is nothing technical in nature about his testimony, and there is no just reason for the State's delay.

Messrs. Haag and Murdock are fact witnesses concerning their findings and the events surrounding the examinations of Plaintiff's gun. Their role is no more complicated than that of treating physicians in a run-of-the-mill medical malpractice case. Their reports have been disclosed. Counsel for the State should be competent to participate in their depositions without delay.

While the State may suggest that Plaintiff may depose some other witnesses who have been disclosed, Ariz.R.Civ.P 26(d) permits discovery in any sequence. Moreover, it is not the State's prerogative to dictate to Plaintiff the order in which witnesses should be deposed, or for that matter, if they should be deposed at all.

In short, Plaintiff is seeking to move this case forward efficiently and consistently with the orders of this Court. The State is seeking delay. The three depositions that are in dispute are of fact witnesses, the substance of whose

testimony is readily known to all parties and which already have been memorialized through prior proceedings and long-ago disclosed.

## **CONCLUSION**

For the above reasons, Plaintiff asks this Court to order the State to provide dates of availability for the deposition of Alfred Hackbarth in 30 days, and the depositions of Lucien Haag and John Murdoch in 60 days (subject to the respective witness' availability).

DATED this 10th day of February, 2017.

LAW OFFICE OF JASON LAMM
LAW OFFICES OF DAVID J. DON, P.L.L.C.

By:  /s/Jason D. Lamm
          Jason D. Lamm
          *Attorneys for Plaintiff Leslie Merritt, Jr.*

Original of the foregoing efiled this same
date and copies provided electronically to:

Edward F. Novak
Melissa Ho
Rebecca N. Cain
Polsinelli PC
Attorneys for Defendant State of Arizona

Michele M. Iafrate
Renee J. Waters
Iafrate & Associates
Attorneys for Defendants Maricopa County
   Attorney's Office and Bill Montgomery

By      /s/ Kathryn A. Miller
          Kathryn A. Miller

EXHIBIT "1"

| | |
|---|---|
| **From:** | Jason Lamm |
| **Sent:** | Friday, February 03, 2017 4:14 PM |
| **To:** | Jill Lafornara; Rebecca Cain; Melissa Ho; enovak@polsinelli.com; Mlafrate@iafratelaw.com; David J. Don; Kathryn Miller |
| **Subject:** | Merritt v. AZ - Depositions |

Good Afternoon:

Pursuant to discussion after court last Friday, Plaintiff would like to schedule the following depositions:

Alfred Hackbarth (BMW driver)
Luke Haag
John Murdock
Sgt. Tony Mapp

Hackbarth short be a relatively quick fact witness so hopefully we can get his deposition out of the way quickly. Haag is local but a bit more involved. Murdock is in California and while we are happy to go there, if everyone is agreeable to splitting the costs of his travel and lodging three ways, we are amenable to doing it in Phoenix. Sgt. Mapp's deposition will be fairly standard.

Please provide some dates of availability in February for the named fact witnesses and February and March for the two experts. We will supplement our list with more names in the coming week so my hope is that with everyone's availability, we can start plugging witnesses in.

If I forgot to copy anyone on this email, please forward it to them. I am working from home and do not have the full roster with me. Have a nice weekend.

Jason


Jason D. Lamm, Esq.
Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016
(602) 222-9237
(602) 222-2299 Facsimile
jlamm@cyberlawaz.com
http://www.thephoenixcriminalattorney.com

This email is privileged and confidential. Why - because federal and state law say so. If you know you shouldn't be reading this email but are anyway, it would be a really good idea to delete it and pretend you never saw it. You avoid a lot of bad things that could happen to you if you don't.

EXHIBIT "2"



February 7, 2017

Rebecca N. Cain
(602) 650-2072
(602) 264-7033 Fax
rcain@polsinelli.com

**VIA EMAIL ONLY**

Jason D. Lamm, Esquire
Law Office of Jason Lamm
Biltmore Corporate Park
6245 N. 24th Parkway, Suite 208
Phoenix, Arizona 85016

Re:    **Merritt v. State of Arizona – Plaintiff's Request for Depositions**

Dear Mr. Lamm:

    We are in receipt of your February 3, 2017 email requesting counsel's availability for the depositions of Alfred Hackbarth, Luke Haag, John Murdock, and Sgt. Tony Mapp.

    While we do not dispute that these witnesses should be deposed during the course of this matter, we cannot agree that the depositions of Mr. Haag, Mr. Murdock, and Mr. Hackbarth should take place at this early juncture, before the parties have had the opportunity make meaningful disclosures, serve written discovery, retain expert witnesses, and take depositions of any other fact witnesses.

    It is too early for the State to engage in meaningful depositions of Mr. Haag and Mr. Murdock, both of whom are expected to be critical witnesses in Plaintiff's case. Both Plaintiff's Complaint and Plaintiff's 26.1 Initial Disclosure Statement ("IDS") make clear that these witnesses are key to Plaintiff's theory of liability in this case.

    As to Mr. Haag, Plaintiff has identified him as a person who will testify at trial, describing his anticipated testimony as follows: "Mr. Haag is a forensic scientist who conducted various tests on firearms and ammunition associated with this case. He also performed various trajectory and crime scene reconstruction analysis. He will provide *expert* testimony consistent with his report and case file..." IDS at 17:9-15 (emphasis added).

    As to Mr. Murdock, Plaintiff has identified him as a person who will testify at trial, describing his anticipated testimony as follows: "Mr. Murdock is a forensic scientist who

polsinelli.com

Atlanta   Chicago   Dallas   Denver   Kansas City   Los Angeles   Nashville   New York   Phoenix   St. Louis   San Francisco   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
55991205.1



conducted various tests on firearms and ammunition associated with this case. He also performed various trajectory and crime scene reconstruction analysis. He will provide *expert* testimony consistent with his report and case file…" IDS at 18:1-7 (emphasis added).

Plaintiff has made the following factual allegations related to Mr. Haag and Mr. Murdock:

- "County attorneys working for Montgomery or Maricopa County or both recognized that the DPS Crime Lab had botched the identification." Complaint ¶ 91.

- "As a result, county attorneys retained Forensic Firearm Expert Lucien C. Haag, an internationally-renowned expert in the area of firearm identification, who consulted with John E. Murdock, Forensic Consultant." *Id.* at ¶ 92.

- "On or about February 3, 2016, Haag collected Merritt's gun and the evidentiary bullets and bullet fragments from the DPS crime lab." *Id.* at ¶ 93.

- "Mr. Haag reviewed the DPS criminalists' work and conducted his own investigation. He failed to match Leslie Merritt's gun as the source of any of the evidentiary bullets or bullet fragments in any of the shootings." *Id.* at ¶ 94.

- "On or about April 14, 2016, Haag issued a report stating results of the comparisons done by DPS were wrong and insufficient to constitute an identification". *Id.* at ¶ 95.

Given the significance of the anticipated testimony of these witnesses and the complexity of the issues upon which they are expected to testify, the State requires additional time for discovery/disclosure to prepare for these depositions.

As Plaintiff has identified these witnesses as experts, the State sees no reason to depart from the deadlines for expert discovery set out in the February 2, 2017 Scheduling Order. That Order provides the following deadlines for expert discovery:

- July 2, 2017 – Parties to exchange the subject matter of expert opinions by July 1, 2017

- September 15, 2017 – Plaintiff to disclose the identity and opinions of experts

- October 20, 2017 – Defendant to disclose the identity and opinions of experts