# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man, | Case No.:  CV17-4540-PHX-DGC |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| State of Arizona, a body politic; et al., | |
| Defendants. | |

The Court, having reviewed the Notice of Lodging of Stipulated Protective Order. Doc. 53.

**IT IS ORDERED** that the stipulated protective order (Doc. 53) is **granted** as follows:

1.     **Definitions.** The following Definitions shall apply to this Order:

    a.     "Counsel of record" means counsel of record and any other attorneys, law clerks, interns, paralegals, secretaries, and other support staff employed in the counsel's law firms.

    b.     "Designated Material" means any Discovery Material designated "Confidential Information" or "Confidential Attorneys' Eyes Only Information," as defined in Paragraph 4 below, unless such designation has subsequently been lifted by agreement of the Parties or by the Court.

    c.     "Designating Party" means a Party that designates information or

materials as Confidential Information or Confidential Attorneys' Eyes Only Information under this Order.

d.    "Discovery Material" means any Document, material, testimony, or item filed with or presented to the Court or produced, served, provided or generated during discovery in this litigation, including, but not limited to, disclosures, motion papers, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

e.    "Document" means any document, electronically stored information, or thing subject to production or inspection under Rule 34, Federal Rules of Civil Procedure.

f.    "Expert" means any consultant or expert, including the research assistants and support staff of any consultant or expert, retained by any Party or the counsel of any Party for any purpose in this litigation, whether the expert is designated as such or serves as a consulting expert.

g.    "Non-Party" means any natural or legal person not a Party to this litigation.

h.    "Person" means any natural person or non-natural entity (e.g., corporation, organization, partnership).

i.    "Producing Party" means any Party or Non-Party, including its Counsel, Experts, directors, officers, employees, or agents, that produces any Discovery Material and/or disclosures.

j.    "Receiving Party" means any Party or Non-Party, including its Counsel, Experts, directors, officers, employees, or agents, that receives any Discovery Material and/or disclosures.

2.    **Calculation of time.**  Time periods will be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, as in effect at the time this Order is entered.

3.    **Dispute resolution.**    Disputes arising in connection with the terms or application of this Order that require resolution by the Court will be addressed through the Court's discovery dispute procedure.

4.    **Designated Material.**    "Designated Material" includes "Confidential Information" and "Confidential Attorneys' Eyes Only Information" or "Confidential AEO Information" as defined below.

a.    "Confidential Information" shall mean any information disclosed in this action that any Party or any Producing Party believes in good faith contains confidential information, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, that the Party or Producing Party would not ordinarily disclose, that is not subject to disclosure under applicable public records laws, or that should be protected from disclosure pursuant to this Order and any controlling federal or state statutory or case law; controlling state law; controlling judicial or administrative order; or Arizona Rule of Civil Procedure.  "Confidential Information" shall be designated as such in the manner described in Paragraphs 6 and 7 below.

b.    "Confidential Attorneys' Eyes Only Information" or "Confidential AEO Information" shall mean any information disclosed in this action that any Party or any Producing Party in good faith believes falls into Paragraph 4(a), and is so highly confidential or proprietary that even disclosure to a Party would create a substantial risk of harm or injury, including but not limited to personal identifying information, law enforcement sensitive information, and prosecutorial policies and procedures satisfying these criteria.  "Confidential Attorneys' Eyes Only Information" or

3

"Confidential AEO Information" shall be designated as such in the manner described in Paragraphs 6 and 7 below.

5.      **Limits on use of Designated Material.**  Designated Material may be used only for purposes of the preparation and trial of this litigation, for any related appellate proceeding, and for no other purpose, including, but not limited to, any law enforcement or commercial purpose.

6.      **Designation Procedure.**

a.      Any Party or Producing Party may designate Discovery Material as Confidential Information or Confidential Attorneys' Eyes Only Information, in whole or in part, to the extent the Designating Party believes the information qualifies under the definition in Paragraph 4 above. A Designating Party should designate Designated Material at the time of delivery to a Receiving Party by marking or designating the information as "Confidential—Subject to Protective Order" or "Confidential Attorneys' Eyes Only—Subject to Protective Order" on each applicable page produced in paper or MS WORD or PDF.  For disclosure produced in other formats, including video or audio recordings, the Designating Party shall clearly label the relevant medium (e.g., CD or DVD disc) with the words "Confidential—Subject to Protective Order" or "Confidential Attorneys' Eyes Only—Subject to Protective Order" or include such verbiage in the digital filename.  In the case of deposition testimony, a Party or Producing Party may designate the transcript in whole or in part by so stating on the record or in writing within ten business days from the date the Party or Producing Party received the transcript to make additional designations (or to remove designations).  Whenever a Party expects to designate deposition testimony as Confidential Information or Confidential Attorneys' Eyes Only Information, that Party will have the right to

4

exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraph 8 below to receive the Designated Material. If a deposition is videotaped, the original and all copies of the videotape must be marked to indicate that the contents of the videotape are subject to the Order.

b. Within a reasonable time after providing the designation, and no later than seven days after disclosure to the Receiving Party, a Designating Party must provide a Receiving Party with a succinct written notification of the basis for its designation of specific information. Such notification may be provided for a group of similar documents and need not be provided for each individual document designated as Confidential or AEO Information. Where good cause permits, or where there is agreement between the Parties, notification may be provided later than seven days after disclosure.

c. Each Party that designates Discovery Material and/or Disclosures for protection under this Order must take care to limit any such designation to specific material that qualifies under the standards set forth in Paragraph 4. The Designating Party must designate for protection only those parts of Discovery Material and/or disclosure that qualify under those standards. Indiscriminate or blanket designations are prohibited.

d. Notwithstanding subpart (c), to facilitate expeditious exchange of Discovery Material, a Producing Party may provisionally designate a whole document or group of documents as subject to this Protective Order even where only a portion of the document or documents contains Confidential Information or Confidential Attorneys' Eyes Only Information. No later than forty-five days before the deadline for filing dispositive motions set in the Case Management Order dated February

9, 2018 (and any amendments thereto), and/or trial, or such other period agreed by the Parties, unless there is good cause to notify the Producing Party later, a Receiving Party may notify the Producing Party that it may use or disclose the document or documents.  Upon receiving such notification, the Producing Party will work in good faith to provide redacted versions or identify the specific portions of each page or file that need to be redacted within twenty-one days of receiving such notice or another period as agreed by the Parties.

7.    **Inadvertent failure to designate.**  Inadvertent failure to designate Discovery Material and/or disclosure as Confidential Information or Confidential Attorneys Eyes' Only Information does not operate as a waiver of any claim that the Discovery Material and/or disclosure is entitled to protection under this Order, provided that the Party or Producing Party notifies all Receiving Parties that such Discovery Material and/or disclosure is Confidential Information or Confidential Attorneys' Eyes Only Information and produces copies of the Designated Material and/or disclosure using one of the means described in Paragraph 6 within ten days of the Party or Producing Party's discovery of the failure to designate.  In the event that a Party or Producing Party designates previously undesignated material as Confidential Information or Confidential Attorneys' Eyes Only Information under this Paragraph, each Receiving Party promptly must: (i) take reasonable steps to retrieve that Designated Material, including any summaries and/or notes related to that Designated Material, to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 8 below; and (ii) destroy any unmarked copies of that Designated Material.

8.    **Disclosure of Designated Material.**

a.    Except as set forth in this Order or any subsequent Order of this Court, no person subject to this Order shall disclose material designated as "Confidential Information" to persons or entities other than:

i.    The Court and Court personnel;

ii.    Court reporters, translators, persons operating video recording

6

equipment or others reasonably necessary for the conduct of depositions, hearings, a trial or other proceedings in this matter;

iii.    Counsel of record for a Party as reasonably necessary for the conduct of this litigation;

iv.    The Parties to this action, including employees, officers, directors and agents of the Parties who reasonably need access to the Confidential Information in connection and as reasonably necessary in connection with and to assist with the prosecution or defense of this action;

v.    Experts or consultants who have been retained by a Party for the purpose of assisting in the conduct of this action, as reasonably necessary for their work;

vi.    Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a Party deems the disclosure reasonably necessary for the conduct of this litigation and that no disclosure is made to persons outside the authorization of this Order;

vii.    Independent stenographic personnel, court reporters, videographers, imaging providers, database service providers, or photocopying service provider retained or employed by a Receiving Party in this litigation;

viii.    Independent graphics or demonstrative services providing services to a Receiving Party in this litigation;

ix.    Authors, drafters, addressees, recipients, subjects, or custodians of particular Designated Material whose identity is disclosed in, or otherwise discernible from, that Designated Material or information regarding that Designated Material, but only during deposition, trial or other hearing in this litigation;

7

x.   Anyone who received particular Designated Material before this litigation commenced;

xi.   Anyone who received particular Designated Material during this litigation provided that they obtained the Designated Material in accordance with this Order;

xii.   Persons who have been retained by the Receiving Party to provide translation or interpretation from one language to another;

xiii.   Any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made; or

xiv.   Other persons upon order of this Court, or upon stipulation of the Party or Producing Party who designated the material in question as Confidential Information.

b.   Except as set forth in this Order or any subsequent Order of this Court, no person subject to this Order shall disclose material designated as "Confidential Attorneys' Eyes Only Information" or "Confidential AEO Information" to persons or entities other than:

i.   The Court and Court personnel;

ii.   Court reporters, translators, persons operating video recording equipment, or others reasonably necessary for the conduct of depositions, hearings, a trial or other proceeding in this matter;

iii.   Counsel of record for a Party as reasonably necessary for the conduct of this litigation;

iv.   Experts or consultants who have been retained by a Party for the purpose of assisting in the conduct of this action, as reasonably necessary for their work;

v.   Fact witnesses during their deposition, or in preparation for their deposition, if the Designating Party consents, and that no disclosure is made to persons outside the authorization of this

Order;

vi.     The subject of the record if the reason for the designation is the protection of the subject's privacy; or

vii.    Other persons upon order of this Court, or upon stipulation of the Party or Producing Party who designated the material in question as Confidential Information.

9.      Prior to disclosing materials subject to the Protective Order to any individuals designated in subsections 8(a)(iv) – (viii), 8(a)(xii) – (xiii), or 8(b)(iv) – (vi), counsel for a Party must have these individuals sign the Acknowledgment attached to this Protective Order as Exhibit A.   The original signed Acknowledgment completed by any individual so designated shall be retained by counsel seeking to disclose materials to such individual until the conclusion of this litigation.

10.     **Reasonable Protection of Designated Material.**  Counsel for the Parties must employ reasonable protective measures to ensure that the information and documents governed by this Order are used only for purposes permitted under this Order, and disclosed only to persons authorized by this Order. All Designated Material must be kept in a secure manner by each Receiving Party and by those who are authorized to receive Designated Material.   Each person given access to Designated Material is hereby advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes directly related to the litigation of this action and for no other purposes.

11.     **Designated Material presented to the Court.**  If counsel for any Party determines to file with or submit to this Court any material designated as "Confidential Information" or "Confidential Attorneys' Eyes Only Information," the provisions of LRCiv 5.6 shall govern and apply in its entirety.

12.     **Potential legally compelled disclosure of Designated Material.**  If a Receiving Party that has obtained Designated Material pursuant to this Order: (a) is subpoenaed in another proceeding; (b) is served with a discovery request in another action to

which it is a party; or (c) is served with any other legal process by any person or entity not a Party to this litigation, for the purpose of obtaining the disclosure of such Designated Material, that Receiving Party must give timely written notice of its receipt of such subpoena, demand or legal process to the Producing Party's Counsel to allow that Party at least ten days, or such lesser time as such subpoena, demand or legal process specifies for production, to intervene to prevent disclosure of the Designated Material.

13.     **No restrictions of disclosure or use of own Designated Material.**  Nothing herein restricts in any manner any Party's disclosure or use of its own Designated Material.

14.     **Notice of unauthorized disclosure of Designated Material.**  In the event that any Designated Material is disclosed to someone not authorized to receive such material under this Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, the Receiving Party that disclosed Designated Material must immediately provide notice to the Producing Party's counsel in writing and use best efforts to obtain the return or destruction of all copies of the Designated Material and to prevent any further disclosure of the same.

15.     **Challenging a designation.**  If any Party objects to the designation of any information, material or documents as "Confidential Information" or "Confidential Attorneys' Eyes Only Information," the objecting Party may notify the designating Party in writing at any time, but no later than twenty-one days before the date of trial, unless there is good cause to challenge the designation later, and the objecting Party must also notify all other Parties of the objection in writing.  After consultation and good-faith effort to resolve the disagreement with the other Parties, either the designating or the objecting Party may apply to the Court for a ruling that the Confidential Material objected to shall be treated or not treated as "Confidential Information" or "Confidential Attorneys' Eyes Only Information."  Notice of such application shall be provided to all other Parties.  The burden of proof will be, at all times on the Designated Party to demonstrate the validity of the Designation.  Until this Court enters an order determining the status of the information whose designation is being objected to, such material shall be treated as designated under

this Order, unless the Parties otherwise agree by written stipulation.

16. **Sanctions for Bad Faith Designation.**  In the event that the Court finds that a party has not acted in good faith in designating any information, material or documents as "Confidential Information" or "Confidential Attorneys' Eyes Only Information," or in its failure to undesignated or provide appropriately redacted documents, the Court shall award an appropriate sanction against the Producing Party and in favor of the Receiving party, including, but not limited to an award of attorneys' fees.  Bad faith designation can include the over-designation or misuse of the provisional designation procedure set forth in paragraph 6(d) above.

17. **No applicability to clean-source information.**  None of the provisions of this Order apply to the following categories of information, documents and/or things, and any Receiving Party may apply to remove any designation from Designated Material based upon an evidentiary showing that such documents or information have been:

(a)     made available to the public through no unauthorized act, or failure to act, by the Receiving Party;

(b)     independently discovered by the Receiving Party prior to their production herein;

(c)     obtained outside of this litigation by the Receiving Party from the Producing Party without having been designated as Confidential; or

(d)     obtained by the Receiving Party from a Non-Party having the right to disclose the same.

18. **Final disposition.**  Upon final termination of this litigation, and exhaustion of all avenues of appeal, each Receiving Party must either (1) assemble and return to the appropriate Producing Party or (2) destroy, and subsequently certify to the Producing Party destruction of, all Designated Material and all copies thereof, within fourteen days of the destruction of the copies.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers (including exhibits), transcripts, deposition exhibits, hearing exhibits, trial exhibits, legal memoranda, correspondence, or attorney work

product, even if such materials contain Designated Material.  Counsel are also entitled to retain electronic copies of Designated Material created through the routine, good-faith operation of counsel's standard archival and backup procedures.  Any such archival copies that contain or constitute Designated Material remain subject to this Order as set forth in Paragraph 23 below.

19.   **No prejudice to any Party's rights to withhold disclosure.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosure of any information or material to any other Party.

20.   **Amendment of this Order.**  Nothing herein prevents a Party from seeking to amend the terms of this Order.

21.   **No effect on admissibility.**  Nothing in this Order affects the evidentiary admissibility of any Discovery Material in this litigation.  The designation of Discovery Material under this Order will not, for that reason alone, bar its introduction or use at any court proceeding related to this litigation under such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort will be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material.

22.   **No effect on duty to counsel clients.**  Nothing in this Order restricts any counsel from advising any Party regarding this litigation and, in the course of giving such advice, relying on Designated Material, provided that, in rendering such advice and otherwise communicating with any Party that is a client, counsel must not disclose any Confidential Attorney's Eyes Only Information.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     23.    **Survival of obligations.**  Duties under this Order will survive final resolution of this litigation. Persons and entities subject to this Order will remain subject to the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other Court of competent jurisdiction) orders otherwise.  This Court will retain jurisdiction for the purpose of enforcing the terms of this Order.

    Dated this 28th day of February, 2018.

David G. Campbell
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Leslie A Merritt, Jr., a single man, | ) | Case No.:  CV17-4540-PHX-DGC |
| | ) | |
| Plaintiff, | ) | **ACKNOWLEDGEMENT  OF** |
| vs. | ) | **STIPULATED PROTECTIVE** |
| State of Arizona, a body politic;  et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

I, _____, acknowledge under penalty of perjury that I have read the foregoing Protective Order concerning confidentiality of documents and information in the above captioned matter and that I understand its provisions.  I further acknowledge that I am receiving access to Designated Material designated as "Confidential Information" or "Confidential Attorneys' Eyes Only Information" based upon my agreement to comply with the terms and conditions of the Stipulated Protective Order (the "Order") entered in the above-referenced litigation, and I agree to treat all such information and materials in the manner required by the Order. Specifically, I agree to the following:

      1.     I have read and understand the Order.

1

2.      I will make no disclosures of Designated Material or information derived therefrom to any person who is not permitted to have access to such documents and information by the Order.

3.      Upon final determination of this action, I will destroy all Designated Material received by me within sixty days or I will return such Designated Material within sixty days to the Producing Party or to the party who provided the materials to me, as appropriate.  If I destroy such Designated Material, I agree to send a letter to the Producing Party or the party who provided the materials to me, certifying my destruction of the information within fourteen days of such destruction.

4.      I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of the United States District Court for the District of Arizona for the purposes of enforcement of the Order.

Date: _____ Name: _____ (printed)

Signature:_____