Brett W. Johnson (#021527)
Craig A. Logsdon (#020223)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004
Telephone: 602.382.6000
E-Mail: bwjohnson@swlaw.com
       clogsdon@swlaw.com

*Attorneys for Arizona Governor Douglas A. Ducey*
*and the Office of Governor Douglas A. Ducey*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., a single man, | Case No. 2:17-CV-4540-PHX-DGC |
| Plaintiff, | |
| v. | **NON-PARTIES ARIZONA GOVERNOR DOUGLAS A. DUCEY AND OFFICE OF GOVERNOR DOUGLAS A. DUCEY'S POSITION STATEMENT CONCERNING DISCOVERY ON THIRD PARTIES** |
| State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity. Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity, | |
| Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

The Office of Arizona Governor Douglas A. Ducey, and Governor Douglas A. Ducey himself (collectively the "Governor"), submit this Position Statement, and request a Rule 26(c) Protective Order on the following discovery issues raised by Plaintiff:

(1) The Court should prohibit a deposition of the Governor because there are no extraordinary circumstances to justify one. Any information the Governor may possess has, at most, tangential relevance, is available from other sources, and does not justify disruption of the Governor's official duties.

(2)   Plaintiff seeks information containing private, sensitive, or privileged information, such as cell phone numbers of the Governor and his staff. The Governor's Office should be able to redact such information before it is produced in discovery, and the attached protective order should govern the production and use of such information.

## I.   BACKGROUND.

The lawsuit does not involve the Governor or his Office. Instead, Plaintiff submits allegations of tortious conduct by the Arizona Department of Public Safety ("DPS"), which investigated and arrested Plaintiff, and against the prosecuting agency, the Maricopa County Attorney's Office. It is already well established that DPS kept the Governor apprised of its investigation of a sensitive case, but the Governor did not participate in law enforcement activity, the arrest, or prosecutorial decisions. Instead, the Governor let law enforcement officers and prosecutors do their jobs. This is undisputed.

Plaintiff has not shown that the undisputed facts are somehow relevant to his claims or that the Governor possesses other relevant information about his claims that cannot be discovered from other sources.[1] Additionally, the disclosure of other information, including cell phone numbers, or even partial numbers, puts the Governor's security directly at risk and could substantially disrupt State government. Entering a comprehensive protective order at this juncture to allow the redaction of sensitive information will lead to more efficient discovery throughout the litigation.

---

[1] Plaintiff's effort to conduct discovery on the Governor is not new—in Mr. Merritt's criminal matter, the Court denied a motion to depose the Governor without the Governor even having to respond.  (Order, Ex. A.)

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1
2

## II.   A DEPOSITION OF THE GOVERNOR SHOULD BE PROHIBITED BECAUSE NO EXTRAORDINARY CIRCUMSTANCES EXIST.

3
4
5
6
7
8

A highly-placed public officer should not be required to give a deposition where, as here, discovery is not essential to prevent prejudice or injustice to the requesting party. *In re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991); *see also Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir. 1982) *cert. denied*, 459 U.S. 878, 103 S.Ct. 174 (1982), *abrogated on other grounds*, *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712 (1996) (governor not required to testify absent compelling need).

9
10
11
12
13
14
15
16

The extraordinary circumstances requirement before allowing discovery is that "high ranking government officials have greater duties and time constraints than other[s]." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation"). High-ranking government officials' time should "be conserved for the public's business to as great an extent as may be consistent with the ends of justice." *Cmty. Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983).

17
18
19
20
21
22
23
24

Therefore, the law requires Plaintiff to show not only that the deposition of Governor Ducey is for a legitimate purpose, but also to further prove that this case presents an *extraordinary circumstance*. Here, as Governor Ducey is not a party to this case, Plaintiff cannot identify a legitimate (or relevant) purpose to depose him. Furthermore, no extraordinary circumstance is created by the fact that DPS kept the Governor's Office updated, that the Governor made public statements supporting the investigation, or that he updated the citizens of Arizona after Plaintiff's arrest. Since Plaintiff cannot meet his burden, the Governor should be protected from a deposition.

25

## III.   A PROTECTIVE ORDER IS APPROPRIATE FOR THIRD-PARTY DISCOVERY RELATED TO THE GOVERNOR.

26
27
28

In addition to a protective order prohibiting the deposition of Governor Ducey and his staff, good cause also exists for a protective order under Rule 26(c)(1) to redact

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1   records protected by the executive communications privilege, and information including
2   but not limited to personal and state-issued phone numbers of the Governor and his staff.

3   **A.  The Executive Privilege Should Apply to the Governor's Communications.**

4       The proposed protective order gives the Governor's Office an opportunity to
5   protect sensitive advice to the Governor, when necessary, via the executive
6   communications privilege. The Governor must be able to have confidential
7   communications with officers of State government. It simply is not wise public policy to
8   unilaterally disclose sensitive information without having the opportunity to determine
9   whether disclosure would affect state interests.

10      The executive communications privilege is widely accepted at the federal level.
11  The U.S. Supreme Court recognized the presumptive privilege in *United States v. Nixon*,
12  418 U.S. 683, 708 (1974), which the Court noted was "fundamental to the operation of
13  Government and inextricably rooted in the separation of powers under the Constitution."
14  *See also In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997) (recognizing a
15  "presidential communications privilege" when the President is "asked to produce
16  documents or other materials that reflect presidential decisionmaking and deliberations
17  and that the President believes should remain confidential.")

18      Although Arizona courts have not specifically applied an executive
19  communications privilege to communications involving the Governor, the privilege has
20  been "widely recognized by both federal and state courts." *Doe v. Alaska Superior Court,*
21  *Third Judicial Dist.*, 721 P.2d 617, 623 (Alaska 1986). *See, e.g., id.* ("the public policy
22  rationale upon which the Supreme Court relied in *United States v. Nixon* is equally
23  applicable to our state government"); *Republican Party of New Mexico v. New Mexico*
24  *Taxation and Revenue Dep't*, 283 P.3d 853, 868 (N.M. 2012); *State ex rel. Dann v. Taft*,
25  2006-Ohio-1825, ¶ 60, 109 Ohio St. 3d 364, 377, 848 N.E.2d 472, 485.

26      The Arizona Constitution requires communications between the Governor and
27  officers of State government "upon any subject relating to the duties of their respective
28  offices." *See* Ariz. Const. art. 5, § 4. The proposed protective order provides a mechanism

3

for these Constitutionally-mandated communications to be reviewed for sensitive information and, if necessary, redacted.

### B.  Redaction is Appropriate to Address Safety and Other Concerns.

In additional to other potentially privileged material, redaction of phone numbers is necessary for several reasons. As set forth above, the Governor is the chief executive of Arizona, and his "duties are manifold." *Proctor v. Hunt*, 43 Ariz. 198, 207 (1934). If certain information, such as the Governor's personal and official cell phone numbers, is disclosed, it would disrupt state operations, create an undue burden for the Governor, and create an undue expense of State resources to properly deal with the inevitable fall-out. It would be expected that the public would deluge the private numbers with calls or other interference with the Governor's privacy.

Safety and security is also of paramount concern. With just seven of the ten numeric digits of a phone number already identified, a bad actor could easily identify the remaining digits and track the Governor's movements, hack his accounts, and access private and personal information. Once someone has such identifying information, it "endangers the security of numerous highly sensitive computer systems. Dates and places of birth, social security numbers, and mother's maiden names are precisely the kind of information that many high-security systems use to verify the identity of authorized users . . . . disclosure of this information threatens to provide access to a variety of secure systems." *Mehl v. Blanas*, 241 F.R.D. 653, 657 (E.D. Cal. 2007).

Under the Governor's proposed protective order, the Governor's Office would have an efficient means to screen for such information, and Plaintiff would still receive the information responsive to his request. (Protective Order, Exs. B and C.) Simply, Plaintiff would still be able to identify *when* calls were made to the Governor and his staff—the numbers would simply be redacted. According to Plaintiff, it is the *timing* of the calls that matter to him (despite failing to provide justification for this argument).

The Governor's proposal to redact sensitive and potential executive privileged information has been approved as an effective means for handling documents with private

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

4

information. When faced with a request for inspection of records containing personal identifying information, the court in *Carlson v. Pima County*, 141 Ariz. 487, 490–91 (1984), found that "a practical alternative to the complete denial of access would be deleting specific personal identifying information, such as names." The Governor proposes the same approach here.

For some information, such as phone numbers, redaction is required as opposed to a simple non-disclosure order. As articulated in *Mehl v. Blanas*, 241 F.R.D. at 658, if the information is produced, "the only safeguard preventing widespread public disclosure of this sensitive information is the assurance of Plaintiffs' counsel." And while Plaintiff's counsel would not intentionally disclose confidential information, as the Court held in *Mehl*, the Governor's interest in the privacy and security of confidential or privileged information requires a more stringent safeguard than the assurance of any one litigant. *Id.*

Likewise, an "Attorneys' Eyes Only" designation is an insufficient safeguard in this context. Other courts have recognized that this label does not offer adequate protections when personal information is at issue. *See, e.g., Entral Grp. Int'l, LLC v. YHCL Vision Corp.*, 436 F. Supp. 2d 404, 406 (E.D.N.Y. 2006) (denying disclosure of Social Security numbers because "The 'attorneys' eyes' only' protective order suggested by the plaintiff here is not sufficient to address the privacy concerns at issue.") Again, the Governor does not anticipate intentional disclosure by anyone. But common sense dictates that one error by staff, a security breach, or any other host of factors could result in disclosure of the Governor's information if merely protected by "Attorneys' Eyes Only."

Finally, while the Court already entered into a protective order between the parties to the litigation, it does not specifically address the Governor.  It also provides insufficient protection, as it does not cover additional discovery, subpoenas, or testimony, or require compliance by anyone not a party to the litigation.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, discovery directed to the Governor should be prohibited, and the proposed protective order should be entered.

DATED this 14th day of March, 2018.

SNELL & WILMER L.L.P.


By:  /s/ *Brett W. Johnson*
Brett W. Johnson (#021527)
Craig A. Logsdon (#020223)
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004
Telephone: 602.382.6000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

  _/s/ Tracy Hobbs_____
4840-0767-4463