# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., | No. CV17-4540 PHX DGC |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

The Court has reviewed the filings of the parties and the Governor's counsel on certain discovery issues addressed during a February 28, 2018 conference call. Docs. 56, 58, 59, 60. The Court enters the following orders.

1. The Court concludes that prescription and medical records for Defendant Kalkowski, from August 1, 2015 through October 31, 2015, are relevant to claims and defenses in this case and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Defendant Kalkowski's work on September 17 and 18, 2015, is central to issues in this case, and he has testified about medical issues he was managing during that time. Plaintiffs are entitled to conduct discovery of information that bears on his ability during that time to perform his work accurately. Defendants shall produce prescription and medical records for Defendant Kalkowski, from August 1 through October 31, 2015, under the existing protective order, within two weeks of this order.

2. For reasons explained by the State Defendants (Doc. 58), the Court concludes that the issue of phone record production was pending before Judge Martin

when this case was removed. The Court therefore does not find that the State Defendants are in violation of Judge Gass's earlier order.

      a. Except for the position taken by the Governor (Doc. 59), the State Defendants do not appear to argue that the Court should alter Judge Gass's order. The State Defendants shall, therefore, produce the phone records of the Director and Deputy Director, redacting home addresses and the middle three numbers of the non-government phone numbers, within two weeks of this order.

      b. Plaintiff has not shown that security and privilege concerns expressed by counsel for the Governor are unfounded. The Governor shall produce the phone records sought by Plaintiff, of contacts with the Governor or his office, but may redact personal addresses and official or unofficial phone numbers, as well as information protected by executive privilege. If information is withheld on privilege grounds (as opposed to being partially redacted), counsel for the Governor shall produce a privilege log. Documents produced under this paragraph will be subject to the protective order (Doc. 54). Production under this paragraph shall occur within 30 days of this order.[1]

Dated this 19th day of March, 2018.

_____
David G. Campbell
United States District Judge

---

[1] Plaintiff has not sought to depose the Governor. The arguments related to such a deposition are therefore not addressed in this order.