1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Leslie A. Merritt, Jr.,                    No. CV-17-04540-PHX-DGC

10                   Plaintiff,                  **ORDER**

11   v.

12   State of Arizona; Maricopa County; Bill
     Montgomery, Maricopa County Attorney;
13   Heston Silbert; Christopher Kalkowski;
     Frank Milstead; Ken Hunter; Kelley Heape;
14   Jennifer Pinnow; and Anthony Falcone,

15                   Defendants.

16

17

18          This action arises out of Plaintiff's arrest, incarceration, and attempted prosecution

19   for the much-publicized I-10 freeway shootings.  Plaintiff asserts multiple claims for

20   relief, including false arrest, false imprisonment, malicious prosecution, negligence,

21   intentional infliction of emotional distress, and aiding and abetting.  Doc. 8.  Defendants

22   have filed motions for summary judgment.  Docs. 63, 65.  Plaintiff has filed motions for

23   additional time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d).

24   Docs. 82, 83.  The Court will grant Plaintiff's motions.[1]

25   _____

26          [1] Plaintiff failed to comply with the requirement set forth in the Case Management
     Order that he place a joint conference call to the Court to discuss whether additional
27   discovery is warranted.  Doc. 45 ¶ 12.  Because Plaintiff addressed the relevant issues in
     his written motions, however, the Court finds a conference call unnecessary.  In the
28   future, counsel should follow the Court's orders more carefully.

Rule 56(d) grants the Court discretion to deny a motion for summary judgment in order to allow more time for discovery where the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"   When making a Rule 56(d) determination, the Court should consider "whether the parties have diligently conducted discovery prior to the Rule 56(d) motion, whether they complied with the procedural requirements of the Rule, and whether further discovery would aid the party opposing summary judgment or merely delay the proceedings."   *Roosevelt Irrigation Dist. v. Salt River Project*, No. 2:10-CV-290-DAE (BGM), 2016 WL 3613278, at *2 (D. Ariz. Feb. 2, 2016).

In this case, there is no dispute that Plaintiff has diligently conducted discovery prior to filing the Rule 56(d) motion.   *See* Doc. 88 at 3.   Plaintiff has obtained nearly 500,000 pages of discovery from Defendants and has taken more than a dozen depositions.

Plaintiff also has complied with the procedural requirements of Rule 56(d) by submitting declarations of counsel specifically stating the need for further fact discovery to adequately respond to the summary judgment motions.   Docs. 82-1, 83-1.   With respect to the State Defendants' motion, Plaintiff seeks to conduct discovery regarding the DPS crime lab, DPS law enforcement personnel, and the Maricopa County Attorney's Office personnel.   Doc. 82-1 ¶ 3.   For the motion filed by the County Defendants, Plaintiff intends to depose Mr. Montgomery, Deputy County Attorneys, and other County employees with relevant knowledge.   Doc. 83-1 ¶ 3.   The depositions of former defendants Edward Leiter and Vanessa Lossico are noticed for June 26, 2018, and the deposition of County Attorney Keith Manning is noticed for the following day.   Doc. 94 at 4.   Counsel describes with sufficient particularity the facts he expects to learn from the anticipated discovery, and avows that those facts are essential to oppose summary judgment. Docs. 82-1 ¶¶ 4-12, 83-1 ¶¶ 4-8.   Counsel further states that additional time is needed to prepare declarations from expert witnesses regarding firearms examinations, crime lab operations, and prosecutorial and police procedures.   *Id.* ¶¶ 13, 9.

1    The State Defendants' motion seeks summary judgment for seven individuals on

2    all ten claims asserted in the complaint.  Doc. 63.  The statement of facts includes more

3    than 60 separate paragraphs and exhibits spanning some 700-plus pages.  Doc. 64.  The

4    County Defendants have joined the State Defendants' motion, and separately seek

5    summary judgment on similar grounds.  Docs. 65, 71.  The parties disagree on the scope

6    of facts required to address the probable cause and immunity inquiries.

7    The Court cannot conclude that the additional discovery sought by Plaintiff will

8    shed no light on those issues or other issues raised by the summary judgment motions.

9    *See Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (noting that "summary judgment

10   in the face of requests for additional discovery is appropriate only where such discovery

11   would be 'fruitless' with respect to the proof of a viable claim"); *Nyland v. Rooke, LLC*,

12   No. 2:15-cv-01670 JWS, 2016 WL 649072, at *2 (D. Ariz. Feb. 18, 2016) ("While it is

13   proper for a court to deny a Rule 56(d) application 'where it is clear that the evidence

14   sought is almost certainly nonexistent or is the object of pure speculation,' here the court

15   cannot conclude that such facts are clearly nonexistent[.]" (quoting *Terrell v. Brewer*, 935

16   F.2d 1015, 1018 (9th Cir. 1991)).  The Court will grant Plaintiff's Rule 56(d) motions

17   and deny the summary judgment motions without prejudice to their refiling

18   after discovery has been completed.

19   Defendants' various arguments do not require a different result.  The County

20   Defendants ask the Court to construe Plaintiff's Rule 56(d) motion as a response to

21   Defendants' summary judgment motion because it includes arguments as to why

22   summary judgment should be denied.  Doc. 88 at 1-2.  Defendants cite no legal authority

23   in support of this request.  The mere fact that Plaintiff addressed certain summary

24   judgment issues in his motion is no basis for converting it into a response brief.

25   Defendants contend that the Rule 56(d) motion should be denied because Plaintiff

26   lacks the evidence necessary to preclude summary judgment.  *Id.* at 3.  They assert that

27   "Rule 56 requires what Plaintiff cannot show – genuine issues of material fact," and yet

28   in the same breath assert that "Plaintiff does not need more time so that he can 'present

all the facts essential to justify his opposition.'" *Id.* The very purpose of Rule 56(d) is to allow a party sufficient time to take discovery so that he may present facts essential to his opposition. Fed. R. Civ. P. 56(d)(2); *see Choquette v. Warner*, No. 3:15-CV-05838-BHS-JRC, 2017 WL 773670, at *3 (W.D. Wash. Feb. 27, 2017) (granting Rule 56(d) request without limiting the scope of discovery to ensure that the court was "provided with a complete and accurate record prior to ruling on a motion for summary judgment").

Defendants further contend that Plaintiff has had ample time to conduct discovery and did not object to the filing of an early summary judgment motion at the case management conference. Docs. 88 at 7-8, 90 at 8-9. But Defendants cite no authority suggesting that the lack of an objection constitutes a waiver of the right to seek Rule 56(d) relief once a summary judgment motion is filed. Moreover, the Case Management Order sets a September 7, 2018 discovery deadline, a date proposed by Defendants. Docs. 32 at 16, 45 at 2. The filing of an early summary judgment motion did not change this deadline or require Plaintiff to complete discovery in time to file a response.

Defendants claim that their right to immunity will be compromised if Plaintiff is permitted to conduct further discovery. Doc. 88 at 2-3. But the purpose of the immunity doctrine is to ensure that "'insubstantial claims' against government officials be resolved prior to discovery and on summary judgment if possible." *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2 (1987); *see Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (same). Where, as in this case, "there is a dispute as to both the reasonableness of the official's actions and the factual characterization of those actions, discovery as to the issue of qualified immunity [is] necessary." *Choquette*, 2017 WL 773670, at *2 (citing *Anderson*, 483 U.S. at 646 n.6); *see Ngerntongdee v. Vaughn*, No. C08-1070RSM, 2008 WL 5000244, at *3 (W.D. Wash. Nov. 21, 2008) (noting that qualified immunity principles "do not suggest that courts should make hasty determinations based on an incomplete record"); *Hart v. Gaione*, No. CV-02-013311-RMT-MANX, 2003 WL 22846344, at *1 (C.D. Cal. Nov. 17, 2003) (noting that the qualified immunity defense must be balanced

1   against a plaintiff's right to discovery).

2          The State Defendants assert that the Rule 56(d) request is merely an attempt to

3   postpone a ruling on their "straightforward" summary judgment motion.  Doc. 90 at 2.

4   As noted above, however, Defendants seek summary judgment on all ten claims, for a

5   host of different reasons.  Doc. 63 at 2-4.  The motion is not limited solely to the issue of

6   probable cause.  *See id.*  Moreover, the probable cause inquiry involves a consideration of

7   the totality of the circumstances and "necessarily turns upon the particular facts of the

8   individual case."  *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009).

9   Plaintiff should be permitted to conduct further discovery into the investigation and facts

10  known to Defendants before his arrest.  *See Spencer v. Peters*, No. C11-5424 BHS, 2012

11  WL 4514417, at *16-19 (W.D. Wash. Oct. 2, 2012) (granting Rule 56(d) request on the

12  issue of probable cause where the plaintiff challenged the facts known to officials at the

13  time of his arrest).

14         Plaintiff requests an additional six months to conduct the discovery he needs to

15  respond to the summary judgment motions.  Docs. 82 at 2, 83 at 2.  As noted above, the

16  Case Management Order set a September 7, 2018 deadline for the completion of fact

17  discovery.  Doc. 45 ¶ 4.  The order made clear that the Court intends to enforce the

18  deadlines and the parties should plan their litigation activities accordingly.  *Id.* ¶ 9.  The

19  Court will not extend the fact discovery period beyond the September 7 deadline.  The

20  remaining four months provides ample time for Plaintiff to conduct the discovery needed

21  to oppose summary judgment.

22         **IT IS ORDERED:**

23         1.      Plaintiff's motions for additional time pursuant to Rule 56(d) (Docs. 82, 83)

24  are **granted**.

25         2.      Defendants' motions for summary judgment (Docs. 63, 65) are **denied**

26  without prejudice to their refiling after the close of discovery.

27

28

3.     The schedule set forth in the Case Management Order (Doc. 45) is **affirmed**.

Dated this 17th day of May, 2018.

_David G. Campbell_
David G. Campbell
United States District Judge