Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie A. Merritt, Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., <br><br> Plaintiff, <br> vs. <br><br> State of Arizona, et. al. <br><br> Defendants. | Case No.: CV17-4540-PHX-DGC <br><br> **MEMORANDUM TO COMPEL DISCOVERY RE: CLAIMS OF WORK PRODUCT** |

Plaintiff Leslie Merritt, Jr., through counsel, submits this memorandum under the Court's Order (Doc. 103), and moves for an Order permitting discovery of information in possession of the Maricopa County Attorney's Office (MCAO) and Maricopa County. Specifically, Plaintiff seeks documentation and testimony from the MCAO and Maricopa County being withheld under a privilege log and any notes,

-1-

emails, or other contemporaneously-created material, including case logs, created by prosecutors related to the prosecution of Plaintiff, including information about the three categories of non-disclosed or late-disclosed exculpatory material improperly withheld during their criminal prosecution of Plaintiff. The discovery sought relates to Plaintiff's claims of false arrest resulting in his prolonged incarceration, wrongful prosecution, and intentional infliction of emotional distress. The discovery of this material is not available from other sources and may not have protection under the work product rule.

## I.  Facts

Plaintiff seeks testimony and written documentation from MCAO related to his prosecution, including information about three categories of exculpatory evidence that Defendants refused or delayed disclosing during the criminal. First, the State Defendants used License Plate Readers (LPR's) in I-10 Freeway Shooting investigation to identify motorists near the scenes of the shootings. Next, the State Defendants established before Plaintiff's arrest and assisted by the FBI an undercover (honeypot) website. The honeypot was a proactive investigative tool, ostensibly to ascertain suspects by identifying the internet protocol addresses of individuals who showed an interest in the freeway shootings and visited the website. Neither any LPR nor honeypot website data related Plaintiff to any shooting. (**Exhibit 1**, Heape Deposition at 99:19-24; **Exhibit 2,** Pinnow Deposition at 227:14-21). But during the criminal proceeding, MCAO disclosed no LPR data or even the

existence of the honeypot; let alone their failure to identify Plaintiff. (**Exhibit 3,** Declaration of Jason Lamm; **Exhibit 4,** LPR Memo),

The third category of information sought from MCAO relates to the Defendants' five-month delay in disclosing a witness interview that contradicted their fabricated timeline to "explain" how Plaintiff's gun was allegedly used in the BMW shooting while it was in a pawn shop. To resolve their inconsistent investigation, a DPS detective conducted on August 30, 2015, a second interview of the BMW driver whose tire was struck by a bullet after he left a Sky Harbor parking garage (when Plaintiff's gun was in a pawn shop). In the interview, the driver stated that it would have been "impossible" for his car to have been shot while in the airport garage during August 27-30, 2015. (**Exhibit 5**, Warren report of 9/22/15). Inexplicably, MCAO only disclosed the report of the interview to Merritt's criminal defense counsel over five months later. (**Exhibit 6,** Discovery letter of 2/29/2016).

Meanwhile, Defendants disregarded the witnesses' statement and filed the criminal complaint against Plaintiff blithely claiming that the shooting occurred between August 27-30, 2015. Two days after the interview, a DPS detective falsely testified before the grand jury contrary to the exculpatory facts that the BMW driver stated in his interview.

Defendants then procured an indictment, only 41 hours after filing the complaint, alleging, in contrast to the previous dates and the exhibits that the BMW shooting occurred between August 22-27, 2015. Defendant Pinnow, who supervised the investigators, testified that she was unaware of any investigation, evidence, or

-3-

documentation to support the changing timeline. (**Exhibit 2,** Pinnow Deposition at 247:2-249:9). The manner of how the Defendants acquired the exculpatory information and the actions taken, given the exculpatory information, goes to the heart of Plaintiff's claims.

**II. Plaintiff Seeks Material Relevant to His Claims.**

Defendants have withheld from disclosure any written communications of the MCAO witnesses under a privilege log, including notes, emails, contemporaneously produced memorandum, and case logs related to the prosecution of Plaintiff. The material sought relates to Plaintiff's claims against MCAO/Maricopa County and the State Defendants. The existence of exculpatory evidence and the State Defendants' failure to disclose the information is critical to the issues of causation on most of Plaintiff's claims, including Plaintiff's claims of false Imprisonment since prosecutors, relying on the State's reports, "could not dismiss charges on the basis of facts of which they were unaware. Correcting the error could be accomplished only by accurate disclosure of information held by [State defendants] alone and unknown to the prosecutors." *Tatum v. Moody*, 768 F.3d 806, 819 (9th Cir. 2014). Also, Plaintiff has alleged prolonged wrongful detention in violation of the Fourteenth Amendment. The Ninth Circuit has held that when "investigating officers, acting with deliberate indifference or reckless disregard for a suspect's right to freedom from unjustified loss of liberty, fail to disclose potentially dispositive exculpatory evidence to the prosecutors, leading to the lengthy detention of an innocent man, they violate the due process guarantees of the Fourteenth Amendment." *Tatum*, 768 F.3d at 816.

Defendants' claim of work product will also likely prevent meaningful discovery in numerous upcoming depositions: Deputy County Attorney Vanessa Losicco on August 20, 2018 (Doc. 107), Deputy County Attorney Edward Leiter on August 20, 2018 (Doc. 108), Deputy County Attorney Keith Manning on August 22, 2018 (Doc. 109), and Defendant William Montgomery on August 15, 2018. (Doc. 110). Plaintiff seeks to explore each deponent's knowledge of the exculpatory evidence, the rationale for the actions taken by MCAO during the prosecution, when the exculpatory evidence was received by the State, how they learned of the information, and the actions taken afterward. Without access to the written material in the prosecution files, the witnesses will likely have an incomplete recollection of the events and thwart meaningful disclosure and Plaintiff's counsel will have no means of refreshing their recollections.

**III.     The Work Product Rule Does Not Apply**

The work product rule "is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. United States Dist. of Arizona*, 881 F2d 1486, 1494 (9th Cir. 1989). To establish work product protection: (1) the material must be a document or tangible thing; (2) the material must be prepared in anticipation of litigation; and (3) the material must be prepared by or for a party, or by or for its representative. *Yurick ex rel. Yurick v. Liberty Mut. Ins. Co.*, 201 F.R.D. 465, 472 (D. Ariz. 2001)(citations omitted). The burden of establishing a claim of work product is on the proponent. *Id.* Work product is discoverable where

an attorney's mental impressions are at issue, and there is a compelling need for the material. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

The leading Ninth Circuit case addressing the work product rule in a malicious prosecution/false arrest civil rights case is *Doubleday v. Ruh*, 149 F.R.D. 601 (E.D. Cal 1993). In *Doubleday*, the plaintiff brought a malicious prosecution action in federal court after she was the subject of a criminal prosecution by the Sacramento County District Attorney's Office in which she was found not guilty of assault and battery on a peace officer. 149 F.R.D. at 604. She sued the County Sheriff's Department and various officers under 42 U.S.C. § 1983 and state law, alleging that they had conspired to use excessive force and to coerce the district attorney's office into prosecuting her criminally. *Id.* By subpoena, the plaintiff sought to obtain from the district attorney the criminal file used to prosecute her in the prior criminal case. The district attorney moved to quash, which the court denied. *Id.* First, the Court rejected the district attorney's reliance on the work product doctrine, concluding that the work product doctrine did not apply because the documents sought were not created by or for a party to the later litigation. *Id.* at 606. The Court concluded that even if the work product doctrine applied, the prosecutors must produce the documents because the plaintiff had shown a substantial need for the documents and an inability to obtain them without undue hardship. *Id.* at 607.

The reasoning of *Doubleday* applies here. First, Plaintiff seeks documents not created for Maricopa County or William Montgomery who are the parties to the later

-6-

civil litigation. In Arizona, the Maricopa County deputy county attorneys in a criminal proceeding represent society and do not represent Maricopa County. *See State ex rel. Romley v. Superior Court in and For County Maricopa*, 181 Ariz. 378 (App. 1995). Montgomery/Maricopa County cannot satisfy the essential requirement for work-product that the material must be prepared by or for a party, or by or for its representative. The Court should require that Defendants Montgomery and Maricopa County produce the documents.

Also, in *Doubleday*, the plaintiff argued that the mental impressions of the attorneys were at issue. The plaintiff claimed that the police officers manipulated evidence and the district attorneys so the plaintiff would be improperly prosecuted. *Doubleday*, 149 F.R.D. at 607-8. Similarly, here, Plaintiff has alleged that the State Defendants have fabricated and manipulated evidence to secure Plaintiff's prosecution. (Doc. 8, Second Amended Complaint at paragraphs 86-90). The mental impressions of the officers are at issue.

In *Doubleday*, the court recognized "that the mental workings of the defendant officers are at issue, especially to the extent that the district attorneys' mental processes reflect those of the officers. To the extent that the prosecutor's notes reveal unease, irritation, or the like with respect to the pressures, if any, brought to bear against them by the individual defendants, those notes constitute the heart of plaintiff's case." *Id.* at 608. Here, the mental processes of the prosecutors reflect those of the DPS officers, and indicate how the State defendants attempted to manipulate the prosecutors. The best evidence would be the prosecutors'

contemporaneous notes, memorandum, and emails. Plaintiff has no other manner of acquiring the information.

The court in *Doubleday* also identified that the production of documentary material is required for meaningful depositions. "Giving the [deponent] attorneys an opportunity to respond to a question regarding their mental impressions without access to records would not be as conducive to a forthright answer as the file itself would provide." *Id.* Similarly here, the deputy county attorneys must have access to their records to provide complete responses to deposition questions.

Plaintiff lacks an alternative other than asking the deponents about their reliance upon State Defendants' representations to prosecutors and how they relate to the rationale behind later actions taken the criminal case. Plaintiff has elicited testimony from multiple individual defendants that multiple pieces of exculpatory information were not furnished to prosecutors. Having deposed all DPS personnel who may know of the withholding of exculpatory evidence, there is no other avenue for Plaintiffs to pursue, save for questioning prosecutors about their impressions, to obtain evidence to establish causation.

Most courts from other jurisdiction that have addressed similar cases have rejected the application of the work product rule in subsequent civil litigation following the demise of the criminal case. See *Klein v. Jefferson Parish School Bd.*, 2003 WL 1873909, \*2-3 (E.D.La. Apr. 10, 2003) (no work-product privilege applied in subsequent civil litigation where plaintiff sought district attorney's written notes from plaintiff's prior criminal investigation); *Ostrowski v. Holem*, 2002 WL 31956039, at \*3

-8-

(N.D.Ill. Jan. 21, 2002) ("[M]any courts have found the work-product privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a related and subsequent civil lawsuit."); *Carter v. City of Philadelphia*, 2000 WL 632988, at *1-2 (E.D.Pa. May 5, 2000) (work product privilege did not apply where, during course of subsequent civil litigation, plaintiff sought documents generated to underlie but already-concluded criminal case); *Hernandez v. Longini*, 1997 WL 754041, at *2 (N.D.Ill. Nov. 13, 1997) (plaintiff asserting a §1983 claim could obtain production of the prosecutor's criminal files from her prior prosecution; work product privilege did not apply); *Schultz v. Talley*, 152 F.R.D. 181, 185 (W.D. Mo.1993) (district attorney cannot assert work-product privilege because not a party to the present suit). This Court should decline to extend a blanket work product privilege to the documents sought by Plaintiff.

**IV. Federal Law preempts the Basis for State Court's Previous Ruling**

Before removal of this case, the state court judge issued a protective order granting work product protection to emails and internal communications of the Maricopa County Attorney's Office (**Exhibit 8**, Minute entry, filed 6/27/2017). Although the minute entry fails to reflect the judge's reasoning, federal law preempts the legal basis for the ruling. Now that federal claims exist, the state law privileges are preempted,"Where there are federal question claims, and pendent state law claims present, the federal law of privilege applies." Fed. R. Evid. 501 advisory committee note; see also *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*,

671 F.2d 100, 104 (3rd Cir. 1982). This Court should revisit the claim of work product based on the new circumstances.

## V. Conclusion

Plaintiff seeks an Order requiring Defendants Maricopa County and William Montgomery to produce all notes, emails, memorandum, or other contemporaneously-created material, including case logs, created by prosecutors related to the prosecution of Plaintiff, and require deponents to provide full testimony about their involvement with the prosecution of Plaintiff.

DATED this 18th day of June 2018.

**Law Offices of David J Don, PLLC and**
**Law Offices of Jason Lamm**

By: s/David J. Don
David J. Don, Esq.
Jason D. Lamm, Esq.
*Attorneys for Plaintiff Leslie A. Merritt, Jr.*

# CERTIFICATE OF SERVICE

I certify that on this 18th day of June 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to these CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington St.
Phoenix, AZ 85003

Michele Iafrate, Esq.
Renee J. Waters, Esq.
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona 85003
miafrate@iafratelaw.com
Attorneys for Defendants Maricopa County and William Montgomery

Edward F. Novak, Esq.
Melissa Ho, Esq.
Jonathan G. Brinson, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Email: enovak@polsinelli.com; mho@polsinelli.com, jbrinson@polsinelli.com
Attorneys for Defendant State of Arizona, Heston Silbert, Christopher Kalkowski, Frank Milstead, Ken Hunter, Kelly M. Heape, Jennifer Pinnow, Anthony Falcone

By:  /s/David J. Don