**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., | No. CV-17-04540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

This action arises out of Plaintiff's arrest, indictment, and pre-trial incarceration for the much-publicized Interstate-10 freeway shootings. Plaintiff asserts multiple claims for relief, including false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress. Doc. 8. Defendants include both state- and county-level entities and persons.

Plaintiff moves to compel document production and deposition testimony from Defendants Maricopa County and Maricopa County Attorney William Montgomery, and from several deputy county attorneys who were involved in the criminal case. The parties placed a joint conference call to the Court regarding this issue on June 1, 2018. Doc. 103. After hearing the parties' positions, the Court directed them to file memoranda on work product and privilege issues, which they did. Docs. 113, 119. Finding the memoranda insufficient to resolve the issues, the Court ordered the parties to file additional memoranda addressing specific topics. Doc. 121. The parties have provided

the additional briefing. Docs. 126, 130. After reviewing them carefully, and for the reasons that follow, the Court will deny Plaintiff's motion to compel.

## I. Information Sought.

Plaintiff's original memorandum sought information regarding (1) the use of license-plate readers during the criminal investigation, (2) the use of a honeypot website to identify suspects, and (3) the delayed disclosure of an exculpatory witness statement. Doc. 113 at 2-3. In the order that followed, the Court explained the deficiency of these general topics:

> Plaintiff provides no detail concerning the documents he seeks or the questions he wants to ask in the upcoming depositions, nor does he provide the privilege log he is attacking. He identifies three broad issues, but provides no more specificity. Privilege and work product issues generally must be decided on a document-specific or question-specific basis. Although that level of detail may not be necessary here, the Court needs more than a general assertion that discovery should be permitted on three broad issues.

Doc. 121.

Plaintiff's supplemental memorandum identifies six categories of information. Doc. 126 at 2-3. He seeks to depose Defendant Montgomery and two former deputy county attorneys about the following subjects:

> i) **Basis for Montgomery's Press Conference Statements**. The facts available to Montgomery at the time of his public statements about Plaintiff.
>
> ii) **Basis for Mental Impressions of [DPS criminalist] Kalkowski**. The knowledge, consideration, and internal communications about prosecutors' mental impressions on subjects they have disclosed involving Kalkowski.
>
> iii) **Communications with DPS**[.] All communications with DPS employees involving the transmittal and disclosure of evidence.
>
> iv) **Pre-Arrest Intra-Office Communications**. Communications between Montgomery and other DCA's about the decision to arrest Plaintiff.

Doc. 126 at 2-3 (emphasis in original).

Plaintiff also seeks production of the following documents:

> v) **Documents Available to Montgomery**. Communications that comprise the totality of circumstances known to Montgomery in dismissing the criminal case against Plaintiff.
>
> vi) **Transmittal of Evidence**. Prosecutor's files and items related to three categories of information identified in Plaintiff's Memorandum (Doc. 113) showing the disclosure of information transmitted by the State Defendants to the prosecutors about the I-10 Freeway investigation. Many of these items were previously withheld under a privilege log. **(See Exhibit 4).**

*Id.* at 3 (emphasis in original).

These categories are slightly more detailed than arguments in Plaintiff's first brief, but they are still very general. Despite Plaintiff's access to a privilege log (Doc. 126-4), he has not identified specific documents he seeks to obtain (Doc. 126 at 3 (stating only that "[m]any of these items were previously withheld under a privilege log.")). Nor does he provide more than general descriptions of question topics. As a result, the Court is forced to address only general arguments on general categories of information. Plaintiff has provided no information from which the Court can engage in more detailed line-drawing between protected and unprotected information.

**II.  State Court Decision.**

Defendants argue that the state court judge in this case denied Plaintiff's request for the same discovery before this case was removed to federal court, and argue that the Court should leave the state court ruling in place. Doc. 119 at 3-4. As Plaintiff has demonstrated, however, the state court judge made a case management decision, not a privilege or work product decision, and concluded only that depositions of the prosecutors should not be taken at that time. Doc. 126-6 at 41-42. He specifically noted that Plaintiff could seek the discovery later. *Id.* Plaintiff is seeking the discovery now, and the Court does not find the state court's case management decision controlling.

Plaintiff also seeks production of the following documents:

> v) **Documents Available to Montgomery**. Communications that comprise the totality of circumstances known to Montgomery in dismissing the criminal case against Plaintiff.
>
> vi) **Transmittal of Evidence**. Prosecutor's files and items related to three categories of information identified in Plaintiff's Memorandum (Doc. 113) showing the disclosure of information transmitted by the State Defendants to the prosecutors about the I-10 Freeway investigation. Many of these items were previously withheld under a privilege log. **(See Exhibit 4).**

*Id.* at 3 (emphasis in original).

These categories are slightly more detailed than arguments in Plaintiff's first brief, but they are still very general. Despite Plaintiff's access to a privilege log (Doc. 126-4), he has not identified specific documents he seeks to obtain (Doc. 126 at 3 (stating only that "[m]any of these items were previously withheld under a privilege log.")). Nor does he provide more than general descriptions of question topics. As a result, the Court is forced to address only general arguments on general categories of information. Plaintiff has provided no information from which the Court can engage in more detailed line-drawing between protected and unprotected information.

**II.  State Court Decision.**

Defendants argue that the state court judge in this case denied Plaintiff's request for the same discovery before this case was removed to federal court, and argue that the Court should leave the state court ruling in place. Doc. 119 at 3-4. As Plaintiff has demonstrated, however, the state court judge made a case management decision, not a privilege or work product decision, and concluded only that depositions of the prosecutors should not be taken at that time. Doc. 126-6 at 41-42. He specifically noted that Plaintiff could seek the discovery later. *Id.* Plaintiff is seeking the discovery now, and the Court does not find the state court's case management decision controlling.

### III. Work Product Doctrine.

Defendants and the non-party prosecutor witnesses contend that much of the information sought by Plaintiff is protected by the attorney work product doctrine. Doc. 119 at 6. They note that Plaintiff essentially seeks the entire prosecutorial file, and assert that documents in that file were created "by or for" a party in this case – County Attorney Montgomery – in anticipation of or during the criminal case, and therefore fall within the work product protection of Rule 26(b)(3). Doc. 119 at 6-8; *see* Fed. R. Civ. P. 26(b)(3) (extending work product protection to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]"). Defendants also contend that the information sought by Plaintiff, including information sought in depositions, is protected work product under *Hickman v. Taylor*, 329 U.S. 495 (1947), and related cases, and that much of it includes mental impressions of prosecutors that are entitled to an even higher level of protection than ordinary work product. Doc. 119 at 8-11.

In response, Plaintiff relies almost entirely on *Doubleday v. Ruh*, 149 F.R.D. 601 (E.D. Cal. 1993), a civil case that applied Rule 26(b)(3) to the work of prosecutors in a prior criminal case. Docs. 113 at 6-8, 126 at 7-8. *Doubleday* held that the prosecutors who were witnesses and not parties in subsequent civil litigation could not assert work product protection because that protection "cannot be claimed by one who would ordinarily hold the right to assert the immunity unless that person/entity is a party (or a party's representative) to the litigation in which the immunity is asserted." 149 F.R.D. at 606. In reaching this conclusion, *Doubleday* relied on *In re California Public Utilities Commission*, 892 F.2d 778 (9th Cir. 1989) ("*CPUC*"), which applied Rule 26(b)(3). *See id.* at 781. *CPUC* noted that the rule provides protection only for information created "by or for another party or by or for that other party's representative," and held that the word "party" in this rule language refers to a party in the subsequent litigation. *Id.* at 780-81. Because the prosecutors in *Doubleday* were not parties to the later civil litigation, the

district court presiding over that litigation held that they could not claim work product protection. 149 F.R.D. at 606.

*Doubleday* is not helpful on most of Plaintiff's six categories of requested information. Four of Plaintiff's categories – (i) through (iv) – concern information he seeks in depositions of prosecutors, and the other two concern documents he seeks to have produced. Doc. 126 at 2-3. The work product discussion in *Doubleday* on which Plaintiff relies concerns only documents. It relies on *CPUC*, which in turn relies on Rule 26(b)(3), which applies only to "documents and tangible things." 149 F.R.D. at 605-607; *see* Fed. R. Civ. P. 26(b)(3). This portion of *Doubleday*, which addressed a subpoena for documents, provides no help for Plaintiff's four deposition categories.[1]

Work product protection for intangible information, such a deposition testimony, is not covered by Rule 26(b)(3). It exists by virtue of the Supreme Court's decision in *Hickman* and cases that have addressed *Hickman*. This cannot be a surprise to Plaintiff. The Court specifically noted during the discovery conference call on June 1, 2018, that work product protection for documentary evidence would be covered by Rule 26(b)(3) and for testimonial evidence would be governed by *Hickman*. And Defendants cite *Hickman* in support of their assertion of work product protection. Doc. 119 at 9. Plaintiff nonetheless fails to discuss *Hickman* in any respect. He does not even mention it. He instead relies entirely on *Doubleday*. Plaintiff has thus made no effective argument with respect to Defendants' work product assertion for deposition categories (i) through (iv).

*Doubleday* arguably applies to Plaintiff's two categories of requested documents, (v) and (vi). But when the Court considers these two categories under the Rule 26(b)(3) limitation – that work product must have been created "by or for" a party in this case – *Doubleday* is inapplicable because County Attorney Montgomery is a party in this case. Work product created "by or for" him in the criminal case would be protected even under

---

[1] A later portion of *Doubleday* addressed depositions of prosecutors and declined to permit them on grounds other than work product protection. *See* 149 F.R.D. at 612-14.

*Doubleday*. And Plaintiff provides no information from which the Court can consider whether some specific documents would fall outside the work product protection asserted by Defendants. Defendant cites five cases in addition to Doubleday, but four of them are distinguishable because they rely on the same fact as Doubleday – that the prosecutor from the previous criminal case was not a party in the subsequent civil litigation. *See* Doc. 113 at 8-9. The Court does not find the fifth case persuasive. *Carter v. City of Philadelphia*, No. Civ.A. 97-4499, 2000 WL 632988, at *1 (E.D. Pa. May 5, 2000), held that work product protection did not apply in civil litigation against a district attorney's office because the office's work product in a prior criminal case was created for the Commonwealth, not for the office. The court did not consider whether work product protection nonetheless applied because the documents were created by a party to the current litigation within the meaning of Rule 26(b)(3).[2]

Defendants also assert that some information sought by Plaintiff constitutes opinion work product – mental impressions, legal theories, and conclusions of prosecutors – which enjoys a higher level of protection than ordinary work product. Doc. 119 at 9-10. As the Ninth Circuit explained in *Holmgren v. State Farm Mutual Automobile Insurance Co.*, 976 F.2d 573 (9th Cir. 1992), opinion work product, including the mental impressions, conclusions, opinions, or legal theories of an attorney, is entitled to nearly absolute protection. *See id.* at 577 (describing heavier burden to overcome opinion work product protection). Plaintiff responds by again citing *Doubleday*, arguing that it permits the discovery of mental impression evidence. Doc. 113 at 7. But *Doubleday* cites *Holmgren* for the proposition that opinion work product "is discoverable where an attorney's mental impressions are at issue and there is a *compelling need* for the

---

[2] *Doubleday* notes that "[a]ttorneys who prepared the work product are holders of the work product immunity in addition to the party for whom the work product was prepared." 149 F.R.D. at 606 n.5. Thus, it would appear that County Attorney Montgomery can assert the protection over work prepared "by" him or his office even though he was not a party in the previous litigation. This distinguishes the portion of *Doubleday* which held that Sacramento County, a party in the subsequent civil litigation, could not assert work product protection because it was not a party in the prior criminal case. 149 F.R.D. at 605-606.

- 6 -

material." 149 F.R.D. at 608 (emphasis added). Plaintiff recognizes this standard, but does not show that he has a compelling need for mental impressions of prosecutors. Plaintiff argues that their mental impressions could shed light on the mental impressions of the law enforcement officers who are defendants in this case (Doc. 113 at 7-8), but Plaintiff has deposed eight law enforcement officers who were involved in the investigation and has obtained substantial document production (Doc. 130 at 3). The Court cannot conclude that he has shown a compelling need to obtain the opinion work product of the prosecutors.

In short, Defendants have shown that the information sought by Plaintiff was prepared during or in anticipation of the criminal case, and Plaintiff has provided no basis on which the Court can conclude that the assertion of work product protection is erroneous. Nor do Plaintiff's general categories of information provide any information for the Court to determine whether some specific documents or topics are not covered by the protection.

**IV. Prosecutorial Immunity.**

Defendants contend that prosecutorial immunity prohibits deposition of the prosecutors. Doc. 119 at 5-6. "Absolute prosecutorial immunity is meant to 'protect[] the prosecutor from harassing litigation that would divert his time and attention from his official duties' and to 'enabl[e] him to exercise independent judgment when deciding which suits to bring and in conducting them in court.'" *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)). Defendants rely on *Dowling v. Arpaio*, No. CV-09-1401-PHX-JAT, 2011 WL 1456732, at *5 (D. Ariz. Apr. 15, 2011), for the proposition that even deposing a prosecutor is impermissible if it undermines the purposes of prosecutorial immunity. Doc. 119 at 6.

The Court noted in its July 3, 2018 order that it was unable to resolve this issue because Plaintiff had not addressed it. Doc. 121. Plaintiff responded with three sentences, asserting that the primary prosecutorial immunity case, *Imbler v. Pachtman*, 424 U.S. 409 (1976), does not address depositions. Doc. 126 at 7. Plaintiff

does not discuss *Dowling*'s reasoning that *Imbler*'s rationale should extend to discovery in subsequent civil cases. Nor does Plaintiff cite any case that rejects *Dowling*'s approach. Indeed, at least one other district court has prohibited a deposition for the same reason. *See Chang v. United States*, 246 F.R.D. 372, 373-74 (D.D.C. 2007).

Plaintiff also contends that "his claims based on Defendants' media statements and involvement in pre-arrest decisions to arrest Plaintiff are prosecutorial actions not subject to absolute immunity." Doc. 126 at 7. This argument appears to refer to discovery categories (i) and (iv).

With respect to category (iv), Plaintiff is correct that prosecutors have only qualified immunity when giving advice to police during a criminal investigation. *Garmon v. Cty. of L.A.*, 828 F.3d 837, 843 (9th Cir. 2016). But Plaintiff does not seek testimony about such advice; he seeks internal communications among prosecutors. *See* Doc. 126 at 3. Those communications would appear to fall squarely within the holdings of *Dowling* and *Chang*, which Plaintiff never discusses.

With respect to category (i), Plaintiff is correct that prosecutors enjoy only qualified immunity when speaking to the press. *Garmon*, 828 F.3d at 843. But Plaintiff does not appear to seek testimony about statements made at the press conference. Those are matters of public record, some of which are quoted in Plaintiff's brief. Instead, Plaintiff seeks testimony about "facts available to Montgomery at the time of his public statements[.]" Doc. 126 at 2. This somewhat imprecise description might well include facts the County Attorney acquired in communications within his office and with other prosecutors in the course of their prosecutorial duties. The Court cannot, therefore, determine that the testimony Plaintiff seeks in this category would be limited to actions covered only by qualified immunity. In any event, the Court found above that Defendants have asserted work product protection for category (i) that Plaintiff has not rebutted.

In summary, Defendants have made a credible assertion that prosecutorial immunity prevents the depositions, and Plaintiff has not shown that Defendants are wrong.[3]

## V. Deliberative Process Privilege.

Defendants contend that the deliberative process privilege prevents discovery on all six categories of information. Doc. 119 at 4-5. Federal common law recognizes such a privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). It rests on the assumption that officials will not communicate candidly among themselves if each remark would later be subject to discovery. *Id.* at 8-9. The privilege seeks to enhance the quality of government by promoting open and frank exchanges among government decision-makers. *Id.* at 9. For the privilege to apply, a document must meet two requirements. "First, the document must be predecisional – it must have been generated before the adoption of an agency's policy or decision. . . . Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies. Purely factual material that does not reflect deliberative processes is not protected." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted).

Plaintiff argues that he seeks "purely factual" information that is not covered by the privilege. Doc. 126 at 5-6. The Court agrees with respect to the first category of information: the facts available to Defendant Montgomery at the time of his public statement. Because this category limits its scope to facts, the deliberative process privilege does not apply.

But the Court cannot conclude that the deliberative process privilege is unavailable for the other five categories, which are not clearly limited to facts. Without more detailed information, the Court cannot make an informed decision on which documents and questions, or portions thereof, are privileged. The Court cannot conclude

---

[3] Because Plaintiff does not meaningfully respond to Defendants' prosecutorial immunity argument, the Court need not consider the full scope of any protection the prosecutors might enjoy under the rationale of *Dowling* and *Chang*.

that the deliberative process privilege is unavailable for general categories (ii) through (vi).

Nor can the Court conclude that Defendants have waived any privilege over those five categories. Defendant Montgomery announced the dismissal of the criminal case at a brief press conference on November 16, 2016. Doc. 126-1. Plaintiff submits a transcript of the press conference and asserts that it waived any privilege that might apply to "the information involved in weighing the Murdock report against the 'totality of all the investigation that had been conducted at that point' and moving to dismiss the criminal case." Doc. 126 at 4 (quoting Defendant Montgomery's statement). But Plaintiff does not link the press conference to the discovery he seeks; he does not explain how statements in the press conference waive the privilege with respect to particular categories of information. Plaintiff instead seems to argue that the press conference waived the deliberative process privilege over all internal deliberations in the criminal case. This broad view of waiver is unsupported by the case he cites. Doc. 126 at 4 (citing *Wilson v. Maricopa Cty.*, No. CV 04-2873 PHX-DGC, 2006 WL 1312934, at *3 (D. Ariz. 2006) ("isolated instances [of publication] cannot be construed as a wholesale waiver of the deliberative process privilege")).

Plaintiff also asserts that he has made the showing required to overcome the privilege. Doc. 126 at 4-6. The Ninth Circuit has provided this explanation:

> A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.

*Warner*, 742 F.2d at 1161 (citations omitted). Plaintiff attempts to address the four factors identified in *Warner*, but his arguments are very general in nature, discussing the relevancy of broad categories of information. Doc. 126 at 5-6. *Warner*, by contrast, addressed two specific memoranda and the effect of their potential release, as well as

other information obtained in discovery that provided some of the same information as the memoranda. 742 F.2d at 1161-62. Plaintiff has provided no information from which the Court can engage in a similar inquiry, and his broad categories of requested information provide little help.

The Court concludes that the deliberative process privilege likely affords protection to information covered by categories (ii) through (vi), and that Plaintiff has not made the showing required to overcome the privilege.

**IT IS ORDERED** that Plaintiff's motion to compel (Doc. 113) is **denied**.

Dated this 6th day of August, 2018.

_David G. Campbell_
David G. Campbell
United States District Judge