Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ  85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email:  jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie A. Merritt, Jr.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie A Merritt, Jr., a single man, | Case No.: CV17-4540-PHX-DGC |
| Plaintiff, vs. | **PLAINTIFF'S MEMORANDUM RE: DISCOVERY DISPUTE** |
| State of Arizona, et al. | |
| Defendants. | |

Plaintiff, Leslie Merritt, Jr., through counsel undersigned, submits the following memorandum to address the four subjects raised in the Court's Order (Doc. 175).

**I.   MCAO'S DISCLOSURE OF THE PROSECUTORS' MEMORANDUM WAIVES THE ASSERTED WORK PRODUCT PRIVILEGE.**

On July 28, 2017, all parties became aware, through a privilege log disclosed with the State of Arizona's 8th Supplement Disclosure Statement, that the State

possessed a memorandum authored by the two Maricopa County Deputy County Attorneys assigned to prosecute Plaintiff, Ed Leiter and Vanessa Losicco, and addressed to Chief Deputy County Attorney Mark Faull.  **See Exhibit 1, attached**.

Entitled "Status of the I-10 Shooter Case", the memorandum, dated June 28, 2016, was written over two months after prosecutors moved to dismiss the criminal charges against Plaintiff and provides a comprehensive overview of the prosecutors' interpretation of the evidence.  The memorandum was disclosed without objection from counsel for the Maricopa County Defendants and was used as an exhibit in the deposition of Defendant William Montgomery.

The memorandum describes the "weakness in the ballistic evidence" provided by the DPS crime lab and characterizes the criminal case against Plaintiff as solely "circumstantial." It also discusses how cell (phone) tower analysis conducted by the FBI "unfortunately" corroborated Plaintiff's alibi and how two renowned independent ballistic experts hired by the prosecution disagreed with the conclusions of the DPS lab.

The memorandum also revisits the testing conducted by the DPS crime lab, post-dismissal, hoping to bolster its initial position and reincarnate the criminal case against Plaintiff. Some of this "scientific" testing was "unofficial" and intentionally not documented. Other aspects of the testing involved a DPS criminalist consuming and destroying evidence seized in a 2015 search warrant of Plaintiff's home (that was still in the possession of DPS), even though she never obtained the permission from Plaintiff or a court.

The Maricopa County Defendants waived any work product privilege regarding the subjects contained in the memo when they provided it to the State of Arizona as no attorney-client relationship exists between the County Attorney's Office and DPS.  *See, e.g. Tennison v. City & Cnty. Of San Francisco*, 226 F.R.D. 615, 620 (N.D. Cal 2005); *Amili v. City of Tukwila*, 2014 WL 3404572 *2 (WD. Washington, 2014). Absent such a relationship, the disclosure of work product by Maricopa County to the State waives any protection regarding other documents on the same subject. *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). And "privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents [to a third party]." *Stevens v. Brigham Young University-Idaho*, 2018 U.S. Dist. LEXIS 31271* 8, 2018 WL 2974388 (D. Idaho, Feb. 23, 2018) (*citing Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001)).  The specific subjects of the waiver are listed in **Exhibit 2.**

## II.    PLAINTIFF REQUESTS THAT THE COURT ENFORCE ITS PREVIOUS ORDER

The Court's previous Order cautioned that "[the Court] will not be inclined to permit witnesses at trial to testify on subjects as to which they asserted an immunity or privilege during discovery …." (Doc. 152).  All the Maricopa County witnesses (including Leiter, Losicco, Manning, Montgomery, and Leckrone) refused to answer questions at deposition based on assertions of privileges and immunities. The subjects of the asserted immunity or privilege are included in **Exhibit 3**. Plaintiff

now seeks an Order, *in limine*, that the witnesses may not testify or offer any evidence about the subjects listed in Exhibit 3.

An order *in limine* is appropriate not only because Defendants were advised of the consequences of their choices by the Court's earlier Order, but also because of the overly broad scope and manner of their refusal to answer questions makes an alternative remedy impracticable.  Witnesses Leiter, Losicco, and Leckrone refused to answer questions not only on subjects identified in Exhibit 3**,** but also questions needed to establish the factual predicate for evaluating their assertion of privilege or immunity. Representative pages of the transcript from the deposition of Edward Leiter are attached as **Exhibit 4**.

The alternative remedy of seeking to contest the merits of every claimed objection, and then seeking leave to re-depose the witnesses is impractical. This endeavor would likely cause a months-long delay and would interfere with existing deadlines. It would also require new expert disclosure deadlines and may change the opinion of Plaintiff's expert about prosecutorial conduct.

**III.   THE CLAIM OF ONGOING INVESTIGATIVE PRIVILEGE IS INAPPROPRIATE**

Defendant Hunter was instructed by counsel not to answer various questions at deposition based upon an assertion of the "ongoing investigative privilege."  A party asserting the privilege must (1) assert a formal claim of privilege by the head of the department with control over the requested information; (2) that the assertion of the privilege must be based on personal consideration by that official; and (3) the

information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege. See *Conan v. City of Fontana*, 2017 U.S. Dist. LEXIS 103780, 2017 WL 2874623 (C.D. Cal. July 5, 2017).

The State Defendants fail to meet their burden. They have submitted only a vague declaration by Hunter on March 27, 2017, to support their assertion that the privilege applies. **See Exhibit 5**. The Declaration states that the investigation remains "open and ongoing," but omits all the factors necessary to justify the privilege. The declaration is not from the head of the department who has personally considered the assertion of privilege, nor has it explained specifically why the privilege covers the information. Importantly, the declaration also fails to assert that Plaintiff remains a suspect. Hunter lacked personal knowledge of the contents of the Declaration. He testified that his counsel "sent it over to [him] and [he] signed it." **See Exhibit 6**.

Hunter offered broad and imprecise statements on how disclosure of ongoing investigative materials could undermine the putative ongoing investigation, claiming that disclosure could make known the surveillance techniques utilized by DPS and compromise the identity of DPS personnel. He makes no argument, though, that existing Protective Order (Doc. 54) cannot safeguard this information. Indeed, "the indiscriminate claim of privilege may in itself be sufficient reason to deny it." *United States v. O'Neill*, 619 F.2d 222, 227 (3rd Cir. 1980). Moreover, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not

satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citations omitted).

Another consideration weighing against the privilege is that the criminal charges against Plaintiff were dismissed in state court nearly 2 ½ years ago.  **See Exhibit 7**.  The Fifth Circuit noted that "while pendency of a criminal investigation is a reason for denying discovery of investigation reports, the privilege would not apply indefinitely."  *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir. 1969).

In *Youngblood v. Gates*, 112 F.R.D. 342 (C.D. Cal. 1985), the district court noted that "[i]f the files of ongoing investigations are not absolutely privileged, even less are they privileged when the investigation is completed."  *Id.* at 346.  In *Youngblood*, a nearly three-year investigation of plaintiffs failed to lead to an indictment.  Materials presented for an *in camera* inspection[1] failed to prove that the investigation was ongoing, nor did defendants show, or even contend, there was a likelihood that plaintiffs would have criminal charges brought against them because of the investigation conducted to date.

Here, numerous witnesses have testified that the investigation of Plaintiff is defunct; thus, Defendants cannot establish an ongoing investigative privilege to justify the withholding of disclosure.  Hunter should be compelled to answer all questions, and the State should be ordered to produce all documents to Plaintiff to facilitate a meaningful deposition of Hunter.

---

[1] Plaintiff would not oppose an *in camera* inspection if requested by the Court.

### IV. MACIULLA'S REFUSAL TO ANSWER DEPOSITION QUESTIONS

On September 7, 2018, during the deposition of DPS firearms examiner John Maciulla, he refused to identify what documents he reviewed to prepare for the deposition. Taking his counsel's advice, he refused to answer based on attorney-client and work product privileges. Counsel for the State has asserted that the documents which Maciulla reviewed have been disclosed.

In *Labertew v. Chartis Prop. Cas. Co.*, 2018 U.S. Dist. LEXIS 65812 **(**CV-13-1785-PHX-DGC, April 19, 2018), this Court rejected the assertion that a 30(b)(6) witness' review of an unredacted and undisclosed claim file constituted a waiver of the attorney-client privilege that otherwise applied to the file. Here, as counsel for the State clarifies, the materials reviewed by Maciulla have been disclosed. No privilege, therefore, applies.[2]

Plaintiff seeks attorneys' fees and costs associated with the deposition.

DATED THIS 28th day of September, 2018.

                LAW OFFICE OF JASON LAMM

                By:  /s/ Jason D. Lamm
                        David J. Don
                        *Attorney for Plaintiff Leslie Merritt, Jr.*

                LAW OFFICES OF DAVID J. DON, P.L.L.C.

                By:  /s/ David J. Don
                        David J. Don
                        *Attorney for Plaintiff Leslie Merritt, Jr.*

---

[2] It merits mention that until Maciulla's deposition, the same generic question has been answered by every other deponent without objection.

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 28, 2018, I electronically transmitted the foregoing document, and any attachment(s) to the Clerk's Office using the CM/ECF system for filing and caused the transmittal of a Notice of Electronic Filing to all CM/ECF registrants in his matter.

By:   /s/ Kathryn A. Miller
      Kathryn A. Miller