Jason D. Lamm (018454)
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, Arizona 85006-1062
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com
*Attorney for Plaintiff Leslie A. Merritt, Jr.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man, | Case No.: CV17-4540-PHX-DGC |
| Plaintiff, | **PLAINTIFF'S MOTION IN LIMINE NO. 3 RE: VOUCHING FOR THE CRIME LAB** |
| vs. | |
| State of Arizona, et al. | |
| Defendants. | |

Plaintiff, through undersigned counsel, moves this Court for an order *in limine* precluding the defendant from introducing argument or evidence that the Arizona Department of Public Safety Crime Lab has a reputation for providing credible ballistic identifications. On the claim of false arrest, the character of the DPS criminalist or the reputation of the DPS crime lab is not directly at issue. Any attempt by the defendant to vouch for the credibility of the DPS crime lab is irrelevant and unduly prejudicial under FRE 401 and 403, and inadmissible character evidence to prove that the DPS crime lab acted in conformity in the Freeway Shooting case, under FRE 404.

Throughout discovery, various agents of the defendant have testified about the alleged excellent reputation of the DPS crime lab. But the testimony and any argument about their self-assessment are simply inappropriate vouching.

The trial issues involving the DPS crime lab and criminalists are whether they provided valid scientific ballistic results in the Freeway Shooting case and whether other DPS employees acted reasonably by relying on the crime lab's statements when it conflicted with other investigative material.

The plaintiff recognizes that the DPS crime lab is an accredited laboratory. To suggest, however, that laboratory accreditation indicates that Kalkowski's scientific work is entitled to a high level of deference or credibility is inappropriate. The plaintiff's ballistic expert Todd Weller will explain that "forensic science is such a powerful and useful tool for the justice system… [and the] trier of fact need not weigh the credibility of a forensic science witness because the documentation, testing, and results can be reproduced by a second scientist". **Exhibit 1**, Weller Report 10/5/18 at p. 5. Even the defendants' expert, Steven Deady, conceded that "just because the lab is accredited, doesn't mean that it can't make a mistake." **Exhibit 2**, Deposition of Deady, page 65-66:23-5.

Defense arguments to bolster the credibility of the DPS would constitute vouching and would improperly invade the province of the jury and should, therefore, be precluded.

Plaintiff asks this Court to enter the following order:

The defendant is precluded from introducing any reputation or opinion evidence about the DPS crime lab through lay witnesses. The defendant may elicit such testimony through an appropriate expert, subject to an adequate foundation being laid.

DATED this 10th day of January 2020.

/s/ Jason D. Lamm
Jason D. Lamm
Attorney for Plaintiff Leslie Merritt, Jr.

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of January 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington St.
Phoenix, AZ 85003

Edward F. Novak, Esq.
Melissa Ho, Esq.
Jonathan G. Brinson, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004

enovak@polsinelli.com; mho@polsinelli.com, jbrinson@polsinelli.com
Attorneys for Defendant State of Arizona, Heston Silbert, Christopher Kalkowski, Frank Milstead, Ken Hunter, Kelly M. Heape, Jennifer Pinnow, Anthony Falcone

By:   /s/ Kathryn A. Miller
      Kathryn A. Miller