Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>　　　　　Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>　　　　　Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION IN LIMINE (THIRD): RE DISMISSAL OF CRIMINAL CHARGES AND DURATION OF DETENTION** |

The primary issue at trial is whether Defendant's Officers had probable cause to arrest Leslie Merritt Jr. The jury must determine, based on the evidence presented, whether the circumstances confronting the investigating DPS officers established probable cause to arrest Merritt. The Maricopa County Attorney's Office's ("MCAO") subsequent decision to dismiss charges against Merritt is not relevant to whether probable cause existed at the time of arrest. "Since probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as *dismissal of charges* or acquittal." *Pino v. Higgs*, 75 F.3d 1461, 1469 (10th Cir. 1996) (citing *Summers v. Utah*, 927 F.2d 1165, 1166-67 (10th Cir. 1991)).

Given the conceptual separation between probable cause and guilt, the fact that a prosecutor elected to drop the charges does not make it more or less probable that the arresting officers had probable cause for an arrest. *See, e.g.*, *Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1988) (citing S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)) ("Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"); See *Wisler v. City of Fresno*, No. CV F 06–1694 AWI SMS, 2008 WL 2880442, \*2 (E.D. Cal. July 22, 2008) ("Considering the multitude of reasons why the district attorney may have been willing to dismiss the assault charge and the unnecessary expenditure of time that would be necessary to discuss the criminal justice system, the probative value of the dismissal is substantially outweighed by its unfair prejudice to Defendants and the undue consumption of Court time."). That is to say, "[t]he state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime." *Borunda*, 885 F.2d at 1389 (citing *United States v. Moses*, 796 F.2d 281, 283 (9th Cir. 1986)).

72418125.2

Even assuming evidence of the MCAO's dismissal is relevant—which it is not—the danger of unfair prejudice and confusion of the issues substantially outweighs its probative value. *See* Fed. R. Evid. 403. Armed with the knowledge that the charges against Merritt were subsequently dropped, the jury might improperly infer that the arresting officers should not have arrested Merritt. Such an inference would be unduly prejudicial to Defendant because probable cause depends on the circumstances known to the officers at the time of the arrest. Similarly, knowledge of the dismissed charges may cause juror confusion. Jurors may confuse the question whether Merritt was actually guilty of the crimes for which he was arrested with the true standard of probable cause—whether the facts and circumstances within the officers' knowledge were sufficient to constitute probable cause.[1]

Likewise, the date of Merritt's release is likely to confuse the jury given the Court's limit of damages to the six-day window between arrest and grand jury indictment. The Court has already limited the period of damages to six day. (Doc. 278 ("Plaintiff's damages on the arrest-related claims [] will be limited to the period between Plaintiff's arrest on September 18, 2015, and his indictment on September 24, 2015.").) Any mention of Merritt's period of detention beyond those six days is unduly prejudicial, likely to confuse the issues, and mislead the jury.

Accordingly, the State requests the following order: The Parties are precluded from arguing or introducing evidence regarding MCAO's dismissal of charges against Leslie

---

[1] In *Borunda*, the Ninth Circuit found that the trial court did not abuse its discretion in allowing evidence of the plaintiffs' acquittals "solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges." 885 F.2d at 1388. Here, unlike in *Borunda*, Plaintiff has never identified attorney's fees as part of his claim for damages. Moreover, the Ninth Circuit observed that, even for that limited purpose, the potential for prejudice was "not insubstantial" and that the trial court "must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this **hazardous area**." *Id.* at 1389. There is even greater danger in this case, where Plaintiff has no purpose to introduce the dismissal other than to confuse the issues on liability.

3

Merritt Jr or that Merritt was never convicted. The Parties are also precluded from arguing or introducing evidence regarding Merritt's date of release from custody or the duration of his detention.[2]

**RESPECTFULLY SUBMITTED** this 27th day of February, 2020.

                             POLSINELLI PC

                           By: /s/ *Jonathan G. Brinson*
                              Edward F. Novak
                              Melissa Ho
                              Jonathan G. Brinson
                              Andrew T. Fox
                              One E. Washington Street, Suite 1200
                              Phoenix, AZ 85004
                              *Attorneys for Defendant State of Arizona*

---

[2] The State has complied with LRCiv. 7.2(l), and certifies that it had a meet and confer in an effort to resolve the disputed evidentiary issue.

4

72418125.2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

72418125.2