1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
3  mho@polsinelli.com
   Jonathan G. Brinson (#025045)
4  jbrinson@polsinelli.com
   Andrew T. Fox (#034581)
5  afox@polsinelli.com
6  **POLSINELLI PC**
   CityScape
7  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
8  Phone: (602) 650-2000 │ Fax: (602) 264-7033
9
   *Attorneys for Defendants State of Arizona, Silbert,*
10 *Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION IN LIMINE (FOURTH): RE PCAST AND SIMILAR SCIENTIFIC STUDIES** |

1

Defendant moves to preclude any evidence or argument about the September 2016 President's Council of Advisors on Science and Technology Report on Forensic Science in Criminal Courts (the "PCAST Report"), or any other scientific study not known to law enforcement at the time of Merritt's arrest, as irrelevant and likely to confuse the issues and mislead the jury.

The only issue before the Court with respect to liability is whether Merritt's arrest was without lawful authority. *See Slade v. City of Phx.*, 541 P.2d 550, 552 (Ariz. 1975). The existence of probable cause to arrest or indict is a defense to claims arising from the arrest. *See, e.g.*, *Gasho v. United States*, 39 F.3d 1420, 1427 (9th Cir. 1994) ("Under Arizona law, probable cause is an absolute defense to a claim of false arrest and imprisonment."). In determining whether probable cause to arrest exists, courts must consider whether "the facts available to the officers **at the moment of the arrest** would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Beck v. Ohio*, 379 U.S. 89, 96 (1964) (citation omitted) (emphasis added); *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (the probable cause analysis for a warrantless arrest involves "the facts known to the officer at the time of the arrest."); *Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985) (probable cause for an arrest must be evaluated by "the facts as they existed at the time of the arrest, and not afterward.").

It is undisputed that Merritt was arrested on September 18, 2015, a full year before the PCAST Report was published. *See* President's Council of Advisors on Science and Technology, Report to the President Forensic Science in Criminal Courts (September 2016) 107-112, https://obamawhitehouse.archives.gov/sites/default/files/microsites/ostp/PCAST/ pcast_forensic_science_report_final.pdf. As such, it is a factual impossibility that any of the arresting officers could have been aware of the PCAST or its contents at the time of Merritt's arrest. As such, introduction or argument about the PCAST's findings or its significance can only serve to confuse the issues and mislead the jury. As Plaintiff

2

acknowledges, "[t]he trial issue on the claim of false arrest is the defendant's knowledge at the time of arrest."[1] (Doc. 293 at 1.) There is no evidence that any of the law enforcement officers had knowledge of the unwritten PCAST report as of September 2015.

Moreover, to the extent that other scientific studies exist calling into question the reliability of ballistics evidence that pre-date Merritt's arrest, they should be precluded absent a proffer of evidence from the moving party that an arresting officer was aware of and familiar with such information. Discovery in this case has long since closed, and Plaintiff can point to no evidence that the officers had knowledge of PCAST or other similar scientific studies.

Accordingly, Defendant requests the Court to grant its motion precluding argument or evidence concerning the existence of the PCAST Report, it contents, or any other similar scientific study not known to the arresting officers at the time of arrest.[2]

**RESPECTFULLY SUBMITTED** this 27th day of February, 2020.

POLSINELLI PC

By: /s/ *Jonathan G. Brinson*
    Edward F. Novak
    Melissa Ho
    Jonathan G. Brinson
    Andrew T. Fox
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004
    *Attorneys for Defendant State of Arizona*

---

[1] Under Arizona law, the intentional torts of false arrest and false imprisonment are substantively the same and "differ only in terminology." *Martinez v. City of Avondale*, No. 12-cv-1837, 2014 WL 178144, at *7 (D. Ariz. Jan. 16, 2014) (citing *Slade v. City of Phx.*, 541 P.2d 550, 552 (Ariz. 1975)); *Donahoe v. Arpaio*, 869 F. Supp. 1020, 1064 (D. Ariz. 2012) ("False arrest, a species of false imprisonment, is the detention of a person without his consent and without lawful authority.")

[2] The State has complied with LRCiv. 7.2(l), and certifies that it had a meet and confer in an effort to resolve the disputed evidentiary issue.

72418290.2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

72418290.2