1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
   mho@polsinelli.com
3  Jonathan G. Brinson (#025045)
4  jbrinson@polsinelli.com
   Andrew T. Fox (#034581)
5  afox@polsinelli.com
6  **POLSINELLI PC**
   CityScape
7  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
8  Phone: (602) 650-2000 │ Fax: (602) 264-7033

9  *Attorneys for Defendants State of Arizona, Silbert,*
10 *Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>          Plaintiff,<br><br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>          Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION IN LIMINE (FIFTH) RE: DAWS REPORT, OPINIONS, & ATTACHMENTS** |

1

Plaintiff should be precluded from introducing evidence or argument regarding the report of John W. Daws or any opinions or attachments contained therein. Specifically, none of Plaintiff's testifying experts should be permitted to serve as a conduit to bring in Daws' opinions. Daws, an expert retained by Plaintiff to opine on the BMW's run-flat tire and the effect on that tire when struck by a bullet, will not testify in this case. Daws unfortunately passed away after issuing his March 2016 report, but before he could be deposed and before the close of discovery in this case. Nevertheless, Plaintiff failed to obtain another expert qualified to opine on those matters discussed in Daws report.

"The Federal Rules of Civil Procedure do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation." *Negrate v. Allianz Live Ins. Co. of N.A.*, 2013 WL 6535164, at *23 (C.D. Cal. Dec. 9, 2013) (internal quotation marks and citation omitted). Accordingly, Plaintiff should be precluded from boot-strapping any of the opinions rendered by Daws through another expert. "The general rule is that the opinion of an expert witness must rest upon the facts, rather than upon the opinions, inferences, or conclusions of others." American Law Reports, *Testimony of Experts Predicated in Whole or in Part Upon Opinions, Inferences, or Conclusions of Others*, 98 A.L.R. 1109. More specifically, "one expert may not give the opinion of another expert who does not testify." *Tokio Marine & Fire Ins. Co. v. Norfolk & Western Ry. Co.*, 1999 WL 12931 at *4 (4th Cir. 1999) (Table); see also *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp.2d 1005, 1012 (C.D. Cal. 2003); *American Key Corp. v. Cole National Corp.*, 762 F.2d 1569, 1580 (11th Cir.1985) ("Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not"); *6816.5 Acres of Land etc v. United States*, 411 F.2d 834, 839-40 (10th Cir. 1969) (on retrial, "the trial court must take steps to exclude any expert opinion that is predicated upon another opinion"); *Taylor v. B. Heller and Co.*, 364 F.2d 608, 613 (6th Cir.1966) ("expert opinion may not be based upon the opinion of others, either in evidence or not in evidence").

2

Accordingly, the State requests the following order: The Parties are precluded from arguing or introducing evidence regarding the report of John W. Daws or any opinions or attachments contained therein. As part of this order, the Court should preclude Plaintiff's experts from testifying on the same.[1]

**RESPECTFULLY SUBMITTED** this 27th day of February, 2020.

POLSINELLI PC

By: /s/ *Jonathan G. Brinson*
    Edward F. Novak
    Melissa Ho
    Jonathan G. Brinson
    Andrew T. Fox
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004
    *Attorneys for Defendant State of Arizona*

---

[1] The State has complied with LRCiv. 7.2(l), and certifies that it had a meet and confer in an effort to resolve the disputed evidentiary issue.

72437837.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

72437837.1