Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>    Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>    Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION IN LIMINE (SIXTH) RE: ALLEGED FABRICATION OF EVIDENCE; PERJURY; AND WITHHOLDING OF EXCULPATORY INFORMATION** |

1

Defendant moves to preclude Plaintiff from arguing or introducing evidence of matters the Court has already determined "no reasonable juror could find." First, Defendant moves to preclude Plaintiff from arguing or introducing evidence that the DPS crime lab fabricated results, which the Court has already found that "no reasonable juror could find." At summary judgment, Plaintiff argued among other things, that the DPS Crime lab fabricated evidence.[1] In response to this argument, the Court found the following:

- "[Plaintiff] failed to provide sufficient evidence from which a jury reasonably could find that the ballistics results were intentionally fabricated." (Doc. 278 at 29.)
- "[Plaintiff] has not presented evidence that Kalkowski knowingly falsified evidence. Even the expert witness hired by Plaintiff to criticize Kalkowski's findings did not opine that he fabricated evidence[.]" (*Id.* at 32.)
- "The Court concludes that Plaintiff has failed to provide sufficient evidence from which a reasonable jury could find that Defendants fabricated the ballistics evidence." (*Id.* at 33.)
- "None of [Plaintiff's] evidence would support a finding that the certified laboratory technicians fabricated the evidence against Plaintiff with malice and bad faith." (*Id.* at 34.)

Next, Defendant moves to preclude Plaintiff from arguing or introducing evidence that Officer Baroldy allegedly fabricated testimony and perjured himself in front of the Maricopa Superior Court Grand Jury. The Court already eliminated this argument, finding that "Plaintiff has not presented evidence from which a reasonable jury could conclude that Defendants misled the grand jury with respect to Hackbarth's interviews." (*Id.* at 24.) "Nor does Plaintiff's other evidence prove perjury in the grand jury proceeding." (*Id.* at 27.)

---

[1] In its order, the Court notes that at most the evidence could support a jury finding that "Kalkowski's match was incorrect, even negligent," but there is no claim in this case for negligence. Moreover, even if Kalkowski's identification was incorrect (which it was not) this is not relevant unless Plaintiff can show that a reasonable officer would have known as much.

72453798.1

Finally, Defendant moves to preclude Plaintiff from arguing or introducing evidence that Defendant allegedly withheld exculpatory evidence from Plaintiff, including: (1) a license plate reader ("LPR") report; (2) the "honeypot" website; (3) evidence obtained from pole cameras; and (4) the report of Hackbarth's second interview. (*Id.* at 19-20) At summary judgment, the Court concluded, among other things, that a reasonable jury could not find that the State withheld exculpatory information. (*See, e.g.*, *id.* at 40 ("Plaintiff has not provided sufficient facts to show . . . withholding of exculpatory information.").) The Court also found that none of the allegedly withheld material was clearly exculpatory. Moreover, any such evidence on this issue is irrelevant to the claims at issue because withholding of evidence is not an element of wrongful arrest/false imprisonment.

Accordingly, the State requests the following order: The Parties are precluded from arguing or introducing evidence on matters the Court has already determined no reasonable jury could find, including: (1) DPS fabricated ballistics results; (2) Officer Baroldy perjured himself; and (3) DPS withheld exculpatory information related to LPR, Honeypot, pole cameras, or Hackbarth's second interview.[2]

**RESPECTFULLY SUBMITTED** this 27th day of February, 2020.

POLSINELLI PC

By: /s/ *Jonathan G. Brinson*
    Edward F. Novak
    Melissa Ho
    Jonathan G. Brinson
    Andrew T. Fox
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004
    *Attorneys for Defendant State of Arizona*

---

[2] The State has complied with LRCiv. 7.2(l), and certifies that it had a meet and confer in an effort to resolve the disputed evidentiary issue.

3

72453798.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

4

72453798.1