1  Edward F. Novak (#006092)
   enovak@polsinelli.com
2  Melissa Ho (#023269)
   mho@polsinelli.com
3  Jonathan G. Brinson (#025045)
4  jbrinson@polsinelli.com
   Andrew T. Fox (#034581)
5  afox@polsinelli.com
6  **POLSINELLI PC**
   CityScape
7  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
8  Phone: (602) 650-2000 │ Fax: (602) 264-7033

9  *Attorneys for Defendants State of Arizona, Silbert,*
   *Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION IN LIMINE (SEVENTH) RE: AARON SAUCEDO** |

1

72451636.1

Defendant moves to preclude Plaintiff from arguing or introducing evidence about Aaron Saucedo's criminal history (or as commonly referred to in the media, the "Maryvale Serial Shooter"), including that he was arrested and charged with a number of shootings and murders. In summer 2017, nearly two years after the events at issue in this case, Saucedo was charged with eight counts of first-degree murder, six counts of committing a drive-by shooting, two counts of attempted first-degree murder, two counts of aggravated assault, and one count each of endangerment and discharging a firearm at a structure.[1] Saucedo's identity and criminal background are not relevant to the issues in this case, and its introduction would be unduly prejudicial, confuse the issues, and mislead the jury. Accordingly, the Court should preclude its introduction under both Rule 401 and 403.

Merritt's only remaining claims in this action – for false arrest and imprisonment, including aiding and abetting for those claims – are defined "as the detention of a person without his consent and without lawful authority." *Slade v. City of Phx.,* 541 P.2d 550, 552 (Ariz. 1975). If probable cause existed at the time of Merritt's arrest, it was made with lawful authority. In determining whether probable cause to arrest exists, courts must consider whether "the facts available to the officers **at the moment of the arrest** would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Beck v. Ohio*, 379 U.S. 89, 96 (1964) (citation omitted) (emphasis added); *see also Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985) ("the critical inquiry is to the **facts as they existed at the time of the arrest**, and not afterward") (emphasis added).

Despite the narrow issue remaining in this case, it appears that Plaintiff intends to introduce evidence about Saucedo and his extensive criminal record (nearly all of which post-dates the events relevant in this case) as a suspect DPS should have further

---

[1] *See* Megan Cassidy, *Aaron Saucedo Officially Charged in 'Serial Street Shooter' Murders*, The Republic (June 30, 2017), https://www.azcentral.com/story/news/local/phoenix-breaking/2017/06/30/aaron-saucedo-officially-charged-serial-street-shooter murders/443027001/.

2

72451636.1

investigated.[2] There is no evidence that DPS officers knew of Saucedo's criminal behavior. Indeed, all but one of the shootings Saucedo was eventually charged with took place in 2016, post-dating the events at issue in this case. Nor is there evidence that in August and September 2015 Saucedo was a suspect for the single shooting that occurred in the relevant period. As such, the parties should be limited to introducing evidence known to the officers *at the time*. There is no evidence that investigating officers knew anything about Aaron Saucedo at the time of Merritt's arrest, other than this was the name of one of 10 individuals that had pawned a Hi-Point C9 firearm around the time of these shootings. Any mention beyond this is irrelevant because the critical inquiry in this case concerns the facts as they existed at the time of the arrest, and not afterward.

Moreover, Saucedo's identity and criminal history is merely offered as a red herring, in an effort to confuse the issues and mislead the jury. For example, in 2017, Saucedo was charged with the August 2015 murder of Raul Romero, a friend of Saucedo's mother. The Romero murder is the only Saucedo shooting that involved a Hi-Point 9mm gun. There is no evidence that officers knew of this fact as of September 18, 2015, when Merritt was arrested. Accordingly, its introduction would be done to confuse the jury. Moreover, Saucedo's fame as the Maryvale Serial Shooter makes this evidence highly prejudicial and its introduction could prompt the jury to find Defendant liable on a basis unrelated to the actual claims at issue.[3]

Accordingly, the State requests the following order: The Parties are precluded from arguing or introducing evidence about Aaron Saucedo, including that he was arrested and

---

[2] Plaintiff's preliminary exhibit list includes what purports to be Aaron Saucedo's pawn records. Plaintiff's counsel also questioned DPS Officer Tony Mapp about Saucedo. Notably, Mapp stated that he was unable to discuss the issue further because he knew "nothing" about it. Excerpt of Deposition Transcript for Tony Mapp, attached as **Exhibit A**.

[3] Adding to the confusion, is that Saucedo's surname is substantially the same as Merritt's then-fiancée Eddina Sauceda.

3

charged with a number of shootings and murders subsequent to the events at issue in this case.[4]

      **RESPECTFULLY SUBMITTED** this 27th day of February, 2020.

                      POLSINELLI PC

                      By: /s/ *Jonathan G. Brinson*
                          Edward F. Novak
                          Melissa Ho
                          Jonathan G. Brinson
                          Andrew T. Fox
                          One E. Washington Street, Suite 1200
                          Phoenix, AZ 85004
                          *Attorneys for Defendant State of Arizona*

---

[4] The State has complied with LRCiv. 7.2(l), and certifies that it had a meet and confer in an effort to resolve the disputed evidentiary issue.

4

72451636.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

72451636.1