Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, and Anthony Falcone, in his individual capacity.<br><br>Defendants. | Case No. CV17-04540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF TODD WELLER** |

68131928.1

Defendant State of Arizona moves to exclude Todd Weller as a testifying expert witness. Plaintiff offers Weller as an expert on four opinions: (1) the Crime Lab misidentified Merritt's firearm; (2) the Crime Lab violated forensic standards and department policy; (3) the Crime Lab's quality assurance response was inadequate; and (4) "Hackbarth's tire most likely (or probably) deflated within minutes of having been shot." [*See* Weller Report, attached hereto as Exhibit 1 at 6 (under "Summary of Findings"); Weller Rebuttal Report, attached hereto as Exhibit 2 at 4]. Weller admits that he did not do any testing on physical evidence or review physical evidence to reach his conclusions. [Deposition of Todd Weller (1/18/19) ("Weller Depo."), attached hereto as Exhibit 3, at 64:22-65:2]. As set forth below, respectively, the Court should preclude Weller from testifying on the four proffered opinions.

### (1) Alleged Misidentification of Merritt's Firearm

Weller himself opined that:

> Firearm and toolmark examination **is a two-part test**. . . . The second examination step involves the use of comparison microscopy to compare individual toolmarks. If an examiner compares two items and observes sufficient agreement of individual toolmarks, then the AFTE Theory of Identification states an examiner can conclude common origin. [Weller Report at 4-5 (emphasis added)].

Weller admittedly did not follow this two-step process. [Weller Depo. at 117:1-3 ("Q. So you did not follow the two-step process, correct? A. Correct. I did not examine the evidence in this case")]. Nor could Weller "think of an example where [he was] testifying as to [his] expertise in firearms/toolmark analysis as to whether there was an identification where [he] had not examined the physical evidence." [*Id.* at 67:9-13]. This is his first time of so doing.

Instead, he gives a statistical opinion based entirely on: (1) the reports of Lucien Haag, John Murdock, and Greg Klees (which came several months after Merritt's arrest); and (2) his conclusory statement that Merritt's firearm was in pawn when Hackbarth's tire was shot. Even though Weller admits that he is not a statistician, his opinion is that "[g]iven

1

| | |
|---|---|
| 1 | the low error rates of the profession, the chance of all three independent examiners reaching |
| 2 | the same conclusion and all being incorrect is not reasonable." [Weller Depo. at 128:1-7]. |
| 3 | The three examiners that Weller relies upon whole-cloth did not themselves consider |
| 4 | whether the firearm was in pawn when Hackbarth's tire was shot, as this is contrary to |
| 5 | professional standards. [Weller Depo. at 125:1-4 (recognizing that none of those three |
| 6 | examiners "considered where the firearm was at the time that the bullet was shot"); 123:17- |
| 7 | 20 & 124:12-15 (stating that under AFTE standards "you should not consider anything |
| 8 | outside of the specific materials that you're considering"); Ex. 8 thereto (AFTE Code of |
| 9 | Ethics at II(D) ("The examiner is unbiased and refuses to be swayed by evidence or matters |
| 10 | outside the specific materials under consideration")]. |
| 11 | Weller does not have any scientific or industry standard for what constitutes an |
| 12 | "independent" examiner, as this standard was simply created by Weller. [Weller Depo. at |
| 13 | 135:25-136:3].[1] Despite lacking this scientific or industry basis, Weller's opinion simply |
| 14 | attempts to parrot that of Haag, Murdock and Klees, and vouches for their veracity over that |
| 15 | of the five DPS Crime Lab forensic scientists. Weller cannot do this. *See In re: Bard IVC* |
| 16 | *Filters Prods. Liab. Lit.*, 2018 WL 495188, *3 (D. Ariz. Jan. 22, 2018) (stating that no |
| 17 | "expert will be permitted at trial to simply parrot the opinions of other experts, or to vouch |
| 18 | for those experts"). Weller did not follow any recognized standards in avoiding the two-step |
| 19 | analysis and instead merely vouching for Haag, Murdock and Klees. |
| 20 | (2)(3) **Crime Lab Policies And Procedures** |
| 21 | As set forth in the briefing that Defendant will file on March 2nd, the knowledge of |
| 22 | civilian forensic scientists cannot be imputed to investigating officers. The investigating |
| 23 | officers were only informed that the forensic scientists had made an identification of |
| 24 | Merritt's gun, and were not informed regarding what policies and procedures were followed |

---

[1] John Murdock is the one that referred Merritt's counsel to Todd Weller. [Weller Depo. at 54:11-14]. Weller did not keep separation between himself, Murdock and Haag, having dinner with them in December 2018 to discuss his opinions. [*Id.* at 59:16-24; 136:22-137:3]. This troubling double-standard on "independence" derives from a lack of any scientific or industry basis on which to make such a determination in the first place.

68131928.1

1 in making that identification. None of the civilian forensic scientists are trained in probable cause analysis and criminal law. Accordingly, Weller's testimony on topics (2) and (3) are irrelevant and unduly prejudicial by introducing facts unknown to the investigating officers.

(4) **Tire Analysis**

By his own admission, Weller has "never had casework that involved a tire." [Weller Depo. at 26:11-15]. When asked "[d]o you have any specialized knowledge with respect to car tires," Weller responded "No." [Weller Depo. at 88:6-8]. His only education and training relating to his opinion on tires comes from "less than one hour" of a broader one-week training, wherein Weller watched three tires get shot,[2] possibly a "small component" of two one-day classes (although Weller cannot remember for sure), and reading "three to four pages" of a textbook written by Lucien Haag. [Weller Depo. at 26:11-15, 28:3-29:12, 29:23-31:12, 87:13-21]. That is the entirety of his stated expertise. Weller has no training with respect to run-flat tires. [*Id.* at 31:13-16 ("Q: [I]n any of that coursework that you did, were you – did you ever get any training with respect to run-flat tires? A. No")].

Less than one hour of training and reading 3-4 pages of literature is not expertise. Weller describes his opinion as "common sense." [Weller Depo. at 77:15-78:11]. Noedel is precluded from offering similar testimony, and his experience is far greater than Weller's.

**CONCLUSION**

Weller's opinions (1) and (4) do not rely on specialized knowledge, are not based on sufficient facts, are not the product of reliable principles and methods, and are not reliable. Fed. R. Evid. 702. "It is the proponent of the expert who has the burden of proving admissibility." *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F. 3d 594, 598 (9th Cir. 1996). Opinions (2) and (3) are simply not relevant to the issue of liability in this case – whether arresting officers had probable cause to arrest Merritt on September 18, 2015. Accordingly, Weller's testimony should be excluded.

---

[2] Those three tires were not run-flats, were not shot by ricochet, and were not known to have a rubber flap similar to that found on Hackbarth's tire in this case. [Weller Depo. at 31:13-16, 77:16-25, 78:18-21, 79:3-8].

3

| | |
|---|---|
| 1 | DATED this 28th day of February, 2020. |
| 2 | POLSINELLI PC |
| 3 | By: */s/ Jonathan G. Brinson* |
| 4 | Edward F. Novak |
| 5 | Melissa Ho<br>Jonathan G. Brinson |
| 6 | Andrew T. Fox |
| 7 | One E. Washington Street, Suite 1200<br>Phoenix, AZ 85004 |
| 8 | *Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter,* |
| 9 | *Heape, Pinnow and Falcone* |

68131928.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2020, I electronically transmitted this Notice to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Parkway, Suite 208
Phoenix, AZ 85016-2030
jlamm@cyberlawaz.com
*Attorneys for Plaintiff Leslie Merritt, Jr.*

By: */s/ Dawn M. Coppens*

68131928.1