Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF IVAN MATHEW** |

72515066.1

1

Defendant State of Arizona moves to exclude Ivan Mathew as a testifying expert witness. Mathew, a criminal defense lawyer, was retained as an expert to opine on "whether the prosecutors' actions violated the standard of care, and if so, whether prosecutorial actions were a cause of harm to Mr. Merritt." *See* Mathews Report, attached hereto as **Exhibit A** at 2. Mathew's stated qualifications for rendering his opinions include his experience as a criminal lawyer, and his familiarity "with the standard of care for criminal prosecutors" and "the ethical obligations of a lawyer." *Id.* at 5, 16 (under headings "Qualifications" and "Curriculum Vitae"). Mathew does not possess any qualifications or experience in criminal investigations, law enforcement policies and procedures, or forensic science (much less in ballistic evidence or GPS Cell site information). *Id.* ("Qualifications" and "Curriculum Vitae" do not stated any education, experience, or specialized knowledge in law enforcement investigations, policies or procedures, or forensic sciences). Mathew worked as a prosecutor from 1987-1991 and since then has practiced "white collar criminal defense."

In light of the stated purpose for being retained and his qualifications, it is unsurprising that Mathew's report is filled with opinions concerning the actions of the Maricopa County Attorney's Office ("MCAO"). His report identifies three categories of opinions: "[MCAO]'s Participation in the False arrest," "MCAO/Liability for False Press Statements," and "Causation." Included within those categories, Mathew opines to the following: "MCAO's actions grossly violated the standard of care for prosecutors;" "MCAO grossly deviated from the standard of care by failing to fairly and reasonably analyze the shootings;" "The actions of MCAO were grossly deficient;" and "County Attorney Montgomery deliberately misstated the appropriate legal status of Mr. Merritt as a defendant." *Id.* at 2-4. Neither MCAO nor any of its prosecutors are a party to this case. Therefore, any opinions concerning their purported violation of the standard of care is irrelevant and is likely to confuse the issues and mislead the jury.

Despite not having the specialized knowledge, training, or experience in police policies and procedures, criminal investigations or forensic science, it appears that Plaintiff

still intends to call Mathew in this case. Mathew's report includes opinions that tangentially relate to DPS and its investigation. Mathew is not qualified to be an expert witness on the conduct of DPS police officers or forensic scientists.[1] *See* Fed. R. Evid. 702.

For example, he opines that "County Attorney Montgomery knew or should have known that cell phone GPS information of August 29, 2015, from Mr. Merritt's phone corroborated [his] alibi." *Id.* at 4. Mathew does not have any expertise in GPS cell site information, nor does his report explain how the results corroborate Merritt's alleged alibi. Similarly, Mathew also tangentially opines about ballistics evidence, pole cameras, honeypot website, and license plate readers. *Id.* Mathew should not be permitted to opine on matters such as (1) ballistics evidence; (2) tire analysis; (3) GPS cell cite information; or (4) other criminal investigative technologies like pole camera and license plate readers.[2] Any testimony elicited from Mathew on these issues would simply result in him parroting and vouching for the opinions of other experts. Mathew cannot do this. *See In re: Bard IVC Filters Prods. Liab. Lit.*, 2018 WL 495188, *3 (D. Ariz. Jan. 22, 2018) (stating that no "expert will be permitted at trial to simply parrot the opinions of other experts, or to vouch for those experts"); *see also Tokio Marine & Fire Ins. Co. v. Norfolk & Western Ry. Co.*, 1999 WL 12931 at *4 (4th Cir. 1999) (Table) ("one expert may not give the opinion of another expert who does not testify"); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp.2d 1005, 1012 (C.D. Cal. 2003).

Mathew's testimony should be excluded. Given that the issue of liability in this case turns on whether arresting officers had probable cause to arrest Merritt on September 18,

---

[1] It is equally unclear how Mathew's testimony is not cumulative of that of Plaintiff's experts Roger Clark who opines on police policies and procedures and whether DPS complied with as much in investigating the I-10 shootings.

[2] For the reasons set out in Defendant's *Motion in Limine (Sixth) RE: Alleged Fabrication of Evidence; perjury; and withholding of exculpatory information*, the Court should preclude any evidence on fabrication of ballistics evidence or the withholding of exculpatory information as the Court has already found that no reasonable juror could find as much.

2015, Mathew's opinions regarding MCAO and their prosecutors are irrelevant, likely to confuse the issues and mislead the jury. Moreover, any opinions he offers on DPS police officers and forensic scientist does not rely on specialized knowledge, are not based on sufficient facts, are not the product of reliable principles and methods, and are not reliable. Fed. R. Evid. 702.

**RESPECTFULLY SUBMITTED** this 28th day of February, 2020.

> POLSINELLI PC
>
> By: /s/ *Jonathan G. Brinson*
> Edward F. Novak
> Melissa Ho
> Jonathan G. Brinson
> Andrew T. Fox
> One E. Washington Street, Suite 1200
> Phoenix, AZ 85004
> *Attorneys for Defendant State of Arizona*

4

72515066.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Dawn Coppens*

72515066.1