Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 9** |

72270930.3

Plaintiff's prior police encounters are highly relevant and material to the "totality of circumstances" known to officers at the time of arrest. There is no question that officers had knowledge of Merritt's prior police interactions at the time of his arrest, and that these interactions informed their decision to make the arrest. Some of these interactions included "two parking lot light posts glass covers [that] had been shot out" "with a BB handgun," shooting out of multiple windows with a BB gun, "mishandling of black powder causing extensive damage," and domestic violence.[1] [Doc. 299-1]. The State's witnesses will testify that these prior interactions were consistent with a profile that they expected for the I-10 shootings. Excluding this information will preclude the jury from considering the "totality of circumstances" that officers relied upon to make the arrest. This is unfairly prejudicial and contrary to law. [Doc. 278 at 5:8-11 ("Probable cause to arrest exists when, 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability' the defendant committed a crime")].

Moreover, where Plaintiff alleges to have suffered mental distress as a result of a wrongful arrest, Defendant should not be precluded from offering evidence of Plaintiff's prior police encounters to rebut the cause and degree of Merritt's mental distress. *See, e.g.*, *Brooks v. Haggett,* No. 07-2615-MEJ, 2010 WL 4226693, at *8 (N.D. Cal. Oct. 21, 2010) ("Defendant is correct . . . that the jury cannot decide how much distress to attribute to a particular incident in a vacuum. Accordingly, subject to a limiting instruction that the information can be used only in determining plaintiff's damages, ***defendant can elicit testimony that plaintiff has a history of prior police encounters***") (emphasis added); *Halverson v. Baird,* 146 F.3d 680, 686–87 (9th Cir. 1998) (affirming the trial court's admission of evidence concerning plaintiff's prior admission to a detox facility in instances other than the one at issue because it is highly relevant to the plaintiff's damages, which

---

[1] Plaintiff references "noise complaints." A review of Exhibit 1 shows that none of Merritt's 11 police interactions between 2009 and 2014 involved noise complaints.

1

1  included claims of mental distress as a result of his involuntary hold in the detox facility
2  because distress would be far less than previous times admitted to the facility).

3       The evidence is highly probative of Plaintiff's mental distress because an individual
4 with frequent run-ins with law enforcement may not be as damaged by being arrested as
5 another person with no such run-ins. *See, e.g.*, *Ford v. Wells*, 347 F. Supp. 1026, 1030 (D.
6 Tenn. 1972). Even the legal authority cited by Plaintiff recognizes as much. *See Monroe v.
7 Griffin*, No. 14-cv-795, 2015 WL 5258115, at *3 (N.D. Cal. Sept. 9, 2015) (noting that the
8 court would reconsider its ruling on evidence of prior arrests if plaintiff opens the door by
9 framing his emotional distress claim in a broad manner, and that "defendants may seek to
10 introduce such evidence").

11       Moreover, Plaintiff has put his mental state at issue when he "claimed to have
12 suffered, among other things, emotional distress as a result of the defendants' conduct."
13 [Jill Hayes Report, attached hereto as **Exhibit A** at 2]. He also offers Jill Hayes as an expert
14 who was "asked . . . to evaluate to what extent, if any, the alleged conduct of the
15 Defendants is/was proximately related to [Plaintiff's] claimed emotional distress." [*Id.*]. As
16 part of this analysis, Hayes was asked to opine on, among other things, "[w]hether any
17 stressors apart from subject matters of the litigation have contributed to Mr. Merritt's
18 emotional distress, to the extent they exist?" [*Id.*]. In answering this question, Hayes stated
19 that Merritt's "several contacts with law enforcement as a juvenile and as an adult" were
20 merely "remote" psychosocial stressors. [*Id.* at 29-30]. In dispelling the effects of these
21 "remote" stressors, Hayes provides in full: "Mr. Merritt has demonstrated the capacity to
22 overcome his remote psychosocial stressors." [*Id.* at 29-31]. Defendant should be permitted
23 to rebut this testimony.

24       To the extent Merritt alleges loss of companionship with his family, this evidence is
25 relevant and material. Contrary to Plaintiff's characterization of these events as "minor
26 disturbances involving family members," Merritt "punched [Sauceda] with a closed fist,"
27 "punched his sister Janice Merritt in the mouth," "punched [Janice] with his right fist," and
28

2

"punched his aunt Tonja Merritt in the face" "causing her nose to bleed." [Doc. 299-1 at 2-4]. As such, the State should not be precluded from introducing evidence directly relevant to Merritt's claim for damages.

Accordingly, Defendant hereby requests that the Court deny Plaintiff's Motion in Limine No. 9.

**RESPECTFULLY SUBMITTED** this 6th day of March, 2020.

POLSINELLI PC

By: /s/ *Jonathan G. Brinson*
    Edward F. Novak
    Melissa Ho
    Jonathan G. Brinson
    Andrew T. Fox
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004
    *Attorneys for Defendant State of Arizona*

72270930.3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
6245 North 24th Parkway, Suite 208
Phoenix, AZ 85016-2030
jlamm@cyberlawaz.com

By: */s/ Erika Cano*

4

72270930.3