**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., <br><br> Plaintiff, <br><br> v. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV-17-04540-PHX-DGC <br><br> **ORDER** |

The Court denied Defendant's motion in limine to preclude Plaintiff from introducing evidence about information known by civilian employees of DPS, including crime lab employee Christopher Kalkowski, under the "collective knowledge" doctrine. Docs. 300, 321. The Court also denied Defendant's motion in limine to preclude Plaintiff from introducing evidence after Plaintiff was bound over by the Commissioner at his initial appearance on September 19, 2015. Docs. 301, 318. Two additional issues were raised at a hearing on the motions: (1) whether evidence arising after the indictment date – but reflecting what was known on the date of arrest – should be admissible to prove lack of probable cause to arrest, and (2) whether Kalkowski is a person with specialized training whose knowledge can be imputed to DPS officers under the collective knowledge doctrine. Doc. 322. The parties provided supplemental briefing on those issues. Docs. 341, 370.

This order addresses the second issue – the scope of the collective knowledge doctrine. The Court will address the admissibility of evidence arising after the indictment in a separate order that also addresses the pending motions in limine.

Courts have applied the collective knowledge doctrine in at least two situations. The first "is where law enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned." *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007). The knowledge of the various participants in the investigation may be aggregated for purposes of determining the existence of probable cause. *Id.* at 1032-33. The second situation is "where an officer (or team of officers), with direct personal knowledge of *all* the facts necessary to give rise to reasonable suspicion or probable cause, directs or requests that another officer, not previously involved in the investigation, conduct a stop, search, or arrest." *Id.* at 1033 (emphasis in original). The knowledge of those involved in the investigation may be considered in determining whether the arrest was supported by probable cause even though the officer who actually made the arrest did not personally possess the knowledge. *Id.* at 1034-35.

This case involves the first situation. DPS officers conducted an investigation of Plaintiff, aided by Kalkowski and others, and made the arrest of Plaintiff. Plaintiff contends that the knowledge of all participants in the investigation should be considered by the jury in determining whether his arrest was supported by probable cause. This is not the second situation – where an arresting officer was directed by others to make an arrest based on knowledge known only to the others.

Citing *United States v. Colon*, 250 F.3d 130 (2d Cir. 2001), Defendant asserts that Kalkowski's knowledge may not be imputed to the investigating DPS officers because Kalkowski lacks training in probable cause. Doc. 341 at 2. But *Colon* addressed the second situation: "an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation." 250 F.3d at 135. The Second Circuit found that application of the collective knowledge doctrine in that situation "requires that at some point along the line, some law enforcement official . . . involved must possess sufficient information to permit the conclusion that a search or arrest is

justified." *Id.* at 136. The court held that the *Terry* stop of the defendant, made by officers at the suggestion of a 911 operator who received an anonymous call, was not reasonable where the record "contain[ed] nothing from which to conclude that the [911] operator taking the call was capable of determining whether reasonable suspicion for the stop and frisk existed." *Id.* at 137. In other words, in the second situation, where an arrest or stop is made at the request or direction of others, the others must have the training and knowledge to determine that probable cause or reasonable suspicion exists. The decision to arrest or stop cannot be made by a 911 operator with no such training.

*Colon* did not address application of the collective knowledge doctrine in the first situation. Indeed, it expressly declined to do so. *See id.* at 136 n.3.

In the first situation – where many are working on an investigation and collectively develop sufficient information to constitute probable cause to arrest – the Ninth Circuit has held that the knowledge of a civilian employee may be imputed to law enforcement officers. *See United States v. Fernandez-Castillo*, 324 F.3d 1114, 1118 (9th Cir. 2003) ("When relaying Harvey's report to the Highway Patrol, the MDOT dispatcher informed the Highway Patrol dispatcher that 'one of our guys' called in the report and that the driver was 'evidently driving quite erratically.' Although the Highway Patrol dispatcher distilled and paraphrased this information in passing it on to Officer Schock, *the dispatcher's knowledge is properly considered as part of our analysis of reasonable suspicion*.") (emphasis added); *see also United States v. Russell*, 436 F.3d 1086, 1091 n.3 (9th Cir. 2006) ("Russell attempts to rely on the collective knowledge doctrine, which extends to the knowledge of the police dispatchers.") (citing *Fernandez-Castillo*, 324 F.3d at 1118); *United States v. Wehrle*, No. CR406-333, 2007 WL 521882, at *3 (S.D. Ga. Feb. 14, 2007) (rejecting *Colon*'s requirement of training in probable cause or reasonable suspicion and noting that "the majority of circuits that have addressed the issue have held" that "information possessed by a 911 operator/dispatcher is considered part of the collective knowledge of officers responding to a scene") (citing *Fernandez-Castillo*, 324 F.3d at 1118).

The Court concludes that Defendant's reliance on *Colon* is misplaced and that Kalkowski's knowledge may be imputed to DPS officers under relevant Ninth Circuit authority. *See Fernandez-Castillo*, 324 F.3d at 1118; *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010) (the collective knowledge doctrine applies where personnel are working together in an investigation and there has been at least some communication among them) (citing *Ramirez*, 473 F.3d at 1032-33).[1]

**IT IS SO ORDERED.**

Dated this 20th day of March, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Defendant asserts that courts generally have not applied the collective knowledge doctrine to negate probable cause, but develops no argument on this point. Doc. 341 at 7.

4