Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>　　　　　Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>　　　　　Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S SUPPLEMENTAL BRIEFING ON MOTIONS IN LIMINE DOCS. 290, 335-336** |

74604431.4

As set forth below, Defendant respectfully requests an order: (1) that precludes testimony of Lucien Haag and admission of written materials prepared by John Murdock and Gregory Klees; and (2) admits John Maciulla's expert testimony. To the extent the Court allows Haag to testify, or admits the Murdock and Klees written materials, Defendant requests that Lisa Peloza and Aaron Brudenell be entitled to offer expert testimony as well.

## BACKGROUND

### I. PLAINTIFF'S DISCLOSURES

Plaintiff has not disclosed Haag, Murdock or Klees as expert witnesses. *See Greater Hall Temple Church of God v. Southern Mutual Church Ins. Co.*, -- Fed. App'x --, 2020 WL 3989081, *3 (8th Cir. 2020) (holding that party violated Fed. R. Civ. P. 26(a)(2)(A) despite identifying witness as expert, where it sought to introduce witness as expert on additional topic). Plaintiff has only identified Haag, Murdock, and Klees as fact witnesses. [Excerpts of Plaintiff's 22nd Supplemental Disclosure Statement at 4, 18-20, ¶¶ 100, 102 & 105, attached hereto as **Exhibit A**]. As part of the Maricopa County Attorney's Office's ("MCAO") criminal proceedings (not these proceedings), and several months after Merritt's arrest, Haag, Murdock and Klees produced written materials regarding their review of certain evidence:

> Haag: At the request of MCAO, Haag completed a report in April 2016, and another in May 2016. [See Haag Reports, attached hereto as **Exhibit B**]. The April 2016 report has just two pages of written materials, and nowhere identifies opinions Haag will offer at trial in the present litigation.
>
> Murdock: In March 2016, Sherry Leckrone at MCAO requested for Murdock to analyze evidence bullets as well. [See Murdock Lab Report at 3, attached hereto as **Exhibit C**]. Murdock's "report," is a collection of handwritten worksheets, including the "Evidence Comparison Worksheet," "Laboratory Worksheet" and "Firearms/Toolmarks Section Digital Image Record" [*Id.* at 6-30]. The report does not identify opinions Murdock would offer at trial in the present litigation.
>
> Klees: DPS requested that a separate government agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), provide an "impartial" analysis on the bullets in evidence. Klees, a Firearms and Toolmark Examiner with ATF, provided a report in April 2018. His report does not offer a summary of his opinions or results, but includes a brief section on "analysis and interpretation of results." [Klees Lab Report, attached hereto

1

as **Exhibit D**; see also John Maciulla Deposition Exhibit No. 7, attached hereto as **Exhibit E**]. Nowhere does Klees' report identify the opinions he would testify to at trial.

Plaintiff identified Haag as a "fact witness" only in the Joint Pretrial Report, and ***did not*** identify Murdock or Klees as witnesses for trial. [*See* Joint Pretrial Report (Doc. 334) at E(1)(a)(15)]. Although Plaintiff identified as trial exhibits the materials prepared by Haag, Murdock, and Klees as part of the criminal proceedings, those materials were never presented to Defendant as Rule 26(a)(2)(A) disclosures. [*Id.* at F(2)(a), Exs. 22, 23. 28, and 61].

## II. DEFENDANT'S DISCLOSURES

Defendant identified Maciulla as a rebuttal expert and timely disclosed his Rebuttal Report. [Excerpts of Defendant's 24th Supplemental Disclosure Statement at 2, attached hereto as **Exhibit F**]. Maciulla's Rebuttal Report provides his qualifications, a list of his prior testifying experience, documents reviewed in this case, findings, and conclusions. [John Maciulla Expert Rebuttal Report at 1, attached hereto as **Exhibit G**]. Plaintiff deposed Maciulla twice, once as a fact witness and once as an expert witness. Defendant identified Maciulla as both a fact witness and a rebuttal expert in the Joint Pretrial Report. [Doc. 334 at E(2)(b)(2)]. Defendant also identified Peloza and Brudenell as witnesses with "knowledge related to the investigation of the shootings described." [Excerpts of Defendant's 21st Supplemental Disclosure Statement at 3, attached hereto as **Exhibit H**].

Peloza's .357 Report was disclosed to Plaintiff in March 2017.[1] [*See* Peloza June 13, 2016 Report, attached hereto as **Exhibit I;** Peloza June 16, 2016 Report, attached hereto as **Exhibit J**; Defendant's Response to Plaintiff's First Request for Production, attached hereto as **Exhibit K**]. In the Joint Pretrial Report, Defendant identified Peloza as a fact witness that would testify "about the test she conducted in the I-10 shootings investigations, including test

---

[1] In response to an article authored by Haag, which opined that .357 caliber rounds could be used in a criminalists analysis for cases involving a 9mm bullet because of the .357's slightly larger size, Peloza conducted a .357 analysis of the evidence in this case. She was able to both confirm Kalkowski's identification, and make additional identifications previously deemed inconclusive based on the superior quality of the .357 comparison markings.

2

fires of weapons retrieved from pawnshops and Merritt's 9mm High Point Model C-9 handgun." [Doc. 334 at E(2)(b)(8)].

## ARGUMENT

### I. MOTIONS TO PRECLUDE HAAG FROM TESTIFYING

#### A. Plaintiff Did Not Make a Rule 26(a)(2)(A) Disclosure for Haag

Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff did not disclose Haag as an expert witness. This failure is not substantially justified, as Plaintiff chose to rely solely on Todd Weller, not Lucien Haag, as the disclosed expert on firearm and tool mark analysis. *See Lopez v. I-Flow Inc.*, 2011 WL 7424141, *1 (D. Ariz. May 12, 2011) (holding that plaintiffs failed to show substantial justification for failure to disclose additional expert witness where plaintiffs' only disclosed expert had been excluded by the court).

Nor can Plaintiff meet his burden of showing a lack of prejudice. "Courts regularly deny a request to late-disclose an expert witness where it would result in significant expense to the opposing side and delay proceedings." *Lopez*, 2011 WL 7424141 at *2 ("Plaintiffs have not shown how the cost and delay resulting from their disclosure of a new expert witness *after* the summary judgment motions have been filed will be avoided"); *accord Grotheer & Co. v. Safe Haven Enter., LLC,* 636 Fed. App'x 8 (D.C. Cir. 2016) (affirming district court's order excluding untimely disclosed expert witness from testifying).

Had Plaintiff disclosed Haag as an expert witness, with the necessary disclosures, Defendant would have had the opportunity to depose him on his proposed opinions, prepare Peloza and Brudenell as rebuttal experts, obtain additional information about Haag's methods and theories, file a potential *Daubert* motion, adjust the exhibits and witnesses Defendant

3

placed on the Joint Pretrial Statement, and otherwise conduct further discovery and trial strategy related to Haag's opinions.

Allowing Haag to now be disclosed as an expert witness would require a reopening of discovery, a disclosure of Haag's opinions to be offered at trial, designation of Defendant's experts on the same topics, depositions, a reopening of the Joint Pretrial Statement, and otherwise reformulating trial strategy in a case that has already been prepared and set for a trial that was only delayed because of COVID-19. Plaintiff's failure is not harmless.

### B. Plaintiff Did Not Make A Rule 26(a)(2)(C) Disclosure

Failure to disclose under Rule 26(a)(2)(A) alone should preclude Haag as an expert witness. As an additional ground, Plaintiff did not provide a Rule 26(a)(2)(C) disclosure, which must contain: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and "(ii) a summary of the facts and opinions to which the witness is expected to testify." Plaintiff simply stated:

> Mr. Haag . . . conducted various tests on firearms and ammunition associated with the prosecution of Plaintiff by the [MCAO]. He also performed various trajectory and crime scene reconstruction analysis. He will testify consistent with his report and case file, all of which has been previously disclosed. *[Ex. A ¶ 100].*

Haag's report to MCAO does not anywhere identify the subject matter on which he is expected to testify at trial. Moreover, even if Plaintiff had made a Rule 26(a)(2)(C) disclosure, which he did not, such disclosures are insufficient "where their disclosures have failed to fairly inform the other party of the substance and *basis of a non-retained* witness's testimony . . . ." *Transoceanic Cable Ship Co. LLC v. Bautista*, No. 17-00209, 2018 WL 3521174, at *3 (D. Haw. 2018) (collecting cases). A "Rule 26(a)(2)(C) disclosure must contain enough detail to allow the opposing party to make an informed decision on which, if any, [criminalists] it should depose or cross-examine." *Scolaro v. Vons Co., Inc.*, No. 17-cv-01979, 2019 WL 7284738, at *4 (D. Nev. 2019). "A 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium.'" *Transoceanic Cable Ship Co. LLC v. Bautista*, No. 17-00209, 2018 WL 3521174, at *3 (D. Haw. 2018) (quotations omitted).

4

The mere fact that Plaintiff identified the underlying report to MCAO is insufficient to remedy his failure. Critically, "courts have summarily **rejected** the argument that mere disclosures of [underlying] records without an accompanying disclosure summary satisfies Rule 26(a)(2)(C)." *Jones v. Colo. Casualty Ins. Co.*, No. CV-12-01968, 2015 WL 6123125, at *4 (D. Ariz. 2015) (collecting cases) (emphasis added); *see also Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-CV-1439, 2012 WL 1099823, at *4 (S.D. Ind. 2012) ("[A]llowing a party to 'go beyond' the requirements of Rule 26(a)(2)(C) by providing medical records in lieu of a summary would invite a party to dump a litany of medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'").

Under Rule 37(c)(1), a party who fails to disclose an expert witness as required in Rule 26(a) may not rely on that witness's testimony "unless the failure was substantially justified or harmless." *Scolaro*, 2019 WL 7284738, at *5. In determining whether the inadequate disclosure was harmless courts consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x. 705, 713 (9th Cir. 2010). The party facing sanctions under Rule 37 has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

Plaintiff's failure to properly disclose Haag's opinions and bases is not harmless. In addition to the harm set forth above, Plaintiff offered Haag only as a fact witness, and from the outset Defendant has maintained that Haag cannot act as a fact witness. [Doc. 335]. This position ultimately proved correct. Defendant still does not know what Haag's proffered opinions are for trial. Defendant had no reason, and no opportunity, to counter-designate Peloza as an expert based on her .357 analysis and report (conducted after Haag's report), which confirmed Kalkowski's identification of Merritt's firearm. Nor was Peloza asked to prepare a rebuttal report for the same reason. The same is true for Brudenell.

5

This prejudice warrants Haag's preclusion as an expert witness at trial. *Frederick v. Frederick*, 2018 WL 3738199, at *2 (D. Ariz. 2018) (finding that without adequate expert disclosure, opposing party unable to adequately prepare for deposition); *Kassim v. United Airlines, Inc.*, 320 F.RD. 451, 454 (E.D. Mich. 2017) ("allowing parties to obviate the need to provide Rule 26(a)(2) disclosures and reports by simply making their experts available to be deposed would render the Rule meaningless"). While Defendant believes that Plaintiff should be precluded from offering Haag as an expert witness, to the extent the Court allows Haag to testify, fairness dictates that Peloza and Brudenell be permitted to testify as well.

## II. MOTION TO PRECLUDE MURDOCK AND KLEES REPORTS

### A. The Murdock And Klees Written Materials Do Not Satisfy Rule 702

The Court has already found that "post-arrest conclusions by any expert are not relevant as part of the facts known at the time of arrest – they were not known then." [(Doc. 382 at 3)]. Instead, "they are relevant on the question of whether Kalkowski's match was reasonable," in the form of expert opinion and subject to Rule 702. [*Id.* at 3-4]. Here, the expert reports of Murdock and Klees were created long after Plaintiff's arrest, therefore, their only relevance is as expert testimony. [Exs. C & D]. Neither Murdock nor Klees are testifying at trial, let alone as experts, and their written materials cannot be admitted alone. *See, e.g., Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion *testimony*, not opinions contained in documents prepared out of court"); *Salem Water Users Ass'n Inc. v. City of Benton*, 2001 WL 36386246, *2 (E.D. Ark. 2001) ("In general, only testimony of the expert is admissible. Reports are hearsay."); *Celador Int'l, Ltd. v. Walt Disney Co.*, 2008 WL 11342595, *2 (C.D. Cal. Dec. 17, 2008) ("[T]he expert reports themselves are not admissible under the Federal Rules").

### B. The Written Materials Do Not Satisfy Rules 26(a)(2)(C) or 37(c)(1)

Nor did Plaintiff adequately disclose Klees or Murdock expert opinions. The entirety of Plaintiff's disclosure as to Klees and Murdock are as follows:

> 102. Mr. Murdock is a forensic scientist who conducted various tests on firearms and ammunition associated with associated with the prosecution of

Plaintiff by the Maricopa County Attorney's Office. He will testify consistent with his report and case file, all of which has been previously disclosed.

105. Gregory S. Klees [Ex. A at 19-20].[2]

Plaintiff's efforts to admit reports without the testimony of the drafting expert is an end-run on the Court's ruling and the Rules of Civil Procedure. Here, Plaintiff seeks to introduce reports, offering (what the Court has already determined to be) expert opinions, without proper expert disclosure or through a testifying witness. *Engebretsen*, 21 F.3d at 728 ("Neither their written opinions nor the materials on which they relied were admissible under Rules 702 and 703. Thus, the District Court's conclusion that Rules 702 and 703 permit the admission of the reports was erroneous"). As with Haag, had Plaintiff timely designated these individuals as experts, Defendant would have counter-designated Peloza and Brudenell as rebuttal experts.[3]

### C.  Expert Reports Are Inadmissible Hearsay

Murdock's and Klees' underlying written materials are also inadmissible hearsay. *See Hunt v. City of Portland*, 599 Fed. App'x. 620, 621 (9th Cir. Oct. 21, 2013) (expert report is inadmissible hearsay). Nor are there exceptions here under Fed. R. Evid. 802(d)(2)(B) or (D), which only apply if "[t]he statement is offered against an opposing party and: (B) is one the party manifested that it adopted or believed to be true; or (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."

On its face, "Rule 801(d)(2)(D) requires . . . agency." *Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 950 (E.D. Cal. 2013). "An agency relationship arises when 'both the principal and the agent must manifest assent to the principal's right to control the agent.'" *Id.* citing *U.S. v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010). The proponent of the evidence has the burden of proving agency under Rule 801(d)(2)(D). *Bonds*, 608 F.3d 512.

---

[2] The Court held that Murdock's and Klees' findings cannot be bootstrapped through other witnesses. [(Doc. 382) at 8-9].

[3] Moreover, although the existence of the report is not surprising, the fact that the report could now be admitted to offer expert opinions is highly prejudicial. Because Plaintiff never designated the report's authors as expert witnesses, Defendant had no reason to believe these reports contained expert opinions as contemplated by Rule 702.

7

Neither Murdock nor Klees were agents (or employees) of Defendant. MCAO, not DPS, asked Murdock to conduct an analysis. [Ex. B at 3]. Although DPS asked for ATF's analysis, it did not have any control over ATF (as an entirely separate government agency) or Klees. In fact, its request expressly sought an impartial outside review. [Ex. E]. Nor do the facts here satisfy the possession plus test under Fed. R. Evid. 801(d)(2)(B). *See Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119-20 (9th Cir. 2015) ("A party may adopt a written statement if the party uses the statement or takes action in compliance [with] the statement"); *see also Penguin Books USA Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 262 (S.D.N.Y. 2003) ("[T]he mere fact that the party has acted (or failed to act, in the case of an admission by silence) in some way in reference to the statement or information (as by repeating it or retaining it) *is not sufficient*, standing alone, to justify a finding that there has been an adoption.").

### III. TESTIMONY OF MACIULLA, BRUDENELL, AND PELOZA

Maciulla was timely disclosed, provided a report, and was deposed as an expert. His testimony should be admitted. Disclosures for Brudenell and Peloza do not satisfy Rule 26(a)(2)(C), the same as Haag. Their admissibility turns on substantial justification or harmlessness. There is no surprise that Peloza and Brudenell would testify about their lab tests and conclusions, as Plaintiff's own disclosure identifies them as witnesses. [Ex. A at 12-13 ¶¶ 59 and 69]. ***Plaintiff*** disclosed that Peloza "[w]ill testify as to . . . her role in testing and examination of various firearms and ammunition related to this case." [*Id.* at 12 ¶ 59]. To the extent the Court allows testimony or evidence from Haag, Murdock, or Klees, Peloza and Brudenell should also testify.

### **CONCLUSION**

For reasons stated above, Defendant requests that the Court enter an order precluding testimony from Lucien Haag, precluding evidence of the John Murdock and Greg Klees material, and allowing expert testimony of John Maciulla. In the alternative, to the extent that the Court allows Haag testimony or the Murdock and Klees materials, it should order that Lisa Peloza and Aaron Brudenell are entitled to offer expert opinions as well.

8

74604431.4

**RESPECTFULLY SUBMITTED** this 28th day of August, 2020.

        POLSINELLI PC

        By: /s/ *Jonathan G. Brinson*
         Edward F. Novak
         Melissa Ho
         Jonathan G. Brinson
         Andrew T. Fox
         *Attorneys for Defendant State of Arizona*

74604431.4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 N. Seventh Street
Phoenix, Arizona 85006
jlamm@cyberlawaz.com

By: */s/ Jonathan G. Brinson*

74604431.4