Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S RENEWED MOTION FOR AN ORDER RESTRICTING PLAINTIFF'S COUNSEL OR HIS AGENTS FROM PROVIDING FURTHER EXTRA-JUDICIAL COMMENTS TO THE NEWS MEDIA** |

1

Plaintiff counsel's efforts to taint the jury pool have continued with renewed force. His efforts are focused on the only two remaining issues in this case: (1) the lawfulness of Merritt's arrest; and (2) Merritt's alleged damages. Through the media, Merritt's counsel has said to a future jury that "there was no evidence from day one" for the arrest, that "[w]hile a court may clear you, the internet doesn't," and that "[t]he I-10 freeway shootings is a phenomenon that Leslie Merritt is still going to have to live with for the rest of his life, no matter what a judge says." Merritt's counsel continues to inform future jurors that Merritt suffers from "nightmares" and "paranoia" because of his arrest. The State has no fair opportunity to rebut these allegations, posing as facts in the minds of jurors, and now faces the very real prospect of a biased jury with preconceived notions of this case. It will be no surprise during voir dire to hear a prospective juror say she thought Merritt was wrongfully arrested, and has suffered damages, as reported in the news.

Accordingly, the State renews its motion seeking an Order to restrict extra-judicial comments by Plaintiff's counsel and his agents. Mr. Lamm's actions in particular show a disrespect for this Court and its rules.

I.   **Background**

On January 17, 2020, Merritt filed a Petition for Notation of Clearance ("Petition") in Maricopa County Superior Court. The Petition was filed in the state court criminal case against Merritt which had been dismissed without prejudice in 2016. The Maricopa County Attorney's Office responded to the Petition. The State defendants here were not parties to that action.

Merritt's Petition, which was filed after this Court ruled on the State's motion for summary judgment, erroneously made claims contrary to this Court's ruling. [Doc. 316 at 4-5 (Table)]. Plaintiff's counsel does not dispute this. [Doc. 320 at 1-2 ("Plaintiff's response does not dispute that its Petition . . . is filed with factual allegations contrary to this Court's Summary Judgment Order.")]. An advanced copy of Merritt's Petition was provided to the media by Plaintiff or his agents. [Docs. 316 at 4; 320 at 1-2].

2

On January 30, 2020, the Associated Press issued a story about Merritt's Petition, which included information about the private settlement between Merritt and Maricopa County in this case. (Doc. 316-1 at 33-35.) Plaintiff's counsel or his agent was the source of this information. (Doc. 320 at 3 ("Plaintiff's response makes no effort to dispel concerns that Plaintiff's counsel or his agent was the source of the Maricopa County Attorney's Office ("MCAO") settlement information.").

On August 13, 2020, the state court issued a ruling granting Merritt's Petition. Plaintiff's father and Plaintiff's counsel immediately engaged the media. As a result a number of news stories were released. Plaintiff's counsel, Mr. Lamm, includes some of these stories on his law firm website. [*See* Screenshot of Plaintiff's Counsel's Website, attached as **Exhibit A**.] One week later, on August 21, 2020, this Court issued its order denying the State's motion related to extra judicial comments, but admonished the parties of their duty to refrain from attempting to gain leverage in this case by speaking to and through the media. [Doc. 382 at 14-15]. The Court's admonition was too late.

## II. Argument[1]

In mid-August, the state court granted Merritt's Petition. Despite the fact that the State already raised concerns about Plaintiff's counsel efforts to taint the jury pool and the fact that Merritt's Petition erroneously made claims contrary to this Court's summary judgment ruling, Plaintiff's counsel continued his media campaign, offering comments on matters beyond those at issue in his Petition and directly relevant to the issues in this case.

A Petition for Notation of Clearance gives no consideration to any potential injury suffered by a petitioner. *See* A.R.S. § 13-40519(C); *see also State v. Mohajerin,* 226 Ariz. 103, 108 ¶ 16, 244 P.3d at 112 (Ariz. App. 2010) ("the statute does not allow a petitioner to seek damages for any past conduct by law enforcement that was unlawful or illegal. Rather, it authorizes damages only if officials fail to comply with a clearance order issued by the

---

[1] This motion incorporates the legal argument set out in its initial motion restricting extra-judicial comments. [*See* Doc. 316].

3

court."). Nevertheless, Plaintiff's counsel offered several inflammatory sound-bites about alleged harm suffered by Merritt, including: "While a court may clear you, the internet doesn't" and "[t]he I-10 freeway shootings is a phenomenon that Leslie Merritt is still going to have to live with for the rest of his life, no matter what a judge says." *See* [AZFamily, *Court order clears Leslie Merritt Jr in 2015 Arizona freeway shootings*, attached as **Exhibit B**].

Egregiously, during a 5-minute video interview, Plaintiff's counsel cites the existence of this Case and the State's then-pending motion to restrict extra-judicial comments, but then offers further comment on Plaintiff's alleged injuries.[2] Plaintiff's counsel, much like a witness at trial, testified to the reporter that Merritt still suffers from "nightmares" and "paranoia" because of his arrest. These alleged harms are relevant *only* to this case, not the state court Petition.

Moreover, as pointed out by the State in its initial motion to restrict extra-judicial comment, a petition for clearance offers a remedy to "petitioners . . . seeking relief for wrongful arrests or charges *that were lawful when they occurred.*" [Doc. 316 at 5-6 (citing *Mohajerin,* 226 Ariz. at 107-08 ¶ 14, 244 P.3d at 111-12)]. The lawfulness of Merritt's arrest at the time it occurred is the seminal issue in *this* case. Given that the issue is central to this case, and not the focus of Merritt's Petition, Plaintiff's counsel's statement that "there was no evidence from day one" can only be offered to prejudice the jury in this case. [Ex. B].

Plaintiff's counsel's statements to the media present a "substantial likelihood of materially prejudicing an adjudicative proceeding." *U.S. v. Sutton*, No. CR 05-826, 2007 WL 2572348, at *2 (D. Ariz. Sept. 4, 2007) (citing *Gentile v. State Bar*, 501 U.S. 1030 (1991)). So too, do they run afoul of LRCiv. 83.8(a) and Rule 3.6(a) of the Arizona Rules of Professional Conduct.

---

[2] The interview is available at: https://www.azfamily.com/video/leslie-merritt-jr-s-lawyer-he-lives-with-this-still-every-day-of-his-life/video_ac7239c1-b236-52d5-9d84-3f140e9378e4.html.

4

Further tainting a potential jury and prejudicing the impending trial, "Merritt's father took to social media to celebrate, sharing the court papers that exonerate his son." [Ex. B; *see also* 12 News, *One-time Freeway Shooter suspect formally cleared by court*, attached as **Exhibit C** ("The order was posted on Facebook by Merritt's father, Leslie Merritt Sr.")]. The state court's order, which was originally attached to the news story (since removed), sealed the order itself, as well as all pleadings and information to the investigation, arrest, and prosecution of Merritt. Despite the clear ban against publicly sharing the order, Plaintiff's father posted it on his social media.

**III. Conclusion**

Accordingly, the State requests an Order prohibiting Plaintiff's counsel or his agents from making any further extra-judicial comments to the news media about this case or the state court proceedings. The State requests permission to issue a subpoena for the depositions of Merritt's father and Jason Lamm to determine what actions each took to cause the news coverage of the Petition and the order granting the Petition. Information gained in the depositions may inform the Court's decision making related to sanctions. Defendant also requests that the Court to instruct Plaintiff that any further comments by Plaintiff, his counsel, or agents will result in the loss of a jury trial. *See Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.1986) (inherent power includes power to "impose sanctions including, where appropriate, default or dismissal").

**RESPECTFULLY SUBMITTED** this 4th day of September, 2020.

POLSINELLI PC

By: /s/ *Edward F. Novak*
   Edward F. Novak
   Melissa Ho
   Jonathan G. Brinson
   Andrew T. Fox
   One E. Washington Street, Suite 1200
   Phoenix, AZ 85004
   *Attorneys for Defendant State of Arizona*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, Arizona 85006-1062
jlamm@cyberlawaz.com

David J. Don
Law Office of David J. Don, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012
david@azcivilrights.com

By: */s/ Erika Cano*

74686797.3