**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., | No. CV-17-04540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

This order will address pending motions in limine that were not resolved in the Court's August 21, 2020 order. Docs. 290, 335, 336; *see* Doc. 382. The parties have filed supplemental briefs, which the Court has reviewed. Docs. 383, 384.

The parties disagree on the admissibility of conclusions by several criminalists who considered whether Plaintiff's gun fired the bullets collected from the four freeway shootings (the "evidence bullets"). Plaintiff seeks to exclude evidence that Arizona Department of Public Safety ("DPS") employee Cade Shaw conducted an independent ballistics analysis, but does not oppose evidence that Shaw verified Christopher Kalkowski's conclusion that Plaintiff's gun fired the bullets. Doc. 290 at 2-3. Plaintiff seeks to exclude evidence that DPS's John Maciulla, Aaron Brudenell, or Lisa Peloza conducted independent ballistics analyses that confirmed Kalkowski's conclusion. *Id.* Defendant seeks to exclude evidence that criminalists John Murdock, Greg Klees, and Lucien Haig failed to find sufficient evidence to match Plaintiff's gun to the evidence bullets.

The Court ruled in its August 21, 2020 order that post-arrest opinions are relevant to the reasonableness of Kalkowski's match, and that any witness who will testify in this case that Plaintiff's gun is or is not a match with the evidence bullets will provide expert testimony based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Doc. 382 at 1-5 (quoting Fed. R. Evid. 701(c)). The Court requested briefing on two issues: (1) if the witnesses were not disclosed as experts under Rule 26(a)(2), is their nondisclosure substantially justified or harmless under Rule 37(c)(1); and (2) are the expert reports admissible under Rule 801(d)(2) or some other hearsay exception? *Id.* at 5.

### 1.    Cade Shaw.

Plaintiff does not object to testimony from Cade Shaw regarding his verification of Kalkowski's match. Doc. 290 at 2-3. Defendant has listed Shaw for this purpose. Doc. 334 at 23. Shaw will be permitted to testify about the verification.

### 2.    John Maciulla.

Defendant asserts that it disclosed John Maciulla as a rebuttal expert and produced a report, and that he was deposed. Doc. 383 at 3. But Macuilla's expert report is limited to rebutting the testimony of Todd Weller, whose testimony regarding the lack of a match between Plaintiff's gun and the evidence bullets has already been precluded. Doc. 382 at 8-9. Thus, Maciulla will have no occasion to rebut Weller's opinion on the existence of a match (and his report says little on that subject in any event). Weller will be permitted to testify that the DPS Crime Lab violated forensic standards and department policy, and that its quality assurance response was inadequate. *Id.* at 7. Maciulla may give rebuttal testimony on these subjects if it was disclosed in his report or elicited by Plaintiff in his deposition.

Maciulla was not disclosed as an expert who would opine affirmatively that Plaintiff's gun and the evidence bullets were a match. Nor does it appear that he has done the work needed to render such an opinion. He states in his rebuttal report that he did not do a full review of Kalkowski's work, but performed only a "spot check" of some of the evidence. Doc. 383-3 at 17. The Court cannot conclude that Defendant's failure to identify

2

1 | Maciulla as an expert on the match is substantially justified or harmless. Fed. R. Civ.
2 | P. 37(c)(1). Defendant has not produced a report in support of such an opinion, and
3 | Maciulla has not been deposed on such an opinion. The Court will grant Plaintiff's motion
4 | to preclude Maciulla from testifying as an expert on the match between Plaintiff's gun and
5 | the evidence bullets. His expert testimony will be limited to rebutting the remaining
6 | opinions of Weller.

### 3. Lisa Peloza.

Defendant did not disclose Peloza as an expert in accordance with Rule 26(a)(2), but did disclose the report of a test she performed by firing .357 caliber bullets with Plaintiff's gun and comparing their marking to the evidence bullets. Doc. 383-3 at 24-88. The test, according to Peloza, confirmed Kalkowski's conclusion. *Id.* at 25, 41. Defendant disclosed Peloza as a fact witness in the proposed final pretrial order, noting that she would testify about the test she performed as documented in her report. Doc. 334 at 23.

The Court concludes that Defendant's failure to disclose Peloza as an expert witness was harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff clearly understood that she had performed the test described in her report and its relevance to this case, and understood that Defendant intended to call her as a witness at trial. For the same reason that the Court finds the non-disclosure of Lucien Haag harmless below, the Court will permit Peloza to testify.

### 4. Aaron Brudenell.

The only disclosure of Brudenell identified by Defendant is that he was a witness with "knowledge related to the investigation of the shootings." Doc. 383-3 at 21. He was never identified as an expert, no Rule 26(a)(2) disclosures were made, and no report was produced. The Court cannot conclude that Defendant's failure to identify Brudenell as an expert is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Defendant has not produced a report in support of any expert opinion and Brudenell has not been deposed on such an opinion. The Court will grant Plaintiff's motion and preclude Brudenell from testifying as an expert.

/ / /

3

### 5. Lucien Haag.

Plaintiff did not disclose Lucien Haag as an expert witness in accordance with Rule 26(a)(2), but Defendant did receive two reports prepared by Haag as part of the criminal case, as well as his CV. Doc. 384-1 at 3. The parties deposed Haag twice. Docs. 384-1, 384-2. Plaintiff listed Haag as a fact witness in the proposed final pretrial order and stated that he would testify about the bullet comparison and tire-strike conclusions addressed in his reports. Doc. 334 at 18.

The Court concludes that Plaintiff's failure to disclose Haag as an expert witness was harmless. Fed. R. Civ. P. 37(c)(1). Defendant clearly understood that Haag performed the tests described in his reports and their relevance to this case, and understood that Plaintiff intended to call him to testify at trial. For the same reason that the Court finds the non-disclosure of Peloza harmless as discussed above, the Court will permit Haag to testify.

### 6. John Murdock.

Plaintiff has not listed John Murdock as a witness for trial. Doc. 334 at 17-20. He has, however, listed a report and notes from Murdock as exhibits. *Id.* at 26. The question is whether Plaintiff can use Murdock's documents at trial without a witness.

Plaintiff states that he intends to use the Murdock documents as impeachment for defense witnesses, but does not otherwise argue that the documents are admissible under the hearsay rules. Because the Murdock documents are statements made by Murdock when he was not testifying at trial, and would be offered for the truth of the matter asserted, they are hearsay. Fed. R. Evid. 801(c). There is no hearsay exception for impeachment, and the Ninth Circuit has held that hearsay statements from one expert cannot be used to impeach a second expert unless the second expert relied on the first expert's opinions. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1012 (9th Cir. 2008) ("Dr. Ruttenber's statements should not have been used to impeach Dr. Davies because they were inadmissible hearsay on which Dr. Davies did not rely. We agree with the Fifth Circuit that reports of other experts cannot be admitted even as impeachment evidence unless the

testifying expert based his opinion on the hearsay in the examined report or testified directly from the report."). The Court will grant the motion to exclude the Murdock report.

**7.  Greg Klees.**

Greg Klees is a Firearms and Toolmark Examiner with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Doc. 383-3 at 2. He examined Plaintiff's gun and the evidence bullets, as well as bullets he test-fired from Plaintiff's gun, at the request of DPS. Doc. 383 at 9. In a two-page report on ATF letterhead, Klees stated that although the evidence bullets had general rifling characteristics similar to bullets test fired from Plaintiff's gun, "no conclusion could be reached" as to whether the evidence bullets were fired from the gun "due to the lack of sufficient, corresponding individual marks of value." Doc. 383-3 at 3. No further explanation is provided.

Plaintiff has not listed Klees as a witness at trial. Doc. 334. The parties disagree on whether the Klees report can be used at trial. For several reasons, the Court cannot resolve this issue now.

First, Defendant seems to concede that Plaintiff listed the Klees report as an exhibit in the proposed final pretrial order (Doc. 383 at 3), but the Court cannot find it in the proposed order (Doc. 334 at 22-29).

Second, the report consists of statements made by Klees when he was not a witness testifying at trial, and Plaintiff presumably will use it for the truth of the matter asserted. The report therefore presents a hearsay issue. Fed. R. Evid. 801(c).

Plaintiff argues that the report qualifies as a business record under Rule 803(6) and as a public record under Rule 803(8), but Plaintiff does not address the requirements of these rules or how they could be met through the testimony of a witness or by certification or other authentication. It appears the Klees report might satisfy Rule 803(8), but Plaintiff does not identify a witness who would authenticate it and does not say that he intends to authenticate it under Rule 902(4) or Rule 901(b)(4).

Plaintiff argues that the report is admissible under Rule 801(d)(2) because DPS asked ATF to conduct the analysis and Maciulla stated that he accepted the ATF report as

5

an independent analysis. Whether these facts are sufficient to satisfy one or more of the paragraphs in Rule 801(d)(2) is an issue the Court must decide at trial after hearing more about the circumstances under which the ATF report was requested by DPS and the use to which it was put by Defendant.

Third, it is not clear that the Klees report can be used at trial without Klees testifying, even if Plaintiff can establish a hearsay exception for the report. The Court has already held that any witness who concludes that Plaintiff's gun is or is not a match with the evidence bullets provides expert evidence based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Doc. 382 at 4 (quoting Fed. R. Evid. 701(c)). This ruling applies to conclusions reached by Klees, and yet the Court may not be able to determine that the requirements of Rule 702 are satisfied without testimony from Klees. Further, Klees cannot be cross-examined on his conclusions if he does not testify, and courts have noted that "to admit the hearsay opinion of an expert not subject to cross-examination goes against the natural reticence of courts to permit expert opinion unless the expert has been qualified before the jury to render an opinion." *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 546 (5th Cir. 1978).

For all of these reasons, the Court cannot conclude that the Klees report is admissible. But neither can it conclude that the report is inadmissible. The Court will deny the motion in limine with respect to Klees, but Plaintiff should not mention his report to the jury until these issues are resolved. If Plaintiff seeks to use the Klees report, he should raise this issue at the final pretrial conference.

**IT IS ORDERED:**

1. Plaintiff's motion to preclude the testimony of DPS criminalists (Doc. 290) is **granted in part and denied in part** as set forth above.

2. Defendant's motion to preclude the testimony of Lucien Haag (Doc. 335) is **denied**.

3. Defendant's motion to preclude the reports of John Murdock and Greg Klees (Doc. 336) is **granted in part and denied in part** as set forth above.

4. In their memorandum on trial dates, the parties stated that they could not reach a conclusion on whether this should be a bench or jury trial until after the motions in limine were resolved. Doc. 381. The Court would like to schedule this trial in late October or early November 2020. By **September 11, 2020**, the parties shall file a joint memorandum stating whether this will be a bench or jury trial and the estimated length of the trial. The Court will then attempt to set the trial during the October 26-November 20 period identified in the parties' previous filing. Doc. 381

Dated this 4th day of September, 2020.

_David G. Campbell_
David G. Campbell
Senior United States District Judge