**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., | No. CV-17-04540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

The Court has ruled that Plaintiff's damages on his state law false arrest and imprisonment claims are limited to the six-day period between his arrest and the indictment. Doc. 278 at 34-35. Plaintiff has filed a motion challenging this ruling, which is in effect a motion for reconsideration although Plaintiff does not style it so. Doc. 342. Defendant State of Arizona has filed a response. Doc. 366. For reasons stated below, the Court will deny the motion.

**I.     Legal Standard.**

Motions for reconsideration are disfavored and rarely granted. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). A motion for reconsideration will be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v.*

*Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previously made arguments. LRCiv. 7.2(g)(1); *see Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought"). Mere disagreement with an order is an insufficient basis for reconsideration. *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

**II.   Discussion.**

Plaintiff makes several arguments in support of his request for reconsideration. Doc. 342. None has merit.

### A.   An Indictment's Effect on a False Arrest Claim.

Plaintiff contends that the Court never addressed in its summary judgment order how the indictment applies to his state law false arrest claim. Doc. 342 at 1. Plaintiff is mistaken.

Defendants argued that the grand jury's probable cause finding defeats all of Plaintiff's claims, including his false arrest claims. Doc. 264 at 11. The Court disagreed because "[p]robable cause to arrest Plaintiff was required six days before the grand jury indictment – when Defendants arrested Plaintiff without a warrant." Doc. 278 at 6 (citing *Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985) (probable cause for an arrest must be evaluated by "the facts as they existed at the time of the arrest, and not afterward")). The Court made clear, however, that absent a showing that the indictment was procured fraudulently, "a post-arrest indictment 'cuts off the length of detention, and thus damages, stemming from a false arrest[.]'" *Id.* (quoting *Jones v Cannon*, 174 F.3d 1271, 1286 n.8 (11th Cir. 1999)).[1]

---

[1] *See also Martin v. Marinez*, 934 F.3d 594, 602 (7th Cir. 2019) (noting that "false arrest does not permit damages incurred after an indictment"); *Caraffa v. Tempe (AZ) Police Dep't*, No. CV-19-05492-PHX-MTL (ESW) 2019 WL 6841743, at *2 (D. Ariz. Dec. 16, 2019) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*[.]") (citation omitted; emphasis in original); *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072453, at *11 (W.D.N.Y. Sept. 7, 2018) ("[A] claim for false arrest only pertains to the period between arrest and arraignment or indictment, whichever occurs first."); *Mohajerin v. Pinal Cty.*, No. CV-07-1746-PHX-DGC, 2007 WL 4358254, at *4 (D. Ariz. Dec. 7, 2007) ("The operative word in this context is 'false,' not

Because Plaintiff's evidence failed to raise a genuine issue of fact on whether the indictment was procured by fraud or bad faith, the Court held that "damages on the arrest-related claims . . . will be limited to the period between Plaintiff's arrest on September 18, 2015, and his indictment on September 24, 2015." Doc. 278 at 34-35. The Court accordingly granted "summary judgment on the state law false arrest and imprisonment claims (Counts 5 and 6) with respect to any pre-indictment damages[.]" *Id.* at 42. Contrary to Plaintiff's assertion, the Court addressed in its summary judgment order how the indictment applies to the state law false arrest claim. *See id.*; *see also* Doc. 382 at 11 ("The parties should seek to agree on a stipulation that can be read to the jury to explain that Plaintiff's false arrest claim extends only from the date of his arrest to September 24, 2015 (the date of his indictment), and should present it to the Court before the final pretrial conference.").

### B. The Presumption of Probable Cause from an Indictment.

Plaintiff further contends that Arizona law does not recognize a presumption of probable cause from an indictment. Doc. 342 at 2 (citing *Reams*, 701 P.2d at 601). Based on the Restatement of Torts (Second) § 644(2), decisions from other jurisdictions, and Arizona's grand jury statute (A.R.S. § 21-413), the Court concluded in its previous order "that the Arizona Supreme Court would hold that an indictment creates a presumption of probable cause[.]" Doc. 278 at 18. Plaintiff provides no basis to reconsider this ruling.

### C. Liability and the Chain of Causation for False Arrest.

Plaintiff asserts that to avoid liability for false arrest, "a defendant must break the chain of causation by showing that the legal process (or some other event) was not only an intervening cause but also a 'superseding cause.'" Doc. 342 at 3. But the indictment in this case does not render Defendant immune from liability on the false arrest claim. The Court has made clear that "[w]hile a post-arrest indictment 'cuts off the length of detention,

---

'imprisonment' – a false imprisonment claim ends when the detention is validated by legal process, not when the imprisonment itself ends."); *Gurley v. Nat'l Wholesale Liquidator Warehouse*, No. CIV.05-5405 (KSH), 2007 WL 2509672, at *4 n.4 (D.N.J. Aug. 30, 2007) ("[D]amages for a false arrest claim cover the time of detention up until issuance of process, *i.e.*, indictment, arraignment or a preliminary hearing, but not more.").

3

and thus damages, stemming from a false arrest, the indictment does not absolve [Defendant] from liability for an initial arrest made without probable cause.'" Doc. 278 at 6 (quoting *Jones*, 174 F.3d at 1286 n.8).

Plaintiff's reliance on *Reams* is misplaced. Doc. 342 at 2. The court of appeals held in *Reams* that the indictment was not relevant to whether the police had probable cause to arrest the plaintiff because "[a]fter-the-fact judicial participation cannot validate an unlawful arrest." 701 P.2d at 602. As noted, the Court did not conclude that the indictment validated Plaintiff's arrest. Rather, the Court held that damages stemming from the arrest are limited to the period between the arrest and the indictment, absent evidence of fraud in the indictment's procurement. Doc. 278 at 6, 18. *Reams* did not address whether a subsequent indictment cuts off damages from a false arrest.[2]

### D. Fourth Amendment False Arrest Claims.

Plaintiff claims that the Fourth Amendment permits post-indictment damages where the ongoing detention was based on fabricated or false evidence. Doc. 342 at 4 (citing *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 914 (2017)). But the remaining false arrest claim is brought "pursuant to Arizona common law," not under the Fourth Amendment. Doc. 8 ¶ 135 (Count 5). The Court granted summary judgment on Plaintiff's Fourth Amendment false arrest claim on qualified immunity grounds. Doc. 278 at 35-37; *see* Doc. 8 ¶¶ 106-12 (Count 6). Plaintiff cites no authority for the proposition that his state law false arrest claim "continues under the Fourth Amendment[.]" Doc. 342 at 5.[3]

The Supreme Court explained in *Manuel* that pretrial detention can be unlawful "when legal process itself goes wrong – when, for example, a judge's probable-cause

---

[2] *Cf. Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (explaining that "subsequent acts of independent decision-makers (e.g., prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure"); *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) ("The intervening acts of the . . . grand jury . . . break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen.").

[3] Plaintiff's citation to *State v. Hernandez*, 417 P.3d 207 (Ariz. 2018), is inapposite because the case involved a motion to suppress, not the common law tort of false arrest.

4

determination is predicated solely on a police officer's false statements." 137 S. Ct. at 918. Plaintiff asserts that Detective Baroldy misled the grand jury about the bullet having lodged in the BMW's tire before Plaintiff's gun was in the pawn shop. Doc. 342 at 6; *see* Doc. 270 at 14. But "the grand jury was clearly told when and where the [BMW's] tire deflated and that Plaintiff's gun was in the pawn shop more than three hours earlier." Doc. 278 at 26. No jury reasonably could "find that Defendants deliberately lied to the grand jury, particularly when they had ballistics evidence – which had not been challenged at the time of the grand jury proceeding – that Plaintiff's gun had fired the bullet that hit the BMW." *Id.* at 27. Plaintiff has failed to meet his high burden of showing that "the grand jury's indictment was induced through fraud, malice, or bad faith." *Id.* And it is well established that "[t]he validity of an indictment is 'not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" *Id.* at 28 (quoting *United States v. Calandra*, 414 U.S. 338, 344 (1974)); *see United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (a defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence").

### III. Timeliness of Plaintiff's Motion.

Absent good cause, a motion for reconsideration must be filed no later than 14 days after the filing of the order that is the subject of the motion. LRCiv 7.2(g)(2). Plaintiff filed the present motion more than three months after the Court issued its summary judgment order, and Plaintiff presents no good cause for the delay. The motion also will be denied as untimely. *See Sullivan v. JP Morgan Chase Bank*, No. CV-16-02608-PHX-DJH, 2017 WL 6029577, at *1 (D. Ariz. Feb. 10, 2017) (denying the plaintiffs' motion for reconsideration as untimely under LRCiv 7.2(g)(2) where they did not establish the requisite good cause).

### IV. Conclusion.

Plaintiff has not shown that the Court manifestly erred in limiting his damages on the state law false arrest and imprisonment claims to the period between his arrest and the indictment. Nor has Plaintiff identified new facts or legal authority that could not have

been brought to Court's attention earlier with reasonable diligence. His motion is also untimely.

**IT IS ORDERED** that Plaintiff's motion for post-indictment damages (Doc. 342) is **denied**.

Dated this 17th day of September, 2020.

David G. Campbell
Senior United States District Judge