**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., | No. CV-17-04540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff moves the Court to reconsider its ruling that DPS criminalist Liza Peloza may testify about the ballistics test she performed as documented in her report. Doc. 390. For reasons stated below, the Court will direct Defendant to file a response to the motion by **September 25, 2020**.

Defendant identified Peloza as a fact witness and disclosed the report of the test she performed by firing .357 caliber bullets with Plaintiff's gun and comparing their marking to the bullets collected from the four freeway shootings. Docs. 383 at 3, 383-3 at 24. Plaintiff moved to exclude Peloza's opinions because she was never disclosed as an expert witness. Doc. 290 at 2. On September 4, 2020, the Court found that the failure to disclose Peloza as an expert witness was harmless and she therefore may testify at trial. Doc. 387 at 3 (citing Fed. R. Civ. P. 37(c)(1)).

Plaintiff now moves to preclude Peloza's testimony as inadmissible under Rule 702 because it lacks foundation and is not based on an accepted methodology for firearms

identification. Doc. 290 at 2-5; *see* Doc. 382 at 4 ("Any witness who will testify in this case that Plaintiff's gun is or is not a match with the evidence bullets will provide testimony based on 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'") (quoting Fed. R. Evid. 701(c)).  Plaintiff further argues that Peloza impermissibly seeks to testify about the examination of the bullets using an Evofinder. Doc. 290 at 5-6.

The Court did not rule that Peloza may testify at trial until September 4, 2020, and did not address whether her proposed testimony satisfies the requirements of Rule 702. *See* Docs. 382 at 4-5, 387 at 3.  Plaintiff's recent motion to preclude Peloza's testimony therefore is not an impermissible motion for reconsideration.  *See* LRCiv 7.2(g)(1). Defendant shall file a response to Plaintiff's motion by **September 25, 2020**.  *See* LRCiv 7.2(g)(2).  The response shall specifically address (1) whether Defendant intends to have Peloza testify about the Evofinder examination, and (2) why her testimony is admissible under Rule 702.

**IT IS ORDERED:**

1. Defendant shall file a response to Plaintiff's motion to preclude Peloza's testimony (Doc. 390) by **September 25, 2020**.

2. Plaintiff may file a reply by **October 2, 2020**.

Dated this 17th day of September, 2020.

David G. Campbell
Senior United States District Judge