Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ 85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com

*Attorneys for Plaintiff Leslie A. Merritt, Jr.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie A Merritt, Jr., a single man, | Case No.: CV17-4540-PHX-DGC |
| Plaintiff, | **MOTION FOR ISSUE PRECLUSION** |
| vs. | |
| State of Arizona, et al. | |
| Defendants. | |

Plaintiff, through undersigned counsel, moves this Court to enter an Order finding that the Plaintiff has established his factual innocence related to all accusations of having committed the I-10 Freeway shootings. The Maricopa County Superior Court's judgment of a Notation of Clearance under A.R.S. § 13-4051 has resolved the question of Merritt's responsibility for the accusations, and the Court should appropriately instruct the jury. The parties can try the issue of probable cause and damages, but the jury should be advised that Leslie Merritt, Jr. is not the I-10 Freeway Shooter.

## I. Facts

On January 17, 2020, the Plaintiff filed a Petition for a Notation of Clearance under A.R.S. § 13-4051 in Maricopa County Superior Court, case number CR2015-144211-001 DT. On January 24, 2020, the State of Arizona filed its response, and, on the same day, Merritt filed his reply. On January 29, 2020, the State filed a supplemental response. Merritt filed a supplemental memorandum on June 2, 2020. On June 22, 2020, the parties appeared at oral argument before the Court.

Throughout the proceeding, the State of Arizona was represented by Maricopa County Deputy County Attorney. Deputy County Attorney Barbara Marshall articulated her ongoing contact with the present civil defense counsel regarding the Petition at oral argument. She stated, "We have heard concerns from civil counsel" about the impact of the Notation of Clearance on the civil matter. **(See Exhibit A).** The present civil defense counsel chose not to appear, and Marshall's in-court statements demonstrate that MCAO appropriately represented the State of Arizona's interests.

On August 13, 2020, after taking the matter under advisement, the Court granted the Petition:

> Pursuant to A.R.S. § 13-4051, the record before this Court and the pleadings,
>
> IT IS ORDERED:
>
> 1. That for purposes of the Arizona Department of Public Safety investigation resulting in the investigative reports regarding Leslie Allen Merritt, Jr. and Maricopa County Superior Court Cause Number CR2015-144211-001, Leslie Allen Merritt, Jr. has been cleared on any allegation or charge, and such a finding is in the interest of justice;

> 2. That the Arizona Department of Public Safety, the Clerk of the Maricopa County Superior Court and the Maricopa County Maricopa County Attorneys' Office shall seal the files and all related police reports, pleadings and information to the investigation, arrest and prosecution of Leslie Merritt, Jr. and each entity shall not release copies of such records to any person except upon further order of the Court; and
>
> 3. That the Arizona Department of Public Safety, the Maricopa County Superior Court and the Maricopa County Attorneys' Office shall seal its file and all reports or information related to this report and investigation. Information related to this investigation and cause number shall be sealed from continued public access, either electronically or through a public records request.
>
> This is a judgment as to all claims and as to all parties to the Petition for the Clearance of Record. No further matters remain pending, and the judgment is entered under Arizona Civil Rule 54(c).
>
> **(See Exhibit B).**

The time for appeal has passed, and the ruling has not been appealed. Rule 9(a), Arizona Rules of Civil Appellate Procedure. The judgment is final under Arizona Rules of Civil Procedure 54(c).

## II. Law

In Arizona, "[c]ollateral estoppel, or issue preclusion, applies when an issue was actually litigated in a previous proceeding, there was a full and fair opportunity to litigate the issue, resolution of the issue was essential to the decision, a valid and final decision on the merits was entered, and there is a common identity of parties." *Hullett v. Cousin*, 204 Ariz. 292, 297–98, 63 P.3d 1029, 1034–35 (2003). "The party seeking to assert [issue preclusion][,] bears the burden of establishing the requisite elements." *Kajander v. City of Phoenix,* 2010 WL 2573003, at *2 (D. Ariz. Jun. 22, 2010) *(citing State Comp. Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 124, 3 P.3d 1040, 1044 (Ct.App. 1999)).

The Plaintiff satisfies all the elements and will address each aspect.

## III. Discussion

### 1. The parties actually litigated the issue.

Under Arizona law, the first element of issue preclusion is whether the "issue was actually litigated in the previous proceeding[.]" *Hullett*, 204 Ariz. at 298, 63 P.3d at 1035 (citation omitted). When "an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986)(citing Restatement (Second) of Judgments, Section 27, cmt. d.).

Here, the Court decided Merritt's Petition for Notation of Clearance for a finding that he was "wrongfully arrested, indicted or otherwise charged" under A.R.S. § 13–4051. The factual innocence of Merritt was a necessary part. As used in A.R.S. § 13–4051, the term "wrongfully" encompasses not only unlawful and illegal arrests but also arrests "characterized by unfairness or injustice." *See State v. Mohajerin*, 226 Ariz. 103, 107–08, 244 P.3d 107, 111–13 (Ariz. Ct. App. 2010). To determine whether an arrest is "wrongful," the trial court must consider not only whether probable cause existed during the arrest, but also whether the petitioner was factually innocent of the crimes for which he was arrested. *Id.* at 109, ¶ 19. *See also Benderra v. State,* 2018 WL 1321500, at *2 (Ariz. Ct. App. Mar. 15, 2018).

The State opposed the Petition for the Notation of Clearance. The parties submitted pleadings, extensive exhibits, supplemental pleadings, and participated in oral arguments.

The Superior Court judgment does not indicate whether the Court granted a Notation of Clearance based on the wrongfulness of the State's arrest, charges, or both. However, the imprecision is immaterial because the State's position is that the

evidence supporting the claim of probable cause to arrest is the same as the evidence at the time of charging. (*See* Joint Pretrial Statement, Doc 334 at 9, Issue 2. (" The evidence known to the arresting officers at the time of Merritt's arrest was not materially different than (sic) the evidence presented to the Grand Jury."). Regardless, the component of the Court's ruling is a finding of the petitioner's innocence.

**2. The State had a Full and Fair Opportunity to Litigate.**

The State had a full and fair opportunity to litigate the Notation of Clearance. The State was represented by counsel of the Maricopa County Attorney's Office throughout the proceedings, under A.R.S. § 11-532(A) (the county attorney must attend the superior and other courts within the county "on behalf of the State"). The State consented to its counsel, and the deputy county attorney consulted and coordinated with the civil defense counsel. The parties presented arguments and documents to the Court without limitation, and the State could appeal. The availability of appeal is important in determining whether there has been a full and fair opportunity to litigate. *United States v. Salemo*, 81 F.3d 1453, 1464 (9th Cir.1996); *Standefer v. United States*, 447 U.S. 10, 23 n. 18, 100 S. Ct. 1999, 2007 n. 18, 64 L. Ed. 2d 689 (1980).

**3. The Superior Court's judgment was essential to the decision.**

The party invoking issue preclusion also must demonstrate that the "resolution" of the "actually litigated" issue was "essential to the [prior] decision[.]" See *Hullett*, 63 P.3d at 1035 (citation omitted) (emphasis added). "If an issue was neither essential nor necessary to the prior judgment, such preclusion is inappropriate." *King v. Superior Court*, 138 Ariz. 147, 150, 673 P.2d 787, 790 (1983) (en banc) (citations omitted). "Whether a ruling is essential must be determined on

a case-by-case basis." *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, ¶ 10, 990 P.2d 1069, 1073 (App.1999).

Here, Merritt's factual innocence was necessary to a finding of "wrongful" arrest or charges. The term "wrongful" in section 13-4051 has been interpreted by the Arizona Court of Appeals as having a "more expansive meaning" than just "unlawful" or "illegal." *Mohajerin*, 226 Ariz. at 107, 244 P.3d at 111. But a showing by the State there was probable cause to support the initial charge can find that the charge was not "wrongful" as long as the petitioner is not factually innocent. *Id*. In granting the Notation of Clearance, the Superior Court had to determine that the Plaintiff was factually innocent of the charges. In *Mohajerin*, the Arizona Court of Appeals held that "the trial court erred in failing to consider [appellant's] arguments that he was falsely accused and actually innocent of the crimes with which he was charged." *Mohajerin*, 226 Ariz. at 113, 244 P.3d at 113.

### 4. The Superior Court judgment was valid and final.

The Superior Court judgment granted the Notation of Clearance and included the operative language under Rule 54(c), Arizona Rules of Civil Procedure, making it both a final and valid judgment. Rule 9(a), Arizona Rules of Civil Appellate Procedure, provides that a notice of appeal must be filed within 30 days. Because the State chose not to file a notice of appeal, the judgment on the merits constitutes a valid and final decision on the merits.

### 5. Common Identity of Parties

The State of Arizona and Leslie Merritt, Jr. were the parties to the Superior Court proceeding. While the State might argue that the Arizona Department of Public Safety was not a party to the Notation of Clearance, the position should be rejected. D.P.S. and the State are a single jural entity. D.P.S. has no rights that are

separate from the State's. D.P.S. is a creation of the Arizona Legislature. *See* A.R.S. § 41-1711, et seq. As a statutorily-created State entity, D.P.S. has only those attributes and powers the Legislature has prescribed for it. *Cox v. Pima County Law Enforcement Merit Sys. Counsel*, 27 Ariz. App. 494, 495, 556 P.2d 342, 343 (1976). The enabling legislation for D.P.S. does not, however, create new rights or authorize it to enforce rights separate from the State as a distinct legal entity. D.P.S. is a non-party, and only the State may act. *State v. Bryant*, 219 Ariz. 514, 516, 200 P.3d 1011,1013 (App. 2008). D.P.S. is not only wrong but has also argued to this Court in other proceedings the diametric opposite position—that it is immune from suit as it is a non-jural entity. See *Key v. State*, 2010 WL 5060706 * 5 (App. 2010).

Similar to other departments with no separate and distinct interests besides the rights afforded to the State, D.P.S. cannot be a party. See *Grande v. Casson*, 50 Ariz. 397, 72 P.2d 676 (1937) (overruled in part on other grounds in *State ex rel. Morrison v. Thelberg*, 87 Ariz. 318, 350 P.2d 988 (Ariz.1960)) (action arising under State highway code had to be brought against the State itself, not against the Highway Commission since the commission had no right to sue or be sued); *Yamamoto v. Santa Cruz County Bd. of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App.1979) (action cannot be brought against a State agency that lacks the authority to sue or be sued in its own name); *Kimball v. Shofstall*, 17 Ariz. App. 11, 13, 494 P.2d 1357, 1359 (App. 1972) (the State Board of Education is "not an autonomous body with the right to sue and to be sued").

      The same parties, Merritt and the State of Arizona, participated in the federal action and the Superior Court action.

**IV. Conclusion**

The Plaintiff requests a jury instruction that the Court has found that Leslie Allen Merritt, Jr. has been cleared on any allegation or charge related to the I-10 Freeway shootings, and such a finding is in the interest of justice.

DATED this 23rd day of September 2020.

LAW OFFICE OF JASON LAMM

By: /s/ Jason D. Lamm
Jason D. Lamm
*Attorney for Plaintiff Leslie Merritt, Jr.*

LAW OFFICES OF DAVID J. DON, P.L.L.C.

By: /s/ David J. Don
David J. Don
*Attorney for Plaintiff Leslie Merritt, Jr.*

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of September 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington St.
Phoenix, AZ 85003

Edward F. Novak, Esq.
Melissa Ho, Esq.
Jonathan G. Brinson, Esq.
Andrew Fox, Esq.
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004

enovak@polsinelli.com; mho@polsinelli.com, jbrinson@polsinelli.com
Attorneys for Defendant State of Arizona, Heston Silbert, Christopher Kalkowski, Frank Milstead, Ken Hunter, Kelly M. Heape, Jennifer Pinnow, Anthony Falcone

By: /s/ David J. Don
David J. Don