Edward F. Novak (#006092)
enovak@polsinelli.com
Melissa Ho (#023269)
mho@polsinelli.com
Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
Andrew T. Fox (#034581)
afox@polsinelli.com
**POLSINELLI PC**
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

*Attorneys for Defendants State of Arizona, Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Merritt, Jr., a single man,<br><br>Plaintiff,<br>vs.<br><br>State of Arizona, a body politic; Bill Montgomery, the elected Maricopa County Attorney, in his official and individual capacities; Maricopa County, a body politic; Heston Silbert, in his individual capacity; Christopher Kalkowski, in his individual capacity; Frank Milstead, in his individual capacity; Ken Hunter, in his individual capacity; Kelly M. Heape, in his individual capacity; Jennifer Pinnow, in her individual capacity, Anthony Falcone, in his individual capacity; Edward Leiter, in his individual capacity; Vanessa Losicco, in her individual capacity.<br><br>Defendants. | Case No. CV17-4540-PHX-DGC<br><br>**DEFENDANT STATE OF ARIZONA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUE PRECLUSION; COUNTER-MOTION PRECLUDING MENTION AT TRIAL OF NOTATION OF CLEARANCE** |

1

74932960.5

Merritt's Petition for Notation of Clearance ("Petition") was based on erroneous factual assertions that Plaintiff's counsel knew were unsupported and directly contrary to this Court's previous findings on summary judgment. *Compare* E.R. 3.3 ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal [or] (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client") *with* table at 11-12 herein (comparing Plaintiff's assertions of fact in his Petition that were already found erroneous or unsupported by this Court). Plaintiff has provided no evidence that he corrected these misleading statements to the commissioner.

Plaintiff's counsel used these misrepresentations to obtain the Notation of Clearance, and now seeks to use the Notation of Clearance to overturn the very findings and conclusions in this Court's November 15, 2019 Order that he failed to disclose to the commissioner. *See* E.R. 8.4(d) (stating that a lawyer shall not "engage in conduct that is prejudicial to the administration of justice"). This type of gamesmanship should not be tolerated. *See* Arizona Rules of the Supreme Court 41 (c), (e) (Lawyers are obligated "[t]o maintain the respect due to courts of justice" and "[t]o be honest in dealings with others and not make false or misleading statements of fact or law").

By making the state court ruling an issue in this case, Plaintiff has waived any claim of confidentiality and cannot cherry-pick what he wants to disclose. Merritt should be ordered to provide this Court and the State with any pleadings, evidence, and hearing transcripts related to the state court proceeding.[1]

The Notation of Clearance ("Notation" or "Notation of Clearance") should have no legal effect in this matter. First, whether Merritt is in fact the I-10 freeway shooter is ***not*** an issue in this case. Granting Plaintiff's request will confuse the jury regarding the only two

---

[1] As an exhibit to his motion, Merritt filed a copy of the State court's order, requesting it be filed under seal. Merritt declined to do the same with the underling pleadings, evidence, and transcripts offered in support of his Petition. The State requests that the Court order Merritt to file the entire record under seal, and, if necessary, that the State be given leave to supplement its arguments based on information contained therein.

74932960.5

1  issues in this case – probable cause to arrest and alleged damages. Second, under Arizona law
2  courts decline to apply issue preclusion where special circumstances exist that would render
3  preclusion manifestly unjust. Such circumstances exist here, where a party attempts to use
4  another tribunal as an end-run on the Court's summary judgment order by representing to the
5  other tribunal as "fact" matters already determined to lack sufficient evidence. Third, the
6  "State of Arizona" was represented by the Maricopa County Attorney in the state court action.
7  The County lacked the adequate incentive to litigate Merritt's Petition because the County
8  had already dismissed the criminal case, and no civil monetary liability is at issue in the
9  Petition. Fourth, Merritt failed to notify this Court in his motion that still pending before the
10 state court is DPS' motion to intervene in the state court action to set aside the order as one
11 procured by fraud or misrepresentation.

12         The State also counter-moves to preclude any mention at trial of the Notation of
13 Clearance because: (1) Merritt's counsel already stipulated that the Notation would not be
14 raised in this case; and (2) introduction of the Notation is unduly prejudicial given that it is
15 not relevant to the only remaining issues in this case—whether probable cause existed at the
16 time of arrest based on the information known to the officers and alleged damages—and it is
17 likely to confuse the jury. The potential prejudice from mention of the Notation before the
18 jury was amplified by Merritt's counsel when he publicly commented on the Notation, and
19 in doing so, discussed matters essential to the resolution of this case *and* beyond those at issue
20 in the Petition.

21         The State requests that the Court deny Merritt's Motion for Issue Preclusion, and grant
22 the State's counter-motion to preclude mention of the Notation in argument or as evidence at
23 trial.

24                              **LEGAL STANDARD**

25         The doctrine of issue preclusion, or collateral estoppel, "precludes relitigating an issue
26 of fact in a later case when, in a previous case, the same issue was 'actually litigated, a final
27 judgment was entered, and the party against whom the doctrine is to be invoked had a full
28 and fair opportunity to litigate.'" *Crosby-Garbotz v. Fell*, 434 P.3d 143, 144 ¶ 1 (Ariz. 2019)

1  (quoting *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30 (Ariz. 1986)). Issue preclusion
2  requires that: (1) the issue was actually litigated in the previous proceeding; (2) the parties
3  had a full and fair opportunity and motive to litigate the issue; (3) a valid and final decision
4  on the merits was entered; (4) resolution of the issue was essential to the decision; and (5)
5  there is common identity of the parties. *Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968
6  ¶ 9 (Ariz. Ct. App. 2003) (citation omitted); *see also* Restatement (Second) of Judgments §
7  27 (Am. Law Inst. 1982).

8  "When one of these elements is not met, preclusion does not apply." *Crosby-Garbotz*,
9  246 Ariz. at 57 ¶ 10, 434 P.3d at 146. The party seeking to assert collateral estoppel bears the
10 burden of establishing the requisite elements. *See State Comp. Fund v. Yellow Cab Co. of
11 Phx.*, 3 P.3d 1040, 1044 (Ariz. Ct. App. 1999); *PPG Indus., Inc. v. United States*, 746 F.
12 Supp. 119, 134 (CIT 1990) (applying Restatement (Second) of Judgments) ("The burden on
13 the party seeking issue preclusion is and should be exacting.").

14 "Arizona recognizes that, 'even in cases in which the technical requirements for the
15 application of collateral estoppel are met, courts do not preclude issues when special
16 circumstances exist.'" *In re Anderson*, No. AZ-17-1071, 2017 WL 5163443, at *6 (B.A.P.
17 9th Cir. 2017) (citing *Hullett v. Cousin*, 63 P.3d 1029, 1035 (Ariz. 2003)); *see also Ferris v.
18 Hawkins*, 660 P.2d 1256, 1258 (Ariz. Ct. App. 1983) ("Principles of issue preclusion should
19 not be applied ...where 'there is some overriding consideration of fairness to a litigant, which
20 the circumstances of the particular case would dictate.'")).

21 **ARGUMENT**

22 As a preliminary matter, "offensive collateral estoppel generally is unavailable against
23 the government." *Tostado v. City of Lake Havasu*, 204 P.3d 1044, 1047 ¶ 10 n.5 (Ariz. Ct.
24 App. 2008) (citing *First Interstate Bank of Ariz. v. State Dep't of Revenue*, 916 P.2d 1149,
25 1152 (Ariz. Ct. App. 1995), abrogated on other grounds by *Rogers Corp. v. State Dep't of
26 Revenue*, 927 P.2d 817 (Ariz. Ct. App. 1996). Even assuming that issue preclusion is
27 *available* against the State, Merritt's motion for issue preclusion fails for at least five reasons.
28 First, the issue is not relevant nor identical to the issues still remaining in this case. Second,

4

1 the State did not have a full and fair opportunity and motive to litigate the issue before the
2 superior court.  Third, there has yet to be a valid and final decision on the merits in that case.
3 Fourth, the notation of clearance did not have a common identity of parties. Fifth, even if the
4 technical requirements for issue preclusion are met, special circumstances prevent the Court
5 from applying the doctrine in this case.

6 **I.    Whether Merritt is the I-10 Freeway Shooter is Not at Issue**

7 Merritt's only remaining claim before this Court – for false arrest and imprisonment –
8 is defined "as the detention of a person without his consent and without lawful authority."
9 *Slade v. City of Phx.,* 541 P.2d 550, 552 (Ariz. 1975). "A detention which occurs pursuant to
10 legal authority . . . is not an unlawful detention." *Id.*  In this case, Merritt was arrested on the
11 evening of September 18, 2015. Accordingly, the only remaining issue relating to liability is
12 whether the State had probable cause to arrest Merritt based on the totality of circumstances
13 known to the arresting officers.  *See, e.g.*, *Rosenbaum v. Washoe Cty.,* 663 F.3d 1071, 1076
14 (9th Cir. 2011) (the probable cause analysis is limited to "the facts known to the officer at the
15 time of the arrest.").

16 Simply put, whether the superior court commissioner issued a notation of clearance is
17 not an element that needs to be proved to and decided by the jury.  *See, e.g.*, *Luna v. Cty. of
18 L.A.*, 2008 WL 11410093, at *3 (C.D. Cal. 2008) ("Here, [Plaintiff's] first argument for
19 relevance, that the 'favorable termination of the criminal proceedings is a necessary element
20 of' his false arrest and malicious prosecution actions is incorrect. . . . whether the criminal
21 proceedings terminated in favor of [Plaintiff] is . . .not an element that needs to be proved to
22 and decided by a jury."). Merritt's innocence or guilt is not an issue in this case, therefore
23 issue preclusion does not apply because the issue in this case is not identical to the one
24 litigated before the superior court. *See Johnson v. O'Connor*, 327 P.3d 218, 223 ¶ 20 (Ariz.
25 Ct. App. 2014) (declining to apply issue preclusion where the "[t]he issues in the two
26 proceedings are not identical").

27 In fact, courts have overwhelmingly found that "[t]he results of later criminal
28 proceedings are not relevant in determining whether police officers on the scene had probable

cause to make a warrantless arrest, as that determination is to be made in light of the facts confronting the officer at the time of the arrest."); *see also Taylor v. Hudson*, No. CIV 02-0775 JB/RHS, 2003 U.S. Dist. LEXIS 26737 (D. N.M. Nov. 21, 2003) ("Given this conceptual separation between probable cause and guilt, the fact that another jury found [plaintiff] not guilty . . . does not make it more or less probable that the [d]efendants had reason to think probable cause for an arrest existed."). The rationale for the general rule of exclusion of acquittal or notation of clearance evidence is that "[t]he state's failure to prove guilt beyond a reasonable doubt does not mean that it did not meet the lesser probable cause standard—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime. *Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1988; *see also Hita*, 2006 WL 844332, at *12; *Calhoun v. Buck*, 71 F. Supp.3d 1008, 1014 (D. Utah 2019);*Leon v. Summit Cty.*, No. 2:17-cv-165, 2017 WL 5891771, at *4 (D. Utah 2017); *Sisneros v. Fisher*, 685 F. Supp.2d 1188, 1208 (D. N.M. 2010); *Jensen v. Bd. of Cty. Com'rs Wash. Cty.*, No. 06-CV-68, 2007 WL 2902881, at *6 (N.D. Okla. 2007); *Thompson v. City of Lawrence*, 1994 WL 262598, at *5 n. 6 (D. Kan. 1994).

As further evidence that the notation is not relevant in this case, the applicable statute allows for *lawfully* arrested individuals to obtain a notation of clearance. *See Mohajerin,* 244 P.3d at 111-12 ¶ 14 (remedy provided under § 13-4051 is available to "petitioners . . . seeking relief for wrongful arrests or charges *that were lawful when they occurred.*") (emphasis added). Evidence of Merritt's Notation of Clearance is irrelevant to the jury's determination of the existence of probable cause.

## II.   Full and Fair Opportunity to Litigate

Issue preclusion does not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue." *State v. Walker*, 768 P.2d 668, 671 (Ariz. Ct. App. 1989) (quoting *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480-81 (1982)). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Kremer*, 456 U.S. at 480-81.

6

74932960.5

In deciding whether an opportunity to litigate is "full and fair," a "court must consider the parties' incentive to litigate in the two actions." *Maciel v. CIR*, 489 F.3d 1018, 1023 (9th Cir. 2007). As the Supreme Court has cautioned, "[i]ssue preclusion may be inapt if 'the amount in controversy in the first action was so small in relation to the amount in controversy in the second that **preclusion would be plainly unfair**.'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 159 (2015) (quoting Restatement (Second) of Judgments § 28 cmt. j) (emphasis added). After all, "few litigants would spend $50,000 to defend a $5,000 claim." *Id.* (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4423 (2d ed. 2002)).

Indeed, "Arizona courts have [] recognized that, in certain circumstances, the state lacks incentive to litigate a case fully." *Walker*, 768 P.2d at 671. For instance, the Arizona Court of Appeals in *Ferris* found that a party lacked the incentive to litigate the first case fully where the amount at issue in the first action was $1,530.00 and the amount at issue in the second action was $17,715.77. *Ferris*, 660 P.2d at 1259 n. 3 (Restatement (Second) of Judgments § 28 cmt. j)); *see also Red Bluff Mines v. Indus. Com'n of Ariz.*, 969 P.2d 1348, 1354 (Ariz. Ct. App. 1984) (declining to apply issue preclusion where prior claim for burial expenses was proportionally so small as to not provide an incentive for the employer to actively challenge the claim).[2]

Section 13-4051, which governs petitions for clearance, "***does not*** allow a petitioner to seek damages for any past conduct by law enforcement that was unlawful or illegal." *State v. Mohajerin,* 244 P.3d 107, 112 ¶ 16 (Ariz. Ct. App. 2010) (emphasis added). A petitioner prevailing on his or her petition receives "a notation that the person has been cleared" and the

---

[2] Other states following the Restatement (Second) have also applied this exception to issue preclusion. *See, e.g.*, *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001) (in following Restatement, Colorado Supreme Court found that "[a] party necessarily lacks the same incentive to defend where its exposure to liability is substantially less at the earlier proceeding."); *Weaver v. City of Everett*, 450 P.2d 464, 475 ¶¶ 18-21 (Wash. 2019) ("the disparity of relief between [plaintiff's] two claims was dramatic, ***which is reason enough to conclude that preclusion would be unjust***.") (emphasis added).

7

1  records from the underlying criminal matter are sealed. A.R.S. §§ 13-4051(A), (B).[3] Given

2  that Merritt's Petition created no monetary liability of the State, it would be ***plainly unfair*** to

3  apply issue preclusion in this matter, where the State's potential monetary liability is

4  significantly greater. Likewise, the County which nominally represented the State lacked the

5  adequate incentive to litigate against Merritt's Petition because the County had voluntary

6  dismissed the criminal case against him in April 2016.

7  In drafting § 13-4051 the Arizona legislature did not allow for monetary damages

8  arising out of any past conduct by law enforcement that was unlawful or illegal. Yet, if a

9  petition for clearance has a preclusive effect in subsequent civil suits for monetary damage,

10 the Court, in effect, circumvents the legislature's intent and requires the State to defend

11 against petitions as if damages are at stake.  As observed by the *Ferris* Court, "[t]he judicial

12 efficiency which can be obtained through application of principles of issue preclusion must

13 give way where their rigid application would result in frustration of legislative purpose."

14 *Ferris*, 135 Ariz. at 333. The Court should deny Merritt's motion because the State lacked

15 the adequate incentive to litigate, and because it would thwart the legislature's intent that a

16 notation of clearance not create liability for any past conduct of law enforcement. *UNUM Life*

17 *Ins. Co. v. Craig*, 26 P.3d 327, 329-30 ¶ 11 (Ariz. 2001) ("The primary aim of statutory

18 construction is to find and give effect to legislative intent.").

19 **III.   No Final Judgment**

20 Merritt's Petition does not have a preclusive effect because it is yet to be final.

21 Merritt's motion fails to inform the Court that the State has a timely pending motion to

22 intervene before the superior court, filed on August 25, 2020. If the State is permitted to

23 intervene, it intends to have the superior court's order set aside because it was procured by

24 fraud or misrepresentation. A "'judgment ceases to be final if it is in fact set aside by the trial

---

[3] The statute "authorizes damages only if officials fail to comply with a clearance order issued by the court," and these damages would be the harm resulting from their release. *Mohajerin,* 226 Ariz. at 108 ¶ 16. Stated differently, any monetary damages from a successful petition arise from a future act by an official violating the superior court's order sealing the case. The damages are not related to, nor arising out of, the investigation into Mr. Merritt.

8

74932960.5

1 court[.]'" *Campbell*, 62 P.3d at 969 ¶ 14 (citing Restatement (Second) of Judgments § 13 cmt.
2 f).

3 Rule 60(b), Ariz. R. Civ. P., provides in relevant part: "On motion and upon such terms
4 as are just the court may relieve a party . . . from [an] order [] for the following reasons: (3)
5 fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other
6 misconduct of an adverse party." The State's motion to the superior court was timely made.
7 *See* Ariz. R. Civ. P. 60(c)(1) ("no more than 6 months after the entry of judgment or order").
8 Moreover, under Arizona's Rules of Civil Appellate Procedure 9(e), "[i]f a party timely and
9 properly files" a motion for relief under Rule 60, "the time to file a notice of appeal . . . begins
10 to run from the entry by the superior court clerk of a signed written order disposing of the last
11 such remaining motion." Therefore, the Court should decline to give the superior court's
12 order issue-preclusive effect until the State's pending motion before the state court has been
13 decided.

14 **IV.    No Common Identity of Parties**

15 Relying on the superior court's caption to find that there is a common identity of
16 parties is to accept form over substance. Merritt correctly notes that Maricopa County
17 Attorney's Office ("MCAO") "shall [a]ttend the superior and other courts within the county
18 and conduct, on behalf of the state, all prosecutions for public offenses." A.R.S. § 11-
19 532(A)(1); *See also In re Estate of Gordon,* 87 P.3d 89, 93 ¶ 19 (Ariz. Ct. App. 2004) (when
20 "statute's meaning is plainly apparent from its language, we simply are not authorized to add
21 anything to it unless an absurdity would otherwise result"). Public offenses, as defined by
22 statute, "means conduct for which a sentence to a term of imprisonment or of a fine is
23 provided by any law of the state in which it occurred or by any law, regulation or ordinance
24 of a political subdivision of that state[.]" A.R.S. § 13-105(27). Although MCAO represented
25 the State in Merritt's criminal case, when he filed his Petition for notation of clearance, it
26 became a civil action. *Mohajerin*, 244 P.3d at 110 ¶ 7 ("Although § 13–4051 is part of
27 Arizona's criminal code, a petition filed pursuant to this statute initiates a special proceeding
28

9

74932960.5

1  that is in the nature of a **civil action**.") (emphasis added) At that juncture, MCAO's
2  representation of the State exceeded its statutory authority.

3  Moreover, Merritt's contention that the State's counsel in this matter "consulted and
4  coordinated" with MCAO is untrue. Based on review of the record in the state court action,
5  prior to the superior court's order sealing, it did not appear that MCAO made the Court aware
6  that Merritt's Petition was itself based on a number of misrepresented factual assertions that
7  are directly contrary to the federal court's express findings at summary judgment. It is the
8  State's understanding that MCAO did not put on any evidence or witnesses in the hearing on
9  Merritt's Petition, nor did it rebut the erroneous factual assertions that this Court previously
10 rejected.

11 Merritt also ignores that several other defendants in this matter, including Silbert,
12 Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone were not a party to the Petition
13 for Notation of Clearance.[4] Nor could MCAO's representation constitute virtual
14 representation for these individuals. *See Calpine Const. Fin. Co. v. Ariz. Dep't of Revenue*,
15 211 P.3d 1228, 1234 ¶ 28 (Ariz. Ct. App. 2009) (declining to apply virtual representation in
16 cases of collateral estoppel). "It is a fundamental tenet of American law that a non-party is
17 simply not bound by a judgment in an action to which it was not a party." *See State ex rel.*
18 *Napolitano v. Brown & Williamson Tobacco Corp.*, 998 P.2d 1055, 1059 ¶ 17 (Ariz. 2000)
19 (Martone, J. concurring). The Court's order dismissing these individuals in this case is not
20 final and is still subject to appeal. Given that Merritt intends to use the Petition collaterally,
21 these individuals should have had the opportunity to contest the Petition.

22 **V.      Special Circumstances**

23 "Arizona recognizes that, 'even in cases in which the technical requirements for the
24 application of collateral estoppel are met, courts do not preclude issues when special
25 circumstances exist.'" *In re Anderson*, No. AZ-17-1071, 2017 WL 5163443, at *6 (B.A.P.

---

27 [4] Defendants Silbert, Kalkowski, Milstead, Hunter, Heape, Pinnow, and Falcone are
28 represented by undersigned counsel.

74932960.5

9th Cir. 2017) (citing *Hullett*, 63 P.3d at 1035); *see also Ferris*, 660 P.2d at 1258 ("Principles of issue preclusion should not be applied ...where 'there is some overriding consideration of fairness to a litigant, which the circumstances of the particular case would dictate.'")). Collateral estoppel is not to be "rigidly applied" and "must be qualified or rejected where their use would contravene an overriding public policy or result in manifest injustice." *Ferris*, 660 P.2d at 1258.

Here, special circumstances exist preventing the Court from giving preclusive effect to the State court's order of notation. On November 15, 2019, the Court in this case issued its summary judgment order. [Doc. 278]. Then, on December 12, 2019, the Court issued its order setting trial for April 2020.  [Doc. 283]. In mid-January 2020, only two months after this Court had already found insufficient evidence for a number of Merritt's factual assertions, Mr. Lamm filed the Petition on behalf of Merritt in superior court. [Doc. 316-1 at 1-19]. Mr. Lamm knew that the Petition filed on behalf of Merritt relied on factual assertions directly contrary to this Court's findings at summary judgment.

Merritt should not be permitted to use affirmative collateral estoppel in this case, given the superior court's order was based on representations this Court has already rejected:

| **Merritt Petition**[5] | **Court's Summary Judgment Order** |
|---|---|
| • "DPS fabricated ballistic evidence." (Petition for Clearance at 3 § (B)(i).) | • "[Plaintiff] has failed to provide sufficient evidence from which a reasonable jury could find that the ballistics results were intentionally fabricated." (Doc. 278 at 28-29.) |
| • "Baroldy perjured himself before the grand jury . . . ." (*Id.* at 12 ¶ 46.) | • This Court already dispelled this contention, finding that Plaintiff's evidence did not prove perjury in the grand jury proceeding. (Doc. 278 at 27 ("Nor does Plaintiff's other evidence prove perjury in the grand jury proceeding."); 39 ("[T]he Court already disagreed with Plaintiff's purported inferences of . . . perjury[.]") |

---

[5] The Petition has since been sealed, but is part of this Court's record at Doc. 316-1 at 1-19.

11

74932960.5

| | |
|---|---|
| • "[T]he BMW was shot on August 30, 2015 at about 9:45 p.m." (*Id.* at 3 ¶ 8.) | • The Court found the timing of the BMW shooting unresolved and noted that it occurred "sometime between August 27 and August 30, 2015." (Doc. 278 at 2.) |
| • "According to Lucien Haag, a world-renowned expert hired by MCAO, DPS Criminalist Christopher Kalkowski misidentified Merritt's gun. (*Id.* at 4 ¶ 11.) | • "In his report dated April 14, 2016, Haag concluded that the four evidence bullets could not be excluded or identified as having been fired from Plaintiff's gun." (Doc. 278 at 3.) |
| • Statement that "DPS did not use LPR's the Freeway Shooter Investigation . . . was an outright lie." (*Id.* at 15-16 ¶ 56.) | • "Further, considering that the DPS did not itself use LPRs in the investigation, and that the DPS officers learned nothing of value from the report, it is not at all clear that the officers lied when they testified that LPRs were not used to investigate these shootings." (Doc. 278 at 21.) |
| • "Pole cameras were used by DPS as part of this investigation . . ." (*Id.* at 16 ¶ 58.) | • "But Plaintiff does not provide any actual evidence of pole camera usage, much less any evidence that the pole camera data was clearly exculpatory." (Doc. 278 at 25.) |
| • "But for Falcone's false statements and suppression of exculpatory information in his probable cause statement, [the court] could not have found probable cause and would likely release Merritt from custody immediately." (*Id.* at 10 ¶ 37.) | • [T]he Court already disagreed with Plaintiff's purported inferences of . . . deliberate fabrication . . . of evidence." (Doc. 278 at 39.) |

As the Ninth Circuit observed in *Mozart Company v. Mercedes-Benz of North America, Incorporated*,

> It would be a curious use of affirmative collateral estoppel to permit one who had lost before the jury on certain facts to overturn that verdict by pointing out that on different facts, but identical legal principles, the winner before the jury had lost a jury verdict to a stranger on an earlier day and in a different court. ***Issue preclusion in its affirmative form is not that expansive***.

83 F.2d 1342, 1348 (9th Cir. 1987) (emphasis added). Yet this is exactly what Merritt endeavors to do here.

12

74932960.5

The Court in *this* case made findings at summary judgment that certain allegations lacked sufficient factual support for a jury to find in Merritt's favor. In turn, Merritt's counsel subsequently filed his Petition and argued at a hearing that Merritt was entitled to a notation of clearance, relying on evidence already deemed to be insufficient by *this* Court. The commissioner issued a Notation of Clearance wholly unaware that his order relied on factual assertions already dispelled in this matter. Now, Merritt returns to this Court, arguing that his Notation, which was obtained via misrepresentations of fact, is issue preclusive.[6] To allow as much would not only be manifestly unjust, but would also circumvent this Court's findings at summary judgment.

### STATE'S COUNTER-MOTION TO EXCLUDE ARGUMENT OR EVIDENCE OF THE NOTATION OF CLEARANCE

The Court should preclude Merritt from introducing it to the jury for three reasons. First, Merritt already stipulated that the parties would not introduce evidence or argument concerning Plaintiff's Notation of Clearance. *See* [Doc. 316 n. 4]; *see also* [January 29, 2020 Email from J. Lamm to E. Novak, attached hereto as **Exhibit A** (Lamm: "We will stipulate that no mention of the NOC will be made to the jury at trial.")]. Second, as set forth above, the Notation of Clearance is wholly irrelevant to this case.

Third, the danger of unfair prejudice and confusion of the issues otherwise substantially outweighs any probative value. *See* Fed. R. Evid. 403; *See, e.g.*, *Borunda*, 885 F.2d at 1387-88 (citing S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)) ("Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"). In *Borunda,*

---

[6] Nor is it clear how Merritt's motion does not run afoul of the law of the case doctrine, which provides that the decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested. *Dancing Sunshines Lounge v. Indus. Com'n of Ariz.*, 720 P.2d 81, 83 (Ariz. 1986). Here, there has been no change in the facts, issues, or evidence, warranting a change in the Court's ruling.

1  the plaintiff brought an action under 42 U.S.C. § 1983, which included a demand for
2  attorney's fees. In that case, the Ninth Circuit found that the trial court did not abuse its
3  discretion in allowing evidence of the plaintiffs' acquittals "solely for the purpose of showing
4  that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending
5  against the state criminal charges." 885 F.2d at 1388. The Ninth Circuit observed that, even
6  for that limited purpose, the potential for prejudice was "not insubstantial" and that the trial
7  court "must exercise great care in formulating appropriate limiting instructions if it chooses
8  to venture forth into this **hazardous area.**" *Id.* at 1389.

9  Here, unlike in *Borunda*, Plaintiff does not have a § 1983 claim remaining and cannot
10 recover such damages under his surviving state law claims. In light of the factual distinctions
11 between this case and *Borunda*, evidence of the notation should be excluded. *Id.* ("This court
12 would have been inclined to exclude the evidence of acquittals altogether" except that
13 plaintiffs sought recovery of attorneys' fees as part of their § 1983 claim); *see also Wisler v.*
14 *City of Fresno*, No. CV F 06–1694 AWI SMS, 2008 WL 2880442, *2 (E.D. Cal. July 22,
15 2008) (". . . the probative value of the dismissal is substantially outweighed by its unfair
16 prejudice to Defendants and the undue consumption of Court time.").

17 The adverse inference that the jury is likely to draw from hearing that Merritt was
18 granted a Notation of Clearance warrants its exclusion from trial evidence. The superior
19 court's ruling, which was not based on whether the arresting officer reasonably believed there
20 was probable cause to arrest the defendant, relied on representations by Plaintiff's counsel
21 contrary to factual findings already made in this case. Moreover, the jury's speculation about
22 the Notation of Clearance here could be very damaging to the defendant officers, especially
23 after Plaintiff's counsel gave interviews to the media in which he deliberately intermingled
24 his discussion about the Notation with facts only relevant in this case.

## **CONCLUSION**

26 Merritt's Petition was based on erroneous factual assertions that Plaintiff's counsel
27 knew were unsupported and directly contrary to this Court's previous findings on summary
28 judgment. Such conduct violates several ethical rules. Plaintiff's counsel used these

14

1 misrepresentations to obtain the Notation of Clearance, used the Notation to make improper 2 and inappropriate comments to the media in an effort to taint the jury pool, and now seeks to 3 use the Notation of Clearance to overturn the very findings and conclusions in this Court's 4 summary judgment order.

5 Merritt's Motion should be denied because the State did not have a full and fair 6 opportunity and motive to litigate the issue before the superior court, there has yet to be a 7 valid and final decision on the merits in that case, and the notation of clearance did not have 8 a common identity of parties. Even if the Court finds that the technical requirements for issue 9 preclusion are met—they are not—special circumstances, namely Merritt's reliance on 10 factual assertions already dispelled by this Court before the superior court, prevent the Court 11 from applying the doctrine in this case. Finally, the issue is neither identical to the issues still 12 remaining in this case, nor is it relevant for a jury to determine their outcome.

13 The State also requests that the Court grant its counter-motion, enforcing the parties' 14 prior stipulation and preventing any argument or evidence of the Notation at trial. In the 15 alternative, the State requests that the Court find mention of the Notation is unduly 16 prejudicial.

**RESPECTFULLY SUBMITTED** this 30th day of September, 2020.

POLSINELLI PC

By: /s/ *Edward F. Novak*

Edward F. Novak
Melissa Ho
Jonathan G. Brinson
Andrew T. Fox
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant State of Arizona*

15

74932960.5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse
401 W. Washington Street
Phoenix, AZ 85003

Jason D. Lamm
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, Arizona 85006-1062
jlamm@cyberlawaz.com

David J. Don
Law Office of David J. Don, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012
david@azcivilrights.com

By: */s/ Erika Cano*

74932960.5