| U.S. District Judge: David G. Campbell | Date: October 9, 2020 |
|---|---|
| Case Number: CV-17-04540-PHX-DGC | |
| Merritt v. Arizona, State of et al | |

| APPEARANCES: | Plaintiff(s) Counsel | Defendant(s) Counsel |
|---|---|---|
| | David J. Don | Jonathan Brinson |
| | Jason D. Lamm | Melissa Ho |
| | | Edward Novak |

**FINAL PRETRIAL CONFERENCE:**

The Court reviewed the Joint Proposed Pretrial Order (Doc. 334) with the parties. The Court addresses the legal issues. As it relates to Defendant's legal issue 3 – whether there is a viable aiding and abetting claim in this case – the Court will make it clear in the jury instructions that Defendant is liable if its employees engaged in liability-creating conduct within the course and scope of their employment. The parties and the Court therefore agree that the Court will not instruct the jury on the aiding and abetting claim. The aiding and abetting claim (Count 10) is dismissed.

Discussion is held regarding the scope of permissible damages. The Court's view is that Plaintiff can recover damages for all injuries caused by Defendant during the six day period following his arrest, even if some of those injuries had effects after the six days. Mention of police surveillance shall not be made before the jury, but Plaintiff can raise it with the Court during trial if he believes it becomes relevant to damages.

The Court discusses video depositions with the parties. The parties are to confer as to what is being designated and objected to, and resubmit the chart at the beginning of Exhibit B as it relates to Crane and Merritt. If Defendant decides to use the deposition testimony of Ms. Saucedo at trial, it shall submit her transcript designations and objections to the Court far enough in advance to permit ruling on objections.

The Motion to Amend Final Pretrial Order (Doc. 420) is granted. The Court will substitute the pages in the motion for the pages in the pretrial order.

Each side will be permitted 19 hours rather than 22 hours of trial time as previously stated. The Rule of exclusion is invoked. Forty prescreened jurors will be summoned the first day of trial. The Court will seat 8 jurors. The parties are reminded to pick up the jury questionnaires. A joint list of witnesses shall be submitted to the Courtroom Deputy no later than noon on October 23, 2020.

Discussion is held regarding the Superior Court's Notation of Clearance. The NOC will not be mentioned by the parties during trial. The Court instead reviews with the parties its proposed second paragraph of the statement of the case to be read to the jury on the first day of trial. After discussion, the Court decides to remove the grand jury reference and the mention of the aiding and abetting claim. Otherwise, the Court will read the statement of the case as drafted. The parties will not mention the grand jury or its

indictment during trial. The Court finds Defendant's cross-motion regarding the Notation of Clearance (Doc. 407) moot.

The Court grants Plaintiff's Motion to Amend Joint Pretrial Order. Doc. 409.

The Court grants Defendant's Motion for Leave to Allow Defendant's Witnesses to Appear by Video. Doc. 410. The Courtroom Deputy will email the parties with information needed to accomplish this. The Court makes the finding required by Federal Rule of Civil Procedure 43(a) for defense witnesses and the plaintiff-side witness who will testify remotely.

The Court grants Plaintiff's Motion to Amend Joint Pretrial Order. Doc. 412. The Court grants Plaintiff leave to submit Deady's deposition designations.

The Court grants in part and denies in part Defendant's Motion to Strike; or in the Alternative Motion for Leave to File Sur-Reply. Doc. 411. Defendant's request to strike is denied and Defendant is permitted to file a sur-reply by October 14, 2020. Plaintiff's Motion for Reconsideration (Doc. 390) is under advisement pending the sur-reply.

A discussion was held about the Klees report addressed by the Court in Doc. 387 at 5-6. Following the hearing, Plaintiff filed a copy of the report with an ATF affidavit of custodian of records. Doc. 422. After reviewing the report and its affidavit, the Court reaches the following conclusions on issues left open in Doc. 387: (1) The Klees report was listed by Plaintiff as an exhibit in the proposed final pretrial order (Doc. 334 at 28, Ex. 61); (2) the affidavit provided with the report satisfies the authentication requirements of Rule 901(a) and 902(4)[1]; and (3) the report falls within the hearsay exception for public records under Rule 803(8) because it recounts activities of ATF's Forensic Science Laboratory (803(8)(A)(i)), it also sets forth factual findings from a legally authorized investigation (803(8)(A)(iii)), and Defendant has not shown a lack of trustworthiness (803(8)(B)). The Court cannot yet conclude that the Klees report is admissible at trial, however, because Plaintiff has not addressed how Rule 702 is satisfied (*see* Doc. 387 at 6) and Defendant objects that Plaintiff's proposed use of the exhibits during the Weller or Maciulla testimony will not be relevant to their opinions. The Court will need to rule on these issues at trial. As a result, Plaintiff should not mention the Klees report to the jury until these issues have been resolved.

Deputy Clerk: Christine Boucher                              **Start: 1:05 PM**
Court Reporter: Patricia Lyons                               **Stop:  3:15 PM**

---

[1] Rule 901(a) merely requires evidence sufficient to support a finding that the item is what the proponent claims – in this case, an ATF report prepared by Firearms and Toolmark Examiner Gregory Klees. Rule 902(4) "is not specific about what the custodian's certificate should contain. At a minimum, it should state that the maker is the custodian of the record, or is otherwise authorized to make the certification, and that the copy is a correct copy of the official document." 5 Weinstein's Federal Evidence § 902.06 (2020). The ATF affidavit attached to Exhibit 61 satisfies these requirements. It is made by an ATF custodian of records and attests that the attached report is a "true copy" of ATF records. Doc. 422-1 at 2.