**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A. Merritt, Jr., | No. CV-17-04540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

The Court has reviewed the parties' objections to various deposition designations (Doc. 440-3). Plaintiff has designated testimony from Jennifer Crane and Glenn Merritt, Sr. (Glenn) regarding a phone message Plaintiff left for Glenn (Plaintiff's grandfather) on August 29, 2015. Plaintiff seeks to admit this evidence to confirm that he made the 11:04 a.m. phone call between the time of two shootings on August 29, 2015 – at 11:03 and 11:05 a.m. – shootings with which he was later charged. Defendant asserts that the two shootings occurred some distance apart and that he could not have made them and also placed the phone call. He therefore contends that the phone call is exculpatory and supports his claim that Defendant lacked probable cause to arrest him on September 18, 2015.

As the Court has previously noted, however, the existence of probable cause must be based on the totality of the facts known to arresting officers at the time of the arrest. As the Supreme Court explained, whether the "arrest was constitutionally valid depends . . . upon whether, *at the moment the arrest was made*, the officers had probable cause to make

it – whether *at that moment the facts and circumstances within their knowledge* and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964) (emphasis added); *see also Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (the probable cause analysis for a warrantless arrest involves "the facts known to the officer at the time of the arrest"); *Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985) (probable cause for an arrest must be evaluated by "the facts as they existed at the time of the arrest, and not afterward").

The Court has ruled that Plaintiff can assert that Defendant knew, before his arrest, that a call had been made at 11:04 a.m. from the cell phone Plaintiff used. Doc. 437. This ruling is based on sufficient evidence for a jury to find that Defendant reviewed phone records that reflected the call. *Id.* But Plaintiff has presented no evidence that Defendant knew of the facts asserted in the Crane and Glenn depositions at the time of Plaintiff's arrest. He does not assert that any person affiliated with Defendant knew of or spoke to Crane or Glenn before Plaintiff's arrest at 6:47 p.m. on September 18, 2015. Because Plaintiff presents no basis to conclude that the facts testified to by Crane and Glenn were known to Defendant at the time of his arrest, those facts are not relevant to the question of whether Defendant had probable cause for the arrest.[1]

---

[1] The Court has previously noted that a person may not be arrested if previously-established probable cause has dissipated. Doc. 287 at 6, (*citing Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019); *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005)). As a result, "[w]here probable cause has dissipated during an investigation, police officers have a duty to conduct further inquiry and reestablish probable cause before arresting the suspect." *Id*. at 9. Defendant certainly may argue that Defendant knew of the 11:04 a.m. call from phone records it reviewed (an assertion Defendant will vigorously dispute), this knowledge dissipated probable cause, and Defendant therefore lost probable cause to arrest him. But the focus must remain on facts known to Defendant at the time of arrest, as *Beck*, *Rosenbaum*, *Reams*, and many other cases make clear. Thus, while Plaintiff can argue that Defendant's knowledge of the phone call from phone records dissipated probable cause and made his arrest unlawful, he may not introduce facts that clearly were not known to Defendant at the time of arrest, even if he believes those facts would have been uncovered through further investigation. The question is whether, "at the moment the arrest was made . . . the facts and circumstances within [Defendant's] knowledge and of which [Defendant] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [Plaintiff] had committed" the I-10 shootings. *Beck*, 379 U.S. at 91.

The Court therefore sustains Defendant's relevancy objection to the following Crane deposition testimony: page 6, line 10 to page 21, line 19; page 23 lines 5-15; page 67 lines 16-22. The Court further sustains Defendant's objections to the following Crane testimony: page 42 line 7 to page 43 line 12 (lack of foundation, personal knowledge); page 43 line 23 to page 44 line 15 (same). Defendant's Crane objections are otherwise overruled.

The Court sustains Plaintiff's objections to the following Crane counter-designations: page 71, lines 5-9 (the question is irrelevant); page 77 lines 13-24 (relevancy); page 107 lines 6-13 (relevancy). Plaintiff's Crane objections are otherwise overruled.

The Court sustains Defendant's objections to the following Glenn deposition testimony: page 10 line 19 to page 24 line 21 (relevancy); page 24 line 23 to page 25 line 9 (lack of foundation); page 26 line 9 to page 29 line 9 (relevancy); page 34 line 22 to page 35 line 5 (relevancy, 403); page 44 lines 18-25 (speculation, 702). Defendant's Glenn objections are otherwise overruled.

Dated this 26th day of October, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge